%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

E-filing

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
ALL NIPPON AIRWAYS COMPANY, LTD.

**DEFENDANTS**
UNITED AIR LINES, INC.

EDL

**(b)** County of Residence of First Listed Plaintiff  Japan
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Frank A. Silane
Scott D. Cunningham
CONDON & FORSYTH LLP    (310) 557-2030
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [X] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | SOCIAL SECURITY | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | [X] 380 Other Personal Property Damage | LABOR | 861 HIA (1395ff) | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 862 Black Lung (923) | 850 Securities/Commodities Exchange |
| 195 Contract Product Liability | | | | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence | | FEDERAL TAX SUITS | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | 740 Railway Labor Act | 870 Taxes (U.S. Plaintiff or Defendant) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | 790 Other Labor Litigation | | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**  Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332(a)

Brief description of cause: damage to aircraft owned by plaintiff caused by defendant's negligence

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 4,500,000+
- [ ] CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY**
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: June 28, 2007
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

NDC-JS44

1  Frank A. Silane (State Bar No.: 90940)
   Rod D. Margo (State Bar No.: 97706)
2  Scott D. Cunningham (State Bar No.: 200413)
   CONDON & FORSYTH LLP
3  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
4  Telephone: (310) 557-2030
   Facsimile:  (310) 557-1299
5  Email: fsilane@condonlaw.com
   Email: rmargo@condonlaw.com
6  Email: scunningham@condonlaw.com

7      -and-

8  Marshall S. Turner
   CONDON & FORSYTH LLP
9  7 Times Square
   New York, NY 10036
10 Telephone: (212) 490-9100
   Facsimile: (212) 370-4453
11 Email: mturner@condonlaw.com

12 Attorneys for Plaintiff
   ALL NIPPON AIRWAYS COMPANY, LTD.
13

14                UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16

17 ALL NIPPON AIRWAYS COMPANY,    ) Case No. C 07 3422
   LTD.,                          )
18        Plaintiff,              ) **COMPLAINT FOR DAMAGES**
                                  )
19    vs.                         ) **DEMAND FOR JURY TRIAL**
                                  )
20 UNITED AIR LINES, INC.,        )
                                  )
21        Defendant.              )
                                  )
22 _____)

23      Plaintiff, ALL NIPPON AIRWAYS COMPANY, LTD. (hereinafter referred

24 to as "ANA"), by and through its attorneys, Condon & Forsyth LLP, for its

25 Complaint against defendant, UNITED AIR LINES, INC. (hereinafter referred to

26 as "UAL"), alleges upon information and belief as follows:

27 //

28 //

COMPLAINT

## NATURE OF THE ACTION

1. This is an action for negligence in which plaintiff seeks compensatory damages, pre-judgment and post-judgment interest, attorneys' fees and costs for damage to its property, a Boeing Model 777 commercial airliner.

2. Plaintiff's instant action arises principally out of the defendant UAL's negligence, which directly and proximately caused monetary damages to be sustained by ANA.

## THE PARTIES

3. At all relevant times, ANA was and is a foreign corporation organized and existing under and by virtue of the laws of Japan, with its principal place of business in Tokyo, Japan.

4. At all relevant times, ANA was and is qualified to transact business in the State of California.

5. At all relevant times, plaintiff ANA was and is the owner of the aircraft damaged as a result of the defendant's negligence and other culpable conduct.

6. At all relevant times, defendant UAL was and is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of Illinois.

7. At all relevant times, defendant UAL was and is engaged in, and qualified to transact business in the State of California, with an agent for the service of process located at The Prentice-Hall Corporation System, Inc., P.O. Box 526036, Sacramento, California 95852.

## JURISDICTION

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a) because plaintiff is seeking damages for more than $75,000 and there is complete diversity of citizenship between plaintiff ANA, who is a

-2-

COMPLAINT

citizen or subject of a foreign state (Japan), and defendant UAL, who is a citizen of the State of Delaware.

