Frank A. Silane (State Bar No.: 90940)
Rod D. Margo (State Bar No.: 97706)
Scott D. Cunningham (State Bar No.: 200413)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299
Email: fsilane@condonlaw.com
Email: rmargo@condonlaw.com
Email: scunningham@condonlaw.com

-and-

Marshall S. Turner (application for admission pro hac vice pending)
CONDON & FORSYTH LLP
7 Times Square
New York, NY 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453
Email: mturner@condonlaw.com

Attorneys for Plaintiff and Counter-Defendant
ALL NIPPON AIRWAYS COMPANY, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIR LINES, INC.,<br><br>Defendant.<br>_____<br>UNITED AIR LINES, INC.,<br><br>Counter-Plaintiff,<br><br>vs.<br><br>ALL NIPPON AIRWAYS COMPANY, LTD.,<br><br>Counter-Defendant. | Case No. C 07 3422 EDL<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF ALL NIPPON AIRWAYS COMPANY, LTD. TO DEFENDANT'S COUNTER-COMPLAINT** |

ANSWER AND AFFIRMATIVE DEFENSES OF ALL NIPPON
AIRWAYS COMPANY, LTD. TO DEFENDANT'S COUNTER-
COMPLAINT
CASE NO.: C 07 3422 EDL
NYOFFICE 666798V1

Plaintiff and Counter-Defendant, ALL NIPPON AIRWAYS COMPANY, LTD. (hereinafter "ANA"), by its attorneys, Condon & Forsyth LLP, hereby answers defendant's counter-complaint as follows:

## THE PARTIES

1. ANA denies the allegations in paragraph 1 of the Counter-Complaint.

2. ANA admits the allegations in paragraph 2 of the Counter-Complaint.

## JURISDICTION

3. ANA admits the allegations in paragraph 3 of the Counter-Complaint, except ANA denies that damages sustained by UAL exceed $700,000.00.

## INTRADISTRICT ASSIGNMENT

4. ANA admits the allegations in paragraph 4 of the Counter-Complaint.

## GENERAL ALLEGATIONS

5. ANA admits the allegations in paragraph 5 of the Counter-Complaint to the extent that on October 7, 2003 at San Francisco International Airport, San Francisco, California, an ANA Boeing B777 aircraft (Reg. No. JA709A) designated as ANA's Flight NH007 ("NH007") was involved in a collision on the ground with a UAL Boeing B777 aircraft (Reg. No. N222UA) designated as UAL's Flight UA809 ("UA809"). Except as expressly admitted, ANA denies the allegations contained in paragraph 5 of the Counter-Complaint.

6. ANA denies the allegations in paragraph 6 of the Counter-Complaint.

7. ANA admits the allegations in paragraph 7 of the Counter-Complaint.

### AS TO COUNT ONE AGAINST ANA

8. ANA repeats, reiterates and realleges each and every allegation, admission and denial to paragraphs 1 through 7, inclusive, of the Counter-Complaint with the same force and effect as if herein set forth in full.

9. The allegations in paragraph 9 of the Counter-Complaint constitute a legal assertion and need not be specifically admitted or denied by ANA, but ANA denies that it breached any legal duty owed.

10. ANA denies the allegations in paragraph 10 of the Counter-Complaint.

11. ANA denies the allegations in paragraph 11 of the Counter-Complaint.

12. ANA denies the allegations in paragraph 12 of the Counter-Complaint.

13. ANA denies the allegations in paragraph 13 of the Counter-Complaint.

### AS TO COUNT TWO AGAINST ANA

14. ANA repeats, reiterates and realleges each and every allegation, admission and denial to paragraphs 1 through 13, inclusive, of the Counter-Complaint with the same force and effect as if herein set forth in full.

15. ANA denies the allegations in paragraph 15 of the Counter-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  Complaint.

2      16.    ANA denies the allegations in paragraph 16 of the Counter-
3  Complaint.

4      17.    The allegations in paragraph 17 of the Counter-Complaint constitute a
5  legal assertion and need not be specifically admitted or denied by ANA.

6      18.    The allegations in paragraph 18 of the Counter-Complaint constitute a
7  legal assertion and need not be specifically admitted or denied by ANA.

8      19.    ANA denies the allegations in paragraph 19 of the Counter-
9  Complaint.

10     20.    ANA denies the allegations in paragraph 20 of the Counter-
11 Complaint.

### AS TO COUNT THREE AGAINST ANA

15     21.    ANA repeats, reiterates and realleges each and every allegation,
16 admission and denial to paragraphs 1 through 20, inclusive, of the Counter-
17 Complaint with the same force and effect as if herein set forth in full.

18     22.    ANA denies the allegations in paragraph 22 of the Counter-Complaint
19 except admits that ANA and UAL entered into a Standard Ground Handling
20 Agreement and an "Annex A" and "Annex B" thereto.

21     23.    ANA denies the allegations in paragraph 23 of the Counter-Complaint
22 as "Annex A" of Exhibit 1 to the Counter-Complaint was not in effect at the time
23 of the accident and is not applicable to any of the facts or circumstances related to
24 this accident or claim.

25     24.    ANA denies the allegations in paragraph 24 of the Counter-Complaint
26 as "Annex B" of Exhibit 1 to the Counter-Complaint was not in effect at the time

-4-

ANSWER AND AFFIRMATIVE DEFENSES OF ALL NIPPON
AIRWAYS COMPANY, LTD. TO DEFENDANT'S COUNTER-
COMPLAINT
CASE NO.: C 07 3422 EDL
NYOFFICE 666798v1

of the accident and is not applicable to any of the facts or circumstances related to this accident or claim.

