# EXHIBIT 1

1  Gary Jay Kaufman,  Esq.  State Bar No. 92759
   Marijana Stanojevic, Esq.  State Bar No. 222425
2  LAW OFFICES OF GARY JAY KAUFMAN, INC.
3  1925 Century Park East, Suite 2350
   Los Angeles, California  90067
4  Telephone:  (310) 286-2202
   Facsimile:  (310) 712-0023
5  Email:  gary@garyjkaufmanlaw.com

6  Attorney for specially appearing Defendants
   Experienced Internet.Com, Inc.,
7  Patricia Quesada, and Sylvia Bedoya

8

9                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
10

11 ALL NIPPON AIRWAYS COMPANY,        )        Case No. C07-03422 EDL
   LTD.                               )        Hon. Elizabeth D. Laporte
12                                    )
                                      )
13                Plaintiff,          )        **Protective Order Regarding**
                                      )        **Confidential Information**
14                                    )
                                      )
15       vs.                          )
                                      )
16 UNITED AIR LINES, INC.,            )
                                      )
17                Defendant.          )
                                      )
18 ─────────────────────────────────  )

19       IT IS HEREBY ORDERED that this Protective Order Regarding Confidential Information

20 shall govern with respect to any "Confidential Material" information disclosed during the course

21 of this action, and govern all documents, depositions (including pleadings and exhibits) and

22 discovery responses produced or made available to any person during the course of this action,

23 Case No. C07-03422 EDL, ("discovery material"), that contain "Confidential Material," as set

24 forth below.

25            **I. DESIGNATION AND USE OF CONFIDENTIAL MATERIAL**

26       A.       During the course of litigation, either party may seek to have discovery material

27 classified as "Confidential" or "Confidential—Attorneys' Eyes Only." Confidential Material

28 includes, but is not limited to:  (a) a trade secret as defined by California Civil Code Section

1   3426 1(d); (b) sensitive marketing, merchandising, corporate, or financial information; (c) a

2   personnel record of any third party or employee and/or agent of plaintiff or defendant; or (d) any

3   document subject to a confidentiality agreement. Confidential Material may be designated by any

4   party as being subject to the provisions of this Stipulated Protective Order Regarding Confidential

5   Information ("Order"). Any party ("designating party") may designate as confidential any

6   discovery material if the designating party's counsel makes a good faith determination that the

7   information warrants protection under Fed. R. Civ. P. 26(c). Discovery material that is designated

8   as either "Confidential" or "Confidential—Attorneys' Eyes Only" is referred to herein as

9   "Confidential Material."

10          The designating party will mark each page "Confidential" or "Confidential—Attorneys

11  Eyes Only" of any document designated as such. The designation will be made to avoid obscuring

12  or defacing any portion of the discovery material. Should any party, counsel for any party, or any

13  person, not a party to this action, who obtains access to any Confidential Material and makes

14  copies of or from such material, the material will also be designated "Confidential" or

15  "Confidential—Attorneys Eyes Only" and all references in this Order will be deemed to apply to

16  such copies. Where a document is produced in a magnetic medium (such as compact disc, DVD,

17  floppy diskette or tape), the cartridge, reel, or medium container shall be marked as set forth

18  above.

19          Testimony based on information designated "Confidential" or "Confidential—Attorneys

20  Eyes Only" will be identified as such either by a statement on the record or marking as

21  Confidential documents or selected pages of documents containing such testimony. If either party,

22  through inadvertence, fails to designate discovery material as "Confidential" or "Confidential—

23  Attorneys Eyes Only," but thereafter determines that such discovery material should have been so

24  designated, they promptly will provide written notice of the "Confidential" or "Confidential—

25  Attorneys Eyes Only" designation and to the extent practicable the discovery material will be

26  treated as Confidential Material from the date of receipt of such notice. Likewise, if a party

27  designates discovery material "Confidential" or "Confidential—Attorneys Eyes Only" and later

28  determines that such discovery material should not have been so designated, it will promptly

1  provide written notice of the removal of the designation along with a duplicate copy of the

2  discovery material without the "Confidential" or "Confidential—Attorneys Eyes Only" marking.

3       B.     All Confidential Material and any portion thereof, including copies thereof, and any

4  information derived therefrom, will be deemed confidential and will be for use in these

5  proceedings only, including for purposes of mediation, settlement negotiation of one or more of

6  the asserted claims and/or trial.

