# EXHIBIT C

# CONDON & FORSYTH LLP

NEW YORK
LOS ANGELES

Direct Dial: (212) 894-6750
Direct Fax: (212) 370-4453
mturner@condonlaw.com

August 30, 2007

*VIA FACSIMILE (248) 351-3082*

Scott R. Torpey, Esq.
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, MI 48034-8214

Re:   All Nippon Airways Company, Ltd. v. United Air Lines, Inc
      United States District Court for the Northern District of California
      Case No. C 07 3422 EDL
      C & F Ref.: MST/05901

Dear Scott:

I am writing in response to your email of August 28, 2007. I will address the issues raised in your email as follows:

1.   **Depositions of ANA crew** –
     As explained to you in my emails of August 21 and August 28, ANA expects to confirm the depositions of at least two of the three ANA crew for depositions in San Francisco or Los Angeles in the timeframe you requested, November 27 through November 29. They may be able to confirm the depositions of all three crewmembers for that period, but it is possible that due to flight and work schedules, only two could be scheduled into the same city during that three day period.

     I do not understand the point of the first four sentences of your email. Are you suggesting that, if ANA cannot schedule all three crewmembers into the same U.S. city on the three days you requested, that you would not want to take any of the depositions? Alternatively, would you prefer to take the depositions of all three crewmembers in Japan, where they all work and reside, and it would be easier to schedule all three crewmembers on successive days in the same location?

2.   **Ground Handling Agreement (GHA)** –
     As it is clear on the face of the GHA referred to in and attached to United's Counter-Complaint that the GHA could not possibly have anything to do with any issue in this case, I have no intention of bringing any ANA witness to the U.S on this subject until United establishes some basis for this affirmative defense.

CONDON & FORSYTH LLP

Scott R. Torpey, Esq.
August 30, 2007
Page 2

Moreover, as the GHA appears to be United's affirmative defense, I would appreciate a response to my inquiry as to "what do you expect to inquire about at a deposition that could be answered through Interrogatories or Admissions." See my email of August 21, 2007. In any event, if United is serious about asserting the GHA as an affirmative defense, ANA would be entitled to ascertain the nature and basis of this claim before providing a corporate witness to testify on the subject. Please describe the nature and basis of this defense and how the referenced document could possibly apply to any fact at issue in this case.

3. **United Depositions** –
As requested several times, please advise when and where it would be most convenient for United to produce the witnesses identified in my letter of July 24, 2007. In your email, you seem to suggest that you will not obtain dates for depositions of United's fact witnesses until after the depositions of all ANA witnesses are concluded. I am sure you know there is no reason or basis for such a position and I certainly do not intend to wait until January 2008 to conduct depositions of United witnesses. While I might agree to defer the depositions of United's flight crew until after the depositions of ANA's flight crew, please provide dates for the depositions of United's tug driver, Julio Hernandez and United's ramp G controller, Edward Loh, at their earliest availability.

4. **United's Document Request** –
I am always available to meet and confer, but I do not understand what there might be to discuss about our objections to United's document request. FRCP Rule 26(d) is quite clear that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Therefore, I see nothing to confer about concerning United's document request. However, I do think we should confer regarding Judge Laporte's Order Setting Initial Case Management Conference and ADR Deadlines, as well as Rule 26(f). As required by FRCP 26(f), we should discuss:

a. The nature and basis of United's GHA affirmative defense;

b. Possibilities of a prompt settlement or resolution of the case;

c. Make or arrange for Rule 26(a)(1) Initial Disclosures;

d. Develop a discovery plan and address the issues in FRCP Rule 26(f)(1)-(6); and

CONDON & FORSYTH LLP

Scott R. Torpey, Esq.
August 30, 2007
Page 3

      e.    Compliance with Judge Laporte's deadlines of September 11, 2007 and September 25, 2007 as set forth in her Order Setting Initial Case Management Conference and ADR Deadlines. Of particular importance, would be a serious effort to agree upon a mediator or selection of another ADR process.

Please let me know your availability for a meet and confer on these issues and I will check the availability of my California co-counsel.

Sincerely yours,

Marshall S. Turner

MST/hlj
cc:    Jeff Worthe
       Walt Kopas
       Frank Silane
       Scott Cunningham

# CONDON & FORSYTH LLP

New York
Los Angeles

## FACSIMILE TRANSMISSION

| Date: August 30, 2007 | No. of Pages including fax cover sheet: 4 |
|---|---|
| From: Marshall S. Turner | Facsimile Operator: HLJ |
| Facsimile No.: (212) 370-4453 | |

| | RECIPIENT | COMPANY | FAX NO. | PHONE NO. |
|---|---|---|---|---|
| 1. | Scott Torpey, Esq. | Jaffe, Raitt, Heuer & Weiss | 248-351-3082 | 248-351-3000 |
| 2. | Jeffrey A. Worthe, Esq. | Worthe, Hanson & Worthe | 714-285-9700 | 714-285-9600 |
| 3. | Frank A. Silane, Esq. Scott D. Cunningham, Esq. | Condon & Forsyth, LLP | 310-557-1299 | 310-557-2030 |
| 4. | Walter Kopas | United States Aviation Underwriters, Inc. | 212-349-8226 | 212-859-3814 |

Re:   All Nippon Airways Company, Ltd. v. United Air Lines, Inc.
      United States District Court for the Northern District of California
      Case No. C 07 3422 EDL
      C & F Ref.: MST/05901

CONFIDENTIALITY: This facsimile and/or accompanying documents are intended for the personal and confidential use of the above recipients. This message may be an attorney-client communication and, as such, is privileged and confidential. If the reader is not the intended recipient or his/her agent, you have received this document in error, and any review dissemination, distribution or copying is strictly prohibited. If received in error, please call the sender to arrange for the return of the documents.

IF YOU DO NOT RECEIVE ALL THE PAGES PLEASE CALL BACK AS SOON AS POSSIBLE
(212) 490-9100