**EXHIBIT F**



**JAFFE RAITT HEUER & WEISS**
*A Professional Corporation*
*Attorneys & Counselors*

27777 FRANKLIN ROAD, SUITE 2500 • SOUTHFIELD MICHIGAN 48034-8214
PHONE 248.351.3000 • FAX 248.351.3082
www.jaffelaw.com

Scott R. Torpey*
Direct: 248.727.1461
storpey@jaffelaw.com

*Admitted to Practice Law:
California, Illinois, Michigan,
New York, Ohio, & Washington DC

October 2, 2007

*By Fax: 212-370-4453 and Email*
Marshall Turner
Condon & Forsyth, LLP
Times Square Tower
7 Times Square
New York, NY 10036

    Re:    All Nippon Airlines

Dear Marshall:

    Pursuant to our discussion at the case management conference, attached is our stipulated protective order which needs to be signed and returned to me. If you want to propose changes, please let me know by Friday, October 5, 2007. If we cannot agree on a protective order, I will add it to the motion to compel being filed on Tuesday, October 9, 2007. Thank you for your anticipated cooperation.

                      Very truly yours,

                      Jaffe, Raitt, Heuer & Weiss
                      Professional Corporation

                      Scott R. Torpey /pln

SRT/pln
Enclosure
c:    Frank Silane *(by email)*
      Timothy Eskridge *(by email)*
      Rod Margo *(by email)*
      Scott Cunningham *(by email)*

```
***************************
***  MULTI TX/RX REPORT  ***
***************************

TX/RX NO              2505
PGS                   12
TX/RX INCOMPLETE      -----
TRANSACTION OK        (1)   12123704453
                      (2)   13105571299
                      (3)   17142859700

ERROR INFORMATION     -----
```



**jaffe**
JAFFE RAITT HEUER & WEISS
*A Professional Corporation*
*Attorneys & Counselors*

27777 FRANKLIN ROAD, SUITE 2500
SOUTHFIELD, MICHIGAN 48034-8214

PHONE 248.351.3000
FAX 248.351.3082

**FAX TRANSMITTAL**

Urgent: ___
Fax only: __X__
Original Sent by U.S. Mail: ___
Original Sent Overnight: ___

Today's Date: 10/2/07     Send By This Time: ASAP

| | Name | fax # | Phone# |
|---|---|---|---|
| To: | Marshall Turner | 212-370-4453 | |
| To: | Frank Silane; Rod Margo; Scott Cunningham | 310-557-1299 | |
| To: | Jeff Worthe | 714-285-9700 | |

From: Scott R. Torpey     Return To: Phyllis L. Nelson

No. of Pages including Transmittal Sheet: 12

Message: Please see attached.

---

*Inter Office Use Only*

Client/Matter                      Sent by:

Scott R. Torpey (Cal. SB#153763)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Telephone:	(248) 351-3000
Facsimile:	(248) 351-3802
Email:		storpey@jaffelaw.com

-and-

Jeffrey A. Worthe (Cal SB# 080856)
Worthe, Hanson & Worthe
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:	(714) 285-9600
Facsimile:	(714) 285-9700
Email:		jworthe@whwlawcorp.com
Attorneys for Defendant United Air Lines, Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD.<br><br>Plaintiff,<br><br>vs<br><br>UNITED AIR LINES, INC.,<br><br>Defendant. | Case No. C07-03422 EDL<br>Hon. Elizabeth D. Laporte<br><br>**Protective Order Regarding Confidential Information** |

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that this Stipulated Protective Order Regarding Confidential Information shall govern with respect to any "Confidential Material" information disclosed during the course of this action and govern all documents, depositions (including pleadings and exhibits) and discovery responses produced or

made available to any person during the course of this action, Case No C07-03422 EDL, ("discovery material"), that contain "Confidential Material," as set forth below.

