# EXHIBIT H

CONDON & FORSYTH LLP

NEW YORK
LOS ANGELES

Direct Dial: (212) 894-6750
Direct Fax: (212) 370-4453
mturner@condonlaw.com

October 8, 2007

*VIA FACSIMILE (714) 285-9700 and EMAIL*

Jeffrey A. Worthe, Esquire
Worthe, Hanson & Worthe
The Xerox Centre
1851 East First Street, Ninth Floor
Santa Ana, CA  92705

*VIA FACSIMILE (248) 351-3082 and EMAIL*

Scott R. Torpey, Esq.
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, MI 48034-8214

Re:    All Nippon Airways Company, Ltd v. United Air Lines, Inc.
       United States District Court for the Northern District of California
       Case No. C 07 3422 EDL
       C & F Ref.: MST/05901

Dear Gentlemen:

In responding to Scott's letter of October 8, 2007, I have the following comments:

    1.    **I. A.:**  I apologize for my handwriting. The reference is to Rule 26(c) FRCP, not Rule 26(f). This clause is straight out of the first paragraph of Judge Laporte's Standing Order on Confidential and Sealed Documents. I could accept deleting this reference, but I think it would be best to leave it in.

    2    **II. B.:**  I cannot accept your suggestion that ". . . any information derived therefrom, will be deemed confidential . . ." If Confidential Material is derived from Confidential Material, you can designate such material as "Confidential Material". There is no reason to assume or "deem" that all information derived from Confidential Material will be Confidential Material. If you designate such material as Confidential Material, it would be our obligation to treat it as such until it is de-designated. I cannot accept all such information as being "deemed confidential". The designating party's counsel must make a good faith

CONDON & FORSYTH LLP

Torpey/Worthe
October 8, 2007
Page 2

> determination that the information warrants protection. The same goes for 1C and 1D.

3      **I. F.**: If material is of such a confidential nature, it should not need ten (10) days after it has been produced to be identified as Confidential Material. With your agreement, my deletions in I F should be made.

4.      **II. C.(a)**: I agree with your suggestion that "becomes available" should be "is made available".

5      **II. C.(c)**: You are correct that the word "of" should be inserted to read "possession of prior to. . ."

6      **II. C.(e)**: I agree to the deletion of item "e".

7      **II. C.(f)**: I have two changes which appear to be my typos in item (f). On line 6, the word "appropriated" should be "appropriate). On line 7, the word "it" should be inserted between the words "that is" to read "that it is legally required to disclose".

8.      **III.**: As stated in the first paragraph of Judge Laporte's Standing Order on Confidential and Sealed Documents, "the burden of establishing confidentiality shall be on the designating party." Therefore, when challenged, it is the designating party who should submit the matter to the Court.

9      **IV.**: I accept your agreement to the deletion in the first paragraph. I do not understand your comment on my request to delete the second paragraph. If a party designates material as Confidential Material and provides that material to an expert, when the expert produces such material, it would still be "Confidential Material". What your second paragraph seems to suggest, is that this Order would allow any unknown third party to designate whatever it feels like designating as Confidential Material. If some third party is producing what it considers to be Confidential Material, it should raise the subject and we and the Court should decide whether such material warrants protection. I also do not understand how a third party could possibly comply with the requirement that the designating party's counsel shall make a good faith determination. I cannot agree to leaving the second paragraph of Section IV in place.

10.     **V.**: The point of deleting V B is that this agreement applies to Confidential Material, not "privileged material". The inadvertent disclosure of privileged material is covered by an entirely separate body of law than confidential material

CONDON & FORSYTH LLP

Torpey/Worthe
October 8, 2007
Page 3

> There is no reason to address privileged material in this agreement. To do so, might suggest that privileged material should be treated as something other than privileged material. This is not an issue that I think bares extensive negotiations, and I would be willing to leave it in, but I think it has no place in this Protective Order regarding Confidential Information.

11. **X. B.:** Here again, the point is that third parties should not be designating information under this Order as Confidential Material. If a party has designated Confidential Material that it gives to its experts, such material remains Confidential Material and must be treated as Confidential. It is not up to the expert to designate material as confidential. Moreover, it would appear impossible for an expert to fulfill Judge Laporte's Standing Order requirement that "a designating party's counsel shall make a good faith determination that the information warrants protection." I cannot accept leaving paragraph X.B. in the Order.

12. **XI:** As I have reworded Section XI, any party would be free to seek injunctive relief, along with all other permissible relief, as may be determined by the Court. There is no reason for a predetermination that "irreparable harm" will be caused. If an aggrieved party can prove irreparable harm to the Court, nothing in this Order would prevent such party from seeking all remedies, including injunctive relief. I could not possibly agree in advance that a violation of the Order will automatically result in "irreparable harm".

I will be available to further discuss this matter, if necessary, in my office on Tuesday morning, October 9, 2007.

Sincerely yours,

Marshall S. Turner

MST/hlj
cc:     Frank Silane
        Scott Cunningham