# EXHIBIT I

# jaffe

JAFFE RAITT HEUER & WEISS
*A Professional Corporation*
*Attorneys & Counselors*

27777 FRANKLIN ROAD, SUITE 2500 • SOUTHFIELD, MICHIGAN 48034-8214
PHONE 248.351.3000 • FAX 248.351.3082
www.jaffelaw.com

Scott R. Torpey*
Direct: 248.727.1461
storpey@jaffelaw.com

*Admitted to Practice Law:
California, Illinois, Michigan,
New York, Ohio, & Washington DC

October 8, 2007

*By Fax: 212-370-4453 and Email*
Marshall Turner
Condon & Forsyth, LLP
Times Square Tower
7 Times Square
New York, NY 10036

Re:   All Nippon Airlines

Dear Marshall:

This letter will respond to yours of October 5, 2005 relative to my proposed protective order and your comments regarding same:

- **I. A**: Delete "under Rule 26(f) F.R.C.P." and I am otherwise fine with the proposed change.

- **II. B**: I cannot agree to the deletion of "and any information derived therefrom" in this or any of the other paragraphs where that language appears. The attorney eyes only information is highly proprietary, and any information derived from that highly proprietary material must remain confidential. Accordingly, we also cannot agree to the similar deletion at IC or 1D.

- **I. F**: I will agree to the deletion, although both sides could probably benefit from having the ability post-deposition to designate as confidential items which may inadvertently not have been so designated at the deposition itself.

- **II. C**: With regard to your insert (Attachment No. 2) at Item B, it should read "any Confidential Information that is made available..." versus "becomes available." At item "c," there is a word missing and the first line should read "any information that the receiving party has the possession of prior to...". With regard to item "e," I do not agree to inclusion of that paragraph since it opens up a potential dispute over what information was developed with or without reference to the confidential information.

ANN ARBOR • BIRMINGHAM • DETROIT • PORT HURON • SOUTHFIELD

1448754.01

Marshall Turner
October 8, 2007
Page 2

- **III:** I do not agree to substituting designating for objecting party. The objecting party should bear the responsibility to seek court intervention, not the designating party.

- **IV:** The deletion in the first paragraph is acceptable, but the deletion in the second paragraph is not. Presumably, experts will be provided with attorney eyes only confidential information at some point, and before they do receive this information, they, too, must be agreeable to and bound by the terms of the protective order.

- **V:** Is there a reason why inadvertent disclosure should not be subject to corrective action?

- **IX:** Information provided by third parties (for example, experts) if in any way derived from confidential information should thus be capable of being treated as confidential. Is there a reason not to do so and thus, a reason not to include this language?

- **XI:** With regard to information that is attorney's eyes only, be believe this to be of such a sensitive nature that it would cause irreparable harm if the protective order is not strictly adhered to. As a compromise, we can rewrite this paragraph to state that with respect to attorney's eyes only designated documents, violation of the protective order would result in irreparable harm so that we could seek injunctive relief if violations occur.

Once you have a chance to review my comments, please call so we can discuss them further. To the extent we have remaining differences, we can ask the court to rule on them. The motion must be filed by Tuesday, October 9, so please contact me at your earliest convenience to discuss these outstanding issues.

Very truly yours,

Jaffe, Raitt, Heuer & Weiss
Professional Corporation

Scott R. Torpey

SRT/pln
Enclosure
c:  Frank Silane (*by email*)          Scott Cunningham (*by email*)
    Timothy Eskridge (*by email*)      Jeff Worthe (*by email*)
    Rod Margo (*by email*)

1448754 01

```
***********************
***   TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO                    2557
CONNECTION TEL                      12123704453
SUBADDRESS
CONNECTION ID
ST. TIME                    10/08 11:06
USAGE T                     00'33
PGS. SENT                   3
RESULT                      OK
```



**Jaffe**

JAFFE RAITT HEUER & WEISS
*A Professional Corporation*
*Attorneys & Counselors*

27777 FRANKLIN ROAD, SUITE 2500
SOUTHFIELD, MICHIGAN 48034-8214

PHONE   248.351.3000
FAX     248.351.3082

**FAX TRANSMITTAL**

Urgent: ____
Fax only: __X__
Original Sent by U.S. Mail: ____
Original Sent Overnight: ____

Today's Date: 10/8/07          Send By This Time: ASAP

| Name | fax # | Phone# |
|---|---|---|
| To: Marshall Turner | 212-370-4453 | |

From: Scott R. Torpey          Return To: Phyllis L. Nelson

No. of Pages including Transmittal Sheet: 3

Message: Please see attached.

*InterOffice Use Only*