1

1  Frank A. Silane (State Bar No.: 90940)
   Scott D. Cunningham (State Bar No.: 200413)
2  CONDON & FORSYTH LLP
   1901 Avenue of the Stars, Suite 850
3  Los Angeles, California 90067-6010
   Telephone: (310) 557-2030
4  Facsimile:  (310) 557-1299
   Email: fsilane@condonlaw.com
5  Email: scunningham@condonlaw.com

6     -and-

7  Marshall S. Turner (*pro hac vice*)
   CONDON & FORSYTH LLP
8  7 Times Square
   New York, NY 10036
9  Telephone: (212) 490-9100
   Facsimile: (212) 370-4453
10 Email: mturner@condonlaw.com

11 Attorneys for Plaintiff
   ALL NIPPON AIRWAYS COMPANY, LTD.
12

13            UNITED STATES DISTRICT COURT

14           NORTHERN DISTRICT OF CALIFORNIA

15 ALL NIPPON AIRWAYS COMPANY, )  Case No. C07-03422 EDL
   LTD.,                       )
16             Plaintiff,      )  **DECLARATION OF MARSHALL**
                               )  **S. TURNER IN OPPOSITION TO**
17        vs.                  )  **DEFENDANT'S MOTION TO**
                               )  **COMPEL AND FOR**
18 UNITED AIR LINES, INC.,     )  **PROTECTIVE ORDER**
                               )
19             Defendant.      )
                               )
20 _____)

21

22        **DECLARATION OF MARSHALL S. TURNER**

23 STATE OF NEW YORK        )

24                          )     SS.

25 COUNTY OF NEW YORK       )

26        Marshall S. Turner, being duly sworn, deposes and says:

27 1.    I am an attorney and a member of the law firm of Condon & Forsyth LLP,

28 attorneys for plaintiff All Nippon Airways Co., Ltd. ("ANA") in the above-

DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO UAL'S MOTION TO COMPEL AND FOR PROTECTIVE
ORDER
CASE NO.: C07-03422 EDL

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    captioned matter.  I make this declaration in Opposition to Defendant's Motion to

2    Compel Production of Person Most Knowledgeable and for Protective Order.

3    2.    On September 12, 2007, UAL served ANA with deposition notices and

4    document requests for the three ANA pilots on board Flight NH007 at the time of

5    the Accident as well as a "Person Most Knowledgeable" (hereinafter referred to as

6    "PMK") concerning the Standard Ground Handling Agreement ("SGHA")

7    pursuant to FRCP 30(b)(6).  See Exhibit A annexed hereto.

8    3.    In my letter of August 30, 2007, I advised UAL that the SGHA referred to in

9    and attached to United's Counter-Complaint could not possibly have anything to

10   do with any issue in this case, and that ANA would not produce a witness on this

11   subject until UAL establishes some basis for its allegations concerning the SGHA.

12   See Exhibit B.  UAL provided no response to my letter of August 30, 2007.

13   4.    I participated with UAL's counsel in a telephonic Rule 26(f) conference on

14   September 10, 2007, during which UAL requested a deposition of a witness with

15   knowledge of the SGHA.  I advised UAL's counsel that ANA would not agree to

16   production of such a witness unless UAL would explain the relevance of the 1991

17   SGHA their pleadings were based upon to the 2003 Accident.

18   5.    I again advised UAL's counsel in my letter of September 14, 2007 that no

19   witness would be provided concerning the SGHA without an explanation of the

20   relevance of the SGHA and why any question regarding the SGHA could not be

21   answered through interrogatories or admissions.  See Exhibit C annexed hereto.

22   UAL offered no explanation in response to this request.

23   6.    In my letter of September 28, 2007, I clearly explained that the 1991 SGHA

24   attached to UAL's Counter-Complaint is outdated on its face and could not

25   possibly apply to the Accident in 2003.  See Exhibit D annexed hereto.  I advised

26   that UAL's Counter-Complaint relies upon the SGHA Main Agreement and Annex

27   A signed by United on July 23, 1991 and by ANA on August 14, 1991, while the

28                                                                    -2-

DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO UAL'S MOTION TO COMPEL AND FOR PROTECTIVE
ORDER
CASE NO.: C07-03422 EDL

1  Annex B attached thereto and dated September 25, 2001 plainly states, "the terms
2  of the Main Agreement and Annex A of the SGHA of April 1998. . . shall apply as
3  if such terms were repeated here in full."  See UAL Counter-Complaint, Exhibit 1,
4  Annex B, page 1 PREAMBLE.

5  7.    Also in my letter of September 28, 2007 I informed UAL that the Annex B
6  attached to UAL's Counter-Complaint in Exhibit 1 was also outdated and would
7  not have been applicable at the time of the Accident.  Annex B.1.2 attached to
8  UAL's Counter-Complaint as in Exhibit 1 "is valid from:  25 September 2001"
9  and was replaced by Annex B.1.3 dated 25 September 2002, which was the
10  agreement in effect on October 7, 2003 at the time of the Accident.  Copies of the
11  correct documents were provided along with my September 28, 2007 letter.  See
12  Exhibit D attached hereto.

13  8.    The correct Main Agreement and its Annexes that were in effect at the time
14  of the Accident on October 7, 2003 make no mention of UAL providing a service
15  to ANA of "Moving aircraft under its own power" or to any section of the SGHA
16  identified as "R.6.7.2." as alleged by UAL in paragraphs 23 and 31 of UAL's
17  Counter-Complaint.  See UAL Counter-Complaint, Exhibit 1, as compared to the
18  correct agreements attached to Exhibit D.

