Scott R. Torpey   Cal. SB# 153763
Email: storpey@jaffelaw.com
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
Facsimile: (248) 351-3082

Jeffrey A. Worthe   Cal. SB# 080856
Email: jworthe@whwlawcorp.com
Worthe, Hanson & Worthe, a law corporation
1851 E. First St., Ste. 900
Santa Ana, CA 92705
Telephone: (714) 285-9600
Facsimile: (714) 285-9700

*Attorneys for Defendant/Counter-Plaintiff, United Air Lines*

## DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **All Nippon Airways Co., Ltd.**, a Japanese corporation, | ) Case No. C07-03422 EDL |
| Plaintiff/Counter-Defendant, | ) Judge: Hon. Elizabeth D. Laporte |
| vs | ) **First Amended Counter-Complaint For:** |
| **United Air Lines**, a Delaware corporation, | ) (1) Negligence |
| Defendant/Counter-Plaintiff | ) (2) Negligence *per se* |
| | ) (3) Breach of Contract |
| | ) (4) Declaratory relief |

For its First Amended Counter-Complaint, defendant/counter-plaintiff United Air Lines, Inc., ("UAL") complains against plaintiff/counter-defendant All Nippon Airways Co., Ltd., ("ANA") as follows:

## THE PARTIES

1. UAL is a Delaware corporation headquartered in Illinois. UAL is in the business of domestic and international air transportation and maintains a major hub of operations at San Francisco International Airport, San Francisco, California, where the events complained of herein occurred.

2. ANA is a Japanese corporation that is in the business of providing air transportation. ANA operates flights out of San Francisco International Airport, San Francisco, California.

## JURISDICTION

3. Based on the citizenship of the parties and the amount in controversy, which is well over $700,000.00, this Court has jurisdiction over this matter under 28 U.S.C. § 1332. Venue is proper in this Court.

## INTRADISTRICT ASSIGNMENT

4. Pursuant to Civil L.R. 3-2(c), this action is properly assigned to the San Francisco Division as a substantial part of the events or omissions which give rise to this claim occurred at the San Francisco International Airport in the County of San Francisco.

## GENERAL ALLEGATIONS

5. On October 7, 2003, at San Francisco International Airport, San Francisco, California, a Boeing 777-281, JA709A, owned by ANA and operated as flight NH007, collided on the ground with a Boeing 777-22B, N222UA, owned by UAL and operated as flight UA809

6. The collision resulted in extensive damage to the right wing of UAL's aircraft, which has necessitated a more than $700,000.00 total cost of repair, an amount that accounts for only a portion of the damages UAL has incurred

---

1
First Amended Counter-Complaint for Negligence, Negligence *Per Se*,
Breach of Contract, and Declaratory Relief

1448801.01

7. No injuries were sustained by either airplane's crews or passengers.

## COUNT ONE: NEGLIGENCE

8. UAL incorporates the allegations contained in paragraphs 1 through 6 above as if fully restated herein.

9. ANA owed legal duties to UAL including, but not limited to, the duty to conduct its operations in a safe and prudent manner so as not to jeopardize, damage, or interfere with the property, equipment, and operations of UAL.

10. ANA breached the legal duties owed to UAL by failing to operate its flight NH007 in a safe and prudent manner so as not to jeopardize the property, equipment, and operations of UAL.

11. As a direct and proximate cause of ANA's breach of legal duties, UAL's Boeing 777-22B, N222UA, operated as flight UA809, sustained extensive damage to its right wing.

12. ANA's negligent breach of duty directly and proximately caused UAL to sustain monetary damages due to the need to accommodate passengers on UAL's damaged aircraft, who were left without air transportation due to ANA's negligence and the damages to UAL's aircraft.

13. ANA's negligent breach of duty is also the direct and proximate cause of further damages and costs to UAL, including, but not limited to, costs related to UAL's inability to use its damaged aircraft for the period of time during which it was taken out of service and repaired, costs related to the extensive repairs to and remediation of UAL's damaged aircraft, costs related to the diminution in value of UAL's damaged aircraft after repair and remediation, and costs and attorneys' fees.

## COUNT TWO: NEGLIGENCE *PER SE*

14. UAL incorporates the allegations contained in paragraphs 1 through 13 as if fully stated herein.

15. ANA's operation of its aircraft at the time of the accident violated several Federal Aviation Regulations ("FARs"), including, but not limited to, FAR 91.3, which required the pilot

in command of the aircraft to exercise direct responsibility and final authority as to the operation of the aircraft; FAR 91-13, which forbids careless or reckless operation of an aircraft so as to endanger the property of another; and FAR 91-111, which forbids the operation of an aircraft so close to another aircraft so as to create a collision hazard.

16. ANA's violation of FARs 91.3, 91-13, and 91-111, and other safety regulations proximately caused the October 7, 2003, ground collision between ANA's aircraft and UAL's aircraft, which caused UAL to incur significant damages.

