JAFFE, RAITT, HEUER & WEISS, P.C.
Scott R. Torpey Cal. SB#153763
storpey@jaffelaw.com
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone:    248.351.3000
Fax:          248.351.3082

and
WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:    (714) 285-9600
Fax:          714-285-9700
Attorneys for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| All Nippon Airways Company, Ltd., | Case No. 07-03422 EDL |
| Plaintiff, | **UNITED AIR LINES, INC.'S, REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF PERSONA MOST KNOWLEGEABLE AND FOR PROTECTIVE ORDER** |
| vs. | |
| United Air Lines, Inc., | |
| Defendant. | DATE: November 13, 2007<br>TIME: 9:00 a.m.<br>JUDGE: Elizabeth D. Laporte |

Defendant, United Air Lines, Inc., ("United"), by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., hereby submits it reply in support of its Motion to Compel Production of Person Most Knowledgeable and for Protective Order:

-1-

Case No. 07-03422 EDL

UNITED AIR LINES, INC.'S, REPLY IN SUPPORT OF MOTION TO COMPEL AND FOR PROTECTIVE ORDER

1458274.01

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. 3

STATEMENT OF ISSUES TO BE DECIDED ..................................................................... 4

ARGUMENT .......................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979 (9th Cir. 2004) .................................................. 6

*Custom Form Manufacturing, Inc. v. Omron Corp.*, 196 F.R.D. 333 ........................................ 10

*In re Sheehan*, 253 F.3d 507 (9th Cir. 2001) ............................................................................. 5

*New Medium Technologies LLC v. Barco N.V.*, 242 F.R.D. 460 (N.D. Ill. 2007) ..................... 9

*Schulte v. Potter*, 218 Fed. Appx. 703 (10th Cir. 2007) ............................................................ 9

*Shoen v. Shoen*, 5 F.3d 1289 (9th Cir. 1993) ............................................................................. 6

*Wyler Summit Partnership v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658 (9th Cir. 1998) ..... 8

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................. 6

Fed. R. Civ. P. 26(c) ............................................................................................................. 5, 9

Fed. R. Civ. P. 30(b)(6) ............................................................................................................. 5

Fed. R. Civ. P. 37(a) .................................................................................................................. 5

Fed. R. Civ. P. 37(d) .................................................................................................................. 5

**STATEMENT OF ISSUES TO BE DECIDED**

I.  WHETHER THIS COURT SHOULD COMPEL PRODUCTION OF THE PERSON MOST KNOWLEDGEABLE OF CERTAIN ISSUES PERTAINING TO THE SGHA BECAUSE THE SGHA CONSTITUTES A BASIS OF UNITED'S COUNTER-CLAIMS FOR NEGLIGENCE AND DECLARATORY RELIEF, AS WELL AS ONE OF ITS AFFIRMATIVE DEFENSES, AND ANA HAS DENIED THE APPLICABILITY OF THE SGHA TO THE FACTS OF THIS CASE, THEREBY PLACING THE SGHA'S TERMS, EFFECT, AND ITS UNDERLYING NEGOTIATIONS SQUARELY AT ISSUE?

II. WHETHER THIS COURT SHOULD ENTER THE PROPOSED PROTECTIVE ORDER TO PREVENT THE RELEASE AND DISSEMINATION OF CERTAIN HIGHLY CONFIDENTIAL, PROPRIETARY INFORMATION PRODUCED IN DISCOVERY?

## ARGUMENT

Plaintiff, All Nippon Airways Company, Ltd., ("ANA") argues that this Court should deny United's Fed. R. Civ. P. 37(a) motion to compel production of ANA's person most knowledgeable ("PMK") of the parties' Standard Ground Handling Agreement ("SGHA") and related Annexes. (Doc. No. 30.) ANA first argues that United has failed to make any allegations concerning the 2002 SGHA and its Annexes in its Counter-Complaint. This is incorrect. As ANA is aware, this Court indicated at the Initial Case Management Conference of October 2, 2007, that it would permit United to amend its Counter-Complaint by the end of October 2007 to include allegations concerning the 2002 SGHA and its Annexes. United has done this by filing its First Amended Counter-Complaint on October 26, 2007, which includes allegations concerning ANA's duty to indemnify United and the $1.5 million cap on damages under the 2002 SGHA and its Annexes. (Doc. No. 31.) There is no merit to ANA's argument that United has failed to make allegations concerning the 2002 SGHA and its Annexes.

