1 │ Scott D. Cunningham (State Bar No.: 200413)
    │ CONDON & FORSYTH LLP
2 │ 1901 Avenue of the Stars, Suite 850
    │ Los Angeles, California 90067-6010
3 │ Telephone: (310) 557-2030
    │ Facsimile:  (310) 557-1299
4 │ Email: scunningham@condonlaw.com

5 │ -and-

6 │ Marshall S. Turner (*pro hac vice*)
    │ CONDON & FORSYTH LLP
7 │ 7 Times Square
    │ New York, NY 10036
8 │ Telephone: (212) 490-9100
    │ Facsimile: (212) 370-4453
9 │ Email: mturner@condonlaw.com

10 │ Attorneys for Plaintiff and Counter-Defendant
     │ ALL NIPPON AIRWAYS COMPANY, LTD.

11

12 │ UNITED STATES DISTRICT COURT

13 │ NORTHERN DISTRICT OF CALIFORNIA

| ALL NIPPON AIRWAYS COMPANY, LTD., | Case No. C07-03422 EDL |
|---|---|
| Plaintiff, | **DECLARATION OF MARSHALL S. TURNER IN SUPPORT OF ALL NIPPON AIRWAYS COMPANY, LTD.'S MOTION FOR PROTECTIVE ORDER** |
| vs. | |
| UNITED AIR LINES, INC., | |
| Defendant. | **Hearing Date: December 18, 2007** |
| | **Hearing Time: 9:00 a.m.** |
| AND RELATED COUNTER-CLAIM | **Hearing Place: Courtroom of Hon. Elizabeth D. Laporte** |

## DECLARATION OF MARSHALL S. TURNER

Marshall S. Turner, being duly sworn, deposes and says:

1. I am an attorney and a member of the law firm of Condon & Forsyth LLP, attorneys for Plaintiff and and Counter-Defendant All Nippon Airways Co., Ltd. ("ANA") in the above-captioned matter.  I make this declaration in support of ANA's Motion for Protective Order.

2. On September 27, 2007, UAL served ANA with deposition notices and document requests for the three ANA pilots on board Flight NH007 at the time of

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   the Accident as well as a "Person Most Knowledgeable" (hereinafter referred to as
2   "PMK") concerning the Standard Ground Handling Agreement ("SGHA")
3   pursuant to FRCP 30(b)(6).  Attached hereto as Exhibit A is a true and correct
4   copy of the deposition notice.

5       3.  In my letter of August 30, 2007, I advised UAL that the SGHA referred to
6   in and attached to United's Counter-Complaint could not possibly have anything to
7   do with any issue in this case, and that ANA would not produce a witness on this
8   subject until UAL establishes some basis for its allegations concerning the SGHA
9   documents that were attached to its Counter-Complaint ("1991 SGHA").  Attached
10  hereto as Exhibit B is a true and correct copy of my August 30, 2007 letter.  UAL
11  provided no response to my letter of August 30, 2007.

12      4.  I participated with UAL's counsel in a telephonic Rule 26(f) conference on
13  September 10, 2007, during which UAL requested a deposition of a witness with
14  knowledge of the 1991 SGHA.  I advised UAL's counsel that ANA would not
15  agree to production of such a witness unless UAL would explain the relevance of
16  the 1991 SGHA their pleadings were based upon to the 2003 Accident.

17      5.  I again advised UAL's counsel in my letter of September 14, 2007 that no
18  witness would be provided concerning the SGHA without an explanation of the
19  relevance of the 1991 SGHA and why any question regarding the 1991 SGHA
20  could not be answered through interrogatories or admissions.  Attached hereto as
21  Exhibit C is a true and correct copy of my September 14, 2007 letter.  UAL offered
22  no explanation in response to this request.

23      6.  In my letter of September 28, 2007, I clearly explained that the 1991
24  SGHA attached to UAL's Counter-Complaint was outdated on its face and could
25  not possibly apply to the Accident in 2003.   Attached hereto as Exhibit D is a true
26  and correct copy of my September 28, 2007 letter.  I advised that UAL's Counter-
27  Complaint relies upon the SGHA Main Agreement and Annex A signed by United

28

-2-

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

on July 23, 1991 and by ANA on August 14, 1991, while the Annex B attached thereto and dated September 25, 2001 plainly states, "the terms of the Main Agreement and Annex A of the SGHA of April 1998. . . shall apply as if such terms were repeated here in full." See UAL Counter-Complaint, Exhibit 1, Annex B, page 1 PREAMBLE.

7.   Also in my letter of September 28, 2007 I informed UAL that the Annex B attached to UAL's Counter-Complaint in Exhibit 1 was also outdated and would not have been applicable at the time of the Accident.   Annex B.1.2 attached to UAL's Counter-Complaint as Exhibit 1 "is valid from:  25 September 2001" and was replaced by Annex B.1.3 dated 25 September 2002, which was the agreement in effect on October 7, 2003 at the time of the Accident.   Copies of the correct documents ("2002 SGHA") were provided along with my September 28, 2007 letter.  See Exhibit D attached hereto.

8.   I further explained that UAL's Ramp Controller's negligence was his premature release of UAL Flight UA809 which was not "connected to" and did not "arise" out of any service provided to ANA under the SGHA.   See Exhibit D annexed hereto.

