JAFFE, RAITT, HEUER & WEISS, P.C.
Scott R. Torpey Cal. SB#153763
storpey@jaffelaw.com
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone:  248.351.3000
Fax:        248.351.3082

And
WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:  (714) 285-9600
Fax:        714-285-9700
Attorneys for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| All Nippon Airways Company, Ltd., | Case No. 07-03422 EDL |
| Plaintiff, | **DEFENDANT UNITED AIR LINES, INC.'S, MOTION FOR PROTECTIVE ORDER** |
| vs. | |
| United Air Lines, Inc., | DATE:<br>TIME: |
| Defendant. | CTRM:<br>JUDGE:  Elizabeth D. Laporte |

Defendant, United Air Lines, Inc., ("United") by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., hereby gives notice that the instant Motion for Protective Order will come for hearing in the courtroom of the Honorable Elizabeth D. Laporte on December 18, 2007, at 9:00 a.m.[1]

United hereby moves this Court for entry of an order under Fed. R. Civ. P. 26(c) to prevent the deposition of United Air Lines, Inc.'s, Person Most Knowledgeable with regard to the Standard Ground Handling Agreement between All Nippon Airways Company, Ltd., ("ANA") and UAL

---

[1] Opposing counsel has stipulated to have this matter heard on December 18, 2007, at 9:00 a.m.

presently scheduled for January 8, 2007, until United has deposed ANA's PMK with regard to the Standard Ground Handling Agreement. In accordance with Fed. R. Civ. P. 26(c) and Civ. L.R. 1-5(n), United provides the Declaration of Scott R. Torpey, attached as **Exhibit 1** to the supporting brief, to establish that it has in good faith conferred or attempted to confer with ANA in an effort to secure ANA's cooperation without court action.

s/Scott R. Torpey
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail: storpey@jaffelaw.com
Bar No: (P36179)

JAFFE, RAITT, HEUER & WEISS, P.C.
Scott R. Torpey Cal. SB#153763
storpey@jaffelaw.com
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone:   248.351.3000
Fax:         248.351.3082

And
WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:   (714) 285-9600
Fax:         714-285-9700
Attorneys for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| All Nippon Airways Company, Ltd., <br><br>  Plaintiff, <br><br> vs. <br><br> United Air Lines, Inc., <br><br>  Defendant. | Case No. 07-03422 EDL <br><br> **DEFENDANT UNITED AIR LINES, INC.'S, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** <br><br> DATE: <br> TIME: <br> CTRM: <br> JUDGE:   Elizabeth D. Laporte |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... i

STATEMENT OF ISSUES TO BE DECIDED ............................................................................ i

I.    INTRODUCTION AND PROCEDURAL HISTORY ..................................................... 2

II.   THE PRESENT IMPASSE ................................................................................................ 3

III.  ARGUMENT ...................................................................................................................... 4

       A.   Rule 26(c) Standard for Protective Order ............................................................. 4

       B.   This Court Should Issue a Protective Order Precluding the Deposition of United's PMK Until ANA Has Cooperated in Discovery ............................................................................................................ 4

IV.  CONCLUSION .................................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

*In re Sheehan*, 253 F.3d 507 (9th Cir. 2001) .................................................................................. 2

**Rules**

Civ. L.R. 30-1 .................................................................................................................................. 3

Fed. R. Civ. P. 26(c) ............................................................................................................. 2, 3, 4, 5

Fed. R. Civ. P. 37(d) ........................................................................................................................ 4

Rule 26(c) ........................................................................................................................................ 4

**STATEMENT OF ISSUES TO BE DECIDED**

WHETHER THIS COURT SHOULD GRANT UNITED'S FED. R. CIV. P. 26(c) MOTION FOR PROTECTIVE ORDER TO PREVENT THE DEPOSITION OF UNITED'S PMK ON THE STANDARD GROUND HANDLING AGREEMENT ("SGHA"), ARBITRARILY NOTICED FOR JANUARY 8, 2007, IN LIGHT OF ANA'S PRIOR UNJUSTIFIED REFUSAL TO PRODUCE ITS OWN PMK ON THE SGHA ON NOVEMBER 30, 2008, ITS PRESENT FAILURE TO IDENTIFY ITS PMK AND PROVIDE UNITED WITH DATES, TIMES, AND LOCATIONS OF HIS/HER AVAILABILITY, AND ITS BLATANT PRESENT ATTEMPT TO GAIN A TACTICAL ADVANTAGE BY DEPOSING UNITED'S OWN PMK BEFORE UNITED HAS HAD THE CHANCE TO TAKE THE WRONGFULLY DELAYED DEPOSITION OF ANA'S OWN PMK ON THE SGHA?

