**EXHIBIT 1**

```
Scott R. Torpey (Cal. SB#153763)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Telephone:   (248) 351-3000
Facsimile:   (248) 351-3802
Email:       storpey@jaffelaw.com

     -and-

Jeffrey A. Worthe (Cal. SB# 080856)
Worthe, Hanson & Worthe
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:   (714) 285-9600
Facsimile:   (714) 285-9700
Email:       jworthe@whwlawcorp.com
Attorneys for Defendant United Air Lines, Inc.
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIR LINES, INC.,<br><br>Defendant. | Case No. C07-03422 EDL<br>Hon. Elizabeth D. Laporte |

**DECLARATION OF SCOTT TORPEY**

**STATE OF MICHIGAN**      )
                           )  SS.
**COUNTY OF OAKLAND**      )

I, Scott Torpey, being duly sworn according to law, hereby depose and states:

1.   I am a partner at the law firm of Jaffe Raitt Heuer & Weiss, P.C., in Southfield Michigan. I am duly licensed and qualified to practice law in California. I represent defendant

---
Declaration of Scott R. Torpey                                                                1
1469487.01

1  United Air Lines, Inc., ("United") in the above-captioned matter, which All Nippon Airways
2  Company, Ltd., ("ANA") filed against United on June 28, 2007. I make this Declaration
3  pursuant to Fed. R. Civ. P. 2(c) and Civ. L.R. 1-5(n).

4  2.  Previously, I noticed the deposition of ANA's PMK on the subject of the parties'
5  Standard Ground Handling Agreement ("SGHA") for November 30, 2007. A true and correct
6  copy of the notice is attached hereto as **Exhibit A**.

7  3.  This Court undoubtedly is well aware of the controversy concerning the issue of the
8  PMK on the SGHA. On November 13, 2007, this Court entered its order compelling ANA to
9  identify its PMK on the SGHA and make him or her available for deposition in either the
10 United States or Japan, depending on the circumstances. (Doc. No. 36.)

11 4.  On November 15, 2007, ANA noticed the deposition of United's PMK on the
12 SGHA for January 8, 2007, a date it arbitrarily set without conferring with me in accordance
13 with Civ. L.R. 30-1. To date, ANA has not identified its PMK on the SGHA and/or given
14 United dates, times, and locations for the deposition of ANA's PMK.

15 5.  In a phone conference on November 16, 2007, I informed ANA's counsel, Marshall
16 S. Turner, that I objected to his November 15, 2007, deposition notice because it was
17 arbitrarily scheduled **and** because ANA's refusal to produce its PMK on November 30, 2007,
18 has now resulted in the situation where ANA is attempting to obtain a priority in the PMK
19 deposition as a direct result of its refusal to cooperate in discovery. Mr. Turner's reply was
20 that, notwithstanding the fact I had long ago noticed the deposition of ANA's PMK on the
21 SGHA for November 30, 2007, and ANA avoided this date without having any legally
22 cognizable justification (as this Court has recognized), there is no priority involved in the
23 deposition process and he essentially has until mid-March 2008 to identify and produce
24 ANA's PMK on the SGHA. He refused to withdraw his deposition notice.

25 6.  In a follow-up letter sent November 16, 2007, I explained to Mr. Turner that his
26 attempt to notice the deposition of United's PMK while refusing to comply with the previously
27 noticed date of November 30, 2007, for United's PMK is untenable. This letter does contain a
28 typo and identifies the previously noticed deposition date as "January 30, 2007." Within

1  context and in light of our earlier phone conversation, however, there is no basis upon which
2  Mr. Turner can argue he did not discern the true meaning of my letter, a true and correct copy
3  of which is attached hereto as **Exhibit B**.

4      7.  On November 19, 2007, I held another telephone conference with Mr. Turner and
5  reiterated my objection to his November 15, 2007, deposition notice. Mr. Turner again
6  refused to withdraw this notice, even when I informed him that I was prepared to file a Motion
7  for Protective Order on this issue. I then sent another letter to him in this regard on November
8  20 (**Exhibit C**).

9      8.  Based on the foregoing, I believe I have taken reasonable and adequate steps to
10  meet and confer on these issues and submit this Declaration

11  **FURTHER AFFIANT SAYETH NOT.**

Scott R. Torpey

Subscribed and sworn to before me this 21st day of October 2007.

Notary Public in and for the State of _____
My Commission Expires: _____

PHYLLIS L. NELSON
NOTARY PUBLIC STATE OF MI
QUALIFIED IN WAYNE COUNTY
COMMISSION EXPIRES DECEMBER 22, 2007
Acting in Oakland County

Declaration of Scott R. Torpey

1469487.01

3