# EXHIBIT A

Scott R. Torpey (Cal. SB#153763)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Telephone: (248) 351-3000
Facsimile: (248) 351-3802
Email: storpey@jaffelaw.com

-and-

Jeffrey A. Worthe (Cal. SB# 080856)
Worthe, Hanson & Worthe
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone: (714) 285-9600
Facsimile: (714) 285-9700
Email: jworthe@whwlawcorp.com
Attorneys for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD. <br><br> Plaintiff, <br><br> vs. <br><br> UNITED AIR LINES, INC., <br><br> Defendant. | Case No. C07-03422 EDL <br> Hon. Elizabeth D. Laporte |

**DECLARATION OF SCOTT TORPEY**

**STATE OF MICHIGAN**      )
                           )  SS.
**COUNTY OF OAKLAND**      )

I, Scott Torpey, being duly sworn according to law, hereby depose and states:

1. I am a partner at the law firm of Jaffe Raitt Heuer & Weiss, P.C., in Southfield Michigan. I am duly licensed and qualified to practice law in California. I represent defendant

Declaration of Scott R. Torpey

1467987.01

1

United Air Lines, Inc., ("United") in the above-captioned matter, which All Nippon Airways Company, Ltd., ("ANA") filed against United on June 28, 2007. I make this Declaration pursuant to Fed. R. Civ. P. 2(c) and Civ. L.R. 1-5(n).

2. Previously, I noticed the deposition of ANA's PMK on the subject of the parties' Standard Ground Handling Agreement ("SGHA") for November 30, 2007. A true and correct copy of the notice is attached hereto as **Exhibit 1**.

3. This Court undoubtedly is well aware of the controversy concerning the issue of the PMK on the SGHA. On November 13, 2007, this Court entered its order compelling ANA to identify its PMK on the SGHA and make him or her available for deposition no later than march 15, 2008 in either the United States or Japan, depending on the circumstances. (Doc. No. 36.)

4. On November 15, 2007, ANA noticed the deposition of United's PMK on the SGHA for January 8, 2007, a date it arbitrarily set without conferring with me in accordance with Civ. L.R. 30-1. To date, ANA has not identified its PMK on the SGHA and/or given United dates, times, and locations for the deposition of ANA's PMK.

5. In a phone conference on November 16, 2007, I informed ANA's counsel, Marshall S. Turner, that I objected to his November 15, 2007, deposition notice because it was arbitrarily scheduled **and** because ANA's refusal to produce its PMK on November 30, 2007, has now resulted in the situation where ANA is attempting to obtain a priority in the PMK deposition as a direct result of its refusal to cooperate in discovery. Mr. Turner's reply was that, notwithstanding the fact I had noticed the deposition of ANA's PMK on the SGHA for November 30 and ANA avoided this date without having any legally cognizable justification (as this Court has recognized), there is no priority involved in the deposition process and he has essentially has until mid-March 2008 to identify and produce ANA's PMK on the SGHA. He refused to withdraw his deposition notice.

6. In a follow-up letter sent November 16, 2007, I explained to Mr. Turner that his attempt to notice the deposition of United's PMK while refusing to comply with the previously noticed date of November 30, 2007, for United's PMK is untenable. This letter does contain a

typo and identifies the previously noticed deposition date as "January 30, 2007." Within context and in light of our earlier phone conversation, however, there is no basis upon which Mr. Turner can argue he did not discern the true meaning of my letter, a true and correct copy of which is attached hereto as **Exhibit 2**.

7. On November 19, 2007, I held another telephone conference with Mr. Turner and reiterated my objection to his November 15, 2007, deposition notice. Mr. Turner again refused to withdraw this notice, even when I informed him that I was prepared to file a Motion for Protective Order on this issue.

9. On November 9, 2007, ANA filed a Motion for Protective Order that was set for hearing on December 18, 2007. (Doc. No. 34.) Because this Motion concerned the same matters this Court decided in its November 13, 2007, Order, this Court dismissed ANA's Motion and cancelled the hearing in an Order of November 21, 2007. (Doc. No. 37.) Because the undersigned has already made arrangements to be in San Francisco for the December 18, 2007, hearing and this date is presumptively open for opposing counsel in light of his previously filed motion, the December 18, 2007, hearing date is an ideal date upon which to hear United's Motion for Protective Order concerning the January 8, 2007, deposition, particularly because hearing United's Motion for Protective Order on December 18, 2007, will allow the United ample time to prepare for the January 8, 2007, deposition. If United is required to notice its Motion for Protective Order within the standard thirty-five days under Civ. L.R. 7-2(a), and this Court were to decide against United, the undersigned would have very little time in which to prepare United's PMK for his or her deposition, which would substantially prejudice United.

10. On November 19, 2007, I obtained opposing counsel's agreement to stipulate to shortening the notice time applicable to United's Motion for Protective Order. Although I sent opposing counsel a draft stipulation for his signature on November 20, 2007, he has not yet responded. In the interest of bringing this matter before this Court immediately so that discovery may proceed, and in light of my suspicion that opposing counsel will not provide a signed stipulation, I am filing the instant Motion to Shorten Time.

1  11.    To the best of my knowledge, the parties have made no other requests for modification of time in this case, either by stipulation or order of this Court.

12.    This request for time modification will have no effect on the schedule for this case.

13.    Further issues have arisen in the week of November 18, 2007, that may also require attention at the requested December 18, 2007, hearing date. On November 19, 2007, I received ANA's responses to document requests, in which ANA refused to produce documents that are crucial to my efforts to fully depose ANA's pilots at their scheduled depositions of November 27, 28, and 29, 2007. Although I plan to go forward with these depositions as they are scheduled, it will be necessary for me to move this Court to compel ANA's production of documents and to order additional deposition time under Fed. R. Civ. P. 30(d)(3) to allow me to complete the pilots' depositions once I have obtained the necessary documents from ANA. When I file this intended motion to compel and for more time in which to depose ANA's pilots, I will move this Court to shorten the notice time to allow that motion to be heard on December 18, 2007, also. I plan to file this motion during the week of November 25, 2007.

**FURTHER AFFIANT SAYETH NOT.**

_____
Scott R. Torpey

Subscribed and sworn to before me this 21st day of November 2007.

_____
Notary Public in and for the State of _____
My Commission Expires: _____

PHYLLIS L. NELSON
NOTARY PUBLIC STATE OF MI
QUALIFIED IN WAYNE COUNTY
COMMISSION EXPIRES DECEMBER 22, 2007
Acting in Oakland County

Declaration of Scott R. Torpey

1467987.01

4