Scott D. Cunningham (State Bar No.: 200413)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299
Email: scunningham@condonlaw.com

-and-

Marshall S. Turner (*pro hac vice*)
CONDON & FORSYTH LLP
7 Times Square
New York, NY 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453
Email: mturner@condonlaw.com

Attorneys for Plaintiff and Counter-Defendant
ALL NIPPON AIRWAYS COMPANY, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED AIR LINES, INC., <br><br> Defendant. <br><br> AND RELATED COUNTER-CLAIM | Case No. C07-03422 EDL <br><br> **ALL NIPPON AIRWAYS COMPANY'S RESPONSE TO UAL'S MOTION FOR A PROTECTIVE ORDER; DECLARATION OF MARSHALL S. TURNER** <br><br> Hearing Date: December 18, 2007 <br> Hearing Time: 9:00 a.m. <br> Hearing Place: Courtroom of Hon. Elizabeth D. Laporte |

Plaintiff and Counter-Defendant, ALL NIPPON AIRWAYS COMPANY, LTD. (hereinafter referred to as "ANA"), by and through its attorneys, Condon & Forsyth LLP, hereby submits its response to United Air Lines, Inc.'s Motion for Protective Order (Doc. No. 38) as follows:

//

//

//

# TABLE OF CONTENTS
INTRODUCTION ............................................................................................... 2

ARGUMENT ..................................................................................................... 3

    I.    UAL'S MOTION IS GROUNDLESS AND CONTRARY TO RULE 26(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE .......... 3

    II.    THERE IS NO DISCOVERY PRIORITY UNDER THE FEDERAL RULES ................................................................................. 4

    III.    ANA HAS FULLY COOPERATED WITH ALL DISCOVERY ...... 5

CONCLUSION ..................................................................................................... 6

# TABLE OF AUTHORITIES

**Federal Statutes**

Federal Rule of Civil Procedure 26 .................................................................. 4, 5

Federal Rule of Civil Procedure 30 ..................................................................... 2

**Federal Cases**

*Meisch v. Fifth Transoceanic Shipping Co. Ltd*, No 94-0683, 1994 WL 582960 (S.D.N.Y Oct, 20, 1994)............................................................................................ 4

*Zamora v. D'Arrigo Bros. Co. of Cal.*, No. 04-00047, 2006 WL 931728 (N.D.Cal. Apr. 11, 2006)................................................................................................... 4, 5

-ii-

ALL NIPPON AIRWAYS COMPANY, LTD.'S RESPONSE TO
UAL'S MOTION FOR PROTECTIVE ORDER
CASE NO.: C 07 3422 EDL

## STATEMENT OF ISSUES TO BE DECIDED

I    WHETHER THIS COURT SHOULD DENY UNITED AIR LINES, INC.'S MOTION FOR PROTECTIVE ORDER BECAUSE IT IS CONTRARY TO RULE 26(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE

II    WHETHER THIS COURT SHOULD DENY UNITED AIR LINES, INC.'S MOTION FOR PROTECTIVE ORDER BECAUSE THERE IS NO DISCOVERY PRIORITY UNDER THE FEDERAL RULES

III    WHETHER THIS COURT SHOULD DENY UNITED AIR LINES, INC.'S MOTION FOR PROTECTIVE ORDER BECAUSE UNITED AIR LINES HAS FAILED TO DEMONSTRATE, OR EVEN ARGUE, THAT THE CONVENIENCE OF THE PARTIES AND WITNESSES AND THE INTEREST OF JUSTICE WOULD BE SERVED

-iii-

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On November 21, 2007, United Air Lines, Inc. (hereinafter referred to as "UAL") filed a motion for a Protective Order to prohibit the taking of a deposition of UAL's Fed. R. Civ. P. 30(b)(6) "Person Most Knowledgeable" (hereinafter referred to as "PMK") with regard to the Standard Ground Handling Agreement (hereinafter referred to as the "SGHA") until the deposition of ANA's PMK witness occurs first. After receiving no response to its written and oral inquiries of UAL's counsel for dates of availability of UAL's PMK witness on the SGHA, ANA noticed the deposition of UAL's PMK witness for January 8, 2008. *See* Declaration of Marshall S. Turner, attached as Exhibit 1. Even before ANA's counsel received the Court's Order of November 19, 2007 (Doc. No. 37) requiring the deposition of ANA's PMK by March 15, 2008, ANA had begun the process of determining who would be a suitable witness who could also be made available on relatively short notice in the United States.

