# Exhibit 2

Westlaw.

Not Reported in F.Supp.2d                                                                                                    Page 1

Not Reported in F.Supp.2d, 2006 WL 931728 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Zamora v. D'Arrigo Bros. Co. of Cal.
N.D.Cal.,2006.
Only the Westlaw citation is currently available.
   United States District Court,N.D. California.
  Graciela ZAMORA, et al., on behalf of themselves
    and all other persons similarly situated, Plaintiffs,
                        v.
        D'ARRIGO BROTHERS COMPANY OF
             CALIFORNIA, Defendant.
             **No. C04-00047 JW (HRL).**

                    April 11, 2006.

Annabelle Cortez-Gonzalves, Mario G. Martinez, Marco Camacho, A Law Corporation, Glendale, CA, Paul Strauss, Miner Barnhill & Galland, Stephen G. Seliger, Seliger & Elkin, Ltd., Chicago, IL, for Plaintiffs.
Geoffrey F. Gega, Regina Silva, Cook Brown, Llp, Santa Ana, CA, for Defendant.

**ORDER (1) GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY; AND (2) GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY**
HOWARD R. LLOYD, Magistrate Judge.

                   **BACKGROUND**

*1 Plaintiffs Graciela Zamora, Olga Leyva Velarde, Teresa Lara, and Maria Rodriguez de Torres, on behalf of themselves and others similarly situation, sue their employer, D'Arrigo Brothers, for violations of Title VII of the Civil Rights Act. Plaintiffs allege that defendant failed to promote women to supervisory positions within its agriculture business. Plaintiffs' class, consisting of all women employed by defendant on or after July 5, 2001, was certified by the trial court in December, 2004.

This court granted an earlier motion to compel discovery brought by plaintiffs in October, 2004. At that time, defendant argued that class discovery was premature pending class certification. The same discovery requests have been pending for the last year and a half (in addition to more recent requests). Defendant has served three sets of responses, none of which have been satisfactory to plaintiffs. The parties have intermittently agreed to informal stays of discovery while they engaged in settlement negotiations. None of the negotiations have been successful. The parties now spend much of their briefs blaming the other side for delaying discovery.

Discovery is set to close June 30, 2006. This court agreed to hear both motions on an expedited basis in the hope that fact discovery could be completed before expert reports are due on April 20, 2006.

                    **DISCUSSION**

             **I. Plaintiffs' Motion to Compel**

              **A. Pre-Class Period Discovery**

Several of plaintiffs' discovery requests seek information from 1998 to present, even though the class period begins July 2001. Plaintiffs contend that information from before the class period is relevant as background evidence, and may be used to support plaintiffs' claims, even if such information is not independently actionable. For example, plaintiffs assert that information about who was promoted to foremen or positions that entail the operation of machinery in years prior to the class period may shed light on defendant's alleged long-standing discriminatory practices.

Defendant argues that plaintiffs have not made a sufficient showing of relevancy, and that pre-class period discovery is "will not shed light on anything."

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                            Page 2
Not Reported in F.Supp.2d, 2006 WL 931728 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Plaintiffs present compelling Supreme Court and Northern District precedent which suggests that pre-class period information may indeed be relevant to proving employment discrimination. *See, e.g.*, *National R.R. Passenger Corp. v. Morgan*, 536, U.S. 101, 113 (2002); *Dukes v. WalMart Inc.*, 222 F.R.D. 189, 199 n. 10 (N.D.Cal.2004). Plaintiffs have limited their requests for pre-class information to three years, 1998-2001. This is not an overly-burdensome scope, nor does defendant object on this ground. Accordingly, defendant is ordered to produce discovery dating back as early as January, 1998, in accordance with plaintiffs' requests.

### A. Interrogatories

Plaintiffs originally served their interrogatories in June 2004. The parties were able to resolve some of their disputes through meet and confer efforts, but several remain at issue.

#### 1. Interrogatory No. 2

*2 This interrogatory seeks information regarding persons who have, since 1998, been promoted to, or offered a promotion to: (1) foreman positions; and (2) all positions that involve the operation of machinery. Defendant responded that "[s]ince 2001, there were no promotions and/or assignments, or offers of promotion and/or assignment to a foreman position lasting more than one month *wherein* duties include the operation of machinery used in harvesting and production work."Plaintiffs clarified that it did not intend to conflate the two questions-jobs that involved the operation of machinery were intended to be in a separate category than foreman positions. Defendant then provided a supplemental response which stated: " Since 2001, there were no promotions and/or assignments to a foreman position lasting more than one month, *in which* the duties include the operation of the machinery used in harvesting and production work."

