JAFFE, RAITT, HEUER & WEISS, P.C.
Scott R. Torpey Cal. SB#153763
storpey@jaffelaw.com
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone:   248.351.3000
Fax:         248.351.3082

And
WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:   (714) 285-9600
Fax:         714-285-9700
Attorneys for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| All Nippon Airways Company, Ltd., <br><br> Plaintiff, <br><br> vs. <br><br> United Air Lines, Inc., <br><br> Defendant. | Case No. 07-03422 EDL <br><br> **DEFENDANT UNITED AIRLINES, INC.'S REPLY IN SUPPORT OF MOTON FOR PROTECTIVE ORDER; DECLARATION OF SCOTT R. TORPEY** <br><br> DATE:   December 18, 2007 <br> TIME:   9:00 a.m. <br> CTRM: <br> JUDGE:  Elizabeth D. Laporte |

**TABLE OF CONTENTS**

Table of Authorities .................................................................................................... ii

# TABLE OF AUTHORITIES

**Rules**

Fed. R. 26(d) .................................................................................................................. 1

Case No. 07-03422-EDL

Defendant United Air Lines, Inc.'s Reply in Support of Motion for Protective Order; Declaration of Scott R. Torpey

1450503.01

Defendant, United Air Lines, Inc., ("United") by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., hereby submits its Reply in Support of Motion for Protective Order:

In its opposition to United's motion for protective order the Plaintiff All Nippon Airways Company, Ltd., ("ANA") repeatedly states that there is no priority among parties concerning depositions. While this may be true, it is equally true that this Court may require that depositions be taken in a particular order under Fed. R. 26(d). In this case, an order requiring that United be permitted to depose ANA's person most knowledgeable ("PMK") on the issue of the parties' Ground Handling Agreement ("GHA") and Annexes thereto is appropriate where, but for ANA's unjustified refusal to produce its PMK in the absence of a Rule 26(c) protective order motion (which forced United to incur the expense and inconvenience of filing a motion to compel) United would already have obtain the discovery it seeks from ANA's PMK on November 30, 2007, the date for which United originally noticed the PMK's deposition on September 12, 2007.

Despite this Court's statements in its November 29, 2007, Order Shortening Time, which specified that the March 15, 2007, deadline by which ANA's PMK must be deposed "is an outer limit" and "ANA should already be designating or have designated a PMK and proposing time for that deposition" (Doc. No. 40), ANA did not identify its PMK and/or propose a time for his deposition until December 6, 2007 — well after United filed this motion and ANA submitted its response memorandum. (*See* **Exhibit A** to Declaration of Scott Torpey, attached hereto as **Exhibit 1**.) With ANA finally having provided dates in January 2008 for the deposition of its PMK on the Ground Handling Agreement ("GHA"), on December 7, 2007, United requested that ANA'S counsel provide dates in February 2008 for ANA to take the deposition of United's PMK. (*See* **Exhibit B** to Declaration of Scott Torpey, email to ANA counsel of December 7, 2007.[1]

ANA presents this Court with inaccurate and extraneous considerations in an attempt to deflect attention from its refusal to reasonably cooperate in the discovery process. For example,

---

[1] Hopefully, ANA's counsel will provide the requested dates for February and United can
*(Continued)*

1

Case No. 07-03422-EDL    Defendant United Air Lines, Inc.'s Reply in Support of Motion for Protective Order; Declaration of Scott R. Torpey

1  ANA states that United has not provided dates for the depositions of its pilots. This is misleading.
2  The parties have been holding January 23 to 25, 2008, open for these depositions. ANA is well
3  aware that the pilots' schedules will not be available until late December, at which points their
4  depositions can be confirmed.

