JAFFE, RAITT, HEUER & WEISS, P.C.
Scott R. Torpey Cal. SB#153763
storpey@jaffelaw.com
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone:    248.351.3000
Fax:          248.351.3082

And
WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:    (714) 285-9600
Fax:          714-285-9700
Attorneys for Defendant United Air Lines, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| All Nippon Airways Company, Ltd., | Case No. 07-03422 EDL |
| Plaintiff, | **DEFENDANT UNITED AIR LINES, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY AND FOR ADDITIONAL TIME TO DEPOSE WITNESSES** |
| vs. | |
| United Air Lines, Inc., | |
| Defendant. | |

DATE:     January 29, 2008
TIME:     9:00 a.m.
CTRM:     San Francisco
JUDGE:    Elizabeth D. Laporte

Defendant United Air Lines, Inc., ("United") by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., hereby gives notice that the instant Motion to Compel Discovery and For Additional Time to Depose Witnesses will be heard in the courtroom of the Honorable Elizabeth D. Laporte on January 29, 2008, at 9:00 a.m.

United hereby moves this Court for entry of an order(s) under Fed. R. Civ. P. 30(d)(1) and 37(a)(1) compelling Plaintiff All Nippon Airways Company, Ltd. ("ANA"), to produce documents responsive to United's First Request to Produce to All Nippon Airways and United's Notice and Amended Notices of Taking Video Depositions, (2) granting United additional time to complete the

1   depositions of ANA pilots Yusuke Nishiguchi, Eishin Yamaguchi and Teruo Usui, and (3) awarding

2   United the costs and fees it incurred in bringing this motion. In accordance with Fed. R. Civ. P.

3   37(a)(1) and Civ. L.R. 1-5(n) of the United States District Court for the Northern District of

4   California, United provides the Declaration of Scott Torpey, attached as **Exhibit A** to the supporting

5   brief, to establish that it has in good faith conferred or attempted to confer with ANA in an effort to

6   secure ANA's cooperation without court action.

7

8                                               s/Scott R. Torpey
9                                               Jaffe, Raitt, Heuer & Weiss
                                                27777 Franklin Road, Suite 2500
10                                              Southfield, Michigan 48034-8214
                                                Phone: (248) 351-3000
11                                              E-mail:storpey@jaffelaw.com
                                                SB#153763
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 07-03422 EDL

I480117 04

Defendant United Air Lines, Inc.'s Motion to Compel
Discovery and For Additional Time to Depose Witnesses

Jaffe, Raitt, Heuer & Weiss, P.C.
Scott R. Torpey Cal. SB#153763
storpey@jaffelaw.com
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone:     248.351.3000
Fax:               248.351.3082

And
WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:     (714) 285-9600
Fax:               714-285-9700
Attorneys for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| All Nippon Airways Company, Ltd., | Case No. 07-03422 EDL |
| Plaintiff, | **DEFENDANT UNITED AIR LINES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY AND FOR ADDITIONAL TIME TO DEPOSE WITNESSES** |
| vs. | |
| United Air Lines, Inc., | |
| Defendant. | |

DATE:     January 29, 2008
TIME:      9:00 a.m.
CTRM:    San Francisco
JUDGE:   Elizabeth D. Laporte

1

## **TABLE OF CONTENTS**

2

3    Index of Authorities .................................................................................... ii

4    Statement of Issues Presented ...................................................................... iv

5    I.    Introduction ......................................................................................... 1

6    II.   Background and Procedural History ..................................................... 1

7    III.  Argument .............................................................................................. 6

8         A.    United Is Entitled To An Order Compelling ANA To Produce Additional
9               Documents .................................................................................. 6

10              (1)    Standards Applicable to Motion to Compel ................... 6

11              (2)    Deposition Notice Document Requests ........................... 7

12              (3)    United's First Request to Produce ................................ 10

13        B.    Good Cause Exists For Granting United Additional Time To Depose the
14              Pilots ........................................................................................ 15

15        C.    United Is Entitled To An Award Of Costs .................................... 18

16   IV    Conclusion ............................................................................................ 18

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 07-03422 EDL    -i-    Defendant United Air Lines, Inc.'s Motion to Compel
Discovery and For Additional Time to Depose Witnesses

1480117.04

1

## INDEX OF AUTHORITIES

2

3     **Cases**

*Buschmann v. Little Rock National Airport,*
4     222 F.R.D. 114 N.D.Tex. 2004) ............................................................... 12

5     *Hickman v. Fox Television Station, Inc.,*
      231 F.R.D. 248 (S.D.Tex. 2005) .............................................................. 16
6

7     *In re Air Crash at Lexington, Ky.,*
      2007 WL 4321865 at *3 (E.D.Ky.) ......................................................... 12
8

      *LaPlante v. Estano,*
9     226 F.R.D. 439, 439-40 (D. Conn. 2005) ................................................ 16

10    *McCoy v. Southwest Airlines Company, Inc.,*
      208 F.R.D. 617 (C.D.Cal 2002) ................................................... 11, 12, 13
11

12    *Pace v. Palmetto,*
      2007 WL 470477 at *2 (M.D. Fla.) .......................................................... 16
13

14    *Richmark Corp. v. Timber Falling Consultants,*
      959 F.2d 1468 (9th Cir. 1992) ............................................................... 9, 10

15    *Soto v. City of Concord*, 162 F.R.D. 603 (N.D.Cal. 1995) ........................... 6

16

17    **Statutes**
      49 U.S.C. § 1114 ...................................................................................... 10
18
      49 U.S.C. § 1154 ...................................................................................... 10
19
      49 U.S.C. § 1154(a)(3) ........................................................................ 11, 13
20

21    **Other Authorities**

22    7 MOORE'S FEDERAL PRACTICE § 30.45 .................................................... 16

23    Senate Report No. 101-450, 1990 U.S.C.C.A.N. 6376 .............................. 11

24
      **Rules**
25    Fed. R. Civ. P. 26(b)(1) ............................................................................. 6

26    Fed. R. Civ. P. 30 ................................................................................ 16, 17

27

28

Defendant United Air Lines, Inc.'s Motion to Compel
Discovery and For Additional Time to Depose Witnesses

1480117.04

Fed. R. Civ. P. 30(b)(2) .............................................................................. 6

Fed. R. Civ. P. 30(d) ................................................................................. 16

