# EXHIBIT A

JAFFE, RAITT, HEUER & WEISS, P.C.
Scott R. Torpey Cal. SB#153763
storpey@jaffelaw.com
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: 248.351.3000
Fax: 248.351.3082

And
WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone: (714) 285-9600
Fax: 714-285-9700
Attorneys for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| All Nippon Airways Company, Ltd., <br><br> Plaintiff, <br><br> vs <br><br> United Air Lines, Inc., <br><br> Defendant. | Case No. 07-03422 EDL <br><br> **DECLARATION OF SCOTT TORPEY IN SUPPORT OF DEFENDANT UNITED AIR LINES, INC.'S MOTION TO COMPEL DISCOVERY AND FOR ADDITIONAL TIME TO DEPOSE WITNESSES** <br><br> DATE: January 29, 2008 <br> TIME: 9:00 a.m. <br> CTRM: San Francisco <br> JUDGE: Elizabeth D. Laporte |

**DECLARATION OF SCOTT TORPEY**

STATE OF MICHIGAN        )
                         )  SS.
COUNTY OF OAKLAND        )

I, Scott Torpey, being duly sworn according to law, hereby depose and states:

Case No. 07-03422 EDL
1481704.01

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc.'s Motion to Compel
Discovery and For Additional Time to Depose Witnesses

1.     I am a partner at the law firm of Jaffe Raitt Heuer & Weiss, P.C., in Southfield Michigan. I am duly licensed and qualified to practice law in California. I represent defendant United Air Lines, Inc., ("United") in the above-captioned matter, which All Nippon Airways Company, Ltd., ("ANA") filed against United on June 28, 2007. I make this Declaration in support of United's Motion to Compel to Compel Discovery and For Additional Time to Depose Witnesses and to certify, pursuant to Fed. R. Civ. P. 37(a)(1), that on December 21, 2007, I called ANA's counsel in an effort to secure the disclosure without court action. Additionally, I previously informed ANA's counsel at the recent depositions of ANA's flight crew that I would be filing a motion to compel.

2.     On July 24, 2007, United served ANA with a Notice of Taking Video Depositions of Teruo Usui, Eishin Yamaguchi, and Yusuke Nishiguchi ("Notice"), who comprised the flight crew that was operating ANA's aircraft when the collision at issue in this litigation occurred. A true and correct copy of the Notice is attached hereto as **Exhibit 1**.

3.     United noticed the depositions to be held in San Francisco. ANA subsequently requested that the depositions be held in its attorney's Los Angeles office rather than San Francisco. United agreed to accommodate this request.

4.     On September 12, 2007, United served ANA with an Amended Notice of Taking Video Depositions ("Amended Notice"), re-noticing the depositions for November 27-29, 2007 in Los Angeles. A true and correct copy of the Amended Notice is attached hereto as **Exhibit 2**. In the Notice and Amended Notice, United requested that ANA bring certain documents to the depositions. United asked for documents reflecting accidents, incidents and disciplinary actions involving ANA's flight crew, training and certification records for the flight crew, and documents regarding the SGHA.

5.     On November 16, 2007, United served its Third Amended Notice of Taking Video Depositions ("Third Notice"), adding to its previous document requests a request for copies of the current ANA Flight Operations Manual, the Manual that was in effect on the date

-2-

Case No. 07-03422 EDL
1481704.01

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc.'s Motion to Compel
Discovery and For Additional Time to Depose Witnesses

of the incident, any documents that ANA or the flight crew were required to have on board the aircraft, and routing documents for the flight. A true and correct copy of the Third Notice is attached hereto as **Exhibit 3**.

6. On October 12, 2007, United served ANA with its First Request to Produce, a true copy of which is attached hereto as **Exhibit 4**. As it did in the deposition notices, United asked for information regarding the pilots, including disciplinary records from 1995 to date, training and certification records from 1995 to date, and records related to any accident or incidents they were involved in from 1995 to date. United also asked for an unedited copy of the cockpit voice recording (CVR) taken at the time of the accident, ANA's conflict clearing policies, and documents regarding the SGHA and the annexes thereto.

7. United received ANA's response to the First Request Produce on November 19, 2007. A true and correct copy of ANA's response is attached hereto as **Exhibit 5**. ANA objected to every single request and produced minimal documents. Regarding United's requests for information about the flight crew, ANA raised boiler-plate objections and an objection based upon "Japan's Act on the Protection of Personal Information." Nonetheless, ANA stated that the information would be produced at the depositions if the pilots agreed to waive the protections of the Act. Further, United agreed to make the CVR available for inspection and copying. ANA did not object to production of the CVR on the ground that federal law barred its discovery. With regard to the conflict resolution policies, ANA stated that it was "currently searching its records to locate documents responsive to this request and will produce any non-privileged documents response to this request that may be located." *Id.* Also, ANA produced only 10 pages of documents regarding the SGHA.

