1　Scott D. Cunningham (State Bar No.: 200413)
　　CONDON & FORSYTH LLP
2　1901 Avenue of the Stars, Suite 850
　　Los Angeles, California 90067-6010
3　Telephone: (310) 557-2030
　　Facsimile: (310) 557-1299
4　Email: scunningham@condonlaw.com

5　　　-and-

6　Marshall S. Turner (*pro hac vice*)
　　CONDON & FORSYTH LLP
7　7 Times Square
　　New York, NY 10036
8　Telephone: (212) 490-9100
　　Facsimile: (212) 370-4453
9　Email: mturner@condonlaw.com

10　Attorneys for Plaintiff and Counter-Defendant
　　ALL NIPPON AIRWAYS COMPANY, LTD.

11

12　　　　　UNITED STATES DISTRICT COURT

13　　　　NORTHERN DISTRICT OF CALIFORNIA

14　ALL NIPPON AIRWAYS COMPANY,)　Case No. C07-03422 EDL
　　LTD.,
15　　　　　Plaintiff,　　　　　　)　**ALL NIPPON AIRWAYS**
　　　　　　　　　　　　　　　　　　)　**COMPANY'S OPPOSITION TO**
16　　　vs.　　　　　　　　　　　)　**UAL'S MOTION TO COMPEL**
　　　　　　　　　　　　　　　　　　)　**DISCOVERY AND FOR**
17　UNITED AIR LINES, INC.,　　)　**ADDITIONAL TIME TO DEPOSE**
　　　　　　　　　　　　　　　　　　)　**WITNESSES; DECLARATION OF**
18　　　Defendant.　　　　　　　)　**MARSHALL S. TURNER**
　　　　　　　　　　　　　　　　　　)
19　　　　　　　　　　　　　　　　)　**Hearing Date: January 30, 2008**
　　　　　　　　　　　　　　　　　　)　**Hearing Time: 2:00 p.m.**
20　　　　　　　　　　　　　　　　)　**Hearing Place: Courtroom of Hon.**
　　　　　　　　　　　　　　　　　　)　**Elizabeth D. Laporte**
21　AND RELATED COUNTER-CLAIM　)

22　　　Plaintiff and Counter-Defendant, ALL NIPPON AIRWAYS COMPANY,

23　LTD. (hereinafter referred to as "ANA"), by and through its attorneys, Condon &

24　Forsyth LLP, hereby submits its opposition to United Air Lines, Inc.'s Motion to

25　Compel Discovery and For Additional Time to Depose Witnesses (Doc. No. 45) as

26　follows:

27

28

# TABLE OF CONTENTS

I      INTRODUCTION...................................................................2

II     MOTION............................................................................2

III    SUMMARY OF ARGUMENT ..............................................2

    A.   Location of Deposition.....................................................2

    B.   Documents Requested In UAL's Deposition Notices ...........3

    C.   Documents Requested In UAL's First Request To Produce...................................................................4

    D.   Additional Time To Depose ANA's Flight Crew....................................................................4

IV     ARGUMENT........................................................................5

    A.   Location of Deposition.....................................................5

    B.   Documents Requested In UAL's Deposition Notices ...........7

        1.   ANA Pilot Files – The Witnesses Fully Responded To UAL's Request For "ANA Pilot Files.......................7

        2.   Operations Manual – The Witnesses Responded To UAL's Request For "ANA Operations Manual......................................................................10

        3.   The Witnesses Responded To UAL's Request For "Publications Required To Be On Board" and "Routing"..................................................................13

    C.   Documents Requested In UAL's First Request To Produce.......................................................................14

        1.   Cockpit Voice Recorder....................................14

        2.   Ground Handling Agreement Negotiations.............18

-i-

3.    Clearing Potential Conflicts...............................20

D.    UAL's Request For Additional Time To Depose ANA's Flight Crew.........................................................................21

E.    Costs...........................................................................24

CONCLUSION ...........................................................................25

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

ALL NIPPON AIRWAYS COMPANY, LTD.'S RESPONSE TO
UAL'S MOTION TO COMPEL
CASE NO.: C07-03422 EDL

1

# TABLE OF AUTHORITIES

2

Federal Statutes

3

Federal Rule of Civil Procedure 30 ............................................................21, 23, 24

4

Federal Rule of Civil Procedure 34 ..........................................................................11

5

Federal Rule of Civil Procedure 37 ......................................................................2, 24

6

49 U.S.C. § 1114...............................................................................................15, 16

7

49 U.S.C. § 1154.....................................................................................4, 15, 16, 18

8

Local Rules

9

L.R. 37-1 .............................................................................................................2, 24

10

Other Authorities

11

S. Rep. No. 101-450, at 6.........................................................................................15

12

H. Rep. No. 101-641, at 4..................................................................................15, 16

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-iii-

## STATEMENT OF ISSUES PRESENTED BY UAL

I.   WHETHER THIS COURT SHOULD COMPEL ANA TO PRODUCE ADDITIONAL DOCUMENTS IN RESPONSE TO UAL'S REQUESTS FOR PRODUCTION

ANA ANSWERS "NO"

II.   DOES GOOD CAUSE EXIST TO ALLOW UAL ADDITIONAL TIME TO RETAKE THE DEPOSITIONS OF ANA'S FLIGHT CREW

ANA ANSWERS "NO"

III.   IS UNITED ENTITLED TO AN AWARD OF COSTS AND FEES PURSUANT TO FED. R. CIV. P. 37

ANA ANSWERS "NO"

IV.   IS ANA ENTITLED TO AN AWARD OF COSTS AND FEES IN OPPOSING THIS MOTION PURSUANT TO FED. R. CIV. P. 37(a)(5)(B) and (C)

ANA ANSWERS "YES"

-iv-

Los Angeles, California 90067-6010

Telephone: (310) 557-2030

## I.                                       INTRODUCTION

This action arises out of an accident involving ANA Flight NH007 and UAL Flight UA809 at San Francisco International Airport ("SFO") on October 7, 2003 ("the Accident"). A collision occurred between the two aircraft while ANA Flight NH007 was taxiing under its own power along the centerline of Taxiway A. During the taxi, Flight NH007's right wing collided with the right wing of UAL Flight UA809, which had been pushed back from its gate so that its wing intruded into the path of Flight NH007.

