# EXHIBIT 1

Scott D. Cunningham (State Bar No.: 200413)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299
Email: scunningham@condonlaw.com

-and-

Marshall S. Turner (*pro hac vice*)
CONDON & FORSYTH LLP
7 Times Square
New York, NY 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453
Email: mturner@condonlaw.com

Attorneys for Plaintiff and Counter-Defendant
ALL NIPPON AIRWAYS COMPANY, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED AIR LINES, INC., <br><br> Defendant. <br><br> AND RELATED COUNTER-CLAIM | Case No. C07-03422 EDL <br><br> **DECLARATION OF MARSHALL S. TURNER IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL** <br><br> Hearing Date: January 30, 2008 <br> Hearing Time: 2:00 p.m. <br> Hearing Place: Courtroom of Hon. Elizabeth D. Laporte |

**DECLARATION OF MARSHALL S. TURNER**

Marshall S. Turner, being duly sworn, deposes and says:

1. I am an attorney and a member of the law firm of Condon & Forsyth LLP, attorneys for plaintiff All Nippon Airways Co., Ltd. ("ANA") in the above-captioned matter. I make this declaration in Opposition to Defendant's Motion to Compel Discovery and for Additional Time to Depose Witnesses.

2. On July 24, 2007, UAL served ANA with a Notice of Taking Video Depositions and document requests for the three ANA pilots on board Flight

---

DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL
CASE NO.: C07-03422 EDL

1  NH007 at the time of the Accident, which noticed the depositions for San Francisco. Attached hereto as Exhibit A is a true and correct copy of the deposition notice.

3.  On September 12, 2007, UAL served ANA with an Amended Notice of Taking Video Depositions and document requests for these same witnesses, which noticed the depositions for Los Angeles. Attached hereto as Exhibit B is a true and correct copy of the deposition notice.

4.  On September 27, 2007, UAL served ANA with a Second Amended Notice of Taking Video Depositions and document requests for these same witnesses. Attached hereto as Exhibit C is a true and correct copy of the deposition notice.

5.  On November 16, 2007, UAL served ANA with a Third Amended Notice of Taking Video Depositions and document requests for these same witnesses. Attached hereto as Exhibit D is a true and correct copy of the deposition notice. On November 19, 2007, UAL served ANA with a Fourth Amended Notice of Taking Video Depositions and document requests for these same witnesses. Attached hereto as Exhibit E is a true and correct copy of the Fourth Amended deposition notice. These November notices contained additional document requests that were not requested in the previous notices. I did not receive either of these notices until November 19, 2007, at which time I transmitted them to ANA's legal department. However, I was unable to provide the new notices to the witnesses until the day before each of their respective depositions.

6.  The November document requests were directed to the witnesses and, as each Notice states, "Deponent(s) are requested to bring with them to the deposition the documents requested on the attached Exhibit A."

7.  On October 12, 2007, UAL served ANA with its First Request to Produce. Attached hereto as Exhibit F is a true and correct copy of UAL's Request. On November 13, 2007, ANA served UAL with its Response to UAL's First Request

-2-

DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL
CASE NO.: C07-03422 EDL

1  to Produce and produced documents in response thereto. Attached hereto as Exhibit G is a true and correct copy of ANA's Response to UAL's First Request to Produce. On December 13, 2007, ANA served UAL with its Supplemental Response to UAL's First Request to Produce and produced additional documents. Attached hereto as Exhibit H is a true and correct copy of ANA's Supplemental Response.

8. The depositions of ANA's flight crew were conducted on November 27, 28 and 29, 2007. Attached hereto as Exhibit I is a true and correct copy of the deposition transcript of Eishin Yamaguchi. Attached hereto as Exhibit J is a true and correct copy of the deposition transcript of Yusuke Nishiguchi. Attached hereto as Exhibit K is a true and correct copy of the deposition transcript of Teruo Usui.

9. I conducted all discussions with UAL on behalf of ANA concerning the scheduling of depositions of ANA's flight crew. Although we discussed the possibility that it might be easier to schedule the depositions of the three pilots on consecutive days, if Los Angeles were an option, I never requested or agreed that the depositions take place in Los Angeles.

10. In his letter of July 17, 2007, UAL's counsel Scott R. Torpey states, "The depositions would take place at a location in San Francisco." Attached hereto as Exhibit L is a true and correct copy of Torpey's July 17, 2007 letter. On July 24, 2007, UAL noticed the depositions for San Francisco. See Exhibit A.

