# EXHIBIT G

1  Scott D. Cunningham (State Bar No.: 200413)
   CONDON & FORSYTH LLP
2  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
3  Telephone: (310) 557-2030
   Facsimile:  (310) 557-1299
4  Email: scunningham@condonlaw.com

5      -and-

6  Marshall S. Turner (*pro hac vice*)
   CONDON & FORSYTH LLP
7  7 Times Square
   New York, NY 10036
8  Telephone: (212) 490-9100
   Facsimile: (212) 370-4453
9  Email: mturner@condonlaw.com

10 Attorneys for Plaintiff and Counter-Defendant
   ALL NIPPON AIRWAYS COMPANY, LTD.

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14
   ALL NIPPON AIRWAYS COMPANY,)   Case No. C07-03422 EDL
15 LTD.,                       )
                Plaintiff,      )   **ALL NIPPON AIRWAYS**
16                             )   **COMPANY, LTD.'S RESPONSE**
          vs.                   )   **TO UNITED AIR LINES, INC.'S**
17                             )   **FIRST REQUEST TO PRODUCE**
   UNITED AIR LINES, INC.,      )
18                             )
                Defendant.      )
19                             )
   _____)
20 AND RELATED COUNTER-CLAIM

21
       Plaintiff and Counter-Defendant, ALL NIPPON AIRWAYS COMPANY,
22
   LTD. (hereinafter referred to as "ANA"), by and through its attorneys, Condon &
23
   Forsyth LLP, hereby responds to UNITED AIR LINES, INC.'S (hereinafter
24
   referred to as "UAL") First Request to Produce as follows:
25
                       **GENERAL OBJECTIONS**
26
       ANA hereby asserts the following General Objections, which are in addition
27
   to, and are incorporated within, each of the specific Responses set forth below:
28

ALL NIPPON AIRWAYS COMPANY, LTD.'S RESPONSE TO

1        1.    ANA objects to each Request and each Definition, to the extent it
2    seeks discovery that is inconsistent with or enlarges the scope of permissible
3    discovery under the Federal Rules of Civil Procedure.

4        2.    ANA objects to each Request to the extent it seeks discovery of
5    matters protected by the attorney-client privilege, the attorney work-product
6    doctrine, or other applicable privilege or protection.  ANA objects to each and
7    every Request to the extent that it calls for the disclosure of any information or
8    document, which was prepared in anticipation of litigation or for trial, which
9    otherwise constitutes work product or attorney-client privileged information, which
10   is protected by the self-evaluative privilege, the joint defense privilege, applicable
11   state or federal regulations, or other applicable privilege, or which otherwise is
12   immune from discovery.  Such privileged information will not be disclosed and
13   any inadvertent disclosure thereof will not be deemed a waiver of any privilege or
14   protection.

15       3.    ANA objects to each Request to the extent it seeks the disclosure of
16   trade secrets, confidential research and development, or other confidential
17   proprietary and commercial information.  Such privileged information will not be
18   disclosed and any inadvertent disclosure thereof will not be deemed a waiver of
19   any privilege or protection.

20       4.    ANA objects to each Request to the extent it calls for information that
21   already is, or the production of documents that already are, in UAL's possession,
22   custody, or control, or equally available to UAL on the grounds that the Request is
23   unreasonably cumulative and duplicative.  ANA further objects to collecting
24   documents from the public domain for purposes of production on the ground that
25   such documents are equally available to UAL.

26       5.    ANA objects to each Request to the extent that it is overly broad,
27   unduly burdensome, unduly repetitive and intended to harass ANA.

28

-2-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

6.    ANA objects to each Request to the extent that it seeks information that is not relevant to the subject matter of the action and is not reasonably calculated to lead to the discovery of admissible evidence.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

With regard to your claim "damages for loss of use in excess of $1.5 Million as pled in the complaint in this litigation filed against United, produce all known documents which relate to and/or which you may or will rely upon in support of your intention as to the existence and the amount of such lost use damages.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

See General Objections.  Without waiving these objections, ANA states that it will produce all non-privileged documents currently in its possession, custody, or control, if any, that have not already been produced.  See Bates Nos. ANA 001295 through 001335.

