# EXHIBIT X

1  JAFFE, RAITT, HEUER & WEISS, P.C.
   Scott R. Torpey Cal. SB#153763
2  storpey@jaffelaw.com
   27777 Franklin Road, Suite 2500
3  Southfield, MI 48034
   Telephone:    248.351.3000
4  Fax:          248.351.3082

5  And
   WORTHE, HANSON & WORTHE
6  Jeffrey A. Worthe Cal. SB#080856
   jworthe@whwlawcorp.com
7  1851 E. First St., Ste. 900
   Santa Ana, California 92705
8  Telephone:    (714) 285-9600
   Fax:          714-285-9700
9  Attorneys for Defendant United Air Lines, Inc.

10                 UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13  All Nippon Airways Company, Ltd.,          Case No.07-03422 EDL

14            Plaintiff,                        **DEFENDANT UNITED AIR LINES, INC.'S
                                                ANSWERS TO PLAINTIFF'S FIRST SET**
15        vs.                                   **OF DOCUMENT REQUESTS**

16  United Air Lines, Inc.,                     DATE:
                                                TIME:
17            Defendant.                        CTRM:
                                                JUDGE:
18

19        COMES NOW, Defendant United Air Lines, Inc., by and through its attorneys, Jaffe Raitt

20  Heuer & Weiss, P.C., and responds to Plaintiff All Nippon Airways Company, Ltd.'s First Set of

21  Document Requests as follows:

22  <u>**REQUEST NO. 1:**</u>

23        Attach true and correct copies of all documents and/or agreements concerning the provision

24  of ground handling and/or ramp control services, including but not limited to directing aircraft from

25  control towers, at San Francisco International Airport and involving any of the following entities:

26  United Air Lines, San Francisco International Airport, San Francisco Airport Air Traffic Control

27  Tower, the Federal Aviation Administration, and/or San Francisco Terminal Equipment Co.

28

1    **ANSWER**

2       Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any

3    objection, however, see Memorandum of Understanding provided with United's Rule 26

4    Disclosures and see United/ANA Ground Handling Agreement produced by ANA.

5    **REQUEST NO. 2:**

6       Attach true and correct copies of the personnel and training records for Edward Loh,

7    including, but not limited to, all documents reflecting training, certification, accidents and/or

8    incidents involving Edward Loh, and disciplinary actions.

9    **ANSWER**

10      Objection; vague, ambiguous, overly broad and unduly burdensome. Additionally,

11   "personnel files" under California law, are protected by privacy rights of the individual.

12   Accordingly, United cannot produce such documentation without permission of the individual

13   whose files are being requested. Without waiving any objection, however, United will produce

14   under separate cover those portion(s) of the individual's file materials they consent to having

15   produced and will do so sufficiently in advance of the deposition of the individual to permit review.

16   **REQUEST NO. 3:**

17      Attach true and correct copies of the personnel and training records for John Rediger,

18   including , but not limited to, all documents reflecting training, certification, accidents and/or

19   incidents involving John Rediger, and disciplinary actions.

20   **ANSWER**

21      Objection; vague, ambiguous, overly broad and unduly burdensome. Additionally,

22   "personnel files" under California law, are protected by privacy rights of the individual.

23   Accordingly, United cannot produce such documentation without permission of the individual

24   whose files are being requested. Without waiving any objection, however, United will produce

25   under separate cover those portion(s) of the individual's file materials they consent to having

26   produced and will do so sufficiently in advance of the deposition of the individual to permit review.

27   **REQUEST NO. 4**:

28      Attach true and correct copies of the personnel and training records for Scott M. Russell,

1  including , but not limited to, all documents reflecting training, certification, accidents and/or

2  incidents involving Scott M. Russell, and disciplinary actions.

3  **ANSWER**

4  Objection; vague, ambiguous, overly broad and unduly burdensome. Additionally,

5  "personnel files" under California law, are protected by privacy rights of the individual.

6  Accordingly, United cannot produce such documentation without permission of the individual

7  whose files are being requested. Without waiving any objection, however, United will produce

8  under separate cover those portion(s) of the individual's file materials they consent to having

9  produced and will do so sufficiently in advance of the deposition of the individual to permit review.