9. Defendant UAL is subject to personal jurisdiction of this Court because defendant: (i) maintains an office and has a registered agent for service of process in the State of California; (ii) is authorized to do business in the State of California; and (iii) continuously and systematically conducts, transacts, solicits business or engages in other conduct that creates substantial revenues within the State of California. Moreover, defendant committed the tortious conduct giving rise to this action within the state of California.

## INTRADISTRICT ASSIGNMENT
### (Civil L.R. 3-5(b))

10. Pursuant to Civil L.R. 3-2(c), this action is properly assigned to the San Francisco Division as a substantial part of the events or omissions which give rise to this claim occurred at the San Francisco International Airport in the County of San Francisco.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

11. On October 7, 2003, during a regularly scheduled passenger flight departing from San Francisco, California, an ANA Boeing B777 aircraft (Reg. No. JA709A) designated as ANA's Flight NH007 ("NH007"), sustained substantial damage to its right wing as a result of a collision with a UAL Boeing B777 aircraft (Reg. No. N222UA) designated as UAL's Flight UA809 ("UA809") (the "Accident"). The Accident was caused by: (i) UA809's flight crew's negligent operation of UA809; (ii) UAL's ground crew's negligent performance of a pushback operation; and (iii) UAL's ramp controller's negligent performance of his duties.

12. At the time of the collision, flight NH007 was under power and

-3-
COMPLAINT

1  taxiing along the center line of Taxiway A north of Gate G102.

2      13.    At the time of the collision, flight UA809 was undergoing a pushback
3  operation from Gate G102 under tow of a UAL pushback tractor (tug) and crew.

4      14.    NH007 had received clearance from UAL's ramp controller to push
5  back from Gate G95 and to continue towing to the engine start point.

6      15.    NH007 called UAL's ramp controller for clearance to taxi and almost
7  simultaneously, UA809 called its ramp controller for clearance to commence
8  pushback from Gate G102. UAL's ramp controller cleared NH007 to proceed to
9  Spot 10 on Taxiway A and UA809 was instructed to standby.

10     16.    UAL's ramp controller advised UA809 that he would call back in one
11 minute. Less than thirty seconds later, the ramp controller cleared UA809 to push
12 back as NH007 was progressing along the centerline of Taxiway A toward Spot
13 10.

14     17.    NH007 was cleared by the Federal Aviation Administration ("FAA")
15 Ground Control to proceed past Spot 10 and taxi to and hold short of Runway One
16 Left.

17     18.    UA809 was pushed back from Gate G102 and stopped where
18 UA809's right wing tip intruded into the path of Taxiway A and was in a position
19 to contact NH007's right wing tip at the time of the collision.

20     19.    The right wingtips of both aircraft collided when NH007 was
21 progressing along the centerline of Taxiway A near Spot 10.

22     20.    As a result of the foregoing, plaintiff ANA has sustained damage, for
23 which defendant should be held liable, in whole or in part, under theories of
24 negligence arising by virtue of the appropriate application of foreign, state and
25 federal law, including federal common law and the law of the state of California.

26 //
27 //
28 //

-4-
COMPLAINT

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT UAL
### (Negligence – Property Damage)

21. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 20, inclusive, of this Complaint with the same force and effect as if hereinafter set forth in full.

22. On October 7, 2003, the UA809 flight crew was engaged in a pushback operation and had final authority for UA809's movement.

23. UA809's flight crew had a clear and unobstructed view of NH007 during NH007's taxi and UA809's pushback.

24. UA809's captain was directly responsible for his aircraft and had the authority and obligation to order the pushback crew to stop the pushback.

25. UA809's flight crew was aware of NH007's position and destination during UA809's entire pushback operation.

26. UA809's flight crew was in direct communication with UA809's tug driver during the entire pushback operation. UA809's captain observed NH007 taxiing and communicated with UA809's pushback crew regarding clearance between the two aircraft.

27. UA809's flight crew operated UA809 so close to NH007 as to create a collision hazard.

28. UA809's flight crew operated UA809 in a careless or reckless manner when it parked a non-cleared airplane with its wing in an active taxiway and/or in the path of a cleared taxiing aircraft.