25. ANA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Counter-Complaint.

26. ANA denies the allegations in paragraph 26 of the Counter-Complaint.

27. ANA denies the allegations in paragraph 27 of the Counter-Complaint.

28. ANA denies the allegations in paragraph 28 of the Counter-Complaint.

## AS TO COUNT FOUR AGAINST ANA

29. ANA repeats, reiterates and realleges each and every allegation, admission and denial to paragraphs 1 through 28, inclusive, of the Counter-Complaint with the same force and effect as if herein set forth in full.

30. ANA denies the allegations in paragraph 30 of the Counter-Complaint except admits that ANA and UAL entered into a Standard Ground Handling Agreement and an "Annex A" and "Annex B" thereto.

31. ANA denies the allegations in paragraph 31 of the Counter-Complaint as "Annex A" of Exhibit 1 to the Counter-Complaint was not in effect at the time of the accident and is not applicable to any of the facts or circumstances related to this accident or claim.

32. ANA denies the allegations in paragraph 32 of the Counter-Complaint as "Annex B" of Exhibit 1 to the Counter-Complaint was not in effect at the time of the accident and is not applicable to any of the facts or circumstances related to this accident or claim.

-5-

ANSWER AND AFFIRMATIVE DEFENSES OF ALL NIPPON
AIRWAYS COMPANY, LTD. TO DEFENDANT'S COUNTER-
COMPLAINT
CASE NO.: C 07 3422 EDL
NYOFFICE 666798v1

33. ANA denies the allegations in paragraph 33 of the Counter-Complaint.

34. The allegation in paragraph 34 of the Counter-Complaint constitutes a legal assertion and need not be specifically admitted or denied by ANA, but it is denied.

35. ANA denies the allegations in paragraph 35 of the Counter-Complaint.

## FIRST AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

36. UAL's Counter-Complaint fails to state a claim against ANA upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

37. Any injury, damage, or loss sustained by UAL, if such occurred, was proximately caused and contributed to by UAL'S own negligence or culpable conduct. Accordingly, ANA is not liable to UAL or, alternatively, UAL's recovery, if any, should be reduced by the amount of negligence attributable to the conduct of UAL.

## THIRD AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

38. The incident alleged in the Counter-Complaint, and the damages UAL alleges it sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of other parties, their agents or employees, or by others unknown at this time over whom defendant ANA had no control at any time

ANSWER AND AFFIRMATIVE DEFENSES OF ALL NIPPON AIRWAYS COMPANY, LTD. TO DEFENDANT'S COUNTER-COMPLAINT
CASE NO.: C 07 3422 EDL
NYOFFICE 666798v1

relevant hereto; however, in the event that a finding is made that negligence exists on the part of ANA, which proximately contributed to UAL's damages alleged in the Counter-Complaint, ANA's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative negligence of such other persons or entities contributed to the happening of the alleged incident and damages upon which plaintiff seeks recovery.

## FOURTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

39. UAL's damages, if any, are due to the acts or omissions of persons or entities other than ANA; however, in the event a finding is made that liability exists on the part of ANA, which liability is expressly denied, ANA is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

## FIFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

40. The injuries and damages allegedly suffered by UAL were caused by intervening and superceding causes, not caused by ANA.

## SIXTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

41. UAL failed to exercise reasonable care and diligence to mitigate its alleged damages, if any, and on this ground UAL is barred from asserting its claims against ANA.

ANSWER AND AFFIRMATIVE DEFENSES OF ALL NIPPON AIRWAYS COMPANY, LTD. TO DEFENDANT'S COUNTER-COMPLAINT
CASE NO.: C 07 3422 EDL
NYOFFICE 666798v1

## SEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

42. If any damages are awarded to UAL, ANA is entitled to a reduction for all amounts paid or available from all collateral sources.

## EIGHTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

43. UAL's violation of federally enacted regulations, including but not limited to the Federal Aviation Regulations, defeats UAL's claims in whole or in part.

44. ANA intends to rely upon such other affirmative defenses as become discovered through discovery and up to the date of trial and reserves the right to modify the foregoing affirmative defenses if necessary.

WHEREFORE, ANA prays as follows:

1. That UAL take nothing by reason of UAL's Counter-Complaint herein and for judgment in favor of ANA; and

2. For such relief as the Court may deem just and proper.

Dated: July 24, 2007

CONDON & FORSYTH LLP

By: *[signature]*
FRANK A. SILANE
ROD D. MARGO
SCOTT D. CUNNINGHAM
MARSHALL S. TURNER
Attorneys for Plaintiff and Counter-Defendant
ALL NIPPON AIRWAYS COMPANY, LTD.

-8-

# PROOF OF SERVICE

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 850, Los Angeles, California 90067-6010. On July 24, 2007, I served the within document:

ANSWER AND AFFIRMATIVE DEFENSES OF ALL NIPPON AIRWAYS COMPANY, LTD. TO DEFENDANT'S COUNTER-COMPLAINT

☐ **(By Facsimile):** I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the address(es) set forth below

☒ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

☐ **(By Personal Service):** I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth below.

☐ **(By Overnight Courier):** I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

**(Federal)** I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 24, 2007, at Los Angeles, California.

*Elisabeth Sillars*
Elisabeth Sillars

# SERVICE LIST

Scott R. Torpey, Esq.
Jaffe Raitt Heuer & Weiss, P.C.
The American Center
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034

Jeffrey A. Worthe, Esq.
Worthe, Hanson & Worthe
1851 East First Street, Suite 900
Santa Ana, California 92705

Marshall S. Turner, Esq.
Condon & Forsyth LLP
7 Times Square, 18th Floor
New York, New York 10036