7       C.     All Confidential Material and any portion thereof, including copies thereof,

8  designated as "Confidential" and any information derived therefrom will not be disclosed in any

9  way to anyone other than: (a) the Court and Court personnel; (b) the Parties' counsel, the

10  attorneys' firms (including but not limited to, attorneys, support staff, agents, and consultants), the

11  parties' insurers, experts, consultants, copy services, trial consultants, jurors, venire members, and

12  other entities involved in the litigation process; (c) the party and any directors, officers, and

13  employees, including general counsel, of the party that need to know, who are working on this

14  action, and/or who have previously reviewed the contents of the Confidential Material; and (d)

15  stenographic reporters. Material designated as "Confidential" may not be disclosed to any other

16  person or entity without the prior written consent of the designating party or order of the Court.

17  Any disclosure should be only to the extent reasonably necessary for the effective prosecution and

18  defense of the claims in this action, and for no other purpose.

19       D.     All Confidential Material and any portion thereof, including copies thereof,

20  designated as "Confidential—Attorneys Eyes Only" and any information derived therefrom will

21  not be disclosed in any way to anyone other than: (a) the Court and Court personnel; (b) the

22  Parties' counsel, (including but not limited to, attorneys and support staff), and/or (c) the parties'

23  experts. Material designated as "Confidential – Attorneys Eyes Only" may not be disclosed to any

24  other person or entity without the prior written consent of the designating party or order of the

25  Court. Any disclosure should be only to the extent reasonably necessary for the effective

26  prosecution and defense of the claims in this action, and for no other purpose.

27       E.     Except as otherwise set forth herein, Confidential Material shall only be used to the

28  extent necessary for the preparation and trial of this action, including any and all appeals and/or

1    retrials, and not for any other purpose, including but not limited to, any business or commercial

2    purpose, any governmental investigation or inquiry, or any other administrative or judicial

3    proceeding, except as compelled by governmental legal or administrative process.

4        F.      Counsel for any party hereto may designate deposition testimony as Confidential

5    Material. A party producing deposition exhibits that have not been produced before the deposition

6    may designate those exhibits as Confidential Material pursuant to this Order during the taking of

7    the deposition. No party may designate exhibits offered by the other side during a deposition as

8    Confidential Material if the exhibits were obtained by the offering party from a source other than

9    through discovery in this litigation. Counsel for any party may also designate any discovery

10   response from that party as Confidential Material by indicating so on the discovery response.

11       G.      Whenever Confidential Material designated pursuant to this Order is to be

12   discussed or disclosed in a deposition, the designating party may exclude from the deposition any

13   person who is not authorized to see or to receive such Confidential Material pursuant to this Order.

14   **II. CONDITIONS OF DISCLOSURE OF CONFIDENTIAL INFORMATION**

15       A.      Confidential Material will be copied only by the Parties' counsel in this action or

16   by personnel or outside vendors assisting such counsel and only for purposes permitted by this

17   Order, and control and distribution of confidential material and copies thereof will be the

18   responsibility of such counsel.

19       B.      Upon any alleged violation of this Order or any portion thereof, the non-violating

20   party is entitled to seek appropriate forms of relief, if any, including, but not limited to, the

21   imposition of sanctions and the initiation of contempt proceedings. Further, said sanctions and/or

22   form of relief may be imposed by the Court on its own motion or on a motion of any party.

23       C.      The restrictions set forth in this Order will not apply to information that was, is or

24   becomes public knowledge through its authorized release by a person or entity who rightfully

25   obtained and possesses such information during the normal course of business, and not in violation

26   of this Order. As used herein, Confidential Material shall not include:

27       a.      any information that, at the time of the disclosure, is readily available to the public;

28       b.      any information that is made available to the public by the disclosing party;

1    c.    any information of which the receiving party has possession prior to the time of

2          disclosure by the disclosing party, and that is not subject to any similar confidential

3          obligation;

4    d.    any information received by either party from a third party, except if it is subject to

5          a similar non-disclosure agreement and except as provided in Section IV of this

6          Order;

7    e.    any information whose disclosure is mandated by law or regulation, or by an order

8          from a court of law or governmental agency. In this case, the receiving party