## I. DESIGNATION AND USE OF CONFIDENTIAL MATERIAL

A    During the course of litigation, either party may seek to have discovery material classified as "Confidential" or "Confidential—Attorneys' Eyes Only." Confidential Material includes, but is not limited to: (a) a trade secret as defined by California Civil Code Section 3426.1(d); (b) sensitive marketing, merchandising, corporate, or financial information; (c) private information regarding plaintiff, defendant, or any third party; (d) a personnel record of any third party or employee and/or agent of plaintiff or defendant; or (e) any document subject to a confidentiality agreement. Confidential Material may be designated by any party as being subject to the provisions of this Stipulated Protective Order Regarding Confidential Information ("Order"). Any party ("designating party") may designate as confidential any discovery material if the party in good faith believes that it contains confidential commercial, financial, proprietary, or personal information. Discovery material that is designated as either "Confidential" or "Confidential—Attorneys' Eyes Only" is referred to herein as "Confidential Material."

The designating party will mark each page "Confidential" or "Confidential—Attorneys Eyes Only" of any document designated as such. The designation will be made to avoid obscuring or defacing any portion of the discovery material. Should any party, counsel for any party, or any person, not a party to this action, who obtains access to any Confidential Material and makes copies of or from such material, the material will also be designated "Confidential" or "Confidential—Attorneys Eyes Only" and all references in this Order will be deemed to apply to such copies. Where a document is produced in a magnetic medium (such as compact

disc, DVD, floppy diskette or tape), the cartridge, reel, or medium container shall be marked as set forth above

Testimony based on information designated "Confidential" or "Confidential—Attorneys Eyes Only" will be identified as such either by a statement on the record or marking as Confidential documents or selected pages of documents containing such testimony. If either party, through inadvertence, fails to designate discovery material as "Confidential" or "Confidential—Attorneys Eyes Only," but thereafter determines that such discovery material should have been so designated, they promptly will provide written notice of the "Confidential" or "Confidential—Attorneys Eyes Only" designation and to the extent practicable the discovery material will be treated as Confidential Material from the date of receipt of such notice Likewise, if a party designates discovery material "Confidential" or "Confidential—Attorneys Eyes Only" and later determines that such discovery material should not have been so designated, it will promptly provide written notice of the removal of the designation along with a duplicate copy of the discovery material without the "Confidential" or "Confidential—Attorneys Eyes Only" marking

    B    All Confidential Material and any portion thereof, including copies thereof, and any information derived therefrom, will be deemed confidential and will be for use in these proceedings only, including for purposes of mediation, settlement negotiation of one or more of the asserted claims and/or trial

    C.    All Confidential Material and any portion thereof, including copies thereof, designated as "Confidential" and any information derived therefrom will not be disclosed in any way to anyone other than: (a) the Court and Court personnel; (b) the Parties' counsel, the attorneys' firms (including but not limited to, attorneys, support staff, agents, and consultants),

the parties' insurers, experts, consultants, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process; (c) the party and any directors, officers, and employees, including general counsel, of the party that need to know, who are working on this action, and/or who have previously reviewed the contents of the Confidential Material; and (d) stenographic reporters. Material designated as "Confidential" may not be disclosed to any other person or entity without the prior written consent of the designating party or order of the Court. Any disclosure should be only to the extent reasonably necessary for the effective prosecution and defense of the claims in this action, and for no other purpose.

  D. All Confidential Material and any portion thereof, including copies thereof, designated as "Confidential—Attorneys Eyes Only" and any information derived therefrom will not be disclosed in any way to anyone other than: (a) the Court and Court personnel; (b) the Parties' counsel, (including but not limited to, attorneys and support staff), and/or (c) the parties' experts. Material designated as "Confidential – Attorneys Eyes Only" may not be disclosed to any other person or entity without the prior written consent of the designating party or order of the Court. Any disclosure should be only to the extent reasonably necessary for the effective prosecution and defense of the claims in this action, and for no other purpose.

  E. Except as otherwise set forth herein, Confidential Material shall only be used to the extent necessary for the preparation and trial of this action, including any and all appeals and/or retrials, and not for any other purpose, including but not limited to, any business or commercial purpose, any governmental investigation or inquiry, or any other administrative or judicial proceeding, except as compelled by governmental legal or administrative process.