19  9.    I further explained that UAL's Ramp Controller's negligence was his
20  premature release of UAL Flight UA809 which was not "connected to" or "arose"
21  out of any service provided to ANA under the SGHA.

22  10.    In my September 28, 2007 letter, I also invited UAL to come forward with
23  any information contrary to ANA's position and to amend its Answer and Counter-
24  Complaint to delete Counts Three and Four which were based upon the
25  indisputably wrong SGHA.

26  11.    UAL never responded to my September 28, 2007 letter, nor has it sought to
27  amend its Answer or Counter-Complaint to allege the SGHA that was in effect at

28

DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO UAL'S MOTION TO COMPEL AND FOR PROTECTIVE
ORDER
CASE NO.: C07-03422 EDL

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   the time of the Accident.

2   12.    UAL has conceded in its motion that the 1991 SGHA upon which it based

3   its Answer and Counter-Complaint is outdated and inapplicable to this matter. The

4   provision of the 1991 SGHA upon which it based its allegations of "moving

5   aircraft under its own power . . ." is not present in the 2002 SGHA that was in

6   effect at the time of the Accident. Compare Annex AR.6.7.2 attached to UAL's

7   Counter-Complaint to Annex A Section 6.7.1 (no provision for moving aircraft

8   under its own power) attached to Exhibit D.

9   13.    UAL has now recrafted its argument to rest entirely upon its own definition

10  of the term "marshalling" which is a service to be provided under Section 6.1.1 of

11  the 2002 SGHA, but provides no factual or legal basis to assert that the damages

12  are "connected with" or "arise out of" any marshalling service.

13  14.    Aircraft marshalling is a function of an individual on the ground guiding an

14  aircraft with visual signals.    See Federal Aviation Administration ("FAA")

15  Aeronautical Information Manual Section 4-3-25, Exhibit E attached hereto; ASIC

16  GLOSSARY OF TERMS AND DEFINITIONS, Exhibit F attached hereto; NATO

17  GLOSSARY OF TERMS AND DEFINITIONS, Exhibit G attached hereto; and UAL's

18  "Ramp Services Trainer Aircraft Guideperson & Wingwalker," Exhibit H attached

19  hereto.

20  15.    Pursuant to agreements unrelated to any SGHA, UAL's Ramp Controller

21  was performing FAA functions that had nothing to do with "marshalling" under

22  the SGHA.

23  16.    In a Memorandum of Understanding effective December 4, 2000 between

24  the FAA and San Francisco Terminal Equipment Co. ("SFOTEC"), the FAA

25  delegated responsibility for the operation of Ramp Tower G at San Francisco

26  International Airport ("SFO") to SFOTEC. In this agreement, the FAA delegated

27  responsibilities for directing aircraft in the area around Terminal G to SFOTEC.

28  //                                            -4-

1   See Exhibit I attached hereto.

2   17.    In a Memorandum of Understanding effective December 1, 2000 between

3   SFOTEC and UAL, SFOTEC delegated its FAA responsibility for the operation of

4   Ramp Tower G at San Francisco International Airport to UAL. See Exhibit J

5   attached hereto.

6   18.    In UAL's Declaration of Scott Torpey, paragraph 7, it is stated that it is

7   necessary to depose an ANA Person Most Knowledgeable on the issue of SGHA,

8   but no reason or relevance is explained. The SGHA is a form used by all

9   international airlines and the specific SGHA was prepared by UAL as "United

10  contract No. 108536-17" and was signed by UAL and ANA in 2002. See Annex B

11  attached hereto in Exhibit D.

12  19.    The Ramp Controller is a UAL employee under the control of UAL. The

13  agreement giving UAL control of the Ramp Tower G was signed by a UAL

14  General Manager. See Exhibit J. UAL fails to identify any area of relevant

15  inquiry that could be supplied by an ANA witness knowledgeable about the

16  SGHA.

17  20.    UAL avers that ANA has refused to enter into a Protective Order concerning

18  the confidentiality of documents. However, I engaged in negotiations with UAL

19  for precisely this purpose.

20  21.    I first received UAL's proposed Protective Order from UAL's counsel Scott

21  R. Torpey with his letter dated October 2, 2007.

22  22.    On October 5, 2007, I returned the proposed Protective Order to UAL's

23  counsel with my suggested changes. See Exhibit K attached hereto.

24  23.    UAL's counsel commented on my suggested changes in his letter dated

25  October 8, 2007. See Exhibit L attached hereto.

26  24.    I responded to UAL's counsel with responsive comments on October 8,

27  2007. See Exhibit M attached hereto.

28

-5-

DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO UAL'S MOTION TO COMPEL AND FOR PROTECTIVE
ORDER
CASE NO.: C07-03422 EDL

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

25. I heard nothing further from UAL's counsel with respect to the proposed Protective Order until receipt of UAL's Motion to Compel.

26. For the reasons set forth in the accompanying Brief, plaintiff All Nippon Airways Co., Ltd. respectfully requests that the Court deny United Air Lines, Inc.'s Motion to Compel Production of Person Most Knowledgeable and for Protective Order; and issue a protective order that a deposition and documents may not be had from an ANA witness concerning the SGHA.

Dated: October 23, 2007          CONDON & FORSYTH LLP


                                 By:/s/ Marshall S. Turner
                                     MARSHALL S. TURNER (*pro hac vice*)


                                     Attorneys for Plaintiff
                                     ALL NIPPON AIRWAYS COMPANY, LTD.

DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO UAL'S MOTION TO COMPEL AND FOR PROTECTIVE
ORDER
CASE NO.: C07-03422 EDL

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030