17. FARs 91.3, 91-13, 91-111, and other safety regulations were designed to prevent occurrences like the collision between ANA's aircraft and UAL's aircraft.

18. UAL belongs to the class for whose protection FAR 91.3, 91-13, 91-111, and other safety regulations were adopted.

19. It is presumed that ANA failed to exercise due care.

20. ANA's presumed failure to exercise due care is the proximate cause of UAL's significant damages resulting from the collision between ANA's aircraft and UAL's aircraft, which include, but are not limited to, costs related to the need to accommodate passengers on UAL's damaged aircraft, costs related to UAL's inability to use its damaged aircraft for the period of time during which it was taken out of service and repaired, costs related to the extensive repairs to and remediation of UAL's damaged aircraft, costs related to the diminution in value of UAL's damaged aircraft after repair and remediation, and costs and attorneys' fees.

## COUNT THREE: BREACH OF CONTRACT

21. UAL incorporates the allegations contained in paragraphs 1 through 20 as if fully stated herein.

22. UAL and ANA executed Annex B.1.3 ("Annex B") to both the Standard Ground Handling Agreement of April 1998 (the "SGHA") and Annex A thereto, effective September 25, 2002. Annex B specifically incorporates the terms of the SGHA and Annex A, "except for the terms set forth in this Annex B." These documents are attached collectively to this First

1 | Amended Counter-Complaint as **Exhibit 1**.

2 |     23. Under the SGHA and Annexes A and B, UAL as the "Handling Company" or "Seller," agreed to arrange for and/or provide the following services to ANA, as the "Carrier" or "Buyer," including but not limited to:

    a. Marshalling at arrival and/or departure. (**Exhibit 1**, Annex A, § 6.1.1; Annex B, ¶ 1.1.1.)

    24. UAL and ANA agreed to the following indemnity provision in "Annex B," which expressly supersedes SGHA, Art. 8, "LIABILITY AND INDEMNITY":

> <u>Indemnity</u>. Carrier agrees to indemnify and hold harmless Handling Company from and against any and all liabilities, claims, demands, suits, damages and losses, including, without limitation, all reasonable attorney's fees, costs, and expenses in connection therewith or incident thereto (including but not limited to reasonable attorneys' fees incurred by Handling Company in establishing its rights to indemnification hereunder) … for loss of, damage to, destruction of, any property whatsoever (including, without limitation, any loss of use thereof), in any manner arising out of or in any way connected with goods or services furnished or to be furnished by Handling Company under this Agreement, all whether or not arising in tort or occasioned in whole or part by the negligence of Handling Company of any type or degree … [**Exhibit 1**, Annex B, ¶ 4.]

    25. UAL has performed all conditions, covenants, and promises required of it under the terms of the SGHA and Annexes thereto.

    26. The collision complained of herein, and all resulting damages to UAL's aircraft complained of herein, arose out of and/or were connected with UAL's furnishing of services under the SGHA and Annexes thereto.

    27. ANA has breached the SGHA and Annexes thereto by refusing and/or failing to indemnify UAL for the damages that UAL's aircraft sustained in the collision complained of

herein, which include, but are not limited to, costs related to the need to accommodate passengers on UAL's damaged aircraft, costs related to UAL's inability to use its damaged aircraft for the period of time during which it was taken out of service and repaired, costs related to the extensive repairs to and remediation of UAL's damaged aircraft, and costs related to the diminution in value of UAL's damaged aircraft after repair and remediation.

28.   UAL is additionally entitled to recover its costs and attorneys' fees pursuant to the terms of the SGHA and Annexes thereto.

## COUNT FOUR:  DECLARATORY RELIEF

29.   UAL incorporates the allegations contained in paragraphs 1 through 28 as if fully stated herein.

30.   UAL and ANA executed Annex B.1.3 ("Annex B") to both the Standard Ground Handling Agreement of April 1998 (the "SGHA") and Annex A thereto, effective September 25, 2002. Annex B specifically incorporates the terms of the SGHA and Annex A, "except for the terms set forth in this Annex B." These documents are attached collectively to this First Amended Counter-Complaint as **Exhibit 1**.

31.   Under the SGHA and Annexes A and B, UAL as the "Handling Company" or "Seller," agreed to arrange for and/or provide the following services to ANA, as the "Carrier" or "Buyer," including but not limited to:

    a.   Marshalling at arrival and/or departure. (**Exhibit 1**, Annex A, § 6.1.1; Annex B, ¶ 1.1.1.)

32.   UAL and ANA agreed to the following release and indemnity provisions in Annex B, ¶ 4 (**Exhibit 1**), which supersedes SGHA, Art. 8, "LIABILITY AND INDEMNITY":

> Release.  Carrier hereby releases Handling Company ... from any and all liabilities, claims, demands, suits, damages and losses, including, without limitation, all attorneys' fees, costs and expenses in connection therewith or incident thereto which may accrue to Carrier against Handling Company for loss

of, damage to, destruction of, any property owned or operated by Carrier, including without limitation any aircraft, in any manner arising out of or in any way connected with the services furnished or to be furnished by Handling Company under this Agreement.