ANA also argues that this Court must grant it a protective order to prevent United from deposing its PMK on SGHA issues. As United has argued, ANA has refused to file a Fed. R. Civ. P. 26(c) motion for protective order, which ANA admits in its brief, explaining that it did not do so because it "saw no reason to waste this Court's time on a meaningless motion." (Doc. No. 30, pg. 4:3-4.) There is no "meaningless motion" exception under the federal civil rules for a parties' duty to comply with a deposition duly noticed pursuant to Fed. R. Civ. P. 30(b)(6). Fed. R. Civ. P. 37(d) clearly provides for sanctions in the event a party refuses to comply with a Rule 30(b)(6) and states that the filing of a Rule 26(c) motion is the sole means by which a party's non-compliance may be excused. To date, ANA has not filed an actual motion for protective order under Rule 26(c). ANA merely claims that it is entitled to a protective order in the text of its opposing brief. It has not filed a protective order motion under the federal or local rules or requested a hearing date on such a motion. ANA's failure to make a Rule 26(c) motion forecloses its request for relief under the Rule. *In re Sheehan*, 253 F.3d 507, 516 (9th Cir. 2001) ("Courts strictly adhere to the requirement that a

Case No. 07-03422 EDL             UNITED AIR LINES, INC.'S, REPLY IN SUPPORT OF MOTION TO COMPEL AND FOR PROTECTIVE ORDER

1458274.01

1  motion be made to invoke a rule. There are numerous examples where failure to make a motion has
2  denied a party the ability to pursue a particular course of action.")

3  ANA contends United is incorrect in its assertion that ANA's pleadings "accuse United of
4  negligence in providing services under the SGHA." (Doc. No. 30, pg. 7:8-9.) To the contrary,
5  United has established that ANA has done just that by alleging that United's negligence arose out of
6  providing marshalling services that United's ramp controller provided to ANA. (*See* Doc. No. 1, ¶¶
7  33-37. ANA claims that "no one in the aviation industry would agree with UAL's ... interpretation
8  of" the term "marshalling" (Doc. No. 30, pg. 8:27-9:1) and argues this Court should accept its
9  definition of the term over United's understanding of it.[1] ANA strongly encourages this Court to
10 make a factual determination on the issue of the proper definition for this undefined term and,
11 essentially, grant judgment in ANA's favor by preliminarily deciding that the SGHA and its
12 Annexes have no application to United's counter-claims, which would result in the dismissal of
13 United's Counts Three and Four. This Court must keep in mind that the present motion is not one
14 for dismissal or summary judgment and is not a trial on the merits. Instead, it is a motion to compel
15 discovery so that United may obtain information regarding ANA's understanding and construction
16 of the SGHA and its Annexes, documents upon which United has based some of its counter-claims
17 against ANA. In light of the pleadings, the SGHA and its Annexes are, whether ANA likes it or not,
18 proper subjects of discovery under Fed. R. Civ. P. 26(b)(1) because they are "'relevant to the subject
19 matter involved in the pending action.'" *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (citations
20 omitted). This Court should reject ANA's attempt to convert United's present motion to compel
21 into ANA's own motion to dismiss or for summary judgment and permit United to engage in

---

[1] ANA argues that United has not presented any support for its understanding of the term "marshalling." To the contrary, United has shown that the common dictionary definition of the term applies to the type of services ANA alleges that United negligently provided. One is permitted to refer to dictionary definitions when construing contractual terms. *Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979, 988-89 (9th Cir. 2004).

-6-
Case No. 07-03422 EDL                         UNITED AIR LINES, INC.'S, REPLY IN SUPPORT OF
                                              MOTION TO COMPEL AND FOR PROTECTIVE
                                              ORDER
1458274.01

discovery on the SGHA and its Annexes, which are unquestionably relevant to United's stated claims against ANA.

In any event, ANA's improperly focuses on the term "marshalling" to the exclusion of other SGHA terms and provisions that arguably apply to United's counter-claims. In Paragraphs 23 and 31 of the First Amended Counter-Complaint (Doc. No. 31), United pleads that it "agreed to arrange for and/or provide" certain services to ANA "including but not limited to" marshalling, and in Paragraphs 26 and 33, United specifies that "the incident and damages . . . arose out of and/or were connected with UAL's furnishing of services under the SGHA and Annexes thereto." It is arguable under the SGHA and its Annexes that the incident is connected with other services United provided to ANA. The following are just a few examples of the contract terms that may be relevant to United's counter-claims and, as such, are the proper subjects of discovery:

- Annex A, Sec. 6.3: "Ramp to Flight Deck Communication," which includes "ramp to flight deck communication . . . during tow-in and/or push back . . . during engine starting . . . **[and] for other purposes**" (emphasis added). ANA has alleged that UAL generally provided negligent ramp to flight deck communications by clearing it for taxiing improperly and failing to issue traffic advisories and safety alerts. (Doc. No. 1, ¶¶ 33-37.) If ANA's injuries arose out of negligent flight deck communications, then the indemnity and cap on liability provisions of the SGHA and its Annexes apply. United should be permitted to explore this area of the SGHA and its Annexes with ANA's PMK.