9.   In my September 28, 2007 letter, I also invited UAL to come forward with any information contrary to ANA's position and to amend its Answer and Counter-Complaint to delete Counts Three and Four which were based upon the indisputably wrong SGHA.

10. UAL never responded to my September 28, 2007 letter, but has filed a First Amended Counter-Complaint without moving for leave of the Court to do so.

11. Pursuant to FRCP 37 and L.R. 37-1, I made a good faith attempt to confer with UAL's counsel to resolve this issue without court action.   In my letter of November 8, 2007, I requested that UAL have a good faith conference with me. Attached hereto as Exhibit E is a true and correct copy of my November 8, 2007

-3-

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    letter.   On November 9, 2007, I participated in a teleconference with UAL's

2    counsel, during which UAL's counsel advised that UAL would not withdraw its

3    request for a deposition of the ANA witness with knowledge of the SGHA.

4        12. UAL's First Amended Counter-Complaint relies upon the correct 2002

5    SGHA that was in effect on the date of the Accident.

6        13. UAL has now recrafted its argument to rest entirely upon its own definition

7    of the term "marshalling" which is a service to be provided under Section 6.1.1 of

8    the 2002 SGHA, but provides no factual or legal basis to assert that the damages

9    are "connected with" or "arise out of" any marshalling service.

10       14. Aircraft "marshalling" is a function of an individual on the ground guiding

11   an aircraft with visual signals.   See Federal Aviation Administration ("FAA")

12   Aeronautical Information Manual Section 4-3-25, a true and correct copy of which

13   is annexed hereto as Exhibit F; ASIC GLOSSARY OF TERMS AND DEFINITIONS, a

14   true and correct copy of which is annexed hereto as Exhibit G; NATO GLOSSARY

15   OF TERMS AND DEFINITIONS, a true and correct copy of which is annexed hereto as

16   Exhibit H; and UAL's "Ramp Services Trainer Aircraft Guideperson &

17   Wingwalker," a true and correct copy of which is annexed hereto as Exhibit I.

18       15. UAL's own training manual uses "Marshall" and "guideperson"

19   synonymously and establishes that a "guideperson" is someone on the ground

20   visually directing the aircraft.  See Exhibit I.

21       16. Pursuant to agreements unrelated to any SGHA, UAL's Ramp Controller

22   was performing FAA functions that had nothing to do with "marshalling" under

23   the SGHA.

24       17. In a Memorandum of Understanding between the FAA and San Francisco

25   Terminal Equipment Co. ("SFOTEC"), the FAA delegated responsibility for the

26   operation of Ramp Tower G at San Francisco International Airport ("SFO") to

27   SFOTEC.   In this agreement, the FAA delegated responsibilities for directing

28

//                                                    -4-

DECLARATION OF MARSHALL S. TURNER IN SUPPORT OF
ANA'S MOTION FOR PROTECTIVE ORDER
CASE NO.: C07-03422 EDL

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  aircraft in the area around Terminal G to SFOTEC.  Attached hereto as Exhibit J is

2  a true and correct copy of the Memorandum of Understanding between the FAA

3  and SFOTEC.

4      18. In a Memorandum of Understanding between SFOTEC and UAL,

5  SFOTEC delegated its FAA responsibility for the operation of Ramp Tower G at

6  San Francisco International Airport to UAL.  Attached hereto as Exhibit K is a true

7  and correct copy of the Memorandum of Understanding between SFOTEC and

8  UAL.

9      19. In UAL's Declaration of Scott Torpey in Support of UAL's Motion to

10  Compel, paragraph 7, it is stated that it is necessary to depose an ANA Person

11  Most Knowledgeable on the issue of SGHA, but no reason or relevance is

12  explained.  The SGHA is a form used by almost all international airlines and the

13  specific SGHA was prepared by UAL as "United contract No. 108536-17" and was

14  signed by UAL and ANA in 2002.  See Annex B attached hereto in Exhibit D.

15      20. The Ramp Controller is a UAL employee under the control of UAL.  The

16  agreement giving UAL control of the Ramp Tower G was signed by a UAL

17  General Manager.  See Exhibit K.  UAL fails to identify any area of relevant

18  inquiry that could be supplied by an ANA witness knowledgeable about the

19  SGHA.

20      21. UAL fails to indicate what light an ANA PMK might shed on UAL's claim

21  that its Ramp Controller provided a marshalling service or any other service under

22  the SGHA.  All negotiations concerning the SGHA in effect at the time of the

23  accident took place via email with the ANA negotiator sitting at his computer in

24  Tokyo and the UAL negotiator sitting at his computer in Illinois.  Attached hereto

25  as Exhibit L is a true and correct copy of the email correspondence between ANA

26  and UAL.

27      22. For the reasons set forth in the accompanying Brief, Plaintiff All Nippon

28

DECLARATION OF MARSHALL S. TURNER IN SUPPORT OF
ANA'S MOTION FOR PROTECTIVE ORDER
CASE NO.: C07-03422 EDL

1   Airways Co., Ltd. respectfully requests that the Court issue a protective order that

2   a deposition and documents may not be had from an ANA witness concerning the

3   SGHA.

4       I declare under penalty of perjury under the laws of the United States of

5   America that the foregoing is true and correct.

6   Executed this 9th day of November, 2007, at New York, New York.

7

8                                           Marshall S. Turner

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-6-