United answers: Yes.

## I. INTRODUCTION AND PROCEDURAL HISTORY

On October 9, 2007, United filed its Motion to Compel Production of Person Most Knowledgeable and for Protective Order (Doc. No. 25), which it subsequently amended on October 10, 2007 (Doc. No. 26). As this Court is aware, United's motion to compel concerned ANA's refusal to produce its person most knowledgeable ("PMK") of the terms of the parties' Standard Ground Handling Agreement ("SGHA") and Annexes thereto, as duly noticed for November 30, 2007, (**Exhibit A** to Torpey Decl.), on the basis of ANA's argument that the SGHA and its Annexes are irrelevant to this case. (*See* Doc. No. 25, pg. 4:2-13.) In response to United's motion to compel, ANA persisted in this argument and contended further that, although it refused to comply with United's request to depose its PMK on the subject of the SGHA and its Annexes, it did not file a motion for protective order as required under Fed. R. Civ. P. 26(c) because it "saw no reason to waste this Court's time on a meaningless motion." (Doc. No. 30, pg. 4:3-4.)

Despite admitting that it never filed a protective order motion, ANA nevertheless claimed in its response to United's motion to compel that it was entitled to a protective order, not only to prevent the PMK deposition, but also to require that the PMK deposition be held, if at all, in Japan. (*See* Doc. No. 30, pg. 6:18, 12:27-13:5.) ANA did not accompany these requests with an actual protective order motion, which is insufficient to invoke the protections of Fed. R. Civ. P. 26(c). *See In re Sheehan*, 253 F.3d 507, 516 (9th Cir. 2001) ("Courts strictly adhere to the requirement that a motion be made to invoke a rule. There are numerous examples where failure to make a motion has denied a party the ability to pursue a particular course of action.").

In its reply, United reiterated that the Court should permit it to depose ANA's PMK on the SGHA and its Annexes and also established that federal courts routinely disregard the "presumption" that representatives of a foreign corporation should be deposed at their place of business when the foreign corporation has purposefully availed itself of conducting a substantial amount of business domestically and has affirmatively chosen to sue in the United States. (*See* Doc. No. 32, pgs. 9:15-10:11.)

United's motion to compel was set to be heard on November 13, 2007, at 9:00 a.m. The

-2-

Case No. 07-03422 EDL
1468440.01

Defendant United Air Lines, Inc.'s
Motion for Protective Order

1  Friday before that Tuesday's hearing — more than one month after United filed its motion to
2  compel — ANA filed its last-minute Motion for Protective Order on the very issues the parties had
3  fully briefed and were set to be heard on the 13th. (Doc. No. 34.) In addition to filing this motion
4  as an improper surreply to United's reply in support of its protective order motion, it appears that
5  ANA filed this motion as an eleventh-hour afterthought to correct its prior failure to move this Court
6  for a protective order under Fed. R. Civ. P. 26(c) on the issues of whether United should be
7  permitted to depose ANA's PMK on the SGHA and its Annexes and whether ANA's corporate
8  representative(s) should be required to travel to the United States to be deposed. On November 19,
9  2007, this Court entered an order dismissing ANA's Motion for Protective Order as moot. (Doc.
10 No. 37.)

## II. THE PRESENT IMPASSE

At the November 13, 2007, hearing, this Court ordered that the deposition of ANA's PMK would take place — either in the United States or Japan, depending on the witness' circumstances — by mid-March 2008. (Doc. No. 36.) To date, counsel for ANA has not identified its PMK or provided dates and/or the location for the deposition of its PMK. Instead, two days after the hearing, counsel for ANA arbitrarily noticed the deposition of United's PMK on the SGHA for January 8, 2007, at 10:00 a.m. in San Francisco. ANA's attorney did not consult with United's counsel before noticing the deposition, in violation Civ. L.R. 30-1. (Torpey Decl. ¶¶ 4-5)

At a telephone conference on November 16, 2007, United's counsel raised with ANA's attorney the questionable propriety of noticing United's PMK without any consultation for the beginning of January and before United has deposed ANA's PMK, when it was ANA's own legally unjustified recalcitrance that made it impossible for United to depose ANA's PMK on the SGHA in a timely fashion on November 30, 2007. ANA's counsel disregarded United's objection and essentially told United that ANA had until mid-March to make its PMK available, strongly suggesting that ANA would make United wait for it to designate its PMK until well into 2008. This is especially problematic if ANA's PMK will be deposed in Japan, as it will take time for United to arrange this. Despite the objections that United's counsel voiced during the November 16, 2007,

-3-

telephone call, United's follow-up letter of the same date, and another telephone conference on November 19, 2007, counsel for ANA has refused to withdraw the notice of deposition for United's PMK on the SGHA. (Torpey Decl. ¶¶ 5-7)

### III.  ARGUMENT

#### A.  Rule 26(c) Standard for Protective Order

Fed. R. Civ. P. 26(c) provides, as pertinent:

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had; [or] (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place . . . .