UAL argues it would be "unfair" for ANA to be permitted to "jump to the front of the line" and take the deposition of UAL's witness before ANA's PMK witness is deposed. However, UAL fails to explain how that would be unfair or to explain what advantage ANA would gain. Since there is no discovery priority under the Federal Rules of Civil Procedure, there is no reason for ANA to bring its discovery efforts to a halt for the period of time it will take to locate and schedule a suitable witness in the United States for the convenience of UAL.

Accordingly, UAL's motion is entirely improper and unnecessary and should be denied in its entirety

//
//
//

-2-

ALL NIPPON AIRWAYS COMPANY, LTD.'S RESPONSE TO
UAL'S MOTION FOR PROTECTIVE ORDER
CASE NO.: C07-03422 EDL

# I

# ARGUMENT

## UAL'S MOTION IS GROUNDLESS AND CONTRARY TO RULE 26(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE

UAL's entire motion is based on the argument that it would be "unfair" for ANA to be permitted to "jump to the front of the line" and have the deposition of UAL's PMK witness take place before ANA's PMK witness is deposed. UAL also claims that it would be "oppressive to permit ANA to gain a discovery priority" in permitting UAL's PMK to be deposed first. These arguments, however, completely lack substance because UAL utterly fails to explain why it would be "oppressive" or "unfair" for UAL's PMK witness to be deposed first.

UAL's "unfair" argument seems to suggest that ANA would gain some advantage if UAL's PMK witness were to be deposed first. The reality is that the SGHA is a standard form contract used by almost all international airlines that was signed by both parties with little or no negotiation of the terms. Consequently, both parties would have the same information regarding the SGHA and no advantage could be gained by taking the deposition of UAL's PMK witness first. There is no "surprise" information that one party would garner by taking the deposition of the other's PMK witness first.

Moreover, ANA has taken no position on whether it would produce its PMK witness before or after UAL's PMK witness, only that it would produce its PMK witness as soon as practical and in compliance with the Court's Order of November 19, 2007 (Doc. No. 37).

//
//
//
//

-3-

ALL NIPPON AIRWAYS COMPANY, LTD.'S RESPONSE TO
UAL'S MOTION FOR PROTECTIVE ORDER
CASE NO.: C07-03422 EDL

## II

## THERE IS NO DISCOVERY PRIORITY UNDER THE FEDERAL RULES

UAL proceeds on the assumption that this case is governed by a discovery priority based on the party that first notices depositions. Under the Federal Rules of Civil Procedure, however, the parties may conduct discovery in any sequence. Rule 26(d) of the Federal Rules of Civil Procedure provides, in relevant part:

> Unless the court upon motion, for the convenience of the parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

Fed. R. Civ. P. 26(d).

The Advisory Committee notes following the text of Rule 26 make clear that this provision was meant to "eliminate any fixed priority in the sequence of discovery," and that the priority rule adopted by some courts which confirms priority on the party who first serves notice of taking a deposition is unsatisfactory. *See* Fed. R. Civ. P. 26(d) Advisory Committee Notes.

Specifically, with respect to depositions, discovery priority is not established based on which party notices a deposition first. *Zamora v. D'Arrigo Bros. Co. of Cal.*, No. 04-00047, 2006 WL 931728, *5 (N.D.Cal. Apr. 11, 2006); *see also Meisch v. Fifth Transoceanic Shipping Co. Ltd*, No 94-0683, 1994 WL 582960, *1 (S.D.N.Y Oct, 20, 1994).[1] In *Zamora*, the United States District Court for the Northern District of California granted the defendants' motion to compel depositions of four named plaintiffs in a civil rights suit. Plaintiffs' counsel refused to produce the named plaintiffs for deposition until after a hearing on plaintiffs' motion to compel and after plaintiffs had an opportunity to review any discovery

---

[1] Copies of the cases have been attached as Exhibit 2.