As plaintiffs note, there is no substantive difference between defendant's two responses. It is unclear whether defendant was being intentionally obtuse when it responded to this request the second time, or whether it truly did not understand the question or plaintiffs' clarification. In any case, defendant is ordered to provide complete response to Interrogatory No. 2. Defendant shall (1) identify all persons who were promoted and/or assigned or offered a promotion and/or an assignment to a foreman position; and (2) identify all person who were promoted and/or assigned or offered a promotion and/or an assignment to a position in which the duties include the operation of machinery, including buses. Defendant shall provide responses dating back to January 1998, and provide all of the identifying and explanatory information requested (e.g. gender, date of promotion, other candidates considered, and the reason for selecting the individual promoted). Defendant shall not limit its answers to positions lasting more than one month unless this has been agreed to by the parties.

#### 2. Interrogatory No. 10

This interrogatory asks whether defendant contends that certain male or female employees are not or have not been qualified to operate certain machines, and any facts in support of that contention. Defendant responded that "other than foreman, since 2001, no employees operate or have operated machinery used in harvesting or production work by foreman."

Plaintiffs claim that defendant's answer is unresponsive. Defendant argues that it has fully responded to the interrogatory, and clarifies that its answer to the interrogatory is "no."

Although plaintiffs bear some responsibility for this poorly worded and vague interrogatory, defendant has been less than forthright in providing responses. Since defendant has answered "no" as to employees since 2001, it must only provide an answer to this question for employees between 1998-2001. It should respond with a "yes" or "no" a nd provide any facts in support.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 3
Not Reported in F.Supp.2d, 2006 WL 931728 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

### 3. Interrogatory No. 13

*3 This interrogatory asks whether defendant contends that the named plaintiffs were not qualified at any time to assume a position as supervisor, and if yes, to state all facts in support of that contention. Defendant responded by listing the job requirements for foreman, and stating that plaintiffs Rodriguez, Velarde and Lara did not have the requisite bus driving certificate. It also responds that plaintiffs de Torres, Velarde and Lara did not ask to be considered for supervisory positions and that plaintiff Zamora was assigned as a temporary foreperson.

Plaintiffs complain that they have not received a straight answer to this interrogatory. They contend that they cannot tell from defendant's answer whether it is asserting that the three plaintiffs who did not have a bus drivers's license were not qualified to serve as supervisors solely based on that reason. (This fact is significant because defendant apparently provide on-the-job bus driving training to those it wants to promote to supervisory positions). Moreover, defendant does not answer the question as to plaintiff Zamora-does the fact that she was a temporary foreperson mean that defendant does not contend she was not qualified?

Defendant argues that it provided a complete response to the interrogatory, even if that response was not in a "yes" or "no" format as plaintiffs wanted.

Defendant's response does not answer the question asked. Plaintiffs are asking a "yes" or "no" question, which should elicit a "yes" or "no" response. Accordingly, defendant must (1) provide a "yes" or "no" response for each named plaintiff regarding whether it contends they were not qualified for the foreman position; and (2) if yes, provide all facts in support of that contention.

### 4. Interrogatory No. 23

This interrogatory asks defendant to identify all training programs offered by defendant since 1998, and the employees who participated in such programs. Defendant responds that "[s]ince 2001, defendant has not offered and/or administered any training programs relating to work performed by foremen operation of machinery used in harvesting and production work used by foreman [sic]. Since 2001, defendant did offer and/or administer bus training, for such program, defendant does not have a comprehensive list of employees."Defendant later provided a non-comprehensive list of foremen in response to this question.

Plaintiffs again complain that defendant has not responded to the question asked. Defendant claims its answer is completely responsive.

Not only does defendant avoid answering the interrogatory, but the answer is unintelligible. Defendant represented at the hearing that the only training it has provided since 1998 is bus training. Accordingly, defendant need only provide, to the best of its ability, a list of individuals who completed bus training since 1998. If all foremen completed bus training, it should so state.

### 5. Interrogatory Nos. 24 and 25

*4 Defendant refused to provide any responses to these interrogatories because it claims that plaintiffs exceeded their 25 interrogatory limit because certain interrogatories actually involved more than one question. For example, citing Interrogatory No. 2 discussed above, defendant argues that subparts (3) and (4), which request information on candidates that were rejected for supervisory or machine operating positions, are "discrete" under the meaning of Fed.R.Civ.P. 33, and thus should be considered separate questions. Plaintiffs assert that the subparts are not "discreet."