5  Moreover, in an ironic about-face, ANA now faults United for not providing ANA with
6  dates of availability for United's PMK witness, despite ANA's insistence that the SGHA is
7  irrelevant and its (entirely unsupported) assertion that "the SGHA is a standard form contract used
8  by almost all international airlines that was signed by both parties with little or no negotiation of the
9  terms. Consequently, both parties would have **the same** information regarding the SGHA. . . ."
10 (Doc. No. 41, pg. 3 (emphasis added).)[2] ANA made its first request for PMK dates on November 2,
11 2007, **after** it had refused to produce its own PMK in response to United's deposition notice and
12 **before** November 19, 2007, when this Court ordered it to produce its PMK. (*See* Doc. No. 41-3, pg.
13 2.) Just two days after this Court entered its order, ANA sent a letter to United demanding
14 production of its PMK, stating, "As to UAL's PMK Ground Handling Agreement witnesses I've
15 asked you and written for deposition dates **on several occasions** and I have received no response."
16 (Doc. No. 41-4, pg. 1 (emphasis added).) If ANA really had demanded on *several* occasions (the
17 first being prior to the hearing on United's motion for protective order) that United provide it with
18 PMK deposition dates, then it necessarily recognized the relevance of PMK testimony on the issue
19 of the SGHA, and one must ask why ANA refused to produce its PMK in the first place, forced

---

(. *Continued*)

withdraw this motion and avoid the hearing set for December 18, 2007.

[2] If ANA actually believed this to be true, it would be unnecessary to depose United's PMK at all, much less to oppose United's effort to depose ANA's PMK first. In any event, this argument "puts the cart before the horse" by stating what the outcome of discovery on the SGHA issue will be before any discovery has occurred. ANA's unsupported position that there is nothing new for the parties to learn in relation to the SGHA and its Annexes also strongly suggests that ANA will provide nothing more than a "warm body" as a PMK on this issue, rather than the truly knowledgeable person United seeks to depose. Hopefully, this will not be the case.

2

United to file a motion to compel despite United's efforts to obtain cooperation from ANA, and required the parties and this Court to attend a hearing on United's motion to compel. Frankly, ANA's actions speak louder than its words — it clearly is not the cooperative party here and should not be permitted to take unfair advantage of its refusal to produce its PMK.

    s/Scott R. Torpey, Cal. SB#153763
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail: storpey@jaffelaw.com

And

WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:   (714) 285-9600
Fax:   714-285-9700
Attorneys for Defendant United Air Lines, Inc.

3

Case No. 07-03422-EDL      Defendant United Air Lines, Inc.'s Reply in Support of Motion for Protective Order; Declaration of Scott R. Torpey

# PROOF OF SERVICE

I declare as follows:

I am a resident of the State of Michigan and over the age of eighteen years, and not a party to the within action; my business address is 27777 Franklin Road, Suite 2500, Southfield, Michigan 90017. On December 7, 2007, I served the foregoing document described as Defendant United Airlines, Inc.'s Reply in Support of Motion for Protective Order; Declaration of Scott R. Torpey on the interested parties in this action follows:

☐ by transmitting via facsimile the documents listed above to the fax number set fourth below on this date. This transmission was reported as complete without error by a transmission report issued by the facsimile machine upon which the said transmission was made immediately following the transmission. A true and correct copy of the said transmission is attached hereto and incorporated herein by this reference.

☐ by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Southfield, Michigan addressed as set forth below

☒ by electronic transmission. I caused the document(s) listed above to be transmitted by electronic mail to the individuals on the service list as set forth below.

☐ by placing the document listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for Delivery.

☐ by personally delivering the document listed above to the persons at the address set forth below.

Marshall S. Turner
Condon & Forsyth LLP
7 Times Square
New York, NY 10036

Jeffrey A. Worthe
Worthe, Hanson & Worthe
1851 East First Street, Ninth Floor
Santa Ana, California 92705

Frank A Silane
Rod D. Margo
Scott D. Cunningham
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postal meter date is more than one day after date of deposit for mailing in affidavit.

Executed on December 7, 2007 at Southfield, Michigan.

☒ I declare under penalty of perjury under the laws of the State of Michigan that the above is true and correct.

☒ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Phyllis L. Nelson*
Phyllis L. Nelson

Case No 07-03422-EDL

Defendant United Air Lines, Inc.'s Reply in Support of Motion for Protective Order; Declaration of Scott R. Torpey

1450503.01