Fed. R. Civ. P. 30(d)(1) ............................................................................ 15

Fed. R. Civ. P. 30(d)(2) ......................................................................... 15, 16

Fed. R. Civ. P. 34 ..................................................................................... 6

Fed. R. Civ. P. 34(a) .................................................................................. 6

Fed. R. Civ. P. 34(b)(2)(A) ......................................................................... 10

Fed. R. Civ. P. 37 .................................................................................... 18

Fed. R. Civ. P. 37(a)(3)(B)(iv) ...................................................................... 6

Fed. R. Civ. P. 37(a)(4) ............................................................................... 6

Fed. R. Civ. P. 37(a)(5)(A) ......................................................................... 18

Fed. R. Civ. P. Rule 26(b) ............................................................................ 6

**Regulations**

14 C.F.R. § 61.153(b) .................................................................................. 4

1480117.04

1

2

## STATEMENT OF ISSUES PRESENTED

I.   Should Plaintiff All Nippon Airways Company, Ltd ("ANA") be compelled to produce additional documents in response to Defendant United Air Lines, Inc.'s ("United") requests for production of documents where ANA was properly served with such requests pursuant to Fed. R. Civ. P. 30(b)(2) and 34, the requested documents are relevant and discoverable under Fed. R. Civ. P. 26, and ANA has neither provided all responsive documents nor asserted any valid objections to producing the requested information?

United Answers "Yes"

II.  Does good cause exist to allow United additional time to complete the depositions of ANA's flight crew pursuant to Fed. R. Civ. P. 30(d)(1) where the time available to United to conduct the depositions was drastically reduced due to the fact that all questions, answers and objections were translated from English to Japanese and *vice versa*, ANA's witnesses and counsel engaged in obstructive tactics, and ANA did not produce requested documents in advance of the depositions?

United Answers "Yes"

III. Is United entitled to an award of costs and fees pursuant to Fed. R. Civ. P. 37 where this motion was necessitated by ANA's failure to comply with its discovery obligations, ANA's conduct was not substantially justified, and no other circumstances exist that would make an award of expenses unjust?

United Answers "Yes"

Defendant United Air Lines, Inc.'s Motion to Compel Discovery and For Additional Time to Depose Witnesses

1480117.04

1    **I.    Introduction**

2    This motion is necessitated by Plaintiff All Nippon Airways Company, Ltd 's ("ANA"),

3    failure to produce relevant and discoverable information that Defendant United Air Lines, Inc.

4    ("United"), needs to adequately prepare for trial   Most critically, ANA refuses to produce an

5    unedited copy of the cockpit voice recording ("CVR") made at the time of the airplane collision that

6    is the subject of this lawsuit   ANA contends that federal law bars discovery of the CVR, but this

7    contention is supported by neither the law nor the facts   Rather, by federal statute, courts are

8    authorized to order production of a CVR where the requesting party's right to a fair trial would be

9    impaired absent the production   United cannot fairly defend against ANA's claims or prosecute its

10    counterclaims without this critical piece of evidence   In addition, United has asked for, and has

11    been denied, a wealth of other information, including ANA's Flight Operations Manuals, training,

12    disciplinary and certification information for ANA's flight crew, conflict resolution policies and

13    documents relating to the parties' ground handling agreement   ANA must be ordered to produce

14    these materials.

15    In addition, United seeks additional time to complete the depositions of ANA's flight crew.

16    United recently deposed all three pilots, who are Japanese   However, due the obstruction of the

17    witnesses and counsel, United did not complete the depositions   All three pilots were consistently

18    evasive, and counsel interposed many legally baseless objections that disrupted the proceedings

19    This was compounded by the fact that ANA insisted on full English-Japanese translation of all

20    questions, answers and objections even though each member of the ANA flight crew speaks and

21    understands English   In addition, United did not have an opportunity to examine these witnesses

22    with respect to the documents it seeks in this motion, since ANA has refused to provide them   For

23    these reasons, good cause exists for granting United additional time to depose ANA's flight crew.

24    **II.    Background and Procedural History**

25    This action arises out of a collision that took place at San Francisco International Airport on

26    October 7, 2003 between an ANA airplane and a United airplane   The ANA plane was under

27    power, taxiing to a runway, when its right wing tip hit the right wing tip of United's stationary

28

-1-

Defendant United Air Lines, Inc 's Motion to Compel
Discovery and For Additional Time to Depose Witnesses

1    plane, causing significant damage to both  ANA filed suit, alleging that the accident was a result of

2    the negligence of United's ground crew and pilots.  United has filed counterclaims, alleging that

3    ANA's pilots were negligent and that ANA breached the terms of the parties' Standard Ground

4    Handling Agreement ("SGHA").  (*See* Docket Entry No. 6).

5         On July 24, 2007, United served ANA with a Notice of Taking Video Depositions of Teruo

6    Usui, Eishin Yamaguchi, and Yusuke Nishiguchi (the "Notice"), who comprised the flight crew that

7    was operating ANA's aircraft when the collision occurred  (Declaration of Scott Torpey ("Torpey

8    Decl."), ¶ 2, Ex. 1).  United noticed the depositions to be held in San Francisco.  ANA subsequently

9    requested that the depositions be held in its attorney's Los Angeles office rather than in San

10   Francisco.  (Torpey Decl. ¶ 3).  United agreed to accommodate this request.  Accordingly, on

11   September 12, 2007, United served ANA with an Amended Notice of Taking Video Depositions

12   (the "Amended Notice"), re-noticing the depositions for November 27-29, 2007 in Los Angeles.

13   (Torpey Decl ¶ 4, Ex. 2)      In the notices, United requested that ANA bring certain documents to

14   the depositions [1]  United asked for documents reflecting accidents, incidents and disciplinary actions

15   involving ANA's flight crew, training and certification records for the flight crew, and documents

16   regarding the SGHA.  On November 16, 2007, United served its Third Amended Notice of Taking

17   Video Depositions (the "Third Notice"), adding to its previous document requests a request for

18   copies of the current ANA Flight Operations Manual, the Manual that was in effect on the date of

19   the incident, any documents that ANA or the flight crew were required to have on board the aircraft,

20   and routing documents for the flight.  (Torpey Decl. ¶ 5, Ex. 3).