8. On November 19, 2007, ANA's attorney e-mailed me stating that he now intended to produce the pilots for deposition in San Francisco rather than Los Angeles, even though United moved the depositions to Los Angeles at the request of ANA's counsel. Attached hereto as **Exhibit 6** is a true and correct copy of United's Fourth Amended Notice of Taking

-3-

Case No. 07-03422 EDL
1481704 01

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc.'s Motion to Compel
Discovery and For Additional Time to Depose Witnesses

1  Video Depositions, re-noticing the depositions for San Francisco. This unilateral change was purportedly made to accommodate the pilots' work schedules, as counsel indicated they would be flying in and out of San Francisco on working flights. This assertion proved at the depositions to be false, as all three pilots testified that they flew into San Francisco as passengers, were flying out as passengers, and would not be working again for several days. As a result of the change in the location, United incurred thousands of dollars in additional expenses. I had to cancel a guaranteed ticket to Los Angeles and buy a new, more expensive ticket on short notice just prior to the Thanksgiving holiday to San Francisco at a cost of $1,400.00. Also, United incurred hotel and meal expenses for its Los Angeles-based interpreter and co-counsel for four days. That would not have been necessary had the deposition remained in Los Angeles. It is estimated that these additional expenses exceeded $2,500.00. Additionally, fees for the travel time to and from San Francisco for the interpreter and co-counsel are estimated to be in excess of $1,000.00.

9. The deposition of ANA's pilot in command, Mr. Yamaguchi, commenced on November 27, 2007. A true and correct copy of the mini-transcript, video, and deposition exhibits from Eishin Yamaguchi's deposition is attached hereto as **Exhibit 7**. At the deposition, ANA produced a few, redacted pages (in Japanese) regarding the pilots' training and certification and an incomplete version of its current Operations Manual. ANA produced nothing else of substance. Further, to make the most use of the time, I proposed that the deposition be taken primarily in English and that the interpreters be used only where necessary. This proposal was reasonable considering that Mr. Yamaguchi, Mr. Nishiguchi and Mr. Usui all understand and speak English fluently, as required to be a commercial airline pilot. ANA's counsel declined the offer without even attempting to proceed in English. This full translation drastically reduced the time available to conduct the deposition, and the delay was compounded by the fact that both United and ANA had interpreters present.

-4-

Case No 07-03422 EDL
1481704.01

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc.'s Motion to Compel
Discovery and For Additional Time to Depose Witnesses

10. ANA's counsel did not even allow United the full seven hours available under Fed. R. Civ. P. 30(d)(1) for the deposition of Mr. Yamaguchi. As the court reporter's certificate shows, counsel unilaterally terminated the deposition after only 6 hours and 36 minutes on the record, which, in actual deposition time, was closer to three to four hours due to the extensive delay caused by the English/Japanese translation, the objections posed by ANA's attorney and argumentation over various issues. A true and correct copy of the court's reporter's certificate showing the actual deposition time is attached hereto as **Exhibit 8**.

11. All three pilots gave extremely evasive and non-responsive testimony at their depositions, aided by counsel's suggestive objections. An example of this occurred during Mr. Nishiguchi's deposition. A true and correct copy of the mini-transcript, video, and deposition exhibits from the deposition of Yusuke Nishiguchi is attached hereto as **Exhibit 9**. During the deposition, I asked Mr. Nishiguchi several clear and direct questions as to what he would do if there was a potential conflict between his plane and another plane and he was unsure whether a collision would occur. Mr. Nishiguchi spent 45 minutes dodging the questions. Taking a cue from the "form, foundation and incomplete hypothetical" objections repeatedly raised by ANA's attorney, Mr. Nishiguchi ultimately refused to give any substantive answer, stating that he could not answer "hypothetical questions the conditions of which are incomplete." During this exchange with Mr. Nishiguchi, ANA's counsel objected 17 times.

12. I went through a very similar exchange with Mr. Usui, who refused to answer questions about what he would do if there was a potential conflict between his airplane and another plane. A true and correct copy of the mini-transcript, video, and deposition exhibits from the deposition of Teruo Usui is attached hereto as **Exhibit 10**. This evasion lasted for over one hour. ANA's counsel raised 29 form, foundation and incomplete hypothetical objections during this span of the deposition.

13. On or about December 13, 2007, ANA served United with additional documents in response to United's First Request to Produce. A true and correct copy of the letter

-5-

Case No. 07-03422 EDL
1481704.01

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc.'s Motion to Compel
Discovery and For Additional Time to Depose Witnesses

1  accompanying the documents is attached hereto as **Exhibit 11**. ANA produced no additional documents related to the SGHA and no additional documents regarding the pilots' training, disciplinary actions and certifications. Also, ANA asserted, for the first time, that discovery of the CVR was barred as a matter of federal law.

14. A true and correct copy of a printout of the National Transportation Safety Board's Docket Contents for the investigation of the collision at issue in this litigation is attached hereto as **Exhibit 12**.

15. 14 C.F.R. § 91.609(e)(2) requires that the CVR be powered up from the commencement of the pre-flight checklist by the pilots until the completion of the final checklist at the end of the flight. On information and belief, the CVR in the ANA airplane consisted of six audio files, including a recording taken by the cockpit's area microphone and another that is a combined interphone/p.a. recording.

16. The partial CVR transcript that exists in this case was prepared by ANA and submitted to the NTSB, which did not prepare its own transcript. A true and correct copy of the partial transcript is attached hereto as **Exhibit 13**.

**FURTHER AFFIANT SAYETH NOT.**

_____
Scott Torpey

Subscribed and sworn to before me
this 21st day of December, 2007

_____
Notary Public, Wayne County, MI
My Commission Expires: _____

SHEILA A. RENCHER
Notary Public, Wayne County, MI
My Commission Expires April 20, 2008

Acting in Oakland County, MI

6

Case No. 07-03422 EDL
1481704.01

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc.'s Motion to Compel
Discovery and For Additional Time to Depose Witnesses