## II.                                      THE MOTION

UAL failed to meet and confer with ANA concerning the issues raised in its motion as required by Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-1. Accordingly, UAL's motion is procedurally improper and should be denied by this Court. In the event this Court exercises its discretion to entertain UAL's motion, the following will demonstrate that UAL's arguments are without merit and this motion should be denied in its entirety.

## III.                             SUMMARY OF ARGUMENT

ANA will address each argument as it is presented in UAL's motion.

### A.     Location Of Taking Of The Deposition Of ANA's Flight Crew

UAL erroneously contends that ANA requested the depositions of its flight crew be conducted in Los Angeles and that ANA subsequently changed the location of the depositions to San Francisco on November 19, 2007, only eight days before the depositions. UAL's motion, pages 2 and 3. The facts are that UAL originally noticed the depositions for San Francisco. *See* UAL's Notice of Taking Video Depositions, Exhibit A to Declaration of Marshall S. Turner ("Turner Decl."). Subsequently, UAL's counsel unilaterally re-noticed the deposition for Los Angeles and stated he would "have no problem with taking the depositions in San Francisco if that is more convenient." *See* UAL's Amended

-2-

Notice of Taking Video Depositions, Exhibit B to Turner Decl. and Torpey letter of September 12, 2007, Exhibit O to Turner Decl. On November 7, 2007, almost 3 weeks before the depositions, ANA's counsel confirmed that the depositions would take place in San Francisco. *See* Turner letter of November 7, 2007, Exhibit P to Turner Decl. On November 19, 2007, ANA again reconfirmed the depositions would take place in San Francisco. *See* exchange of emails between Turner and Torpey of November 19, 2007, Exhibit Q to Turner Decl.

It is ludicrous for UAL to complain about and request to be recompensed for fees and expenses of depositions where ANA, at considerable expense and inconvenience to ANA and its employees, agreed to produce and did produce its flight crew in the forum, rather than in Japan where the witnesses reside and are employed. UAL's argument is factually wrong and legally groundless. The issue raised in UAL's motion regarding the location of the depositions of ANA's flight crew should be totally disregarded by the Court.

**B.    Documents Requested In UAL's Amended Deposition Notices**

UAL's argument that ANA's pilot witnesses failed to produce the documents requested in amended deposition notices is baseless. The witnesses produced their pilot files. Requesting the production of ANA Operations Manual, publications required to be on board, and routing documents for the first time four business days before the commencement of the depositions of ANA's pilots who were flying from Japan to San Francisco for their depositions was unjustified. Nonetheless the witnesses, with the assistance of ANA's legal department, managed to produce virtually all relevant documents. The training records that had portions redacted are subject to Japan's Act on the Protection of Personal Information and were produced at the depositions, even though UAL has continued to refuse to comply with this Court's Order of November 19, 2007 requiring UAL to revise the proposed Confidentiality Order and provide it to ANA for approval.

-3-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1 The crews certification documents, relevant pages from the Operations Manual,

2 and relevant charts from the Routing manual were also produced.

### C.    Documents Requested In UAL's First Request To Produce

4    1.    UAL's request to ANA to produce its Cockpit Voice Recorder (CVR)

5 is prohibited by 49 U.S.C. § 1154 which specifically protects CVR's from

6 discovery.  The only portion of the CVR not in the possession of UAL is the

7 internal discussion of the pilots within the cockpit.  UAL has failed to demonstrate

8 that it cannot receive a fair trial in the absence of ANA's CVR.  Moreover, in view

9 of the fact that UAL has failed to preserve the CVR from its own airplane, UAL

10 should not be permitted to gain an advantage over ANA by virtue of its own

11 destruction of potential evidence.

12    2.    ANA has produced all documents responsive to UAL's request for

13 documents concerning the negotiation and interpretation of the Standard Ground

14 Handling Agreement ("SGHA").  UAL's only argument, "it is likely that ANA

15 possess [sic] additional documents" is belied by UAL's response to ANA's request

16 to UAL for production of SGHA documents.  UAL has failed to identify or

17 produce a single piece of paper relating to the SGHA and apparently has failed to

18 locate any document relating to the SGHA that it negotiated with ANA.

19 Accordingly, UAL has no basis and can have no basis for its argument.

20    3.    ANA has stated and the pilot witnesses testified there are no

21 documents relating to pilots clearing potential conflicts with other aircraft during

22 taxi.  Neither ANA nor its pilots can be compelled to produce something they have

23 stated does not exist.

### D.    Additional Time To Depose ANA Flight Crew

25    While UAL claims it needs additional time to complete the depositions of

26 ANA's flight crew and blames this on the need for an interpreter, evasive answers,

27 and obstructive counsel, a simple review of transcripts of the depositions makes it

28 //

-4-

1  clear that UAL's counsel elected to terminate two of the depositions long before

2  the allotted time was used and he wasted much of the available deposition time

3  with the third witness by continuously repeating poorly crafted questions and

4  arguing with the third witness.

5  **IV.**                                    **ARGUMENT**

6        **A. Location of Deposition**

7        UAL makes the specious claim at the beginning of its motion that ANA

8  requested that depositions be held in its counsel's Los Angeles office.    UAL

9  Motion, page 2.  UAL further claims, erroneously, that ANA unilaterally changed

10  the location of the ANA depositions from Los Angeles to San Francisco eight days

11  before depositions on November 19, 2007.  UAL Motion, page 3.  ANA never

12  requested that depositions be held in Los Angeles.  Moreover, ANA notified UAL

13  that the witnesses would be produced in San Francisco well before November 19,

14  2007.

15        Throughout the discussions concerning arrangement for the depositions, San

16  Francisco was always considered as the primary location for the depositions of the

17  ANA flight crew.  UAL's letter of July 17, 2007 states, "The depositions would

18  take place at a location in San Francisco."  Turner Decl., Exhibit L.

19        On July 24, 2007, UAL noticed the depositions for San Francisco.  Turner

20  Decl., Exhibit A.  Thereafter, while Los Angeles was considered as a potential

21  alternate location, ANA never requested that the deposition location be changed to

22  Los Angeles.  In its letters of August 7, 2007 and August 30, 2007, ANA indicated

23  that it expected to be able to produce the witnesses in San Francisco or Los

24  Angeles.  Turner Decl., Exhibit M.  In its letter of September 7, 2007, ANA again

25  offered to produce at least two witnesses in the United States "in the same city,"

26  but did not request that such city be Los Angeles.  Turner Decl., Exhibit N.