11. In my letters of August 7, 2007 and August 30, 2007, I advised UAL's counsel that ANA expected to be able to produce the witnesses in San Francisco or Los Angeles. Attached hereto as Exhibit M are true and correct copies of my August 7, 2007 and August 30, 2007 letters. In my letter of September 7, 2007, I again offered to produce at least two witnesses in the United States "in the same city," but did not request that such city be Los Angeles. Attached hereto as Exhibit

//                                          -3-
DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL
CASE NO.: C07-03422 EDL

1  N is a true and correct copy of my September 7, 2007 letter.

2      12. In his letter of September 12, 2007, Torpey advised that he had chosen to notice the depositions for Los Angeles, but also offered that having the depositions in San Francisco would be "no problem." Attached hereto as Exhibit O is a true and correct copy of Torpey's September 12, 2007 letter.

        13. In my letter of November 7, 2007, I confirmed that the depositions would take place in San Francisco. Attached hereto as Exhibit P is a true and correct copy of my November 7, 2007 letter. In an email of November 19, 2007 I again confirmed that the pilot depositions would take place in San Francisco. In his email of November 19, 2007, Torpey admitted to having seen my letter of November 7, 2007, but stated, "As for your November 7 letter, I assumed you meant LA." Attached hereto as Exhibit Q is a true and correct copy of my exchanges of emails with Torpey on November 19, 2007.

        14. In response to UAL's request for "ANA Pilot Files" in its deposition notices, ANA's flight crew produced at their depositions all documents in their possession responsive to this request. Each pilot had his certification documents and training record. It should be noted that Mr. Usui was never requested to produce his training record during his deposition. Accordingly, only his aviation certification documents were produced. Attached hereto as Exhibit R are true and correct copies of each pilot's certification documents and training record produced at their depositions. Certain portions of each pilot's training record have been redacted pursuant to Japan's Act on the Protection of Personal Information, which prohibits the disclosure of personal information. Attached hereto as Exhibit S is a true and correct copy of Japan's Act on the Protection of Personal Information.

        15. UAL's request for "ANA Operations Manual" was not included until its final two deposition notices, which were received only eights days before depositions and three days before the Thanksgiving break. See Exhibits A-E.

//                                         -4-
DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL
CASE NO.: C07-03422 EDL

Given the shortage of time, each pilot did not see the latest notice request until the day before his respective deposition. In any event, responsive documents are proprietary company documents that the pilots do not maintain under their personal control. Nonetheless, the witnesses were able to obtain the section of this document that was relevant to this litigation from ANA's legal department and produced same at their depositions.

16. With respect to UAL's request for "Publications Required To Be On Board" and "Routing" documents, the witnesses are not in possession or control of such documents. However, they were able to provide the relevant Jeppesen Charts that were the only routing documents relevant to the taxiing of the subject Aircraft. Attached hereto as Exhibit Z is a true and correct copy of the relevant Jeppesen Charts that had previously been produced in September 2007 in ANA's Initial Disclosure as Bates Nos. ANA 001067-001070.

17. In UAL's Request for Production, No. 5, UAL requests the recording from the Cockpit Voice Recorder ("CVR") that was in ANA's aircraft on the date of the accident, "reflecting all conversation between the ANA crew and United ramp control, air traffic control, ground personnel and/or between the ANA pilots." In its Supplemental Response, ANA directed UAL to the statutes prohibiting discovery of the CVR recording. See Exhibit H attached hereto.

18. The recordings reflecting conversation between the ANA flight crew and United Ramp Control and conversation between the ANA flight crew and air traffic control have already been produced by ANA under Bates No. ANA 001134. There was no conversation between the ANA flight crew and ground personnel while the ANA aircraft was taxiing. The conversations between the ANA pilots in the cockpit are reflected in the statements provided by each member of the flight crew immediately following the Accident. Attached hereto as Exhibit T are true and correct copies of ANA's flight crew's statements.

//

-5-

DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL
CASE NO.: C07-03422 EDL

19. ANA preserved its CVR after the Accident and submitted its CVR to the National Transportation Safety Board ("NTSB"), who found that it "contained the most recent two hours of the flight operation" in fair to excellent condition, but concluded that "no data could contribute to determining the probable cause. Therefore, no transcript was prepared." Attached hereto as Exhibit U is a true and correct copy of the NTSB Group Chairman's Factual Report concerning ANA's CVR.

20. UAL failed to preserve its CVR data as the NTSB determined that "The audio was consistent with the CVR being overwritten by subsequent events." Attached hereto as Exhibit V is a true and correct copy of the NTSB Specialist's Factual Report on UAL's CVR.