### REQUEST FOR PRODUCTION NO. 2:

With regard to ANA Pilot Teruo Usui, produce documents reflecting disciplinary action(s) of any type relating to him, whether relating to the accident at issue in this litigation or any other matter for which he was disciplined.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

See General Objections.  ANA also objects on the grounds that this Request is overly broad, not relevant to any claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence.    ANA further objects on the grounds that any documents responsive to this request would be subject to Japan's Act on the Protection of Personal Information and subject to a determination by the individuals to assert the protection of the Act.  ANA's crew members may waive

ALL NIPPON AIRWAYS COMPANY, LTD.'S RESPONSE TO
UNITED AIR LINES, INC.'S FIRST REQUEST TO PRODUCE

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  personal protection under the Act and may produce the requested documents, if

2  any exist, at their deposition.

3

4  **REQUEST FOR PRODUCTION NO. 3:**

5  With regard to ANA Pilot Bishin Yamaguchi, produce documents reflecting

6  disciplinary action(s) of any type relating to him, whether relating to the accident

7  at issue in this litigation or any other matter for which he was disciplined.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

9  See General Objections.  ANA also objects on the grounds that this Request is

10  overly broad, not relevant to any claims or defenses, and not reasonably calculated

11  to lead to the discovery of admissible evidence.  ANA further objects on the

12  grounds that any documents responsive to this request would be subject to Japan's

13  Act on the Protection of Personal Information and subject to a determination by the

14  individuals to assert the protection of the Act.  ANA's crew members may waive

15  personal protection under the Act and may produce the requested documents, if

16  any exist, at their deposition.

17

18  **REQUEST FOR PRODUCTION NO. 4:**

19  With regard to ANA Pilot Yusuke Nishiguchi, produce documents reflecting

20  disciplinary action(s) of any type relating to him, whether relating to the accident

21  at issue in this litigation or any other matter for which he was disciplined.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

23  See General Objections.  ANA also objects on the grounds that this Request is

24  overly broad, not relevant to any claims or defenses, and not reasonably calculated

25  to lead to the discovery of admissible evidence.  ANA further objects on the

26  grounds that any documents responsive to this request would be subject to Japan's

27  Act on the Protection of Personal Information and subject to a determination by the

28

-4-

Los Angeles, California 90067-6010    Telephone: (310) 557-2030

1  individuals to assert the protection of the Act.  ANA's crew members may waive

2  personal protection under the Act and may produce the requested documents, if

3  any exist, at their deposition.

4

5  **REQUEST FOR PRODUCTION NO. 5:**

6  With regard to the cockpit voice recorder in the ANA aircraft on the date of the

7  incident involved in this litigation, produce an unedited copy of the CVR tape

8  reflecting all conversation between the ANA crew and United ramp control, air

9  traffic control, ground personnel and/or between the ANA pilots.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11  See General Objections.  Without waiving these objections, the CVR recording

12  will be made available for copying at the office of Condon & Forsyth LLP, 1901

13  Avenue of the Stars – Suite 850, Los Angeles, CA 90067, subject to a

14  Confidentiality Order acceptable to ANA's flight crew.

15

16  **REQUEST FOR PRODUCTION NO. 6:**

17  With regard to Teruo Usui, Bishin Yamaguchi, and Yusuke Nishiguchi, produce

18  unredacted copies of all file materials reflecting with regard to each of these ANA

19  pilots, any accident/incidents which they were involved between 1995 to date, any

20  disciplinary actions between 1995 to date, and records pertaining to their training

21  and certification between 1995 to date.    To the extent you claim work

22  product/privilege, provide a log with regard to those documents being withheld.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

24  See General Objections.  ANA also objects on the grounds that this Request is

25  overly broad, unduly burdensome, not relevant to any claims or defenses, and not

26  reasonably calculated to lead to the discovery of admissible evidence.  ANA

27  further objects on the grounds that any documents responsive to this request would

28

-5-

ALL NIPPON AIRWAYS COMPANY, LTD.'S RESPONSE TO

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  be subject to Japan's Act on the Protection of Personal Information and subject to a

2  determination by the individuals to assert the protection of the Act.  ANA's crew

3  members may waive personal protection under the Act and may produce the

4  requested documents, if any exist, at their deposition.

5

6  **REQUEST FOR PRODUCTION NO. 7:**

7  With regard to the "Standard Ground Handling Agreement" including "Annex A –

8  Ground Handling Services" and "Annex B - United Service IATA Standard

9  Ground Handling Agreement" attached to the "Standard Ground Handling

10  Agreement" between ANA and United in effect on October 7, 2003, produce all

11  documents which reflect or pertain to the negotiating of the terms of this contract,

12  the intent/interpretation of ANA with regard to the term contained in that contract,

13  and the applicability or inapplicability of the agreement with regard to the events

14  of October 7, 2003 at SFO which is the subject of this litigation.  To the extent you

15  claim any of these documents as work product/privileged, provide a log with

16  regard to those documents being withheld.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

18  See General Objections.  Without waiving these objections, ANA states that it will

19  produce all non-privileged documents currently in its possession, custody, or

20  control, if any, that have not already been produced.  See Bates Nos. ANA 001336

21  through 001346.