10  **REQUEST NO. 5:**

11  Attach true and correct copies of the personnel and training records for Brad Powell,

12  including , but not limited to, all documents reflecting training, certification, accidents and/or

13  incidents involving Brad Powell, and disciplinary actions.

14  **ANSWER**

15  Objection; vague, ambiguous, overly broad and unduly burdensome. Additionally,

16  "personnel files" under California law, are protected by privacy rights of the individual.

17  Accordingly, United cannot produce such documentation without permission of the individual

18  whose files are being requested. Without waiving any objection, however, United will produce

19  under separate cover those portion(s) of the individual's file materials they consent to having

20  produced and will do so sufficiently in advance of the deposition of the individual to permit review.

21  **REQUEST NO. 6:**

22  Attach true and correct copies of the personnel and training records for Julio Hernandez,

23  including , but not limited to, all documents reflecting training, certification, accidents and/or

24  incidents involving Julio Hernandez, disciplinary actions, and retraining records from after the

25  Accident..

26  **ANSWER**

27  Objection; vague, ambiguous, overly broad and unduly burdensome. Additionally,

28  "personnel files" under California law, are protected by privacy rights of the individual.

1  Accordingly, United cannot produce such documentation without permission of the individual

2  whose files are being requested. Without waiving any objection, however, United will produce

3  under separate cover those portion(s) of the individual's file materials they consent to having

4  produced and will do so sufficiently in advance of the deposition of the individual to permit review.

5  **REQUEST NO. 7:**

6      Attach true and correct copies of the personnel and training records for Richard Kato,

7  including , but not limited to, all documents reflecting training, certification, accidents and/or

8  incidents involving Richard Kato, disciplinary actions, and retraining records from after the

9  Accident..

10  **ANSWER**

11      Objection; vague, ambiguous, overly broad and unduly burdensome. Additionally,

12  "personnel files" under California law, are protected by privacy rights of the individual.

13  Accordingly, United cannot produce such documentation without permission of the individual

14  whose files are being requested. Without waiving any objection, however, United will produce

15  under separate cover those portion(s) of the individual's file materials they consent to having

16  produced and will do so sufficiently in advance of the deposition of the individual to permit review.

17  **REQUEST NO. 8:**

18      Attach true and correct copies of any and all Ground Handling Agreements between United

19  Air Lines, Inc. and all Nippon Airways Co., Ltd. in effect on October 7, 2003.

20  **ANSWER**

21      The Ground Handling Agreement believed to be the one still in effect on the date of this

22  October 7, 2003 accident is the one produced by ANA to United and Bates-stamped numbers

23  "ANA001159-001196."

24  **REQUEST NO. 9:**

25      Attach true and correct copies of any and all results and/or records of the urine samples

26  testing for Edward Loh in connection with the Accident.

27  **ANSWER**

28      Objection. Urine samples (if any) within the personnel file for Mr. Loh are subject to privacy

1  protection. To the extent any urine samples exist and Mr. Loh consents to permitting disclosure of

2  same, these will be provided sufficiently in advance of his deposition for review.

3  **REQUEST NO. 10:**

4  Attach true and correct copies of any and all results and/or records of any check(s) conducted

5  on Edward Loh for fitness for duty.

6  **ANSWER**

7  Objection; overly broad and unduly burdensome. Additionally, check(s) conducted on

8  Edward Low for fitness for duty within the personnel file for Mr. Loh are subject to privacy

9  protection. Without waiving any objection, to the extent any urine samples exist and Mr. Loh

10  consents to permitting disclosure of same, these will be provided sufficiently in advance of his

11  deposition for review.

12  **REQUEST NO. 11:**

13  Attach true and correct copies of any and all results and/or records of any physical

14  psychological examination conducted on Edward Loh in connection with the Accident.

15  **ANSWER**

16  Objection; overly broad and unduly burdensome. Additionally, physical/psychological

17  examination conducted on Edward Loh within the personnel file for Mr. Loh are subject to privacy

18  protection. Without waiving any objection, to the extent any psychological examinations exist and

19  Mr. Loh consents to permitting disclosure of same, these will be provided sufficiently in advance of

20  his deposition for review.