29. UA809's flight crew failed to see and avoid a collision when they allowed UA809 to be pushed into the path of a cleared taxiing aircraft. UA809's flight crew should have ordered the tug driver to stop the pushback operation prior to entering the path of NH007. Alternatively, UA809's flight crew should have ordered the tug driver to continue to push UA809 out of the hazardous position in

which it had been parked.

30. The negligence of defendant's flight crew proximately caused or substantially contributed to the damages to plaintiff's aircraft.

31. As a result of the foregoing, ANA suffered damages in the form of repair costs in the amount of $3,106,233.49, and damages for loss of use in excess of $1,500,000, plus interest.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT UAL
### (Negligence – Property Damage)

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 20, inclusive, of this Complaint with the same force and effect as if hereinafter set forth in full.

33. On October 7, 2003, the ramp controller at Terminal G of San Francisco International Airport was an employee of defendant UAL. The Terminal G ramp controller was responsible for directing all aircraft operating in Boarding Area G and the surrounding non-movement areas.

34. NH007 relied on defendant UAL's ramp controller to: (a) provide proper clearance and instruction for taxiing; (b) issue traffic advisories and safety alerts; (c) maintain separation of aircraft operating in the vicinity of Terminal G; (d) ensure that no collisions occurred; and (e) organize and expedite the flow of traffic.

35. It was and is the primary purpose and obligation of the defendant UAL's ramp controller to prevent a collision between aircraft operating in the system and to organize and expedite flow of traffic in the areas under its control in and about Terminal G.

36. It was and is the duty of defendant UAL's ramp controller to issue traffic advisories and safety alerts.

-6-

COMPLAINT

37. It was and is the duty of defendant UAL's ramp controller to pay attention to all aircraft and not focus on one area to exclusion of other.

38. Defendant UAL's ramp controller was and is concurrently responsible with pilots to maintain separation of aircraft and avoid collisions and is concurrently liable if he fails to do so.

39. Defendant UAL's ramp controller knowingly cleared NH007 and UA809 to the same space.

40. Defendant UAL's ramp controller cleared UA809 to pushback less than 30 seconds after clearing NH007 to Spot 10 despite knowing NH007 could not possibly clear the area in 30 seconds.

41. NH007 reasonably believed Defendant UAL's ramp controller's instructions were safe.

42. Defendant UAL's ramp controller provided no instructions to NH007 to stop at Spot 10 or as to when to contact FAA Ground Control. Defendant's ramp controller did not instruct any plane to stop at a designated area and contact FAA Ground Control during the relevant period.

43. Defendant UAL's ramp controller turned his attention elsewhere during the relevant period, including to the opposite side of the airport at Gates 81-85.

44. Defendant UAL's ramp controller was not watching UA809's initial pushback while looking at Gate 80 and telephoning the foreman.

45. Defendant UAL's ramp controller cleared UA809 to pushback without knowledge of NH007's position. Defendant's ramp controller should have held UA809 until NH007 had cleared the area.

46. Defendant UAL's ramp controller had reason to know of the likelihood of collision and should have issued a traffic advisory or safety alert.

47. Defendant UAL's ramp controller negligently failed to advise either aircraft of traffic conditions and each other's respective positions.

-7-

COMPLAINT

48. Defendant UAL's ramp controller neglected his duty to avoid collisions and failed to alert NH007 or UA809 of the other's proximity.

49. Defendant UAL's ramp controller failed to see what was visible and discernible and issue warnings to UA809 to give the right of way to NH007.

50. Defendant UAL's ramp controller's failure to provide proper instructions, warnings, traffic advisories, and safety alerts constituted negligence.

51. The negligence of the defendant's ramp controller proximately caused or substantially contributed to the damages to plaintiff's aircaft.

52. As a result of the foregoing, ANA suffered damages in the form of repair costs in the amount of $3,106,233.49, and damages for loss of use in excess of $1,500,000, plus interest.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT UAL
### (Negligence – Property Damage)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 20, inclusive, of this Complaint with the same force and effect as if hereinafter set forth in full.