9          compelled to disclose the disclosing party's Confidential Material shall promptly

10         notify the disclosing party about such obligation allowing the disclosing party to

11         seek a protective order or any other appropriate remedy. The receiving party will

12         only disclose the portion of the Confidential Material that it is legally required to

13         disclose and will use its best efforts to obtain confidential treatment for any

14         Confidential Material that is so disclosed.

15

16    D.    When disclosing Confidential Material to any person (other than the Court and

17    Court personnel) as consistent with the terms of this Order, that person shall be (a) informed

18    of the existence of this Order, (b) provided with a copy of the Order, and (c) instructed that the

19    Confidential Material may be used only in this adverse proceeding and may not be disclosed

20    to anyone or used other than as directed in this Order. These persons shall agree to be bound

21    by the terms of the Order in all respects by executing and signing the following statement

22    under the caption of this adverse proceeding:

23          I have received and read a copy of the Stipulated Protective Order

24          Regarding Confidential Information (the "Order") in the above-captioned

25          adverse proceeding. I agree to comply with all of the provisions of the

26          Order. I also hereby submit myself to the jurisdiction of the Court for the

27          purpose of enforcement of any of the provisions of the Order.

28

1

### III. CHALLENGING CONFIDENTIAL DESIGNATION

2   If at any time during this litigation a party disputes the designation of discovery material as

3   Confidential, the objecting party will notify the designating party in writing of such dispute. The

4   objecting party's notice will identify the material in dispute and explain the basis for the objection.

5   The designating party will have ten (10) calendar days to provide a written response to the notice,

6   explaining its reason for designating the material at issue as Confidential. Should the objecting

7   party dispute such reasons, the designating party may submit to the Court: (a) a copy of this

8   Order; (b) the written notice of dispute; (c) the written response to the notice of dispute; (d) a reply

9   in support of the written notice of dispute; (e) a copy of the material at issue (to be submitted

10  under seal); and (f) a proposed order concerning the confidentiality of the material at issue for

11  resolution by the Court or by any officer of the Court designated by the Court to hear discovery

12  material in this litigation. Throughout the dispute resolution procedure in this paragraph, the

13  designating party will have the burden of demonstrating that the material at issue is properly

14  designated as confidential. In the event of a dispute over fit confidentiality of particular material,

15  the parties will continue to treat the disputed discovery material as confidential until the dispute is

16  resolved.

17

### IV. NON-PARTY SUBPOENAS

18  If any party receives a subpoena from any non-party to this Order seeking production or

19  disclosure of Confidential Material, that party (the "subpoenaed party") will give notice, as soon

20  as practicable and in no event more than five business days after receiving the subpoena, to

21  counsel for the designating party. Such notice will include a copy of the subpoena. The

22  subpoenaed party will not produce or disclose any of the Confidential Material for a period of five

23  (5) business days, if possible without violating the subpoena, after providing such notice to the

24  other party. If, within five (5) business days of receiving such notice, the party properly objects to

25  such production or disclosure; the subpoenaed party will not make such production or disclosure

26  except pursuant to a Court order requiring compliance.

27  Any item produced by a person or entity not a party to this case (a "Third-Party Item")

28  may be designated as Confidential Material by the third-party producing the item and/or a party to

1  this action if the third-party or a party to this action makes a good faith determination that the

2  information warrants protection under Fed. R. Civ. P. 26(C). Any Third-Party Item designated as

3  Confidential Material shall be so marked by all parties in possession of the Third-Party Item, and

4  shall be subject to the terms and conditions of this Order.

5                                      **V. NO RESTRICTIONS**

6          A.      Nothing in this Order will:  (a) restrict any party with respect to their own

7  documents or information; (b) restrict any party's rights with regard to discovery material that has

8  not been designated as Confidential; (c) prejudice any party's rights to object to the production or

9  disclosure of documents or other information that it considers not subject to discovery; (d) restrict

10 the scope of discovery that can be sought by any party or deemed permissible by the Court; or (e)

11 prejudice any party's right to seek, either by agreement or by application to the Court, greater or

12 lesser protection than that provided herein, or modification of the terms of this Order.