  F. Counsel for any party hereto may designate deposition testimony as Confidential Material. A party producing deposition exhibits that have not been produced before the

4

deposition may designate those exhibits as Confidential Material pursuant to this Order during the taking of the deposition, or by written notice to all parties hereto within ten (10) days of the receipt of the deposition transcript. No party may designate exhibits offered by the other side during a deposition as Confidential Material if the exhibits were obtained by the offering party from a source other than through discovery in this litigation. Counsel for any party may also designate any discovery response from that party as Confidential Material by indicating so on the discovery response, or by written notice to all parties hereto within ten (10) days of the service of the discovery response.

G.  Whenever Confidential Material designated pursuant to this Order is to be discussed or disclosed in a deposition, the designating party may exclude from the deposition any person who is not authorized to see or to receive such Confidential Material pursuant to this Order.

## II. CONDITIONS OF DISCLOSURE OF CONFIDENTIAL INFORMATION

A.  Confidential Material will be copied only by the Parties' counsel in this action or by personnel or outside vendors assisting such counsel and only for purposes permitted by this Order, and control and distribution of confidential material and copies thereof will be the responsibility of such counsel.

B.  Upon any alleged violation of this Order or any portion thereof, the non-violating party is entitled to seek appropriate forms of relief, if any, including, but not limited to, the imposition of sanctions and the initiation of contempt proceedings. Further, said sanctions and/or form of relief may be imposed by the Court on its own motion or on a motion of any party.

C.       The restrictions set forth in this Order will not apply to information that was, is or becomes public knowledge through its authorized release by a person or entity who rightfully obtained and possesses such information during the normal course of business, and not in violation of this Order

D.       When disclosing Confidential Material to any person (other than the Court and Court personnel) as consistent with the terms of this Order, that person shall be (a) informed of the existence of this Order, (b) provided with a copy of the Order, and (c) instructed that the Confidential Material may be used only in this adverse proceeding and may not be disclosed to anyone or used other than as directed in this Order. These persons shall agree to be bound by the terms of the Order in all respects by executing and signing the following statement under the caption of this adverse proceeding:

> I have received and read a copy of the Stipulated Protective Order Regarding Confidential Information (the "Order") in the above-captioned adverse proceeding. I agree to comply with all of the provisions of the Order. I also hereby submit myself to the jurisdiction of the Court for the purpose of enforcement of any of the provisions of the Order

### III. CHALLENGING CONFIDENTIAL DESIGNATION

If at any time during this litigation a party disputes the designation of discovery material as Confidential, the objecting party will notify the designating party in writing of such dispute. The objecting party's notice will identify the material in dispute and explain the basis for the objection. The designating party will have ten (10) calendar days to provide a written response to the notice, explaining its reason for designating the material at issue as Confidential. Should the objecting party dispute such reasons, the objecting party may submit to the Court: (a) a copy of this Order; (b) the written notice of dispute; (c) the written response to the notice of

dispute; (d) a reply in support of the written notice of dispute; (e) a copy of the material at issue (to be submitted under seal); and (f) a proposed order concerning the confidentiality of the material at issue for resolution by the Court or by any officer of the Court designated by the Court to hear discovery material in this litigation. Throughout the dispute resolution procedure in this paragraph, the designating party will have the burden of demonstrating that the material at issue is properly designated as confidential. In the event of a dispute over fit confidentiality of particular material, the parties will continue to treat the disputed discovery material as confidential until the dispute is resolved

## IV. NON-PARTY SUBPOENAS

If any party receives a subpoena from any non-party to this Order seeking production or disclosure of Confidential Material, that party (the "subpoenaed party") will give notice, as soon as practicable and in no event more than five business days after receiving the subpoena, to counsel for the designating party. Such notice will include a copy of the subpoena. The subpoenaed party will not produce or disclose any of the Confidential Material for a period of five (5) business days, if possible without violating the subpoena, after providing such notice to the other party, and in no event will such production or disclosure be made before such notice is given. If, within five (5) business days of receiving such notice, the party properly objects to such production or disclosure; the subpoenaed party will not make such production or disclosure except pursuant to a Court order requiring compliance.