Hull Damage Exception  Notwithstanding the provisions of 4.2 above, Handling Company shall indemnify Carrier against any physical loss of or damage to Carriers [sic] aircraft caused by any negligent act or omission of Handling Company or by Handling Company's actual intent to cause such loss or damage, provided that Handling Company's obligation with respect to such loss or damage shall not, in any event (i) exceed [USD 1,500,000,] or (ii) apply to such loss or damage of an amount less than [USD 3,000]. [According to Annex B, PREAMBLE, this provision is supplemented by the express terms of the SGHA, Art. 8.5 ]

Indemnity.  Carrier agrees to indemnify and hold harmless Handling Company from and against any and all liabilities, claims, demands, suits, damages and losses, including, without limitation, all reasonable attorney's fees, costs, and expenses in connection therewith or incident thereto (including but not limited to reasonable attorneys' fees incurred by Handling Company in establishing its rights to indemnification hereunder)  for loss of, damage to, destruction of, any property whatsoever (including, without limitation, any loss of use thereof), in any manner arising out of or in any way connected with goods or services furnished or to be furnished by Handling Company under this Agreement, all whether or not arising in tort or occasioned in whole or part by the negligence of Handling Company of any type or degree.

33.  An actual case or controversy within this Court's jurisdiction exists between UAL and ANA, in that the incident and damages complained of herein arose out of and/or were

---

6
First Amended Counter-Complaint for Negligence, Negligence *Per Se*,
Breach of Contract, and Declaratory Relief

1448801.01

connected with UAL's furnishing of services under the SGHA and Annexes thereto.

34. The case or controversy between UAL and ANA cannot be resolved without this Court's action under 28 U.S.C. § 2201.

35. No basis exists in law or fact that would preclude application of the release and indemnity provisions contained in the SGHA and its Annexes, thus capping any of UAL's liability to ANA at $1.5 million and requiring ANA to indemnify UAL for all of UAL's damages arising from the incident complained of herein, which include, but are not limited to, costs related to the need to accommodate passengers on UAL's damaged aircraft, costs related to UAL's inability to use its damaged aircraft for the period of time during which it was taken out of service and repaired, costs related to the extensive repairs to and remediation of UAL's damaged aircraft, costs related to the diminution in value of UAL's damaged aircraft after repair and remediation, and costs and attorneys' fees

WHEREFORE, UAL respectfully requests that this Court enter judgment against ANA in its favor for:

  a. Actual damages for losses directly and proximately caused by ANA's negligence, which include, but are not limited to, costs related to the need to accommodate passengers on UAL's damaged aircraft, costs related to the repair and remediation of UAL's damaged aircraft, costs related to UAL's inability to use its damaged aircraft for the period of time during which it was taken out of service and repaired, and costs related to the diminution in value of the damaged aircraft after repair and remediation;

  b. The costs of suit in this action, including reasonable costs and attorneys' fees;

  c. Declaratory relief, providing that (i) UAL is released of all liability toward ANA for any damages ANA may claim against UAL and/or ANA's damages, if any, are capped at $1.5 million, and (ii) ANA must indemnify and hold harmless UAL for all its damages complained of herein; and

---

7
First Amended Counter-Complaint for Negligence, Negligence *Per Se*,
Breach of Contract, and Declaratory Relief

1448801.01

     d.  Such other and further relief as this Court may deem proper.

Additionally, UAL requests that this Court enter an order declaring the parties' rights and obligations under the Standard Ground Handling Agreement and the Annexes thereto.

Dated: October 26, 2007

          s/Scott R. Torpey, Cal. SB#153763
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail:storpey@jaffelaw.com

Jeffrey A. Worthe, Cal. SB# 080856
Worthe, Hanson & Worthe, a law corporation
1851 E. First St., Ste. 900
Santa Ana, CA 92705
(714) 285-9600
Attorneys for Defendant/Counter-Plaintiff,
United Air Lines

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2007 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Scott D. Cunningham – scunningham@condonlaw.com
Roderick D. Margo – rmargo@condonlaw.com
Frank A. Silane – fsilane@condonlaw.com
Marshall S. Turner – mturner@condonlaw.com
Jeffrey A. Worthe – jworthe@whwlawcorp.com

Dated: October 26, 2007

          s/Scott R. Torpey, Cal S.B.#153763
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail:storpey@jaffelaw.com

8
First Amended Counter-Complaint for Negligence, Negligence *Per Se*,
Breach of Contract, and Declaratory Relief

1448801.01

## CERTIFICATION OF INTERESTED ENTITES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: October 26, 2007

s/Scott R. Torpey, Cal. SB#153763
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail:storpey@jaffelaw.com

Jeffrey A. Worthe, Cal. SB# 080856
Worthe, Hanson & Worthe, a law corporation
1851 E. First St., Ste. 900
Santa Ana, CA 92705
(714) 285-9600
Attorneys for Plaintiff, United Air Lines