- Annex A, Sec. 10.1.3: "After consideration of the Carrier's instructions, suggest the appropriate action to pilot-in-command in case of operational irregularities." Did United fail to suggest a proper course of action to ANA's pilot, thus giving rise to the accident? If so, then the indemnity and cap on liability provisions of the SGHA and its Annexes apply; United should be allowed to pursue this line of inquiry with ANA's PMK.

- Annex A, Sec. 10.2.8: United is obligated to "[o]btain . . . [m]onitor . . . [and m]anage the Carrier's time slot allocation with the appropriate ATS." Did United fail to properly allocate ANA's slot time and thereby cause the accident? If that is the case, then the indemnity and cap on liability provisions apply. The deposition of ANA's PMK will shed light on this provision of the SGHA and its Annexes and may provided evidence relevant to United's indemnity and cap on liability allegations.

Still other provisions in addition to those cited above apply to the events leading up to the subject collision and thus, will be the subject of discovery from ANA. Clearly, ANA's sole focus on the marshalling issue does not tell the entire story of United's First Amended Counter-Complaint or the terms of the SGHA and its Annexes.

ANA contends that the existence of the Memorandum of Understanding ("MOU") between San Francisco Terminal Equipment Company, LLC, and United Air Lines, Inc., (Doc. No. 30-12) somehow supersede the terms of the SGHA and its Annexes. ANA is not a party to the MOU, so there is no meeting of the minds between ANA and United concerning the MOU and its purported impact on the SGHA and its Annexes. In order to modify or abrogate a contract, parties must do so by mutual consent. *Wyler Summit Partnership v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 666 (9th Cir. 1998). Of course, nothing on the face of the MOU indicates that ANA and United mutually agreed to supersede or abrogate the terms of the SGHA and its Annexes. The MOU simply has nothing at all to do with the contractual relationship between United and ANA and certainly does not provide a basis to deny United the discovery to which it is entitled.[2]

---

[2] As a miscellaneous issue, ANA also complains that United has never explained how the SGHA and its Annexes relate to the United's counter-claims. United has filed its First Amended Counter-Complaint (Doc. No. 31), thereby giving ANA notice of United's claims against ANA and their bases. United is unaware of any court rule that would require it to explain its legal position to ANA in response to ANA's correspondence. Rather, the Federal Rules of Civil Procedure require United to respond to formal discovery requests, which, to date, ANA has avoided making.

-8-

Case No. 07-03422 EDL

UNITED AIR LINES, INC.'S, REPLY IN SUPPORT OF MOTION TO COMPEL AND FOR PROTECTIVE ORDER

1458274.01

As an alternative basis for denying United's requested relief, ANA argues that the ANA also requests that this Court enter a protective order in its favor to require United to travel to Japan to depose ANA's PMK on the SGHA and its Annexes. As discussed, ANA has not actually moved this Court for anything; therefore, this Court should deny its request for relief. *In re Sheehan, supra*. Moreover, from the materials ANA has submitted to this Court to support its opposition to United's motion to compel, it is clear the parties have not actually conducted a meet and confer on the issue of where the deposition of ANA's PMK should be held. Until now, the issue has been whether United is entitled to depose ANA's PMK. A motion under Fed. R. Civ. P. 26(c) must be "accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Failure to comply with the meet and confer requirement is a valid basis for denying a motion to compel (where a motion is actually made). *See Schulte v. Potter*, 218 Fed. Appx. 703, 708-09 (10th Cir. 2007) (failure to comply with meet and confer requirement provides sound basis for denying motion to compel).