Fed. R. Civ. P. 37(d) provides that a party's failure to attend its own deposition is "excused on the ground that the discovery sought is objectionable . . . [if] the party failing to act has a pending motion for a protective order as provided by Rule 26(c)."

#### B.  This Court Should Issue a Protective Order Precluding the Deposition of United's PMK Until ANA Has Cooperated in Discovery

This basis for United's protective order motion is simple. As this Court is by now fully aware, ANA's refusal to produce its PMK on the SGHA issue was legally unjustified. If ANA had cooperated with United's effort to depose its PMK on the SGHA in the first place, United would be set to depose ANA's PMK on November 30, 2007. ANA's refusal to cooperate, however, derailed this process, seemingly indefinitely. There is no fair reason why ANA should now be permitted to "jump to the front of the line" and force the deposition of United's PMK on the SGHA for an arbitrarily chosen date in January 2008, before United has had the opportunity to depose ANA's

-4-

1  PMK. ANA's position seems to be that it will not comply with this Court's order or even identify
2  its PMK and provide dates and locations for his or her deposition until the clock ticks much closer to
3  the mid-March 2008 deadline. It would be unfair and oppressive to permit ANA to gain a discovery
4  priority because it wrongfully refused to cooperate with reasonable and relevant discovery in the
5  first place. Accordingly, United respectfully requests that this Court issue a protective order
6  preventing the deposition of United's PMK on the SGHA until after ANA has identified and
7  produced its PMK on the SGHA in accordance with this Court's November 13, 2007, order. (Doc.
8  No. 36.) Furthermore, that the court ordered ANA to designate its PMK on the GHA within 10 days
9  from the date of hearing on this motion and provide all available dates (and locations) so a
10 deposition schedule can be established.

## IV.  CONCLUSION

For the foregoing reasons, United respectfully requests that this Court grant its Motion for Protective Order and enter an order under Fed. R. Civ. P. 26(c) to prevent the deposition of United Air Lines, Inc.'s, Person Most Knowledgeable with regard to the Standard Ground Handling Agreement between All Nippon Airways Company, Ltd., ("ANA") and UAL presently scheduled for January 8, 2007, until United has had the opportunity to depose ANA's PMK with regard to the Standard Ground Handling Agreement.

> s/Scott R. Torpey (P36179)
> Jaffe, Raitt, Heuer & Weiss
> 27777 Franklin Road, Suite 2500
> Southfield, Michigan 48034-8214
> Phone: (248) 351-3000
> E-mail:storpey@jaffelaw.com

-5-

# PROOF OF SERVICE

I declare as follows:

I am a resident of the State of Michigan and over the age of eighteen years, and not a party to the within action; my business address is 27777 Franklin Road, Suite 2500, Southfield, Michigan 48934 On November 21, 2007, I served the foregoing document described as **Defendant United Air Lines, Inc.'s Motion for Protective Order** on the interested parties in this action follows:

☐ by transmitting via facsimile the documents listed above to the fax number set fourth below on this date. This transmission was reported as complete without error by a transmission report issued by the facsimile machine upon which the said transmission was made immediately following the transmission. A true and correct copy of the said transmission is attached hereto and incorporated herein by this reference.

☐ by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Southfield, Michigan addressed as set forth below

☒ by electronic transmission. I caused the document(s) listed above to be transmitted by electronic mail to the individuals on the service list as set forth below.

☐ by placing the document listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for Delivery.

☐ by personally delivering the document listed above to the persons at the address set forth below.

Marshall S. Turner
Condon & Forsyth LLP
7 Times Square
New York, NY 10036

Frank A Silane
Rod D Margo
Scott D. Cunningham
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010

Jeffrey A. Worthe
Worthe, Hanson & Worthe
1851 East First Street, Ninth Floor
Santa Ana, California 92705

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postal meter date is more than one day after date of deposit for mailing in affidavit.

Executed on November 21, 2007 at Southfield, Michigan.

☒ I declare under penalty of perjury under the laws of the State of Michigan that the above is true and correct.

☒ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Phyllis L. Nelson

PROOF OF SERVICE

1468440 01