-4-

produced by defendant as a result of the hearing. *Zamora*, 2006 WL 931728 at *5. Citing the text of Rule 26(d) and the Advisory Committee notes, the court held that it was improper for plaintiffs to refuse to attend the depositions until after plaintiffs' discovery was completed. *Id.*

As in *Zamora*, UAL's refusal to produce its PMK witness until ANA's PMK has been deposed first is improper and without any justification. UAL's argument that it is "unfair" and "oppressive" to allow ANA to "jump to the front of the line" entirely misses the thrust of Rule 26(d). Certainly under Rule 26 UAL cannot claim discovery priority because it noticed the deposition of ANA's PMK first. Additionally, UAL has failed to provide any explanation as to how it would be "unfair" or "oppressive" to have its PMK witness deposed before ANA's PMK witness. ANA has already brought its flight crew of three senior pilots, who live and are based in Japan, for depositions in San Francisco. On the other hand, although ANA has been requesting UAL to provide deposition dates for its flight crew since July 2007, UAL has still failed to provide firm dates for its flight crew, even though the ANA flight crew depositions have concluded on November 29, 2007.

### III

### ANA HAS FULLY COOPERATED WITH ALL DISCOVERY

UAL's assertion that ANA has wrongfully refused to cooperate in discovery is baseless. ANA only noticed the deposition of UAL's PMK witness on the SGHA for January 8, 2008 because ANA had not received any response to its requests that UAL provide dates when UAL's PMK witness would be available. ANA never suggested that it would not designate its PMK on the SGHA until "well into 2008." ANA is currently in the process of locating a suitable PMK witness who could be made available at a more convenient location than Tokyo as soon as possible. ANA

-5-

expects to provide such a date and location by mid-December. The position ANA has taken in this regard is that it is not required to halt its discovery of UAL until the deposition of ANA's PMK witness is completed. UAL has failed to demonstrate, or even argue, that "the convenience of the parties and witnesses" and "the interests of justice" would be served by granting their Motion. Accordingly, UAL's motion should be denied.

## CONCLUSION

In light of the foregoing, ANA respectfully requests that the Court deny UAL's Motion for Protective Order to preclude the deposition of UAL's PMK witness.

Dated: December 3, 2007            CONDON & FORSYTH LLP

By: _____
MARSHALL S. TURNER (*pro hac vice*)
SCOTT D. CUNNINGHAM

Attorneys for Plaintiff and Counter-Defendant
ALL NIPPON AIRWAYS COMPANY, LTD.

-6-

ALL NIPPON AIRWAYS COMPANY, LTD.'S RESPONSE TO
UAL'S MOTION FOR PROTECTIVE ORDER
CASE NO.: C07-03422 EDL

# CERTIFICATE OF SERVICE

## ALL NIPPON AIRWAYS' RESPONSE TO UAL'S MOTION FOR PROTECTIVE ORDER

I, hereby certify that on December 3, 2007 I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Scott R. Torpey, Esq.<br>Jaffe, Raitt, Heuer & Weiss<br>2777 Franklin Road, Suite 2500<br>Southfield, MI 48034-8214<br>Phone: (248) 727-1461<br>Fax: (248) 351-3082 | Attorneys for defendant |
| Jeffrey A. Worthe, Esq.<br>Worthe, Hanson & Worthe<br>The Xerox Centre<br>1851 East First Street, Ninth Floor<br>Santa Ana, CA 92705 | Attorneys for defendant |

_/s/ Heather L. Jackson_
HEATHER L. JACKSON

Sworn to before me this
3rd day of December, 2007

_____
Notary Public

Timothy H Eskridge
Notary Public State of N.Y.
02ES6121835
Qualified in New York County
Commission Expires January 21, 2009

-7-

ALL NIPPON AIRWAYS COMPANY, LTD.'S RESPONSE TO
UAL'S MOTION FOR PROTECTIVE ORDER
CASE NO.: C07-03422 EDL