Fed R. Civ. P. 33 states: "any party may serve upon any other party written interrogatories, not exceeding 25 in number, including all discrete subparts."Although the term "discrete subparts" does not have a precise meaning, courts generally agree that "interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question."*Safeco of America v.*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                        Page 4
Not Reported in F.Supp.2d, 2006 WL 931728 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

*Rawston*, 181 F.R.D. 441, 445 (C.D.Cal.1998), citing *Kendall v. GES Exposition Services*, 174 F.R.D. 684 (D.Nev.1997).

Defendant makes a compelling argument that certain of plaintiffs' interrogatories include more than one discreet subpart. As defendant notes, Interrogatory No. 2 asks several identifying questions about people promoted to supervisory positions *and* several identifying questions about individuals who were rejected for the positions. This is actually two separate interrogatories.

This does not mean, however, that defendant can avoid answering these interrogatories. According to the Federal Rules, *each* plaintiff may serve each defendant with 25 interrogatories. Because there are four named plaintiffs, they can serve a total of 100 interrogatories on defendant. Based on defendant's count, plaintiffs have propounded only 29. Accordingly, defendant must answer Interrogatory Nos. 24 and 25.

### C. Requests for Production of Documents

Plaintiffs' RFP No. 2 seeks personnel information for all employees since 2001.[FN1] At the hearing, the court ordered the parties to engage in a further meet and confer effort in an attempt to resolve the issues surround this request. On April 4, 2006, counsel for plaintiffs informed the court that the parties had reached an agreement concerning the production of electronic materials in response to RFP no. 2, and that plaintiffs are withdrawing the part of their motion relating to this request.

> FN1. RFP No. 2 asks: "For each person employed by defendant on or after July 5, 2001, documents which contain the following information: a. Name and social security number; b. Gender; c. Job title history; d. Job grade or classification history; e. Salary history; f. Date of hire; g. Date of termination, if applicable, including whether the termination was voluntary, and if involuntary, the reasons for the termination; h. Job history, including each promotion, transfer, demotion, advancement, or reduction in job classification; performance evaluations, including for each transaction the dates such action was taken and a description of the action; i. Job application history; j. Disciplinary history; k. Selection and/or participation in any training programs, internships, apprenticeship programs; l. Receipt of any certifications, special qualifications and awards."

### D. Depositions

On March 21, 2005, plaintiffs served defendant with a notice for the deposition of 11 individuals set for a two week period in the end of April, 2005. *See* Exhibit 7 to plaintiff's reply. The notice did not state where the depositions would be held-only "at a place agreed to by the parties." After some correspondence between counsel, plaintiffs agreed to begin with three depositions and then "proceed from there" as to the remaining depositions. These three depositions never took place, in large part because the parties could not agree on specific dates.

*5 Plaintiffs now move to compel the depositions. Defendant contends that the deposition notice is defective, although it does not spell out exactly why.

Fed.R.Civ.P. Rule 30(b) requires:
(1) [a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known ... (2) the party taking the deposition shall state in the notice the method by which the testimony shall be recorded.

Pursuant to the Rule, plaintiffs' notice does have some defects. It does not state the address of each person to be deposed, the location of the deposition, or the manner of recording. It also notices more than the 10 deposition limit of Fed.R.Civ.P. 20(a)(1)(B).

Nonetheless, these are purely superficial defects, which ultimately have no bearing on plaintiffs right

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 5
Not Reported in F.Supp.2d, 2006 WL 931728 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

to take up to ten depositions. Plaintiffs have apparently already deposed of one of the listed names. Accordingly, plaintiffs may take nine more.

### D. Verification of Discovery Responses

Plaintiffs complained in their motion papers that defendant failed to swear to the truthfulness of all of its previous interrogatory responses. At the hearing, both plaintiffs' and defendant's counsel represented that the responses had been fully verified. Accordingly, plaintiffs' motion as to this issue is denied as moot.

### II. Defendant's Motion to Compel

Defendant moves to compel depositions of the four named plaintiffs. It noticed the depositions on March 1, 2006 for dates in mid-March. Plaintiffs' counsel provided alternative dates in late March and April. When defendant attempted to confirm the dates, however, plaintiffs' counsel refused to produce the named plaintiffs for deposition until after the hearing on plaintiffs' motion to compel, and after plaintiffs had an opportunity to review any discovery produced by defendant as a result of the hearing.