21        In addition to these document requests, on October 12, 2007, United served ANA with its

22   First Request to Produce.  (Torpey Decl. ¶ 6, Ex. 4).  As it did in the deposition notices, United

23   asked for information regarding the pilots, including disciplinary records from 1995 to date, training

24   and certification records from 1995 to date, and records related to any accident or incidents they

25

26   _____

     [1]  United served ANA with a Second Amended Notice of Taking Video Depositions on September

27   27, 2007 to correct Exhibits A and B to the Amended Notice, which misidentified the date of the
     collision.  United requested no additional documents in the Second Amended Notice.

28                                              -2-

Case No 07-03422 EDL                                    Defendant United Air Lines, Inc.'s Motion to Compel
                                                                        Discovery and For Additional Time to Depose Witnesses

1480117 04

1    were involved in from 1995 to date. United also asked for an unedited copy of the cockpit voice

2    recording (CVR) taken at the time of the accident, ANA's conflict resolution policies, and

3    documents regarding the SGHA and the annexes thereto

4    United received ANA's response to the First Request to Produce on November 19, 2007

5    (Torpey Decl ¶ 7, Ex. 5). ANA objected to every single request and produced minimal documents

6    Regarding United's requests for information about the flight crew, ANA raised several objections,

7    including, for the first time, an objection based upon "Japan's Act on the Protection of Personal

8    Information." Nonetheless, ANA stated that the information would be produced at the depositions if

9    the pilots agreed to waive the protections of the Act. Further, ANA agreed to make the CVR

10   available for inspection and copying. Notably, ANA did not object to production of the CVR on the

11   ground that federal law barred its discovery. With regard to the conflict resolution policies, ANA

12   produced nothing, stating that it was "currently searching its records to locate documents responsive

13   to this request and will produce any non-privileged documents response to this request that may be

14   located." *Id.* Also, ANA produced only 10 pages of documents regarding the SGHA

15   When the deposition of the pilot in command, Mr. Yamaguchi, commenced on November

16   27, 2007, it quickly became apparent that ANA was intent upon erecting as many barriers as

17   possible to conducting complete depositions[2]   Regarding United's document requests, ANA

18   produced a few, redacted pages (in Japanese) regarding the pilots' training and certification and an

19

20   [2]   ANA demonstrated its lack of good faith before the depositions as well. On November 19, 2007
21   – only eight days before the depositions – ANA's attorney e-mailed United's attorney stating
     that he now intended to produce the pilots for deposition in San Francisco rather than Los
22   Angeles, even though United moved the depositions to Los Angeles at the request of ANA's
     counsel. This unilateral change was purportedly made to accommodate the pilots' work
23   schedules, as counsel indicated they would be flying in and out of San Francisco on working
     flights. This assertion proved at the depositions to be false, as all three pilots testified that they
24   flew into San Francisco as passengers, were flying out as passengers, and would not be working
     again for several days. As a result of the change in the location, United incurred thousands of
25   dollars in additional expenses   United's Detroit-based lead counsel had to cancel his guaranteed
     ticket to Los Angeles and buy a new, more expensive ticket to San Francisco   Also, United
26   incurred hotel and meal expenses for its Los Angeles-based interpreter and co-counsel for four
27   days   (Torpey Decl ¶ 8, Ex. 6).

28                                                      -3-

Case No  07-03422 EDL                                          Defendant United Air Lines, Inc 's Motion to Compel
                                                                                     Discovery and For Additional Time to Depose Witnesses

1480117 04

1   incomplete version of its current Operations Manual. Nothing else of substance was produced.

2   Further, to make the most use of the time, United's counsel proposed that the deposition be taken

3   primarily in English and that the interpreters be used only where necessary. This proposal was

4   reasonable considering that Mr. Yamaguchi, Mr. Nishiguchi and Mr. Usui all understand and speak

5   English, as required for commercial airline pilots under Federal Aviation Administration ("FAA")

6   Regulations.[3] ANA's counsel declined the offer without even attempting to proceed in English,

7   insisting that every question, answer and objection be translated. This drastically reduced the time

8   available to United to conduct the depositions, and the delay was compounded by the fact that both

9   United and ANA had interpreters present. (Torpey Decl. ¶ 9, Ex. 7, pp. 12-15) In addition, ANA's

10  counsel did not even allow United the full seven hours available under Fed. R. Civ. P. 30(d)(1) for

11  the deposition of Mr. Yamaguchi. Counsel unilaterally terminated the deposition for absolutely no

12  reason after only 6 hours and 36 minutes on the record, which, in actual deposition time, was closer

13  to three to four hours given the extensive delay caused by the English/Japanese translation, the

14  objections posed by ANA's attorney and argumentation over various issues. (Torpey Decl. ¶ 9, Ex.

15  7, pp. 136-37; Torpey Decl. ¶ 10, Ex. 8).

16      This delay was further compounded by the fact that all three pilots gave evasive and non-

17  responsive testimony, aided by counsel's suggestive objections. A glaring example of this occurred

18  during Mr. Nishiguchi's deposition. During that deposition, United's attorney asked Mr. Nishiguchi

19  clear and direct questions as to what he would do if there was a potential conflict between his plane

20  and another plane and he was unsure whether a collision would occur. Mr. Nishiguchi spent 45

21  minutes dodging the questions. Taking a cue from the "form, foundation and incomplete

22  hypothetical" objections repeatedly raised by ANA's attorney during this exchange, Mr. Nishiguchi

23  ultimately refused to give any substantive answer, stating that he could not answer "hypothetical

24  questions the conditions of which are incomplete." (Torpey Decl. ¶ 11, Ex. 9, pp. 42-57). During

25

26

27  [3]  See 14 C.F.R. § 61.153(b)("To be eligible for an airline transport pilot certificate, a person
     must . . [b]e able to read, speak, write, and understand the English language.")

28

1   just this exchange with Mr. Nishiguchi, ANA's counsel objected no less than 17 times. *Id.* These

2   unnecessary objections further impeded a process already made difficult by the full translation and

3   the witness' refusal to answer.