27        It was UAL who unilaterally decided on Los Angeles.  UAL's letter of

28  //                                    -5-

ALL NIPPON AIRWAYS' RESPONSE TO UAL'S MOTION TO
COMPEL DISCOVERY AND FOR ADDITIONAL TIME TO
DEPOSE WITNESSES
CASE NO.: C07-03422 EDL

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

September 12, 2007 states:

> I have noticed the depositions for your Los Angeles office, but have no problem with taking the depositions in San Francisco if that is more convenient.

Turner Decl., Exhibit O.

UAL admittedly selected Los Angeles on its own, but also advised that having the depositions in San Francisco would be "no problem." *See id.*

In its letter of November 7, 2007, ANA's counsel clearly stated:

> I am writing to confirm that, pursuant to your request, all three ANA flight crew members will be available in San Francisco for depositions on November 27, 28 and 29, respectively.

Turner Decl., Exhibit P.

ANA confirmed San Francisco which had been the original noticed location and there was never an agreement to change that location throughout the discussions concerning depositions. UAL concedes that it recognized that San Francisco was confirmed in ANA's November 7, 2007 letter. In its email of November 19, 2007, UAL states, "As for your November 7 letter, I assumed you meant LA." Turner Decl., Exhibit Q. UAL understood that ANA's November 7th letter confirmed that the depositions would be held in San Francisco and unilaterally decided to ignore this and "assume" that it could read ANA's mind that the letter meant something other than what it plainly said. UAL now claims it should be reimbursed for the erroneous assumption of its own counsel.

San Francisco was the original location for the depositions of ANA's flight crew in this case. ANA indicated that San Francisco was continuously being considered throughout all discussions concerning the depositions of its flight crew. ANA never requested that the depositions be held in Los Angeles and any claims by UAL to the contrary are fallacious. UAL has nothing to support its argument in

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-6-

ALL NIPPON AIRWAYS' RESPONSE TO UAL'S MOTION TO
COMPEL DISCOVERY AND FOR ADDITIONAL TIME TO
DEPOSE WITNESSES
CASE NO.: C07-03422 EDL

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   this regard.    Accordingly, it is respectfully submitted that the Court should

2   disregard UAL's allegations with respect to this issue.

3       **B. Documents Requested In UAL's Deposition Notices**

4           UAL next argues that the ANA flight crew failed to produce documents that

5   UAL's deposition notices requested they bring to their depositions.  UAL Motion,

6   pages 7-9.   However, the ANA witnesses brought the documents responsive to

7   UAL's requests to their depositions.

8       **1. ANA Pilot Files - The Witnesses Fully Responded To UAL's**
9       **Request For "ANA Pilot Files"**

10          (a)    With respect to UAL's request for "ANA Pilot Files," ANA and the

11  witnesses fully responded to this request.  The first part of UAL's requests seeks

12  "materials reflecting… any accident/incidents which they were involved… any

13  disciplinary actions."   As stated in ANA's Supplemental Response to UAL's

14  Requests for Production Nos. 2-4 concerning disciplinary actions related to each of

15  the pilots, "ANA is not aware of any document responsive to this request."  Turner

16  Decl., Exhibit H.  None of the members of ANA's flight crew had been involved in

17  any other aircraft accident or incident nor had they been the subject of any

18  disciplinary action.    Mr. Yamaguchi and Mr. Nishiguchi testified at their

19  depositions that they were never involved in any other accident.  Turner Decl.,

20  Exhibit I, 7:11-15, 26:9-12; Exhibit J, 21:15-22.  Mr. Usui was not asked any

21  question about other accidents or incidents at his deposition.

22          As to disciplinary action for the subject accident, Mr. Yamaguchi testified

23  that after the Accident, no "reprimand either written or verbal" was given.  Turner

24  Decl., Exhibit I, 31:17-20.  When Mr. Nishiguchi was asked if there were any kind

25  of reprimand or action taken against him after the Accident, he testified, "No.

26  There was no reprimand." Turner Decl., Exhibit J, 21:19-22:2.

27          UAL did not question Teruo Usui at his deposition regarding this request

28  //                                                      -7-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1 and no inquiry was made of him as to whether he had brought any documents

2 concerning disciplinary action to this deposition. Mr. Usui has not been involved

3 in any other aircraft accident or incident nor has he been the subject of any

4 disciplinary actions.

5    Accordingly, there are no documents concerning disciplinary action

6 responsive to this part of the request.

7    (b)    The second part of this request seeks documents concerning the

8 witnesses' "training and certification between 1995 to date." Despite the fact that

9 these documents contain personal information and UAL still has not provided

10 ANA with the revised Confidentiality Order[1] as ordered by this Court on

11 November 19, 2007, the witnesses provided their certification documents at their

12 depositions and UAL's counsel had full opportunity to inquire of ANA's flight

13 crew regarding all aviation certificates. Turner Decl., Exhibit I, 7:18-8:4, 20:19-

14 21:12; Exhibit J, 107:19-108:13; Exhibit K, 25:4-18; and certification documents,

15 Exhibit R.

16    (c)    With respect to training documents, Mr. Yamaguchi and Mr.

17 Nishiguchi provided the records of their training with two columns containing

18 "comments" blacked out at their depositions. These documents, containing

19 confidential personal information, were produced by the witnesses despite the

20 absence of the revised Confidentiality Order that the Court ordered UAL to

21

22 _____

23 [1] ANA first received UAL's proposed Confidentiality Order with UAL's letter dated October 2, 2007. On October 5, 2007, ANA returned the proposed Confidentiality Order to UAL with ANA's suggested changes. UAL in turn commented on ANA's suggested changes in its letter

24 dated October 8, 2007. ANA promptly responded to UAL with further comments on October 8, 2007. ANA received no response to this good faith effort to resolve this issue. ANA heard

25 nothing further on the matter until receipt of UAL's motion to compel the Confidentiality Order. At a hearing November 13, 2007, this Court ruled on each disputed section of the Confidentiality

26 Order as ANA had requested with one exception to which ANA previously agreed. UAL agreed to provide a revised copy. On November 19, 2007, this Court issued an Order directing UAL to

27 revise the Confidentiality Order as discussed on the record. Despite the Court's Order and numerous requests by ANA, UAL has not provided the revised Order.