21. In its Cockpit Voice Recorder Handbook for Aviation Accident Investigations, the NTSB notes that CVR recordings "contain highly sensitive information" and that NTSB staff and Members are "bound by Federal CVR nondisclosure laws" (referring to 49 U.S.C. § 1114). Attached hereto as Exhibit AA is a true and correct copy of the relevant pages of the NTSB Cockpit Voice Recorder Handbook for Aviation Accident Investigations. See § 3.1.

22. In UAL's Request for Production No. 7, UAL requests documents in connection with the Standard Ground Handling Agreement ("SGHA") that was in effect on the date of the Accident. ANA responded to this request and produced the responsive documents in its possession. See exchanges of emails attached hereto as Exhibit W which are true and correct copies of the documents produced by ANA in response to this request as Bates Nos. ANA 001336-001346.

23. In ANA's First Set of Document Requests to UAL, ANA requested similar documents from UAL with respect to the SGHA. Attached hereto as Exhibit X is a true and correct copy of UAL's Response to ANA's First Set of Document Requests to UAL. UAL has not produced a single document in response to ANA's

-6-

DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL
CASE NO.: C07-03422 EDL

1  Requests Nos. 20 and 30 through 40 which was due on December 18, 2007.

2  24. UAL's Request for Production No. 10 seeks "ANA policy relative to ANA pilots clearing potential conflicts with other aircraft prior to or during taxi." See Exhibit F. ANA's flight crew testified at their depositions that they are not aware of any such policy. See ANA's pilots' deposition transcripts attached hereto as Exhibit I, 67:11-18; Exhibit J, 41:19-42:3; Exhibit K, 34:22-25. ANA is not aware of any document responsive to this request.

25. UAL prays to have this Court grant it additional time to depose ANA's flight crew beyond the seven hours provided by the Federal Rules of Civil Procedure Rule 30(d)(1). UAL Motion, pages 15-17.

26. UAL argues that it will need additional time to question these witnesses because ANA withheld documents. UAL Motion, page 15. In accordance with the foregoing, ANA's witnesses produced all responsive documents in their possession at their depositions and ANA has appropriately responded to all of UAL's document requests. UAL chose not to question the witnesses at all with respect to many of the documents.

27. UAL argues that its deposition time was shortened by the use of a translator when "all three pilots fluently speak and understand English." UAL Motion, page 17." UAL questioned each witness with respect to his English language proficiency and each witness indicated the need for the translator. See deposition transcripts at Exhibit I, 11:22-25, 16:15-19; Exhibit J, 5:24-6:5; Exhibit K, 32:6-9.

28. UAL argues that ANA unilaterally and prematurely terminated Mr. Yamaguchi's deposition. UAL Motion, page 16. However, ANA offered to allow UAL to continue, even though UAL's counsel had repeated numerous questions many times over, and UAL refused. Exhibit I, 137:17-20.

29. UAL moves for additional time to depose ANA's flight crew, but UAL

-7-
DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL
CASE NO.: C07-03422 EDL

1  failed to use the time allotted and available for the depositions of Mr. Nishiguchi
2  and Mr. Usui.  UAL's counsel elected to conclude the deposition of Mr.
3  Nishiguchi after five hours and twenty-five minutes of on-the-record time and
4  stated, "I don't have any other questions."  See Exhibit J, 114:23-24.  Attached
5  hereto as Exhibit Y is a true and correct copy of the record of running time for each
6  deposition.  UAL's counsel terminated Mr. Usui's deposition after five hours and
7  forty-one minutes of on-the-record time and stated, "I don't have any further
8  questions."  Exhibit Y; and Exhibit K, 107:22-23.

9  30. UAL consumed considerable time during these depositions repeatedly
10 asking the same questions over and over again.  See Exhibit I, 78:24-81:17, 83:1-
11 90:5, 119:12-122:21; Exhibit J, 42:9-56:23; and Exhibit K, 35:1-52:6.

12 31. In accordance with the foregoing and ANA's Brief in Opposition to
13 Defendant's Motion to Compel, UAL's arguments are without merit and should be
14 denied in their entirety.

15 I declare under penalty of perjury under the laws of the United States of
16 America that the foregoing is true and correct.
17 Executed this 9th day of January, 2008, at New York, New York.

_____
Marshall S. Turner

Sworn to before me this
9th day of January, 2008

_____
Notary Public

**Timothy H Eskridge**
**Notary Public State of N.Y.**
**02ES6121835**
**Qualified in New York County**
**Commission Expires January 31 2009**

-8-
DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO DEFENDANT'S MOTION TO COMPEL
CASE NO.: C07-03422 EDL