22

23  **REQUEST FOR PRODUCTION NO. 8:**

24  With regard to damages referenced in your complaint filed against United in this

25  litigation relating to "repair costs in the amount of $3,106,233. 49," produce a copy

26  of all known documentation which relates to and/or upon which you may or will

27  rely in support of your calculations as to the nature and amount of the damages

28

-6-

1  sustained.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

3  See General Objections. Without waiving these objections, ANA states that it will

4  produce all non-privileged documents currently in its possession, custody, or

5  control, if any, that have not already been produced. See Bates Nos. ANA 001295

6  through 001335.

7

8  **REQUEST FOR PRODUCTION NO. 9:**

9  With regard to any photographs, video and/or DVD relating to the damage to the

10  ANA and/or United aircraft, or relating to the circumstances leading up to the

11  collision which is at issue in this litigation, produce a complete, unedited color

12  copy of same.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

14  See General Objections. Without waiving these objections, ANA states that it will

15  produce all non-privileged documents currently in its possession, custody, or

16  control, if any, that have not already been produced. See Bates Nos. ANA 001071,

17  001072, 001128, 001129, 001114 through 001127, 001154 through 001206, and

18  001347 through 001354. Video and/or DVD will be made available for inspection

19  and copying at the office of Condon & Forsyth LLP, 1901 Avenue of the Stars –

20  Suite 850, Los Angeles, CA 90067.

21

22  **REQUEST FOR PRODUCTION NO. 10:**

23  With regard to any ANA policy relative to ANA pilots clearing potential conflicts

24  with other aircraft prior to or during taxi which was in effect before and/or after the

25  incident involved in this litigation, produce a copy of same. To the extent the

26  policy was modified, produce a copy of all versions of the policy.

27  //

28

-7-

text left margin

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

ALL NIPPON AIRWAYS COMPANY, LTD.'S RESPONSE TO

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

2  See General Objections.  Without waiving these objections, ANA is currently

3  searching its records to locate documents responsive to this request and will

4  produce any non-privileged documents responsive to this request that may be

5  located.

6  Dated: November 13, 2007        CONDON & FORSYTH LLP

7

8  By: _____
         MARSHALL S. TURNER (*pro hac vice*)

9         SCOTT D. CUNNINGHAM

10        Attorneys for Plaintiff

11        ALL NIPPON AIRWAYS COMPANY, LTD.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

ALL NIPPON AIRWAYS COMPANY, LTD.'S RESPONSE TO

1

**CERTIFICATE OF SERVICE**

2   The undersigned certifies that a copy of the foregoing **ALL NIPPON**

3  **AIRWAYS COMPANY, LTD.'S RESPONSE TO UNITED AIR LINES,**

4  **INC.'S FIRST REQUEST TO PRODUCE** was mailed this 13TH day of

5  November, 2007, to:

| | |
|---|---|
| 6 Scott R. Torpey, Esq.<br>Jaffe, Raitt, Heuer & Weiss<br>7 2777 Franklin Road, Suite 2500<br>Southfield, MI 48034-8214<br>8 Phone: (248) 727-1461<br>Fax: (248) 351-3082<br>9 | Attorneys for defendant |
| 10 Jeffrey A. Worthe, Esq.<br>Worthe, Hanson & Worthe<br>The Xerox Centre<br>11 1851 East First Street, Ninth Floor<br>Santa Ana, CA 92705<br>12 | Attorneys for defendant |

13  in a properly addressed wrapper in an official depository under the exclusive care

14  and custody of the United States Post Office Department within the State of New

15  York.

16                              HEATHER L. JACKSON

17

18  Sworn to before me this
   13th day of November, 2007

19  *Tina M. Zoccal*

20     Notary Public

21

22     TINA M. ZOCCALI
       Notary Public, State of New York
       No. 01ZO6059025
23     Qualified in Rockland County
       Commission Expires May 21, 20 11

24

25

26

27

28

-9-

ALL NIPPON AIRWAYS COMPANY, LTD.'S RESPONSE TO
UNITED AIR LINES, INC.'S FIRST REQUEST TO PRODUCE

Los Angeles, California 90067-6010    Telephone: (310) 557-2030