21  **REQUEST NO. 12:**

22  Attach true and correct copies of any and all audio and/or video recordings in relation to the

23  Accident and the surrounding events.

24  **ANSWER**

25  To date, the only known audio or video recordings relative to the accident are the two

26  surveillance videos taken at SFO on the date of this accident (already in Plaintiff's possession) and

27  the only audio would be the CVR (also in Plaintiff's possession and which is being requested in its

28  totality from ANA by United).

Case No. 07-03422-EDL                          Answers to Plaintiff's First Set of Document Requests
1479998.01

**REQUEST NO. 13:**

Attach true and correct copies of any and all documents, reports, memoranda, warnings, cautions, and/or communications by UAL regarding ground collisions of any UAL aircraft during pushback procedures.

**ANSWER**

Objection; vague, ambiguous, overly broad, unduly burdensome and potentially invasive of the attorney/client privilege and work product doctrine. Without waiving any objection, however, see documents referenced in United's Rule 26 Disclosure.

**REQUEST NO. 14:**

Attach true and correct copies of any and all documents from the UAL study of its Ramp Towers System-Wide.

**ANSWER**

Objection; vague, ambiguous, overly broad, unduly burdensome and potentially invasive of the attorney/client privilege and work product doctrine. Without waiving any objection, however, see documents referenced in United's Rule 26 Disclosure.

**REQUEST NO. 15:**

Attach true and correct copies of any and all documents reflecting UAL procedural changes resulting from or arising out of the Accident.

**ANSWER**

Objection; vague, ambiguous, overly broad, unduly burdensome and potentially invasive of the attorney/client privilege and work product doctrine. Without waiving any objection, however, with regard to procedural changes pertaining to the operation of United's aircraft, none. With regard to subsequent procedural changes regarding ramp control operations at SFO, to the extent documents reflecting such changes (if any) exist, same will be provided under separate cover when located.

**REQUEST NO. 16:**

Attach true and correct copies of any and all documents and/or agreements since January 1, 1997, concerning the use of wing walkers at San Francisco International Airport, between United air

1   Lines and: (i) the City of San Francisco; (ii) San Francisco International Airport; and/or (iii) San

2   Francisco Terminal Equipment Co.

3       **ANSWER**

4       Objection; overly broad and unduly burdensome. Without waiving any objection, however,

5   see Ramp Services Trainer Aircraft Guideperson and Wingwalker Participant Guide dated June

6   2003 attached to ANA's Rule 26 Disclosure and marked as "ANA001266-ANA001294." With

7   regard to any additional materials, such materials (if any) will be provided under separate cover

8   when located.

9       **REQUEST NO. 17:**

10      Attach true and correct copies of any and all documents supporting the existence and

11  calculation of UAL's alleged damages.

12      **ANSWER**

13      With regard to United's out of pocket costs, see United's Rule 26 Disclosures and documents

14  appended thereto. With regard to damages regarding lost use, when the protective order is entered,

15  United will produce its Turns Report which reflects the documentation relative to lost use damages.

16      **REQUEST NO. 18:**

17      Attach true and correct copies of all documents reflecting "approved United Air Lines hand

18  signals (NMOP)" referred to on page 11 of UAL's "Ramp Services Trainer Aircraft Guideperson

19  and Wingwalker."

20      **ANSWER**

21      Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any

22  objection, however, to the extent documents (if any) in addition to the Ramp Services Trainer

23  Aircraft Guideperson and Wingwalker manual exist relative to such hand signals, same will be

24  provided under separate cover when located.

25      **REQUEST NO. 19**:

26      Attach true and correct copies of all invoices, bills, and documents reflecting fees charged to

27  ANA by UAL for services performed under the SGHA between October 7, 1998 up to and including

28  October 7, 2003.

**ANSWER**

Objection; as phrased, vague, ambiguous, overly broad and unduly burdensome. Without waiving any objection, however, with regard to any documentation regarding fees charged to ANA by United for services under the Ground Handling Agreement, those invoices or bills would already be in the possession or control of ANA since they were the recipient of any such documents previously.

**REQUEST NO. 20:**

Attach true and correct copies of all documents reflecting correspondence, negotiations, and interpretation of the SGHA between UAL and ANA in effect on the date of the Accident.