54. On October 7, 2003, the pushback of UA809 was performed by a pushback crew consisting of employees of defendant UAL, including a tug driver and a wingwalker.

55. Defendant UAL's tug driver had the responsibility for a safe dispatch and clearance.

56. Defendant UAL's tug driver was responsible for determining the number and position of wingwalkers for the pushback operation. Defendant's tug driver had one wingwalker for the pushback located on the side of UA809 opposite to the traffic on Taxiway A, including NH007.

57. It is the responsibility of the tug driver and the wingwalker to ensure

-8-
COMPLAINT

and maintain safety clearance for aircraft movement and to stop the push if there is any question about clearance.

58. Defendant UAL's tug driver pushed back UA809 from Gate G102 and stopped where UA809's right wing tip intruded into the path of Taxiway A and was in a position to contact NH007's right wing tip at the time of the collision. The tug driver was obligated to yield right-of-way before intruding on the taxiway.

59. Defendant's tug driver was contacted by the captain of UA809 during the pushback operation and alerted to the presence of NH007. In response to the captain's question about clearance, although the tug driver did not know the location of NH007, he stated, "No problem, I've got you."

60. The tug driver looked to the right, away from NH007, and continued pushing UA809. The tug driver failed to properly assess and respond to the situation after being questioned by the UAL captain.

61. Defendant UAL's tug driver pushed UA809 for approximately one minute, at least forty (40) seconds of which was after NH007 was in the direct line of sight of the tug driver and the proximity of NH007 should have been obvious to the tug driver. The tug driver pushed UA809 into the path of NH007 and then stopped the push moments before the planes collided.

62. One wingwalker was insufficient and/or on the wrong side of UA809 to assist in a safe pushback operation. An additional wingwalker would have seen NH007 and known UA809 was intruding into the taxiway, in unsafe proximity to NH007.

63. Defendant UAL's tug driver, who had the best view of NH007, not only failed to maintain a safe distance, he misled UAL's flight crew into believing there was adequate clearance.

64. Defendant UAL's tug driver was negligent in parking UA809 where its wing interfered with NH007 when it should have stopped the push earlier or continued to push UA809 to its intended destination safely out of the way of

-9-
COMPLAINT

outbound traffic.

65. The primary cause of the accident was UAL's tug driver's abandonment of UA809 while its right wing was intruding into the path of NH007 which was authorized by the FAA ground controller to proceed through Spot 10 to its location at the time of the collision.

66. The negligence of defendant's pushback crew proximately caused or substantially contributed to the damage to plaintiff's aircraft.

67. As a result of the foregoing, ANA suffered damages in the form of repair costs in the amount of $3,106,233.49, and damages for loss of use in excess of $1,500,000, plus interest.

## PRAYER OF RELIEF

68. Based on all of the foregoing, ANA respectfully requests the following relief:

69. Judgment decreeing defendant UAL primarily and/or actively caused the Accident.

70. Judgment in the amount to be proved at trial to compensate ANA for the full cost to repair NH007 that was damaged as a result of the Accident, as well as interest accrued thereon.

71. Judgment in an amount to be proved at trial for all damages incurred by ANA due to loss of use of NH007.

72. Such other and further relief as to the Court seems just and proper in the circumstances.

/ /
/ /
/ /
/ /
/ /

-10-
COMPLAINT

## DEMAND FOR JURY TRIAL

73. Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil L.R. 3-6, plaintiff hereby demands a jury trial in this matter.

Dated: June 28, 2007

CONDON & FORSYTH LLP

By: _____
FRANK A. SILANE
ROD D. MARGO
SCOTT D. CUNNINGHAM

-and-

MARSHALL S. TURNER
CONDON & FORSYTH LLP
7 Times Square
New York, NY 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453

Attorneys for Plaintiff
ALL NIPPON AIRWAYS COMPANY, LTD.

-11-

COMPLAINT