13         B.      Nothing in this Order will be deemed to be a limit on or waiver of the attorney-

14 client privilege, work product privilege, or any other relevant privilege.  Further, inadvertent

15 production of privileged information will not waive the privilege.  If privileged information is

16 inadvertently produced, the recipient of such information will, upon request from the party

17 asserting the privilege, promptly return all copies of documents containing privileged information,

18 delete any version of the documents containing the privileged information on any database or

19 computer filing system it maintains, and make no use of the privileged information.

20                        **VI. RETURN OF CONFIDENTIAL MATERIALS**

21         Within sixty (60) days after the conclusion of this action, including any appeals, all

22 materials (including all copies and summaries or indices) designated as Confidential within the

23 Parties' and/or their counsel's possession shall be returned to the producing party's counsel.

24                                    **VII. BINDING EFFECT**

25         A.      This Order will remain in full force and effect at all times during which any party

26 to this Order retains in his, her, or its possession, custody or control any Confidential Material.

27         B.      All parties, their counsel, and all persons agreeing to be bound by this Order will

28 abide by all of the terms of this Order until otherwise ordered by the United States District Court,

1450146 01

1  Northern District of California, or another court of competent jurisdiction, or by written notice
2  releasing them from the respective obligations received from the pertinent designating party.

### VIII. ADDITIONAL PARTIES TO LAWSUIT

4      If other parties are added to this action, no Confidential Material previously exchanged,
5  produced, or used herein will be disclosed to such other parties or their counsel except upon their
6  agreeing to be bound by the provisions of this Order.

### IX. ADDITIONAL RIGHTS

8      A      This Order is without prejudice to the right of any party to move the Court for an
9  order for good cause shown for protection of Confidential Material sought by or produced through
10  discovery, which protection is different from or in addition to that provided for in this Order, and
11  such right is expressly reserved. Similarly, each party expressly reserves the right at any time to
12  request the Court to authorize disclosure other than contemplated hereunder of materials subject to
13  this Order.

14      B      If a third party provides information to a party in this action and the designating
15  party believes such information is Confidential, the designating party retains the right to designate
16  such information Confidential pursuant to this Order and such information will be so treated.

### X. ABILITY TO AMEND PROTECTIVE ORDER

18      The provisions of this Order maybe modified only by a subsequent written agreement
19  executed by counsel of record for each party or by order of the Court for good cause shown.

20

### XI. REMEDIES

22      The parties hereto agree and acknowledge that a material and willful violation of this Order
23  by any party, their employees, representatives or agents or any third-party who executes the
24  agreement set forth in Section II.D, as to information designated as "Confidential" information
25  will be subject to the issuance of an injunction and other appropriate relief as may be determined
26  by the Court. The parties hereto agree and acknowledge that a material and willful violation of
27  this Order by any party, their employees, representatives or agents or any third-party who executes
28  the agreement set forth in Section II.D, as to information designated as "Confidential — Attorneys

1450146 01

1    Eyes Only" will result in irreparable harm to the producing party and the parties therefore consent

2    to the issuance of an injunction and other appropriate relief. Nothing in this Order shall preclude a

3    party from pursuing an action for damages based on the violation of the terms of this Order.

4

5    _____
     United States Judge

6

7    JAFFE, RAITT, HEUER & WEISS              CONDON & FORSYTH LLP

8    By:_____              By: _____
           Scott R. Torpey (Cal. SB#153763)        Marshall S. Turner (pro hac vice)
9    27777 Franklin Road, Suite 2500          7 Times Square
     Southfield, Michigan 48034-8214          New York, New York 10036
10   Phone: (248) 351-3000                    Phone: 212) 490-9100
11   E-mail:storpey@jaffelaw.com              Email: mturner@condonlaw.com

12   And                                      And

13   Jeffrey A. Worthe (Cal. SB#080856)       Frank A. Silane (Cal. SB#90940)
14   Worthe, Hanson & Worthe                  Rod M. Margo (Cal. SB#977060)
     1851 E. First St., Ste. 00               Scott D. Cunningham (Cal. SB#200413)
15   Santa Ana, California 92705              Condon & Forsyth LLP
     Phone: (714) 285-9600                    1901 Avenue of the Stars, Suite 850
16   Email: jworthe@whwlawcorp.com            Los Angeles, California 90067-6010
                                              Telephone: (310) 557-2030
17

18

19

20

21

22

23

24

25

26

27

28

1450146 01