Any item produced by a person or entity not a party to this case (a "Third-Party Item") may be designated as Confidential Material by the third-party producing the item and/or a party to this action. Any Third-Party Item designated as Confidential Material shall be so marked by

7

1443833.01

all parties in possession of the Third-Party Item, and shall be subject to the terms and conditions of this Order

## V. NO RESTRICTIONS

A.  Nothing in this Order will: (a) restrict any party with respect to their own documents or information; (b) restrict any party's rights with regard to discovery material that has not been designated as Confidential; (c) prejudice any party's rights to object to the production or disclosure of documents or other information that it considers not subject to discovery; (d) restrict the scope of discovery that can be sought by any party or deemed permissible by the Court; or (e) prejudice any party's right to seek, either by agreement or by application to the Court, greater or lesser protection than that provided herein, or modification of the terms of this Order.

B.  Nothing in this Order will be deemed to be a limit on or waiver of the attorney-client privilege, work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information will not waive the privilege. If privileged information is inadvertently produced, the recipient of such information will, upon request from the party asserting the privilege, promptly return all copies of documents containing privileged information, delete any version of the documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

## VI. RETURN OF CONFIDENTIAL MATERIALS

Within sixty (60) days after the conclusion of this action, including any appeals, all materials (including all copies and summaries or indices) designated as Confidential within the Parties' and/or their counsel's possession shall be returned to the producing party's counsel.

8

## VII. BINDING EFFECT

A.  This Order will remain in full force and effect at all times during which any party to this Order retains in his, her, or its possession, custody or control any Confidential Material.

B.  All parties, their counsel, and all persons agreeing to be bound by this Order will abide by all of the terms of this Order until otherwise ordered by the United States District Court, Northern District of California, or another court of competent jurisdiction, or by written notice releasing them from the respective obligations received from the pertinent designating party.

## VIII. ADDITIONAL PARTIES TO LAWSUIT

If other parties are added to this action, no Confidential Material previously exchanged, produced, or used herein will be disclosed to such other parties or their counsel except upon their agreeing to be bound by the provisions of this Order.

## IX. ADDITIONAL RIGHTS

A.  This Order is without prejudice to the right of any party to move the Court for an order for good cause shown for protection of Confidential Material sought by or produced through discovery, which protection is different from or in addition to that provided for in this Order, and such right is expressly reserved. Similarly, each party expressly reserves the right at any time to request the Court to authorize disclosure other than contemplated hereunder of materials subject to this Order.

B.  If a third party provides information to a party in this action and the designating party believes such information is Confidential, the designating party retains the right to designate such information Confidential pursuant to this Order and such information will be so treated.

1443833.01

## X. ABILITY TO AMEND PROTECTIVE ORDER

The provisions of this Order may be modified only by a subsequent written agreement executed by counsel of record for each party or by order of the Court for good cause shown

## XI. REMEDIES

The parties hereto agree and acknowledge that a material and willful violation of this Order by any party, their employees, representatives or agents or any third-party who executes the agreement set forth in Section II D, will result in irreparable harm to the producing party and the parties therefore consent to the issuance of an injunction and other appropriate relief. Nothing in this Order shall preclude a party from pursuing an action for damages based on the violation of the terms of this Order

_____
United States Judge

| | |
|---|---|
| JAFFE, RAITT, HEUER & WEISS | CONDON & FORSYTH LLP |
| By: _____<br>Scott R. Torpey (Cal. SB#153763)<br>27777 Franklin Road, Suite 2500<br>Southfield, Michigan 48034-8214<br>Phone: (248) 351-3000<br>E-mail: storpey@jaffelaw.com | By: _____<br>Marshall S. Turner (pro hac vice)<br>7 Times Square<br>New York, New York 10036<br>Phone: 212) 490-9100<br>Email: mturner@condonlaw.com |
| And | And |
| Jeffrey A. Worthe (Cal. SB#080856)<br>Worthe, Hanson & Worthe<br>1851 E. First St., Ste. 00<br>Santa Ana, California 92705<br>Phone: (714) 285-9600<br>Email: jworthe@whwlawcorp.com | Frank A. Silane (Cal. SB#90940)<br>Rod M. Margo (Cal. SB#977060)<br>Scott D. Cunningham (Cal. SB#200413)<br>Condon & Forsyth LLP<br>1901 Avenue of the Stars, Suite 850<br>Los Angeles, California 90067-6010<br>Telephone: (310) 557-2030 |

1443833.01