Anyway, ANA's argument that it should not be required to produce its (as yet unidentified) PMK for deposition in California is not at all compelling. Though ANA may be a Japanese corporation, it has purposefully availed itself of conducting a substantial amount of business in California and affirmatively chose to sue United in this Court, through its counsel in California and New York. From a practical standpoint, then, it is a bit disingenuous for ANA to claim that it is unfair to require it to produce its PMK for deposition in California.[3] Indeed, federal courts routinely make exceptions to the "presumption" that the deposition of a corporation should be taken at its principal place of business under there very circumstances. *See, e.g., New Medium Technologies LLC v. Barco N.V.*, 242 F.R.D. 460, 466-69 (N.D. Ill. 2007) (where Japanese corporate defendant

---

[3] This is especially true because ANA itself is in the business of providing air transportation and can certainly provide transportation for its own executives at little impact to its bottom line.

conducted substantial international business and time zone differences would pose difficulty for court to intervene if dispute arose during deposition, court required six Japanese defendant's witnesses to submit to depositions in Illinois and California); *Custom Form Manufacturing, Inc v. Omron Corp.*, 196 F.R.D. 333, 336-338 ("When a foreign corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made.") (collecting cases). Here, requiring ANA's PMK to be deposed in California will insure this Court's ability to address any issues that may arise in the deposition and insure the fewest number of participants on both sides will be forced to travel, which will substantially cut costs and benefit both parties. If this Court is willing to consider this issue as properly raised, then it should deny ANA's request to require United to depose its PMK in Japan.[4]

ANA also argues this Court should deny United's request that it enter the protective order appended as **Exhibit 1** to United's motion. United has fully set forth reasons justifying the terms of its proposed Protective Order, both in its motion and supporting memorandum, but in the Affidavit of Scott Torpey, as well. ANA indicates that United "broke off ... negotiations" on the proposed Protective Order issue before the parties could reach a final decision. ANA's October 8, 2007, letter indicates the parties had reached a stalemate and were unable to reach any agreement on the proposed provisions that remain at issue. ANA's claim that United was wrong in refusing further negotiations really is a suggestion that that United should have capitulated to ANA's proposed terms. United cannot do this. The parties' core difficulty seems to involve the confidential nature of information given to or produced by third parties. Accordingly, United asks that this Court resolve the parties' issues and enter the proposed Protective Order as drafted by United.

---

[4] ANA also failed to point out that it is illegal under Japanese law to take depositions in Japan. Consequently, U.S. litigants must wait their turn in a very long line to get permission to take the deposition at the U.S. Embassy or Consulate. Typically, the wait time is 6-12 months to get use of the facility. Accordingly, this would effectively preclude United from deposing the PMK until very late in the case (if at all).

-10-
Case No. 07-03422 EDL     UNITED AIR LINES, INC.'S, REPLY IN SUPPORT OF MOTION TO COMPEL AND FOR PROTECTIVE ORDER

1458274.01

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: October 29, 2007 | JAFFE RAITT HEUER & WEISS, P.C. |

By:  s/Scott R. Torpey, CAL SB#153763
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
Email: storpey@jaffelaw.com

And

Jeffrey A. Worthe, Cal SB#080856
Worthe, Hanson & Worthe
1851 E First St., Ste. 900
Santa Ana, California 92705
Phone: (714) 285-9600
Email: jworthe@whwlawcorp.com

Attorneys for Defendant United Airlines, Inc.

-11-

Case No. 07-03422 EDL           UNITED AIR LINES, INC.'S, REPLY IN SUPPORT OF
                                MOTION TO COMPEL AND FOR PROTECTIVE
                                ORDER

1458274 01

# PROOF OF SERVICE

I declare as follows:

I am a resident of the State of Michigan and over the age of eighteen years, and not a party to the within action; my business address is 27777 Franklin Road, Suite 2500, Southfield, Michigan 48034. On October 29, 2007, I served the foregoing document described as **United Airlines, Inc.'s Reply in Support of Motion to Compel and for Protective Order** on the interested parties in this action follows:

☐ by transmitting via facsimile the documents listed above to the fax number set forth below on this date. This transmission was reported as complete without error by a transmission report issued by the facsimile machine upon which the said transmission was made immediately following the transmission. A true and correct copy of the said transmission is attached hereto and incorporated herein by this reference.

☐ by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Southfield, Michigan addressed as set forth below

☒ by electronic transmission. I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the persons listed below.

☐ by placing the document listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for Delivery.

☐ by personally delivering the document listed above to the persons at the address set forth below.

Marshall S. Turner – mturner@condonlaw.coom

Frank A. Silane – fsilane@condonlaw.com

Rod D. Margo – rmargo@condonlaw.com

Scott D. Cunningham – scunningham@condonlaw.com

Jeffrey A. Worthe – jworthe@whwlawcorp.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postal meter date is more than one day after date of deposit for mailing in affidavit.

Executed on October 29, 2007 at Southfield, Michigan.

☐ I declare under penalty of perjury under the laws of the State of Michigan that the above is true and correct.

☒ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Phyllis L. Nelson_
Phyllis L. Nelson

PROOF OF SERVICE

1458274.01