Fed.R.Civ.P. 26(d) states that "methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery."The Advisory Committee notes following the text of the Rule make clear that this provision was meant to " eliminate any fixed priority in the sequence of discovery," and that the priority rule adopted by some courts which confirms priority on the party who first serves notice of taking a deposition is unsatisfactory. *See*FED. R. CIV. P. 26(d) advisory committee notes. The Rule grants to the court the " power to establish priority by an order issued in a particular case."*Id.*

Accordingly, it is improper for plaintiffs to refuse to attend depositions until after plaintiffs' discovery is completed. As noted above, plaintiffs are also moving to compel depositions of ten of defendant's employees and officers. In order to end this stalemate, depositions should occur in the following order: (1) three depositions by plaintiffs of their choosing; (2) deposition by defendant of the four named plaintiffs; (3) the remaining six depositions desired by plaintiffs.

### CONCLUSION

*6 Plaintiffs' motion to compel discovery is granted in part. Defendant must provide the supplemental responses to Interrogatory Nos. 2, 10, 13, 23, 24 and 25, in accordance with this order no later than April 24, 2006.

Plaintiffs' motion to compel documents responsive to Request for Production of Documents No. 2 has been withdrawn.

Plaintiffs' motion to compel sworn verification for all discovery responses is denied as moot.

Defendant's motion to compel is also granted. Plaintiffs must make available for deposition all named plaintiffs. Depositions by both parties are to be completed in the following order: (1) three depositions by plaintiffs; (4) four depositions by defendant; and (3) six remaining depositions by plaintiffs.

IT IS SO ORDERED.

N.D.Cal.,2006.
Zamora v. D'Arrigo Bros. Co. of Cal.
Not Reported in F.Supp.2d, 2006 WL 931728 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.                                                                                          Page 1
Not Reported in F.Supp., 1994 WL 582960 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

▷
Meisch v. Fifth Transoceanic Shipping Co. Ltd.
S.D.N.Y. 1994
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Inez MEISCH, Plaintiff,
v.
FIFTH TRANSOCEANIC SHIPPING COMPANY LIMITED, Celebrity Cruises, Inc. in personam, and the Amerikanis, her engines, boilers, tackle, etc. in rem, Defendants.
No. 94 Civ. 0683 (DAB).

Oct. 21, 1994.

### MEMORANDUM OPINION and ORDER
BATTS, District Judge.
*1 Plaintiff has moved this court pursuant to Rules 26(d), 30, 33, 34, and 37 of the Federal Rules of Civil Procedure to compel discovery and for costs. Defendants opposed plaintiff's motion and made their own request for an order requiring plaintiff to be deposed in New York by a date certain and requiring plaintiff to produce medical releases prior to that deposition. Plaintiff's motion is granted in part and denied in part; defendants' motion is granted.

While under the Federal Rules a discovery priority is not established based upon which party notices a deposition or serves interrogatories first, Rule 26(d) authorizes the court to order the sequence of discovery upon motion. Specifically, the advisory notes to Rule 26(d) state: "The court may upon motion and by order grant priority in a particular case." Fed.R.Civ.P. 26(d) advisory committee's notes (emphasis added). An order regarding the sequence of discovery is at the discretion of the trial judge. *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir.1992) ("A trial court enjoys wide discretion in its handling of pre-trial discovery...."); *General Houses v. Marloch Manufacturing Corp.*, 239 F.2d 510, 514 (2d Cir.1956) ("The order of examination is at the discretion of the trial judge....").

To the extent that discovery is sought to be compelled, the motion is granted and dates for production are set forth below. Because I find that this dispute developed due to plaintiff counsel's unjustified insistence on receipt of certain discovery materials before he would allow the plaintiff to be deposed, plaintiff's motion for costs and to have discovery compelled from defendants, prior to the plaintiff's deposition, is denied.

Defendant's application that plaintiff be deposed by a date certain is granted, with a date set forth below, and its application to compel production of medical releases prior to the deposition is likewise granted.

Based on the foregoing, it is HEREBY ORDERED that

(1) The plaintiff shall provide medical releases to the defendant on or before November 1, 1994;

(2) The plaintiff shall submit to deposition by defendant in New York City on or before January 31, 1995; and,

(3) The defendant shall respond to all currently outstanding discovery requests within two weeks of completion of plaintiff's deposition.

SO ORDERED.

S.D.N.Y. 1994
Meisch v. Fifth Transoceanic Shipping Co. Ltd.
Not Reported in F.Supp., 1994 WL 582960 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.