4          United's counsel went through a nearly identical exchange with Mr. Usui, who, cued by the

5   objections of ANA's attorney, refused to answer questions about what he would do if there was a

6   potential conflict between his airplane and another plane. (Torpey Decl. ¶ 12, Ex. 10, pp 34-58)

7   This evasion lasted for over one hour, when United's counsel abandoned the line of questioning as it

8   was clear that Mr. Usui was not going to respond. ANA's counsel raised 29 baseless form,

9   foundation and incomplete hypothetical objections during this span of the deposition. *Id.* Again,

10  these objections added to the difficulty of the process and were wholly unnecessary. The transcripts

11  are rife with examples of the deponents' evasiveness and refusal to give answers to clear and direct

12  questions. (*See* Torpey Decl. ¶ 9, Ex. 7, pp. 76-93, 96-98, 99-102, 115-16, 120-24, 126, 134-35; ¶

13  11, Ex. 9, pp 24-28, 42-57, 67-68; ¶ 12, Ex. 10, pp. 34-58, 64-68, 80-84, 88, 97, 107).

14         Following the depositions, on or about December 13, 2007, ANA served United with its

15  supplemental response to United's First Request to Produce. (Torpey Decl. ¶ 13, Ex. 11). However,

16  this production was still incomplete. ANA produced no additional documents related to the SGHA

17  and no additional documents regarding the pilots' training, discipline and certifications. Further,

18  ANA asserted, for the first time, that discovery of the CVR was barred as a matter of federal law.

19         As outlined above, ANA has failed to produce documents responsive to both the deposition

20  notices and the First Request to Produce served by United. ANA has asserted no valid basis for

21  continuing to withhold these documents from United. United seeks an order compelling ANA to

22  produce all responsive documents, and an award of costs and attorney fees to compensate it for

23  having to file this motion. Moreover, United requests leave for additional time to complete the

24  depositions of the pilots. Due to the full English/Japanese translation, the obstructive actions of

25  ANA's witnesses and counsel and ANA's failure to produce critical documents and materials,

26  United was denied the opportunity to conduct complete depositions of the pilots. Good cause exists

27

28

1480117.04

1  for allowing United additional time to do so, and for the depositions to be conducted at ANA's

2  expense.

3  **III.    Argument**

4      **A.    United Is Entitled To An Order Compelling ANA To Produce Additional
5             Documents**

6          **(1)    Standards Applicable to Motion to Compel**

7      United properly served document requests upon ANA pursuant to both Fed. R. Civ. P.

8  30(b)(2) and 34. Rule 30(b)(2) states that a deposition notice "may be accompanied by a request

9  under Rule 34 for the production of documents and tangible things at the deposition." Rule 34(a)

10 permits a party to obtain discovery of documents and other tangible items which constitute matters

11 within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon

12 whom the request is served  As the court recognized in *Soto v. City of Concord*, 162 F.R.D. 603,

13 610 (N.D.Cal. 1995), these provisions allow for a party to obtain broad discovery of documents and

14 other tangible items in the possession of the opposing party:

16          Under the Federal Rules of Civil Procedure, the parties may obtain
17          discovery regarding any matter that is (1) "not privileged" and (2) "relevant
            to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1)
18          Furthermore, "[t]he information sought need not be admissible at the trial if
            the information sought appears reasonably calculated to lead to the
19          discovery of admissible evidence." *Id.* The scope of discovery under the
            Federal Rules is extremely broad.  A relevant matter is "any matter that
20          bears on, or that reasonably could lead to other matters that could bear on,
            any issue that is or may be in the case."
21
22      Where a party fails to respond to a Rule 34 document request, the party serving the request

23 "may apply for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(3)(B)(iv)  For

24 the purposes of a motion to compel, "an incomplete disclosure, answer, or response is to be treated

25 as a failure to disclose, answer, or respond  Fed. R. Civ. P. 37(a)(4).

-6-

(2)    **Deposition Notice Document Requests**

Turning first to the requests contained in United's deposition notices, as noted above, United asked for, in relevant part, the following:

ANA PILOT FILES:  With regard to Teruo Usui, Bishin Yamaguchi, and Yusuke Nishiguchi, produce unredacted copies of all file materials reflecting with regard to each of these ANA pilots, any accident/incidents which they were involved between 1995 to date, any disciplinary actions between 1995 to date, and records pertaining to their training and certification between 1995 to date. To the extent you claim work product/privilege, provide a log with regard to those documents being withheld.

ANA OPERATIONS MANUAL:  Produce a complete copy of the ANA operations manual in effect on October 7, 2003 pertaining to the ANA 777 aircraft involved in the October 7, 2003 collision at SFO. Also, produce a copy of same as it exists today.

PUBLICATIONS REQUIRED TO BE ON BOARD: With regard to all publications which ANA and/or its flight crew were required to have on board the ANA aircraft on October 7, 2003, including but not limited to required publications relating to operating the aircraft at SFO and/or out of SFO to Japan and/or into Japan, produce a copy of same as they existed that day. Also, produce a copy of same as they exist today

PUBLICATIONS REQUIRED TO BE ON BOARD: With regard to all publications which ANA and/or its flight crew were required to have on board the ANA aircraft on October 7, 2003, including but not limited to required publications relating to operating the aircraft at airports within Japan and/or from Japan to SFO.

ROUTING:    Produce documentation reflecting the requested and/or assigned routing for the ANA aircraft on October 7, 2003 for the intended departure to Japan prior to the collision.

With respect to the ANA pilot files, ANA cited a Japanese privacy law as a basis for withholding the documents, but indicated that the documents would be produced at the depositions if the pilots agreed to release of the information.[4]   At the deposition, all three pilots testified that

---

[4]   The information regarding the pilots was also requested in United's First Request to Produce. To avoid duplication, the issue will be fully addressed here. For the Court's convenience, the document requests, and ANA's response, are reprinted below:

Case No. 07-03422 EDL                Defendant United Air Lines, Inc's Motion to Compel
                                     Discovery and For Additional Time to Depose Witnesses

1480117 04

1  they did not object to producing the information to United. (*See* Torpey Decl. ¶ 9, Ex. 7, p. 33-34; ¶

2  11, Ex. 9, pp. 109; ¶ 12, Ex. 10, pp. 25). Nevertheless, ANA produced only portions of the

3  requested information, and it was in Japanese and heavily redacted. Based upon the pilots'

4  testimony, this information should be produced, in its entirety and in unredacted form [5]

**REQUEST FOR PRODUCTION NO. 2**: With regard to ANA Pilot Teruo Usui, produce documents reflecting disciplinary action(s) of any type relating to him, whether relating to the accident at issue in this litigation or any other matter for which he was disciplined.