28 //                                              -8-

1   provide. Mr. Usui was also prepared to provide a redacted copy of his training
2   record which he had brought to his deposition as requested in the deposition notice.
3   However, UAL never asked to see the record and did not ask a single question
4   about his training record. Turner Decl., Exhibit K. ANA is prepared to provide
5   this document when it receives the Confidentiality Order. ANA is prohibited by
6   Japanese law from producing the redacted information which contains personal
7   information protected by Japan's Protection of Personal Information Act. The
8   unredacted portions of the witnesses' records show the details of the training
9   sessions which each member of the flight crew underwent as well as the passing
10  mark and date of each session.

11      UAL's argument that unredacted training records should be produced is
12  misleading. UAL claims, "At the deposition, all three pilots testified that they did
13  not object to producing the information to United... Based upon the pilots'
14  testimony, this information should be produced, in its entirety and in unredacted
15  form." UAL Motion, pages 7-8. ANA advised UAL at Mr. Yamaguchi's
16  deposition that ANA was producing the training record that had been redacted at
17  Mr. Yamaguchi's request. Turner Decl., Exhibit I, 53:5-10. UAL did not ask Mr.
18  Yamaguchi whether he objected to the production of the redacted portions. In fact,
19  UAL did not ask Mr. Yamaguchi any question about any of the contents of the
20  training record he produced. Turner Decl., Exhibit I. When Mr. Nishiguchi was
21  asked if it was okay with him for UAL to receive unredacted copies, he testified
22  that "there is the company, the judgment that has to be considered." Turner Decl.,
23  Exhibit J, 109:12-23. ANA (the company) is not permitted to disclose the personal
24  information that had been redacted from this document under Japan's Act on the
25  Protection of Personal Information. Turner Decl., Exhibit S. Notably, UAL
26  elected not to ask Mr. Nishiguchi any question about the contents of his training
27  record. Mr. Nishiguchi testified When his training record was marked at his
28  //                                          -9-

1701 Avenue of the Stars, Suite 1020
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  deposition, Mr. Nishiguchi testified "the next page is the page giving scores of my
2  various examinations."  Turner Decl., Exhibit J, 108:13-16.  However, UAL's
3  counsel moved on without asking a single question about the document and
4  completed Mr. Nishiguchi's deposition without ever doing so.  As stated above,
5  UAL did not ask Mr. Usui for his training record nor did it ask Usui a single
6  question about his training records.

7  UAL has received the documents responsive to its request for "ANA Pilot
8  Files."  Despite UAL's claim, these documents were not "heavily redacted."  The
9  documents contained all relevant information responsive to this request and ANA
10 is not permitted to disclose the redacted personal information pursuant to Japanese
11 law.  It is respectfully submitted that UAL's motion with respect to pilot files
12 should be denied in its entirety.

13 **2.  Operations Manual - The Witnesses Responded To UAL's**
14 **Request For "ANA Operations Manual"**

15 UAL's request for "ANA Operations Manual" was not included in the
16 original, First Amended, or Second Amended Notice of Taking Video Depositions.
17 Turner Decl., Exhibits A, B, and C.  This request was first contained in UAL's
18 Third Amended Notice of Taking Video depositions.  Turner Decl., Exhibit D.
19 UAL sent this Notice via facsimile after regular business hours on Friday,
20 November 16, 2007.  Accordingly, ANA did not receive it until Monday,
21 November 19, 2007, which was three days before the Thanksgiving break and four
22 business days before the depositions began.  The witnesses did not see these
23 requests until the day before each of their respective depositions and they never
24 had the opportunity to obtain any Operations Manual, much less the one that was
25 in effect on October 7, 2003.  Nonetheless, through ANA's legal department,
26 relevant pages of the Operations Manual were obtained over the Thanksgiving
27 break and were provided to UAL at the commencement of the depositions.  ANA

28 -10-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  notified UAL at the commencement of the first deposition that:

2        [A] third amended notice and a fourth amended notice were
3        both received last week.  They request some additional
         documents including ANA operation[s] manual in existence
4        on the day of the accident, October 7, 2003.
5        The witness has not had any opportunity to attempt to locate
         such a document nor does he know if there is a document in
6        existence. You, of course, can examine him on this.
7        He did however obtain from ANA's legal department a
         section that he believes is the only conceivably relevant
8        section which is current.  Some of it was applicable in
9        October of '03.

10  Turner Decl., Exhibit I, 8:13-25.

11        The witness produced relevant documents responsive to this request at his

12  deposition despite virtually no notice.  Rule 34 allows a party 30 days to respond to

13  a request for production of documents.  *See* Fed. R. Civ. P. 34 (West 2008).  UAL

14  now complains that it did not receive proprietary company documents requested

15  for the deposition even though UAL gave the witnesses virtually no time to locate

16  the documents.  As an excuse for his failure to provide the revised Confidentiality

17  Order which UAL had agreed to provide at the Court Hearing on November 13,

18  2007 and was ordered to provide by this Court's Order of November 19, 2007 (the

19  same day ANA received UAL's deposition notice containing this additional

20  request), at the deposition on November 27, 2007, UAL's counsel stated:

21        You recall that there was a long holiday weekend, perhaps you
22        forgot that.

23  Turner Decl., Exhibit I, 50:9-16.

24  To this date, UAL has still not provided the Confidentiality Order.

25        Clearly ANA and the deponents had insufficient time to locate the requested

26  document.   Furthermore, the requested document was not in the deponents'

27  possession.  Despite these difficulties, the deponents obtained copies of sections of

28  //                                                    -11-

ALL NIPPON AIRWAYS' RESPONSE TO UAL'S MOTION TO
COMPEL DISCOVERY AND FOR ADDITIONAL TIME TO
DEPOSE WITNESSES
CASE NO.: C07-03422 EDL

1    the ANA Operations Manual relevant to this litigation and produced them at their

2    depositions.

3        The ANA Operations Manual is a lengthy document containing proprietary

4    information regarding all phases of operating particular airplanes, the rest of which

5    is irrelevant to the case at bar.  UAL has provided no evidence showing that

6    additional sections are relevant to the issues in this case.  UAL argues, "Mr.

7    Yamaguchi confirmed at his deposition that not all 'conceivably relevant' sections

8    were produced."  UAL Motion, page 9.  This is more than disingenuous.  Mr.

9    Yamaguchi testified, "The manual says it is possible to have the copilot operate the

10   aircraft."  Turner Decl., Exhibit I, 75:23-24.  UAL asked Mr. Yamaguchi if he

11   could show where the manual says that and Mr. Yamaguchi replied, "I cannot

12   because I do not have a manual at hand."  Turner Decl., Exhibit I, 76:2-3.