**ANSWER**

Objection; overly broad, unduly burdensome and potentially invasive of the attorney/client privilege and/or work product doctrines. Without waiving any objection, however, the GHA in effect on the date of this accident, as indicated hereinabove, is already in possession of ANA as same was produced by ANA to United during the litigation. With regard to documents in addition to the agreement itself relating to the negotiations and interpretation of same, to the extent documentation exists, same will be produced under separate cover when located.

**REQUEST NO. 21:**

Attach true and correct copies of all documents showing that UAL's Ramp Tower G Ramp Controller provided any service to ANA under the SGHA on October 7, 2003.

**ANSWER**

Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any objection, however, and without admitting to the accuracy and/or completeness, see, for example, the ANA cockpit voice recorder relative to communications between the ANA flight deck and the United ramp control. Additionally, see ANA's limited submission to the NTSB reflecting timeline of events on the date of the accident which further identifies the nature and extent of United's ramp controller's services being provided and/or which were available to be provided by United's ramp controller at ANA's request.

**REQUEST NO. 22:**

1    Attach true and correct copies of all UAL manuals and documents that refer to aircraft

2    marshalling including, but not limited to, policy, procedure, and training.

3    **ANSWER**

4    Objection; overly broad and unduly burdensome. Without waiving any objection, however,

5    with regard to United training manuals regarding aircraft marshalling, including United's policies

6    and procedures regarding same, to the extent additional documents (if any) exist, same will be

7    produced under separate cover when located.

8    **REQUEST NO. 23:**

9    Attach true and correct copies of all UAL manuals and documents that refer to hand signals

10   for directing aircraft including, but not limited to, policy, procedure, and training.

11   **ANSWER**

12   Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any

13   objection, however, see response to Number 22 regarding marshalling.

14   **REQUEST NO. 24:**

15   Attach true and correct copies of all UAL manuals and documents that refer to taxiing

16   including, but not limited to, policy, procedure, and training.

17   **ANSWER**

18   Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any

19   objection, however, if the intent of this request is to obtain United's protocols to be followed by its

20   flight crew at SFO with regard to taxiing of aircraft in addition to applicable FARs.

21   **REQUJST NO. 25:**

22   Attach true and correct copies of UAL's entire operations manual.

23   **ANSWER**

24   Objection; overly broad and unduly burdensome. Without waiving any objection, however,

25   with regard to United's flight operations manual, if that is what is being requested, then excluding

26   security protocols and subject to inclusion within the protective order, under separate cover a copy

27   will be provided.

28   **REQUEST NO. 26:**

1    Attach true and correct copies of all documents reflecting UAL policy in effect from October

2  7, 1998 to the present date with respect to potential conflicts with other aircraft prior to or during

3  taxi.

4    **ANSWER**

5    Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any

6  objection, however, regarding United policy or protocol relative to conflict resolution applicable to

7  United pilots from October 7, 1998 to date, in addition to the required compliance with applicable

8  Federal Aviation Regulations relating to same, to the extent documents (if any) other than the Flight

9  Operations manual exist, same will be provided under separate cover when located.

10    **REQUEST NO. 27:**

11    Attach true and correct copies of all documents reflecting UAL policy and procedure with

12  respect to the operation of Ramp Tower G at San Francisco International Airport, including but not

13  limited to staffing, training, and managing Ramp Tower G.

14    **ANSWER**

15    Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any

16  objection, however, with regard to the protocol applicable with regard to operation of the Ramp

17  Tower G at SFO, to the extent documents (if any) exist, same will be produced under separate cover

18  when located.

19    **REQUEST NO. 28:**

20    Attach true and correct copies of all documents reflecting UAL policy and procedure with

21  respect to directing aircraft from Ramp Tower G at San Francisco International Airport, including

22  but not limited to phraseology.

23    **ANSWER**

24    Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any

25  objection, however, with regard to United's protocol with respect to Ramp Tower G directing

26  aircraft at SFO and in particular the phraseology used, to the extent documents (if any) exist, same

27  will be produced under separate cover when located.