**REQUEST FOR PRODUCTION NO. 3**: With regard to ANA Pilot [E]ishin Yamaguchi, produce documents reflecting disciplinary action(s) of any type relating to him, whether relating to the accident at issue in this litigation or any other matter for which he was disciplined.

**REQUEST FOR PRODUCTION NO. 4**: With regard to ANA Pilot Yusuke Nishiguchi, produce documents reflecting disciplinary action(s) of any type relating to him, whether relating to the accident at issue in this litigation or any other matter for which he was disciplined.

**REQUEST FOR PRODUCTION NO. 6**: With regard to Teruo Usui, Bishin Yamaguchi, and Yusuke Nishiguchi, produce unredacted copies of all file materials reflecting with regard to each of these ANA pilots, any accident/incidents which they were involved between 1995 to date, any disciplinary actions between 1995 to date, and records pertaining to their training and certification between 1995 to date. To the extent you claim work product/privilege, provide a log with regard to those documents being withheld.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2, 3, 4 and 6**: See General Objections. ANA also objects on the grounds that this Request is overly broad, not relevant to any claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence. ANA further objects on the grounds that any documents responsive to this request would be subject to Japan's Act on the Protection of Personal Information and subject to a Determination by the individuals to assert the protection of the Act. ANA's crew members may waive personal protection under the Act and may produce the requested documents, if any exist, at their deposition.

[5] In Request No. 6 of its First Request to Produce, United asked for the same information about the pilots as it requested in the deposition notice. In its supplemental response to the First Request to Produce, ANA stated that it would produce documents responsive to Document Request No. 6 once a confidentiality order had been finalized. ANA's failure to produce these documents is puzzling considering that it produced some responsive documents at the pilot's

-8-

1    Regarding the Flight Operations Manual, ANA provided United with only two pages of the

2    current English-language version, together with several supplemental pages, and one page of two

3    prior versions of the Japanese-language Manual.[6]    This production is insufficient.    At Mr

4    Yamaguchi's deposition, ANA's counsel stated that the pages ANA produced were from the "only

5    conceivably relevant section" of the Manuals.  (Torpey Decl. ¶ 9, Ex. 7, pp. 8-9).  It is not up to

6    ANA to make its own determination as to what is "conceivably relevant" – United asked for

7    *complete* copies of ANA's Operations Manual and ANA did not object.  Moreover, Mr. Yamaguchi

8    confirmed at his deposition that not all "conceivably relevant" sections were produced.    When

9    United's counsel asked Mr. Yamaguchi, the pilot in command, whether he had authority to delegate

10   taxiing responsibility to the first officer, Mr. Yamaguchi testified that he had such authority under

11   the terms of the Manual and that the provision giving him authority was not in the portion of the

12   Manual produced at the deposition.  (Torpey Decl. ¶ 9, Ex. 7, pp. 75-76).  Therefore, the manual

13   does, in fact, contain other relevant and discoverable information.  United is entitled to *complete*

14   copies of both Manuals, both the English and Japanese versions, not just the cherry-picked pages

15   selected by ANA

16       Further, ANA has not produced any of the documents ANA and its pilots are required to

17   have on board the aircraft or the routing documents.  Again, ANA did not object to producing these

18   documents, which would include route manuals, pilot log books, journey logs and minimum

19   equipment lists.  (Torpey Decl. ¶ 9, Ex. 7, pp. 46-49; ¶ 11, Ex. 9, p. 14;)  ANA has thus waived any

20   objections and must be compelled to produce these materials.  *See Richmark Corp v Timber*

21   *Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)("It is well established that a failure to

22   object to discovery requests within the time required constitutes a waiver of any objection.").

23

24       depositions on the agreement that they would retroactively be made subject to any protective
         order entered.  Nevertheless, United will withdraw this portion of the motion if these documents
25       are received prior to the hearing and it appears that all responsive documents have been
26       produced.
         [6]  The Japanese and English-language versions of the Manual differ substantively.  Both versions
27       should have been produced, and in their entirety.

28
     Case No. 07-03422 EDL                                          Defendant United Air Lines, Inc.'s Motion to Compel
                                                                    Discovery and For Additional Time to Depose Witnesses
     1480117.04

1

### (3)    United's First Request to Produce

2    ANA has also failed to produce documents responsive to United's First Request to Produce,

3    served on October 12, 2007

4    In Request for Production No. 5, United requested an unedited copy of the CVR from the

5    ANA aircraft. This request, and ANA's response, are stated below:

6
7    **REQUEST FOR PRODUCTION NO. 5:**    With regard the cockpit
    voice recorder in the ANA aircraft on the date of the incident involved in
8    this litigation, produce an unedited copy of the CVR tape reflecting all
    conversation between the ANA crew and United ramp control, air traffic
9    control, ground personnel and/or between the ANA pilots

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**  See General
    Objections. Without waiving these objections, the CVR recording will be
11    made available for copying at the office of Condon & Forsyth LLP, 1901
    Avenue of the Stars – Suite 850, Los Angeles, CA 96007, subject to a
12    Confidentiality Order acceptable to ANA's flight crew.

13    Though it originally agreed to make the CVR available for inspection and copying, ANA

14    reversed course in its supplemental response, stating that the CVR was not discoverable under 49

15    U.S.C. §§ 1114, 1154. ANA did not raise this objection within the 30-day time limit of Fed. R. Civ.

16    P. 34(b)(2)(A). Accordingly, it has waived the objection and should be ordered to produce a copy of

17    the CVR on this basis alone. *See Richmark, supra*, 959 F.2d at 1473. In any event, ANA's assertion

18    that §§ 1114, 1154 bar discovery of the CVR is simply incorrect. The cited statutes do not preclude

19    discovery of a CVR but, instead, provide a mechanism for a party to obtain an unedited copy of a

20    CVR in litigation. As discussed below, production of an unedited copy of the CVR is not only

21    warranted in this matter, it is essential if United is to obtain a fair trial.

22    The discoverability of CVRs is governed by 49 U.S.C. § 1154.[7] The statute states, in

23    relevant part:

24

25

26    [7]  49 U.S.C. § 1114 addresses the duties and responsibilities of the National Transportation Safety
    Board ("NTSB") with regard to information it receives in the course of an investigation. This
27    section is inapplicable, as United has not sought information from the NTSB.