13   However, a section of the manual would not become relevant solely because it

14   relates to a question posed by UAL at deposition.  The question itself, whether it

15   was proper for the copilot to be operating the aircraft, is irrelevant to any issue in

16   this litigation.  UAL alleges in this case only that ANA negligently operated its

17   aircraft.  Nowhere does UAL allege that the pilot operating the aircraft at the time

18   of the Accident did not have the authority do so nor is such an issue relevant to any

19   aspect of this case.  Moreover, no such issue was raised during the NTSB or FAA

20   investigation into this accident.

21       It should be noted that in response to ANA's timely document request for

22   UAL to produce its Operations Manual, UAL has to date failed to produce a single

23   piece of paper even though their response was due on December 18, 2007.

24       In view of the above, UAL's motion with regard to the Operations Manual

25   should be denied in its entirety.

26   / /

27   / /

28   //_____-12-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

### 3. The Witnesses Responded To UAL's Request For "Publications Required To Be On Board" and "Routing"

UAL's requests for "Publications Required To Be On Board" and "Routing" were also not made until UAL's Third Amended Notice For Deposition, a few business days before the depositions. Turner Decl., Exhibit D. ANA advised UAL at the commencement of the depositions:

> Also, you asked for all publications on board the aircraft, required to be onboard the aircraft on October 7, 2003. This witness does not have control over those documents, and he has had not had the opportunity to look for them since he didn't see this notice actually until yesterday.
>
> And you also asked for routing in item 7 of the third and fourth amended notices, his routing on the day of October 7, 2003. This witness has not had the opportunity to look for them. He doesn't know if it still exists for the day of October 7, 2003, but he does know from whom he would have obtained such routing. And it was neither ANA or United Airlines.

Turner Decl., Exhibit I, 9:2-14.

These document requests were specifically directed to the "Deponent(s)" in the deposition notice. Turner Decl., Exhibit D. Since the deponents did not have possession of such documents and were given no advanced notice to attempt to locate such documents that might be relevant to this case, they were unable to produce all requested documents. The witnesses all testified that the primary document that is required to be onboard the aircraft is the Operations Manual, the relevant pages of which they in fact obtained from ANA's legal department and produced at their depositions as discussed above. Turner Decl., Exhibit I, 35:2-4; Exhibit J, 41:12-14; and Exhibit K, 33:9-12. The only other document that UAL inquired about is the routing manual which Mr. Nishiguchi stated at his deposition "is from the Jeppesen chart." *See* Nishiguchi deposition 13:19-22, Turner Decl., Exhibit J. The Jeppesen chart that was in effect at SFO on the day of the Accident

//                                   -13-

1991 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  had previously been produced by ANA and was available at the depositions.

2  Turner Decl., Exhibit Z.

3      UAL argues that "ANA did not object to producing these documents…

4  ANA has thus waived any objections and must be compelled to produce these

5  materials."  UAL Motion, page 9.  UAL's argument is unfounded.  No such

6  request for these documents was ever made upon ANA.  They were only requested

7  in the deposition notice served a few days before the depositions.  These requests

8  were directed to the "Deponent(s)" and attached to UAL's deposition notice.  The

9  deponents were not in possession of such documents, except the ones they

10  produced, and thus, it is irrelevant whether they have waived any objection to the

11  requests.    Accordingly, ANA has not waived any objection and cannot be

12  compelled to respond to a request which has never been made upon it.

13      UAL has not demonstrated any relevance of sections of the Operations

14  Manual that were not already produced.  However, if UAL were to submit a

15  request to produce the Operations Manual or routing documents, ANA would

16  respond to the same extent UAL responds to ANA's similar requests.  UAL has

17  established no basis to compel the production of additional documents pursuant to

18  its Notices of Depositions of ANA's pilots.  Accordingly, this aspect of UAL's

19  motion should be denied in its entirety.

20  **C. Documents Requested In UAL's First Request to Produce**

21      UAL contends that "ANA has also failed to produce documents responsive

22  to United's First Request to Produce, served on October 12, 2007."  UAL Motion,

23  page 10.

24  **1.  Cockpit Voice Recorder**

25

26      In UAL's Request for Production, No. 5, UAL requests the recording from

27  the Cockpit Voice Recorder ("CVR") that was in ANA's aircraft at the time of the

28  //                                              -14-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    Accident.  In its Response to UAL's First Request to Produce, ANA stated:

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

3    See General Objections.  Without waiving these objections, the
     CVR recording will be made available for copying at the office

4    of Condon & Forsyth LLP, 1901 Avenue of the Stars – Suite
     850, Los Angeles, CA 90067, subject to a Confidentiality

5    Order acceptable to ANA's flight crew.

6

7    Turner Decl., Exhibit G.

8    In its Supplemental Response to UAL's First Request to Produce, ANA

9    stated:

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
     See General Objections.  ANA also objects on the grounds that

11   the CVR is not discoverable pursuant to 49 U.S.C. § 1114,
     1154.

12

13   Turner Decl., Exhibit H.

14   UAL argues that ANA waived the objection contained in its Supplemental

15   Response.   UAL Motion, p. 10.   However, ANA's second objection was the

16   natural and legal consequence of ANA's first objection.   49 U.S.C. § 1154

17   specifically states,  "a party in a judicial proceeding may not use discovery to

18   obtain any part of a cockpit or surface vehicle recorder transcript that the National

19   Transportation Safety Board has not made available to the public under section

20   1114 (c) or 1114 (d) of this title; and a cockpit or surface vehicle recorder

21   recording."   By requiring restrictive conditions for the disclosure of such

22   recordings, Congress recognized both aviation safety and flight crew privacy as

23   important public policy goals.  See S. Rep. No. 101-450, at 6 (1990) (recognizing

24   the privacy rights of the individual crewmembers and the need to prevent "misuse

25   [of] the recording or transcription in a lawsuit").   The House Report clearly

26   recognized these privacy concerns and the fact that CVR tapes are

27   "sensationalistic," thereby warranting strict controls on their discovery and release.

28   //                                                    -15-

Los Angeles, California 90067-6010
Telephone:  (310) 557-2030

1  *See* H. Rep. No. 101-641, at 4 (1990).  The National Transportation Safety Board

2  ("NTSB") echoes Congress in its Cockpit Voice Recorder Handbook for Aviation

3  Accident Investigations, noting that CVR recordings "contain highly sensitive

4  information" and that NTSB staff and Members are "bound by Federal CVR

5  nondisclosure laws" (referring to 49 U.S.C. § 1114).  Turner Decl., Exhibit AA, §

6  3.1.