28    **REQUEST NO. 29:**

1    Attach true and correct copies of all documents reflecting UAL policy and procedure for

2 aircraft in Boarding Area G and surrounding non-movement areas at San Francisco International

3 Airport.

4    **ANSWER**

5    Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any

6 objection, however, if the request is directed to protocols regarding United flight crews, then see

7 response to Numbers 24 through 26. If, however, the request is directed to protocols regarding ramp

8 control, see response to Number 27 and 28 above.

9    **REQUEST NO. 30**:

10    Attach true and correct copies of any and all DOCUMENTS reflecting any negotiation in

11 connection with the SGHA.

12    **ANSWER**

13    This request is duplicative of Request No. 20, and United incorporates its objections and

14 response herein as well.

15    **REQUEST NO. 31**:

16    Attach true and correct copies of any and all DOCUMENTS reflecting the selection of the

17 terms and/or provisions of the SGHA.

18    **ANSWER**

19    Since this request seeks documents similar or identical to the documents request in

20 Interrogatory 20, United incorporates by reference its objection and response to Number 20 herein.

21    **REQUEST NO. 32:**

22    Attach true and correct copies of any and all DOCUMENTS reflecting any interpretation of

23 the wording, terms, and/or provisions of the SGHA.

24    **ANSWER**

25    Since this request seeks documents similar or identical to the documents request in

26 Interrogatory 20, United incorporates by reference its objection and response to Number 20 herein.

27    **REQUEST NO. 33**:

28    Attach true and correct copies of any and all DOCUMENTS reflecting the applicability of

1  the terms and/or provisions of the SGHA.

2  **ANSWER**

3  Since this request seeks documents similar or identical to the documents request in

4  Interrogatory 20, United incorporates by reference its objection and response to Number 20 herein.

5  **REQUEST NO. 34:**

6  Attach true and correct copies of any and all DOCUMENTS reflecting the services UAL

7  contracts to provide ANA under the SGHA.

8  **ANSWER**

9  Since this request seeks documents similar or identical to the documents request in

10  Interrogatory 20, United incorporates by reference its objection and response to Number 20 herein.

11  Additionally, the Ground Handling Agreement itself is already in Plaintiff's possession and was

12  produced by Plaintiff to United as referenced hereinabove.

13  **REQUEST NO. 35:**

14  Attach true and correct copies of any and all DOCUMENTS reflecting the definition of the

15  term "marshalling" as used in the SGHA.

16  **ANSWER**

17  See United's motion to compel ANA to produce PMK on the GHA, incorporated herein.

18  **REQUEST NO. 36:**

19  Attach true and correct copies of any and all DOCUMENTS indicating that Ramp Tower G

20  Ramp Controller communications with ANA aircraft on October 7, 2003 were provided as a service

21  to ANA under the SGHA.

22  **ANSWER**

23  This request seeks documentation similar or identical to Request No. 21 and other requests

24  hereinabove and accordingly, United incorporates its response herein.

25  **REQUEST NO. 37::**

26  Attach true and correct copies of any and all DOCUMENTS indicating that Ramp Tower G

27  Ramp Controller communications with ANA aircraft were ever provided as a service to ANA under

28  the SGHA.

1    **ANSWER**

2        This request seeks documentation similar or identical to Request No. 21 and other requests

3    hereinabove and accordingly, United incorporates its response herein.

4    **REQUEST NO. 38**:

5        Attach true and correct copies of any and all DOCUMENTS indicating that any service, not

6    specifically listed in Paragraph 1.1.1. of United Contract No. 108536-17 Annex B.1.3, was ever

7    provided by UAL to ANA aircraft under the SGHA.

8    **ANSWER**

9        Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any

10    objection, however, see the terms of the Ground Handling Agreement, including Annex A relating

11    to Ramp Services.

12    **REQUEST NO. 39**:

13        Attach true and correct copies of any and all invoices from UAL to ANA for Ramp Tower G

14    Ramp Controller services provided by UAL to ANA on October 7, 2003 under the SGHA.

15    **ANSWER**

16        Again, this is duplicative of a prior request, No. 19, and others and United incorporates by

17    reference its objections and response herein.

18    **REQUEST NO. 40**:

19        Attach true and correct copies of any and all invoices from UAL to ANA for Ramp Tower G

20    Ramp Controller services provided by UAL to ANA on any occasion under the SGHA.

21    **ANSWER**

22        Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any

23    objection, however, with regard to invoices for services, any such invoices to ANA would already

24    be in ANA's possession or control as they were the recipients of those invoices.