28                                    -10-

Case No 07-03422 EDL                    Defendant United Air Lines, Inc 's Motion to Compel
Discovery and For Additional Time to Depose Witnesses

1480117 04

(3) Except as provided in paragraph (4)(A) of this subsection, a court may allow discovery by a party of a cockpit or surface vehicle recorder recording if, after an *in camera* review of the recording, the court decides that--

(A) the parts of the transcript made available to the public under section 1114(c) or 1114(d) of this title and to the party through discovery under paragraph (2) of this subsection do not provide the party with sufficient information for the party to receive a fair trial; and

(B) discovery of the cockpit or surface vehicle recorder recording is necessary to provide the party with sufficient information for the party to receive a fair trial.

49 U.S.C. § 1154(a)(3)

Courts have not hesitated to order production of a CVR where, as here, the requesting party has demonstrated a substantial need for it. For instance, in *McCoy v. Southwest Airlines Company, Inc.*, 208 F.R.D. 617 (C.D.Cal.2002), a case involving a runway overrun accident, the plaintiffs filed a motion to compel the defendant airline to produce an unedited copy of the CVR. The court granted the motion, finding that production of the complete CVR was necessary to afford the plaintiffs a fair trial:

One of the major purposes behind the enactment of Section 1154 was to safeguard or protect the National Traffic Safety Board ("NTSB") against premature public speculation regarding the cause of any airline crash so it may "conduct a full and fair investigation." *See* Senate Report No. 101-450, 1990 U.S.C.C.A.N. 6376, 6381. Since the NTSB has already concluded its investigation and issued its report regarding the probable cause of the Burbank crash, this purpose is not adversely affected by plaintiffs' discovery of the CVR tape.

Further, plaintiffs persuasively argue that the tape is needed for a fair trial since the transcript of the CVR tape of the Burbank crash is insufficient to allow them to prosecute their claims, or to meet their heightened burden regarding punitive damages ... First, plaintiffs argue that since the transcript of the CVR tape was reached by the group consensus of several persons listening to the tape at the behest of the NTSB, that consensus might not be accurate; rather, an expert may determine that a word on the tape is different than the word agreed upon by the persons reviewing the tape. Second, plaintiffs note that the tape in incomplete, missing approximately 51 words and deleting approximately 11 words viewed as "expletives." Even more importantly, the tape fails to reflect changes in voice tone, tempo, volume

-11-

Case No. 07-03422 EDL                    Defendant United Air Lines, Inc.'s Motion to Compel
                                          Discovery and For Additional Time to Depose Witnesses

1480117.04

1    and inflection, all of which are important. Finally, plaintiffs argue that the
2    tape does not accurately reflect the noises heard in the cockpit during the
     recording, and such noises can help an expert recreate exactly what
     happened in the cockpit.

     The Court, having reviewed all papers and having listened to the CVR tape
     (all tracks), hereby grants plaintiffs' motion. The Court specifically finds
     that the tape is one of the few neutral pieces of evidence available to
     plaintiffs to support their claims, and, as such, it is clearly relevant under
     Rule 26(b). Moreover, the transcript of the tape is insufficient since, as
     plaintiffs note, it is not complete and it does not reflect noises that might be
     meaningful to plaintiffs' experts. Additionally, the tape may be used to
     impeach the pilots or controllers, whose recollection of the events may be
     self-serving. Finally, a protective order will prevent the dissemination of the
     CVR tape in a manner contrary to Congress' intent in enacting 49 U.S.C. §
     1154.

*McCoy*, 208 F.R.D. at 620 (citations omitted). *See also In re Air Crash at Lexington, Ky.*, 2007 WL 4321865 at *3 (E.D.Ky.)("[T]he transcript does not provide the parties with sufficient information to receive a fair trial and therefore discovery of the recording is necessary to provide sufficient information for the parties to receive a fair trial.")

Many of the factors the court relied upon in *McCoy* in granting the plaintiffs' motion are present here, and there are additional factors that make United's request even more compelling. As in *McCoy*, the NTSB has completed its investigation of the collision and has issued a report.[8] Therefore, disclosure of an unedited copy of the CVR would not undermine the purposes of the statute. *See also Buschmann v. Little Rock National Airport*, 222 F.R.D. 114, 117 (N.D.Tex. 2004)("The primary motivation behind the enactment of section 1154 was to prevent private litigants from interfering with an ongoing NTSB investigation. Because the NTSB has concluded its investigation of the crash and issued a final report, that concern is no longer an issue."). Further, a complete CVR provides the only objective, contemporaneous account of what occurred in the cockpit of the ANA plane leading up to the event and as it was taking place. Witness statements have been taken and the matter has been investigated by the parties and the NTSB. However, these after-the-fact examinations are no substitute for a real-time snapshot of what ANA's flight crew said

---

[8]    The NTSB released its report to the public on March 30, 2005. (Torpey Decl. ¶ 14, Ex. 12.)

Case No. 07-03422 EDL                                    Defendant United Air Lines, Inc.'s Motion to Compel
                                                          Discovery and For Additional Time to Depose Witnesses
1480117.04

1  and did as the event was taking place. The CVR will capture the interactions between the pilots,

2  their state of mind, what they observed, when they observed it, and what actions they took, if any, to

3  avoid the collision.[9]    All of this information is essential to United's reconstruction and

4  understanding of how the accident occurred. In addition, the very partial transcript that exists in this

5  case was prepared by ANA and submitted to the NTSB, which did not prepare its own transcript

6  (Torpey Decl. ¶ 16, Ex. 13). This transcript contains only very limited communications between

7  ANA's pilots, the Ramp Tower and Ground Control. It contains no communications between the

8  pilots themselves, such as would be recorded by the area microphone in the cockpit, and the

9  communications stop before the collision even took place. Thus, the only transcript United has had

10  access to is a truncated one prepared by an interested party that provides no detail regarding the

11  interactions between the pilots. As such, it is plainly insufficient to afford United a fair opportunity

12  to discover key facts regarding the accident.

13       Moreover, as the court noted in McCoy, "the tape may be used to impeach the pilots . . whose

14  recollection of the events may be self-serving." *Id* at 620. Only ANA's pilots have first-hand

15  knowledge of what they observed and did. United is entitled to obtain the one piece of discovery

16  that will most effectively permit it to probe the pilots' statements and challenge their version of

17  events. Finally, it would be manifestly unjust to prevent disclosure of the CVR. ANA chose to

18  bring this lawsuit, and placed its pilots' conduct in issue by doing so. Having chosen to pursue

19  litigation, it should not be permitted to shield from discovery critical evidence that directly reflects

20  upon the actions of the pilots.