7       If the CVR were to be produced, it is possible that the privacy of the flight

8  crew could be protected by a Confidentiality Order similar to the revised Order this

9  Court ordered UAL to provide on November 19, 2007, but UAL's counsel has

10  failed to comply with that Order.  However, discovery of a CVR recording is

11  clearly statutorily prohibited under 49 U.S.C. § 1154(a)(3) unless, after an *in*

12  *camera* review of the recording, the court decides that:

13      (A)   the parts of the transcript made available to the public . .

14          . do not provide the party with sufficient information for
        the party to receive a fair trial; and

15      (B)   discovery of the cockpit or surface voice recorder is

16          necessary to provide the party with sufficient
        information for the party to receive a fair trial.

17

18  49 U.S.C. §1154(a)(3).

19       UAL's request seeks the CVR, "reflecting all conversation between the

20  ANA crew and United ramp control, air traffic control, ground personnel and/or

21  between the ANA pilots."  Turner Decl., Exhibit F.  Copies of the actual

22  recordings reflecting all conversations between the ANA flight crew and United

23  Ramp Control and all conversations between the ANA flight crew and air traffic

24  control have already been obtained from the FAA and produced by ANA under

25  Bates No. ANA 001134.  There was no conversation between the ANA flight crew

26  and ground personnel while the ANA aircraft was taxiing.  The only recording at

27  issue would be the conversation, if any, between the ANA pilots in their cockpit.

28  //                  -16-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   When a party seeks to compel production of the CVR recording, a court
2   must determine whether the party has met its burden of showing that the discovery
3   of the CVR is necessary to obtain a fair trial.  ANA's CVR is not necessary for
4   UAL to receive a fair trial and, in the context of this case, it would be unfair if
5   ANA were compelled to produce its CVR.  ANA and UAL are both in possession
6   of the recordings of all communications between ANA's aircraft and the United
7   Ramp Control (Tower G Ramp) and San Francisco Air Traffic Control Tower.  As
8   to the conversations between the ANA pilots in the cockpit, each member of the
9   flight crew provided a statement immediately following the Accident.  *See* Flight
10  Crew Statements, Turner Decl., Exhibit T.   UAL has also deposed ANA's flight
11  crew concerning any cockpit discussion among the flight crew prior to, during, and
12  after the Accident.

13  UAL has failed to show how it would be denied a fair trial without access to
14  ANA's CVR.   UAL's argument concerning the transcript is erroneous.   No
15  transcript was made by anyone of the CVR from the ANA aircraft.   ANA
16  preserved the communication on its CVR after the Accident and submitted its CVR
17  to the NTSB, who found that it "contained the most recent two hours of the flight
18  operation" in fair to excellent condition, but concluded that "no data could
19  contribute to determining the probable cause.   Therefore, no transcript was
20  prepared."  *See* NTSB Group Chairman's Factual Report on ANA's CVR, Turner
21  Decl., Exhibit U.

22  On the otherhand, UAL failed to preserve the relevant communications on
23  its CVR.   Therefore, any argument by UAL that it does not have sufficient
24  information to receive a fair trial must be balanced by the fact that ANA will not
25  have access to UAL's CVR for the conversations among the UAL flight crew.  The
26  NTSB determined that UAL's CVR "audio was consistent with the CVR being
27  overwritten by subsequent events."   *See* NTSB Specialist's Factual Report –
28  //

-17-

1901 Avenue of the Stars, Suite 1901

Los Angeles, California 90067-6010

Telephone: (310) 557-2030

1  Cockpit Voice Recorder, Turner Decl., Exhibit V.  If ANA's CVR is essential to

2  UAL obtaining a fair trial, then it would also be impossible for ANA to receive a

3  fair trial when the recording from the relevant time period is missing from UAL's

4  CVR.  Regardless of whether UAL's failure to preserve its CVR was intentional or

5  merely careless, UAL would gain an unfair advantage based upon its own

6  destruction of the evidence.  As the only audio that could be on the CVRs that both

7  parties do not have from other sources is the channel with the internal

8  communications of the flight crews within their respective cockpits, ANA must

9  rely upon the statements given to the NTSB investigators by the UAL crew and

10 their testimony if and when they are produced for depositions.  Similarly, UAL

11 should rely upon the statements given to the NTSB by ANA's crew and the sworn

12 testimony already given at their depositions.  An issue of fairness would only arise

13 if ANA's CVR were to be available to UAL, but UAL's CVR would not be

14 available to ANA.

15    It is respectfully submitted that the Court should deny UAL's motion with

16 respect to its request for production of the ANA Cockpit Voice Recorder because

17 (1) the CVR is not discoverable under 49 U.S.C. § 1154; (2) ANA's flight crew

18 has a privacy interest in the CVR; (3) UAL has not demonstrated that the CVR is

19 necessary for a fair trial; and (4) it would be unfair to ANA since UAL failed to

20 preserve its CVR.

21    **2.  Ground Handling Agreement Negotiations**

22    UAL's sole argument with respect to its Request for Production No. 7 is that

23 "ANA produced only 10 pages of documents in response to this request" and that

24 "it is likely that ANA possess[es] additional documents."  UAL Motion, page 14.

25 UAL's request and ANA's response are as follows:

26    **REQUEST FOR PRODUCTION NO. 7:**

27    With regard to the "Standard Ground Handling Agreement"

28 //                                           -18-

including "Annex A – Ground Handling Services" and "Annex B - United Service IATA Standard Ground Handling Agreement" attached to the "Standard Ground Handling Agreement" between ANA and United in effect on October 7, 2003, produce all documents which reflect or pertain to the negotiating of the terms of this contract, the intent/interpretation of ANA with regard to the term contained in that contract, and the applicability or inapplicability of the agreement with regard to the events of October 7, 2003 at SFO which is the subject of this litigation. To the extent you claim any of these documents as work product/privileged, provide a log with regard to those documents being withheld.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**
See General Objections. Without waiving these objections, ANA states that it will produce all non-privileged documents currently in its possession, custody, or control, if any, that have not already been produced. See Bates Nos. ANA 001336 through 001346.

*See* ANA Response, Turner Decl., Exhibit G.