25    **REQUEST NO. 41**:

26        Attach true and correct copies of any and all copies of all maintenance and repair records of

27    the aircraft operating as UAL flight UA809 on October 7, 2003.

28

1   **ANSWER**

2       Objection, vague, ambiguous, overly broad and unduly burdensome. Without waiving any

3   objection, however, if the request is limited to maintenance and repair records of the United aircraft

4   as same relates to the damage and subsequent repair, see records produced in United's Rule 26

5   disclosures.

6   **REQUEST NO. 42:**

7       Attach true and correct copies of all records indicating repair and remediation performed on

8   the aircraft operating as UAL Flight UA809 on October 7, 2003 since its manufacture.

9   **ANSWER**

10      This is yet another duplicative document request, seeking the same or similar records as

11  Request No. 41 and accordingly, United incorporates by reference its objections and responses to

12  Request No. 41 and others relating to this same topic.

13

14                                          Respectfully submitted,

15                                          JAFFE, RAITT, HEUER & WEISS, P.C.

16                                          By:  _____

17                                              Scott R. Torpey (P36179)
                                                27777 Franklin Road, Suite 2500
18                                              Southfield, Michigan 48034-8214
                                                (248) 351-3000
19

20                                          And

21                                          WORTHE, HANSON & WORTHE
                                            Jeffrey A. Worthe Cal. SB#080856
22                                          jworthe@whwlawcorp.com
                                            1851 E. First St., Ste. 900
23                                          Santa Ana, California 92705
                                            Telephone:   (714) 285-9600
24  Dated: December 18, 2007               Fax:         714-285-9700
                                            Attorneys for Defendant United Air Lines, Inc.
25

26

27

28

**PROOF OF SERVICE**

1

2   I declare as follows:

3       I am a resident of the State of Michigan and over the age of eighteen years, and not a party to
the within action; my business address is 27777 Franklin Road, Suite 2500, Southfield, Michigan 90017.
4   On December 18, 2007, I served the foregoing document described as Defendant's Responses to
Plaintiff's First Document Requests on the interested parties in this action follows:

5
      ☐  by transmitting via facsimile the documents listed above to the fax number set fourth below
6         on this date. This transmission was reported as complete without error by a transmission
          report issued by the facsimile machine upon which the said transmission was made
7         immediately following the transmission. A true and correct copy of the said transmission is
          attached hereto and incorporated herein by this reference.

8     ☒  by placing the document listed above in a sealed envelope with postage thereon fully prepaid,
          in the United States mail at Southfield, Michigan addressed as set forth below
9
      ☐  by electronic transmission. I caused the document(s) listed above to be transmitted by
10        electronic mail to the individuals on the service list as set forth below.

11    ☐  by placing the document listed above in a sealed envelope and affixing a pre-paid air bill, and
          causing the envelope to be delivered to a _____ agent for Delivery.
12
      ☐  by personally delivering the document listed above to the persons at the address set forth
13        below.

14  Marshall S. Turner                      Frank A Silane
    Condon & Forsyth LLP                    Rod D. Margo
15  7 Times Square                          Scott D. Cunningham
    New York, NY 10036                      Condon & Forsyth LLP
16                                          1901 Avenue of the Stars, Suite 850
    Jeffrey A. Worthe                       Los Angeles, California 90067-6010
17  Worthe, Hanson & Worthe
    1851 East First Street, Ninth Floor
18  Santa Ana, California 92705

19      I am readily familiar with the firm's practice of collection and processing correspondence for
mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with
20  postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party
served, service is presumed invalid if postal cancellation date or postal meter date is more than one day
21  after date of deposit for mailing in affidavit.

22      Executed on December 18, 2007 at Southfield, Michigan.

23      ☒  I declare under penalty of perjury under the laws of the State of Michigan that the above is
true and correct.
24
        ☒  I declare that I am employed in the office of a member of the bar of this court at whose
25  direction the service was made.

26
                                            Phyllis L. Nelson
27                                          Phyllis L. Nelson

28
    Case No. 07-03422-EDL                          Answers to Plaintiff's First Set of Document Requests

1479998.01