21       For these reasons, United is entitled to a complete, unedited copy of all 6 audio files from

22  ANA's CVR. In accordance with 49 U.S.C. § 1154(a)(3), United requests that the Court order ANA

23  to produce the original generation (not a copy) of the 6 audio files from the CVR for *in camera*

24

25  [9]  14 C.F.R. § 91.609(e)(2) requires that the CVR be powered up from the commencement of the

26  pre-flight checklist by the pilots until the completion of the final checklist at the end of the flight.
    On information and belief, the CVR in the ANA airplane consisted of six audio files, including a

27  recording taken by the cockpit's area microphone and a combined interphone/p.a. recording.
    (Torpey Decl. ¶ 15). United seeks production of all 6 of these CVR files.

28                                                        -13-

Case No 07-03422 EDL.                          Defendant United Air Lines, Inc.'s Motion to Compel
                                                       Discovery and For Additional Time to Depose Witnesses

1480117.04

1   inspection and, following such inspection, that it enter an order directing ANA to produce an

2   unedited, complete copy to United. United also requests that the order directing such production

3   allow United and/or its experts the opportunity to listen to the original CVR if necessary.

4       Turning to Request for Production No. 7, in that request, United asked for documents

5   regarding the SGHA. The request and response are set forth below:

6       ### REQUEST FOR PRODUCTION NO. 7:
        With regard to the "Standard Ground Handling Agreement" including
7       "Annex A – Ground Handling Services" and "Annex B – United Service
        IATA Standard Ground Handling Agreement" attached to the "Standard
8       Ground Handling Agreement" between ANA and United in effect on
        October 7, 2003, produce all documents which reflect or pertain to the
9       negotiating of the terms of this contract, the intent/interpretation of ANA
        with regard to the term contained in that contract, and the applicability or
10      inapplicability of the agreement with regard to the events of October 7, 2003
        at SFO which is the subject of this litigation. To the extent you claim any of
11      these documents as work product/privileged, provide a log with regard to
        those documents being withheld [10]
12

13
        ### RESPONSE TO REQUEST FOR PRODUCTION NO. 7:
14      See General Objections. Without waiving these objections, ANA states that
        it will produce all non-privileged documents currently in its possession,
15      custody, or control, if any, that have not already been produced. See Bates
        Nos. ANA 001336 through 001346.
16

17      As noted above, ANA produced only 10 pages of documents in response to this request.

18  This document, together with the annexes, governs every aspect of the parties' relationship. It

19  contains provisions regarding passengers and baggage handling, marshalling, aircraft servicing and

20  maintenance, fuel and oil, flight operations and a long list of other important matters. Given the

21  significance of the SGHA, it is likely that ANA possess additional documents. ANA should be

22  compelled to produce all documents responsive to United's Request No. 7 or, if no such documents

23  exist, it should provide a supplemental answer to that effect, with no boiler-plate objections.

24      Finally, in Request for Production No. 10, United requested that ANA produce its conflict

25  resolution policies. The request and response are set out below:

26  _____

27  [10] This identical request was included in United's Third Amended Notice of Taking Video
    Depositions.

28                                              -14-
Defendant United Air Lines, Inc.'s Motion to Compel
                                                Discovery and For Additional Time to Depose Witnesses
    1480117.04

**REQUEST FOR PRODUCTION NO. 10**:  With regard to any ANA policy relative to ANA pilots clearing potential conflicts with other aircraft prior to or during taxi which was in effect before and/or after the incident involved in this litigation, produce a copy of same. To the extent the policy was modified, produce a copy of all versions of the policy.

**REQUEST FOR PRODUCTION NO. 10**:  See General Objections. Without waiving these objections, ANA is currently searching its records to locate documents responsive to this request and will produce any non-privilege documents responsive to this request that may be located.

These documents are clearly relevant and discoverable, and should have been produced in advance of the depositions, not at some future unspecified date unilaterally chosen by ANA. Setting aside the specious general objections, ANA has not raised any objection that would warrant its continued withholding of this information. Accordingly, ANA should be compelled to produce all documents responsive to Request No. 10.

**B.    Good Cause Exists For Granting United Additional Time To Depose the Pilots**

In addition to seeking additional documents, United requests additional time under Fed. R. Civ. P. 30(d)(2), to depose Mr. Yamaguchi, Mr. Nishiguchi and Mr. Usui. As a result of the full English/Japanese translation and the time-wasting tactics of the pilots and ANA's counsel, United did not have an opportunity to conduct complete depositions. Moreover, United's ability to complete these depositions was impeded by ANA's failure to produce documents. For these reasons, United is entitled to additional time to depose the flight crew.

Federal Rule of Civil Procedure 30(d)(1) places a seven-hour, one day time limit on depositions. However, the Rule also provides that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or other circumstance impedes or delays the examination." Although there is little published case law construing and applying this rule, the 2000 Advisory Committee's Note sheds light on the circumstances that constitute "good cause" for granting additional time for deposition. Two such circumstances are where translation is required and where a party has failed to produce requested documents:

-15-

> Parties considering extending the time for a deposition — and courts asked to order an extension — might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination.... If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred.

Fed. R. Civ. P. 30(d) advisory committee's note (2000); *see also* 7 MOORE'S FEDERAL PRACTICE § 30.45 ("If documents have been requested but not produced, that may justify further examination once production has occurred.")  Consistent with this point, in recent opinions, district courts have found good cause to grant additional deposition time where requested documents were withheld. *See, e.g., Pace v. Palmetto*, 2007 WL 470477 at *2 (M.D. Fla.)(where deponent failed to produce all relevant documents during his deposition, plaintiff "demonstrated good cause under Fed. R. Civ. P. 30(d)(2) for extending the deposition beyond seven hours."); *Hickman v. Fox Television Station, Inc.*, 231 F.R.D. 248, 252-53 (S.D.Tex. 2005)("A second sitting of her deposition was necessitated, of course, by Plaintiff's own failure to timely produce all responsive documents before her first deposition.").