ANA provided UAL with the documents responsive to this request, which consist of a series of emails between ANA and UAL concerning the retention of UAL's ground handling services at SFO pursuant to the agreement that was in effect on October 7, 2003. *See* Negotiation emails, Turner Decl., Exhibit W. The International Air Transport Association (IATA) Standard Ground Handling Agreement ("SGHA") is a form contract used worldwide and requires little, if any, negotiation. ANA had previously produced the SGHA. As this was an agreement between ANA and UAL, UAL was a party to all negotiations and should have possession of all communications. However, UAL has not identified or produced a single document in response to ANA's request for production of documents related to SGHA negotiations. ANA requested the same documents in its First Set of Document Requests to UAL:

//                                                              -19-

ALL NIPPON AIRWAYS' RESPONSE TO UAL'S MOTION TO
COMPEL DISCOVERY AND FOR ADDITIONAL TIME TO
DEPOSE WITNESSES
CASE NO.: C07-03422 EDL

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

**REQUEST NO. 20:**
Attach true and correct copies of all documents reflecting correspondence, negotiations, and interpretation of the SGHA between UAL and ANA in effect on the date of the Accident.

**UAL's RESPONSE TO REQUEST NO. 20:**
Objection; overly broad, unduly burdensome and potentially invasive of the attorney/client privilege and/or work product doctrines. Without waiving any objections, however, the GHA in effect on the date of this accident, as indicated hereinabove, is already in possession of ANA as same was produced by ANA to United during the litigation. With regard to documents in addition to the agreement itself relating to the negotiations and interpretation of same, to the extent documentation exists, same will be produced under separate cover when located.

Turner Decl., Exhibit X.

Apparently, while claiming it is likely that ANA possesses additional documents, beyond the 10 pages of emails ANA has produced, UAL has not produced a single piece of paper (UAL's response was due on December 18, 2007) and has no idea of whether any additional document exists. While UAL may be disappointed in the number of documents produced by ANA or that such documents do not support UAL's position in this case, these are not bases for relief. Accordingly, it is respectfully submitted that UAL's motion with respect to Ground Handling document in Request No. 7 be denied in its entirety.

### 3. Clearing Potential Conflicts

In UAL's Request for Production No. 10, UAL seeks:

**REQUEST FOR PRODUCTION NO. 10:**
With regard to any ANA policy relative to ANA pilots clearing potential conflicts with other aircraft prior to or during taxi which was in effect before and/or after the incident involved in this litigation, produce a copy of same. To the extent the policy was modified, produce a copy of all versions of the policy.

-20-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Turner Decl., Exhibit F.

ANA responded to this request by stating it was searching its files and would produce such documents if located. ANA's flight crew testified at their respective depositions that they are not aware of any such policy which UAL's counsel described as "conflict resolution". Turner Decl., Exhibit I, 67:11-18; Exhibit J, 41:18-42:3; Exhibit K, 34:22-25. As testified to by ANA's flight crew, ANA has no such specific policy and thus, no documents which are responsive to this request. Accordingly, it is respectfully submitted that this Court should deny UAL's motion with respect to clearing conflicts in its Request for Production No. 10.

### D. UAL's Request For Additional Time To Depose ANA's Flight Crew

UAL prays to have this Court grant it additional time to depose ANA's flight crew beyond the seven hours provided by the Federal Rules of Civil Procedure Rule 30(d)(1). UAL Motion, pages 15-17. UAL would have this Court believe that ANA's counsel and witnesses rendered UAL unable to complete its questioning of such witnesses in the time allotted. However, if UAL's counsel had any unasked questions, it would have been the sole fault of UAL's counsel.

UAL alleges in its motion that it will need additional time to question these witnesses concerning documents that were withheld by ANA. UAL Motion, page 15. As discussed above, ANA's witnesses produced at their depositions all responsive documents in their possession or that were readily obtainable and ANA has appropriately responded to UAL's document requests. UAL's counsel chose not to question the witnesses with regard to many of the documents they requested be produced.

UAL argues that its deposition time was shortened because "ANA insisted that every question, answer, and objection be translated from English to Japanese

-21-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   and *vice versa*, when, in fact, all three pilots fluently speak and understand

2   English." UAL Motion, page 17. This allegation is absolutely baseless. UAL

3   questioned each witness with respect to his English language proficiency and each

4   witness indicated the need for the translator. Turner Decl., Exhibit I, 11:22-25,

5   16:15-19; Exhibit J, 5:24-6:5; Exhibit K, 32:6-9. While these pilots have a

6   sufficient understanding of aviation terminology to effectively perform their duties

7   and communicate with air traffic control in English, they do not have the English

8   comprehension necessary to sit through a seven hour deposition and to understand

9   an attorney's questions and to respond to such questions. UAL was aware that a

10  translator was necessary when these depositions were scheduled and had the

11  opportunity to prepare accordingly. Moreover, it is obvious that any delay caused

12  by the use of an interpreter is clearly a red herring since UAL's lawyer did not use

13  the time available to him at Mr. Nishiguchi's and Mr. Usui's depositions and was

14  merely repeating the same questions over and over again throughout Mr.

15  Yamaguchi's deposition. *See* Nishiguchi's and Usui's depositions that were

16  terminated early by Mr. Torpey at Turner Decl., Exhibit J, 114:22-23; Exhibit K,

17  107:22-23.

18      UAL further claims that ANA's witnesses were evasive and uncooperative

19  because they refused to answer UAL's "straightforward questions" and that ANA's

20  counsel caused delay by "posing groundless objections." UAL Motion, page 17.

21  An examination of the record of each deposition shows that this is simply untrue.

22  It is not the fault of ANA's witnesses that they had difficulty understanding UAL's

23  counsel's questions, which were consistently combinations of long, compound and

24  convoluted questions that were often preceded by diatribe, sarcasm, and argument

25  with the witness. Furthermore, UAL's "straightforward questions" consisted of

26  repeated vague incomplete hypothetical situations, to which ANA's witnesses had

27  difficulty responding when UAL's counsel refused to provide sufficient factual

28  //                                                          -22-

Telephone: (310) 557-2030
Los Angeles, California 90067-6010

1 information regarding the imaginary circumstances he posited in his hypotheticals.
2 Out of many clear examples for such improper questioning can be found in Mr.
3 Nishiguchi's deposition at 47:21-56:23, Turner Decl. Exhibit J.