Further, "[i]f the deponent or another person impedes or delays the examination, the court must authorize extra time." Fed. R. Civ. P. 30 advisory committee's note (2000); *see also* 7 MOORE'S FEDERAL PRACTICE § 30.45 ("For example, a court may provide additional time to depose a witness who is uncooperative and refuses to answer questions.").  Accordingly, district courts have found good cause to extend a deposition where the record establishes that a witness and/or his attorney were uncooperative and disruptive. *See, e.g., LaPlante v. Estano*, 226 F.R.D. 439, 439-40 (D. Conn. 2005)(court ordered plaintiff to submit to second day of deposition where plaintiff and counsel were "recalcitrant and uncooperative in their refusal to answer questions that seek information which is clearly relevant, not privileged, not overly broad, and not unduly burdensome.").

ANA did not even allow United to depose Mr. Yamaguchi for the full time allowed under Fed. R. Civ. P. 30(d)(1).  Counsel ended the deposition after only six and one-half hours of testimony.  Therefore, United's right to re-depose Mr. Yamaguchi is unassailable.  Further, as established above, the record reflects disruptive and uncooperative conduct that impeded the timely

-16-

1   progress of the pilots' depositions   All three pilots were consistently evasive, refusing to answer

2   straightforward questions regarding their operation of the aircraft, and counsel caused further delay

3   by posing groundless objections.  Also, ANA insisted that every question, answer, and objection be

4   translated from English to Japanese and *vice versa*, when, in fact, all three pilots fluently speak and

5   understand English.  This drastically reduced the time available to United to depose them   When

6   ANA deposes United's flight crew, it will not face this same difficulty, and will effectively have

7   twice the time that United had to depose ANA's flight crew.  Having been brought into court to

8   defend against this lawsuit, United is at least entitled to a level playing field in the discovery

9   process.  *See* Fed. R. Civ. P. 30 advisory committee's note (2000)(Parties considering extending the

10  time for a deposition--and courts asked to order an extension--might consider a variety of factors.

11  For example, if the witness needs an interpreter, that may prolong the examination.")  In addition,

12  United will have additional lines of inquiry to pursue once it obtains the documents ANA has been

13  withholding  Many of the documents containing ANA's policies and procedures, including its

14  Operations Manuals and on-board documents, have not been produced   United should be permitted

15  an opportunity to question the pilots about these policies and procedures, as well as the personnel

16  records United has requested and, if the Court orders production, the CVR

17      For these reasons, good cause exists for granting United additional time to depose each

18  member of ANA's flight crew.  Further, should the Court grant such relief, United requests that

19  ANA be ordered to pay the costs, including attorneys' fees, incurred by United to complete the

20  depositions of the pilots  The conduct necessitating United's request for additional time to take the

21  depositions could easily have been avoided by even a modicum of cooperation, and, as noted in

22  footnote 2 above, United has already incurred significant expenses by virtue of ANA's last-minute

23  change of the location of the pilots' depositions.  United is not requesting reimbursement of these

24  expenses at this point.  However, in light of ANA's conduct, it should be compelled to pay the

25  reasonable costs incurred by United to complete these depositions, including travel expenses for

26  United's attorneys and interpreter and their fees for appearing at the depositions. *See* Fed. R. Civ. P.

27  30(d)(2)("The court may impose an appropriate sanction—including the reasonable expenses and

28                                                    -17-

Case No. 07-03422 EDL                                              Defendant United Air Lines, Inc s Motion to Compel
                                                                                      Discovery and For Additional Time to Depose Witnesses

1480117.04

1  attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair

2  examination of the deponent.").

3  **C.    United Is Entitled To An Award Of Costs**

4  Fed. R. Civ. P. 37 provides for an award of costs and fees to a party who prevails on a motion to

5  compel:

> *If the Motion Is Granted (or Disclosure or Discovery Is Provided After
> Filing).* If the motion is granted—or if the disclosure or requested discovery
> is provided after the motion was filed--the court must, after giving an
> opportunity to be heard, require the party or deponent whose conduct
> necessitated the motion, the party or attorney advising that conduct, or both
> to pay the movant's reasonable expenses incurred in making the motion,
> including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to
> obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was
> substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)

As discussed at length above, this motion was necessitated by ANA's failure to comply with

its discovery obligations and failure to cooperate in the discovery process. ANA's conduct was not

substantially justified, and no other circumstances exist that would make an award of expenses

unjust. For these reasons, United requests that it be awarded the reasonable costs and fees it

incurred in bringing this motion.

**IV.    Conclusion**

For the reasons stated above, United respectfully requests that the Court **GRANT** this

motion and enter an order (1) compelling ANA to produce documents responsive to United's First

Request to Produce and Notice and Amended Notices of Taking Video Depositions, (2) granting

United additional time to complete the depositions of ANA pilots Yusuke Nishiguchi, Eishin

-18-

1   Yamaguchi and Teruo Usui, and (3) awarding United the costs and fees it incurred in bringing this

2   motion

3

4

5                                    s/Scott R. Torpey
                                     Jaffe, Raitt, Heuer & Weiss
6                                    27777 Franklin Road, Suite 2500
                                     Southfield, Michigan 48034-8214
7                                    Phone: (248) 351-3000
                                     E-mail:storpey@jaffelaw.com
8                                    SB#153763

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Scott R. Torpey (Cal. SB#153763)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Telephone:      (248) 351-3000
Facsimile:      (248) 351-3802
Email:          storpey@jaffelaw.com

        -and-

Jeffrey A. Worthe (Cal. SB# 080856)
Worthe, Hanson & Worthe
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:      (714) 285-9600
Facsimile:      (714) 285-9700
Email:          jworthe@whwlawcorp.com
Attorneys for Defendant United Air Lines, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, )<br>LTD. )<br> )<br>              Plaintiff, )<br> )<br>vs. )<br>UNITED AIR LINES, INC., )<br> )<br>              Defendant. )<br>_____ ) | Case No. C07-03422 EDL<br>Hon. Elizabeth D. Laporte |

## CERTIFICATE OF SERVICE

        I hereby certify that on December 21, 2007 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Jeffrey A. Worthe
Worthe, Hanson & Worthe
1851 E. First St., Ste. 900
Santa Ana, CA 92705

Marshall S. Turner
Condon & Forsythe LLP
7 times Square
New York, NY 10036

Dated: December 21, 2007

Frank A. Silane
Roderick D. Margo
Scott d. Cunningham
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA 90067-6010

s/Scott R. Torpey
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail: storpey@jaffelaw.com
Bar No: (P36179)

1436825.01