4     UAL's argument concerning the length of the depositions is misleading.
5 UAL argues that the deposition of Mr. Yamaguchi was cut short of the seven hours
6 allowed by Rule 30(d)(1). However, this witness was subjected to over six and
7 one half hours of time on-the-record during a span of over 8 hours. UAL's counsel
8 continuously wasted time with repetitious questions, false statements, and
9 withdrawals of poorly constructed questions. The duration of the deposition and
10 the mistreatment of the witness by UAL's counsel, coupled with the fact that the
11 witness had traveled from Japan to San Francisco, lead to the conclusion of Mr.
12 Yamaguchi's deposition only about twenty minutes short of the seven hours
13 allowed in FRCP 30(d)(1). However, ANA offered to permit UAL to continue to
14 question the witness, if UAL would conclude the deposition within seven hours.
15 UAL refused this offer. Turner Decl., Exhibit I, 137:17-20.

16     UAL's failure to use the time allotted and available for the depositions of
17 Mr. Nishiguchi and Mr. Usui makes it clear that time was not an issue nor was the
18 use of the interpreter or objections interposed by ANA's counsel. With respect to
19 the deposition of Mr. Nishiguchi, UAL elected to conclude the deposition after five
20 hours and twenty-five minutes of on-the-record time. *See* Running times for each
21 deposition, Turner Decl., Exhibit Y. If UAL's counsel had additional questions for
22 Mr. Nishiguchi, he should have asked them when he stated "I don't have any other
23 questions" with one hour and thirty-five minutes remaining under Rule 30(d)(1) of
24 the Federal Rules of Civil Procedure. *See* Nishiguchi deposition, Turner Decl.,
25 Exhibit J, 114:23-24. With respect to the deposition of Mr. Usui, UAL's counsel
26 stated after five hours and forty-one minutes of on-the-record time, "I don't have
27 any further questions." *See* Running times for each deposition, Turner Decl.,
28 //                                    -23-

ALL NIPPON AIRWAYS' RESPONSE TO UAL'S MOTION TO
COMPEL DISCOVERY AND FOR ADDITIONAL TIME TO
DEPOSE WITNESSES
CASE NO.: C07-03422 EDL

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1901 Avenue of the Stars, Suite 650
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  Exhibit Y; Usui deposition, Turner Decl., Exhibit K, 107:22-23.  If UAL had

2  additional questions for this witness, it should have asked him in the one hour and

3  twenty minutes remaining under FRCP 30(d)(1).  Furthermore, UAL wasted

4  considerable time during these depositions repeatedly asking the same questions

5  over and over again.  Turner Decl., Exhibit I, 78:24-81:17, 83:1-90:5, 119:12-

6  122:21; Exhibit J, 42:9-56:23; Exhibit K, 35:1-52:6.

7  UAL's claim that the objections of ANA's counsel in some way hampered

8  their ability to complete the depositions is belied by the fact that UAL's counsel

9  did not use the time available to complete the depositions of Mr. Nishiguchi and

10  Mr. Usui and the fact documented on the video tapes of the depositions that almost

11  every objection by ANA's counsel was nothing more than "Objection to form and

12  foundation" which took less than 3 seconds to interpose.  Some objections may

13  have extended to 4 or 5 seconds, if they included the words "incomplete

14  hypothetical."  The total time consumed by ANA's counsel's objection over the

15  course of three complete days of examination was no more than a few minutes.

16  In these circumstances, UAL has demonstrated no basis whatsoever to

17  justify the granting of additional time to re-depose ANA's pilots.

18  **E. Costs**

19  In accordance with the foregoing, UAL's arguments are without merit and

20  should be denied in their entirety.  Accordingly, UAL's request for costs is

21  baseless, particularly in view of the fact that UAL's counsel failed to comply with

22  Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-1 requiring the

23  "meet and confer" that may have been able to resolve some of the differences

24  between the parties.

25  In these circumstances, ANA respectfully requests that it be awarded

26  reasonable expenses incurred in opposing the motion, including attorney's fees,

27  pursuant to Rule 37(a)(5)(B) and (C) of the Federal Rules of Civil Procedure.

28  //

-24-

1

**CONCLUSION**

2      In light of the foregoing, ANA respectfully submits that UAL's Motion to

3  Compel should be denied in all respects and that costs and fees of this motion

4  should be awarded to ANA.

5  Dated: January 9, 2008          CONDON & FORSYTH LLP

6

7                           By: _____

8                               MARSHALL S. TURNER (*pro hac vice*)
                               SCOTT D. CUNNINGHAM

9                           Attorneys for Plaintiff and Counter-Defendant
                           ALL NIPPON AIRWAYS COMPANY, LTD.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  //_____ -25-
   ALL NIPPON AIRWAYS' RESPONSE TO UAL'S MOTION TO
   COMPEL DISCOVERY AND FOR ADDITIONAL TIME TO
   DEPOSE WITNESSES
   CASE NO.: C07-03422 EDL

Los Angeles, California 90067-6010

Telephone: (310) 557-2030

1

## CERTIFICATE OF SERVICE

2

**ALL NIPPON AIRWAYS COMPANY'S OPPOSITION TO UAL'S MOTION TO COMPEL DISCOVERY AND FOR ADDITIONAL TIME TO DEPOSE WITNESSES; DECLARATION OF MARSHALL S. TURNER**

3

4

5      I, hereby certify that on January 9, 2008 I electronically filed the foregoing

6 paper with the Clerk of the Court using the ECF System which will send

7 notification of such filing to the following:

8

| | |
|---|---|
| 9  Scott R. Torpey, Esq.<br>Jaffe, Raitt, Heuer & Weiss<br>10 2777 Franklin Road, Suite 2500<br>Southfield, MI 48034-8214<br>11 Phone: (248) 727-1461<br>Fax: (248) 351-3082 | Attorneys for defendant |
| 12  Jeffrey A. Worthe, Esq.<br>Worthe, Hanson & Worthe<br>13 The Xerox Centre<br>1851 East First Street, Ninth Floor<br>14 Santa Ana, CA 92705 | Attorneys for defendant |

15

16

HEATHER L. JACKSON

17

18  Sworn to before me this
9th day of January, 2008

19

20      Notary Public

21

22          Timothy H Eskridge
           Notary Public State of N.Y.
               02ES6121835
23       Qualified in New York County
       Commission Expires January 31 2009

24

25

26

27

28

ALL NIPPON AIRWAYS' BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO COMPEL
CASE NO.: C07-03422 EDL