Jaffe, Raitt, Heuer & Weiss, P.C.
Scott R. Torpey Cal. SB#153763
storpey@jaffelaw.com
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone:    248.351.3000
Fax:          248.351.3082

And
WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:    (714) 285-9600
Fax:          714-285-9700
Attorneys for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD., <br><br> Plaintiff/Counter-Defendant, <br><br> vs. <br><br> UNITED AIR LINES, INC., <br><br> Defendant/Counter-Plaintiff. | Case No. 07-03422 EDL <br><br> **DEFENDANT UNITED AIR LINES, INC.'S (UAL) REPLY TO ALL NIPPON AIRWAYS COMPANY, LTD.'S OPPOSITION TO UAL'S MOTION TO COMPEL DISCOVERY AND FOR ADDITIONAL TIME TO DEPOSE WITNESSES** <br><br> DATE:  January 30, 2008 <br> TIME:  2:00 p.m. <br> CTRM:  San Francisco <br> JUDGE: Elizabeth D. Laporte |

Case No. 07-03422 EDL

Defendant United Air Lines, Inc.'s Reply to Plaintiff Nippon's Opposition to UAL's Motion to Compel Discovery and For Additional Time to Depose Witnesses

1489955.01

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................................... ii

I.    Introduction ............................................................................................................... 1

II.   Argument ................................................................................................................... 1

       A.    Meet And Confer Requirement ................................................................... 1

       B.    Deposition Location ..................................................................................... 2

       C.    ANA Pilot Files ............................................................................................ 2

       D.    Operations Manual ....................................................................................... 6

       E.    Other Documents Required To Be Kept On Board ..................................... 8

       F.    Cockpit Voice Recorder ............................................................................... 9

       G    Additional Time to Depose Pilots .............................................................. 12

III.  Conclusion .............................................................................................................. 13

-i-

Case No 07-03422 EDL          Defendant United Air Lines, Inc 's Reply to Plaintiff Nippon's Opposition to
UAL's Motion to Compel Discovery and For Additional Time to Depose Witnesses

1489955 01

# INDEX OF AUTHORITIES

**Cases**

*Banco de Credito Indus. v. Tesoriria General*, 990 F.2d 827 (5th Cir. 1993) .......... 3

*Bel-Ray Co., Inc. v. Chemrite (PTY) Ltd.*, 181 F.3d 435 (3d Cir. 1999) .......... 3

*Buschmann v. Little Rock National Airport*, 222 F.R.D. 114 (N.D.Tex. 2004) .......... 10

*Carey v. Bahama Cruise Lines*, 864 F.2d 201 (1st Cir. 1988) .......... 3

*Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685 (S.D.Fla. 2007) .......... 9

*Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648 (D.Kan. 2006) .......... 6

*McCoy v. Southwest Airlines Company, Inc.*, 208 F.R.D. 617 (C.D.Cal. 2002) .......... 11

*Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 364 (D.Conn. 2005) .......... 7, 9

*Soto v. City of Concord*, 162 F.R.D. 603 (N.D.Cal. 1995) .......... 6

**Statutes**

49 U.S.C. § 1154 .......... 9, 10

49 U.S.C. § 1154(a)(3) .......... 10

**Other Authorities**

Japan's Protection of Personal Information Act .......... 3

**Rules**

Fed. R. Civ. P. 26 .......... 8

Fed. R. Civ. P. 26(e)(1) .......... 5

Fed. R. Civ. P. 30(d) .......... 12

Fed. R. Civ. P. 30(d)(1) .......... 12

Fed. R. Civ. P. 34(b)(2) .......... 7, 10

Fed. R. Civ. P. 37(a)(1) .......... 1, 2

Fed. R. Civ. P. 44.1 .......... 3

L.R. 37 .......... 2

-ii-

Case No. 07-03422 EDL

Defendant United Air Lines, Inc.'s Reply to Plaintiff Nippon's Opposition to UAL's Motion to Compel Discovery and For Additional Time to Depose Witnesses

1489955.01

-iii-

Case No. 07-03422 EDL

Defendant United Air Lines, Inc.'s Reply to Plaintiff Nippon's Opposition to UAL's Motion to Compel Discovery and For Additional Time to Depose Witnesses

1489955.01

Defendant/Counter-Plaintiff United Air Lines, Inc ("UAL"), by its attorneys, Jaffe, Raitt, Heuer & Weiss P.C., hereby submits the following reply to Plaintiff/Counter-Defendant All Nippon Airways Company, Ltd.'s ("ANA") Opposition to UAL's Motion to Compel Discovery and for Additional Time to Depose Witnesses:

## I.   INTRODUCTION

ANA admits in its opposition brief that it has withheld information responsive to United's document requests. It offers a laundry-list of specious objections – none of which were timely asserted in a written response – and after-the-fact justifications for refusing to provide the discovery to which United is entitled. However, the Court should not be deceived. United has requested relevant and discoverable information which ANA has no basis to continue to withhold. In fact, despite its attempts to avoid its discovery obligations, ANA appears to agree that United is entitled to the information it has requested because *ANA has asked United to produce the exact same information*, which United is in the process of compiling and producing. ANA cannot have it both ways, and must be compelled to produce all of the documents United has requested without delay. Further, once additional documents have been produced, ANA should be allowed to continue the depositions of ANA's flight crew, which were impeded by the English-Japanese interpretation of all questions and answers, the pilots' refusal to give straightforward answers, counsel's objections, and the fact that ANA did not produce many critical documents.

## II.   ARGUMENT

### A.   Meet And Confer Requirement

ANA first argues that United's motion should be denied because its attorney did not meet and confer with ANA's attorney. This argument entirely ignores the Declaration of Scott Torpey ("Torpey Decl.") submitted with United's Motion to Compel, in which Mr. Torpey stated, under oath, that "pursuant to Fed. R. Civ. P. 37(a)(1),...on December 21, 2007, I called ANA's counsel in an effort to secure the disclosure without court action. Additionally I previously informed ANA's

-1-
Case No 07-03422 EDL
Defendant United Air Lines, Inc's Reply to Plaintiff Nippon's Opposition to UAL's Motion to Compel Discovery and For Additional Time to Depose Witnesses

1489955 01 1489955 01

counsel at the recent depositions of ANA's flight crew that I would be filing a motion to compel." (Torpey Decl., Document [Doc.] 45-2, ¶ 1).

Neither Fed. R. Civ. P. 37(a)(1) nor L.R. 37-1 require a party to confer in any particular form. As indicated in his Declaration, Mr. Torpey discussed the issues raised in the motion with ANA's counsel at the depositions, informed counsel of his intention to file a motion to compel and later attempted to contact ANA's counsel once again to discuss the issues. He was required to do no more under the rules. ANA's half-hearted argument to the contrary is not even minimally persuasive, and should be rejected by this Court.

**B.   Deposition Location**

ANA's version of the events leading up to the depositions of the ANA flight crew in San Francisco bears little resemblance to reality. In fact, as discussed in Mr. Torpey's Declaration, ANA asked that the depositions be held in its counsel's Los Angeles office to accommodate the flight crew, and United noticed the depositions in Los Angeles based on that request. (Torpey Decl., Doc. 45-2, ¶¶ 2-8). United made arrangements to hold the depositions in Los Angeles and incurred great expense when ANA decided to produce the witnesses in San Francisco. ANA's argument to the contrary is simply false. But the Court does not need to resolve this issue because United has not requested sanctions based upon ANA's improper conduct, though they are warranted. United merely raised the issue -- in a footnote -- to provide the Court with the proper context for ruling on the motion. ANA's effort to distort the record regarding this issue is emblematic of its conduct in discovery, which has been marked by a refusal to provide even the most obviously relevant information.[1]

**C.   ANA Pilot Files**

It is undisputed that ANA did not produce all of the information United requested regarding the members of the flight crew. The convoluted explanation ANA offers as to why United should

---

[1] The Court will recall one example of ANA's obstinacy – its refusal to produce a Fed. R. Civ. P. 30(b)(6) deponent regarding the Standard Ground Handling Agreement ("SGHA"). Despite the obvious relevance of the SGHA, it took a motion to compel to force ANA to produce a witness

-2-

Case No. 07-03422 EDL    Defendant United Air Lines, Inc.'s Reply to Plaintiff Nippon's Opposition to UAL's Motion to Compel Discovery and For Additional Time to Depose Witnesses

1489955.01

not be allowed to discover this information, which ANA has also asked United to produce, boils down to two baseless objections. ANA first argues that it cannot fully comply with United's request because the information is protected by Japan's Protection of Personal Information Act. ANA also claims that the information it has withheld is irrelevant. Neither of these objections has any merit.[2]

The Federal Rules of Civil Procedure place certain obligations upon a party seeking to invoke foreign law. Fed. R. Civ. P. 44.1 provides, in part, the following:

> A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.

Under this rule, courts possess the authority to conduct their own research in determining the applicability of foreign law, but are not obligated to do so. *See, e.g., Carey v. Bahama Cruise Lines,* 864 F.2d 201, 205 (1st Cir. 1988); *Bel-Ray Co., Inc. v. Chemrite (PTY) Ltd.*, 181 F.3d 435, 441 (3d Cir. 1999); *Banco de Credito Indus v. Tesoriria General,* 990 F.2d 827, 837 (5th Cir. 1993). Rather, the party relying on foreign law bears the burden of proving its applicability. *Id.*

ANA has made no effort to show that Japanese law prevents the disclosure of the information United has requested. ANA has done nothing more than cite the name of the law in its opposition brief and attach a copy to the brief. It did not even bother to direct the Court to any particular provision of the law. This is undoubtedly insufficient. Again, it is not the Court's obligation to weed through the law. Rather, the obligation rests with ANA to cite the language it relies on and show that it applies. ANA has not met its burden and, therefore, should not be permitted to invoke the Japanese statute to unilaterally bar United from obtaining this relevant and discoverable information.

---

[2] Throughout its opposition brief, ANA also suggests that it would have produced additional documents responsive to United's discovery requests if a protective order had been in place. This claim is disingenuous. United has now finalized the order, and has offered to turn over documents with the understanding that they would be made retroactively applicable to the confidentiality order. Likewise, United offered to retroactively apply the order to documents produced by ANA. ANA declined this offer. Thus, ANA has demonstrated yet again that it would rather quibble over procedure than move this case forward.

Moreover, even if the Court was to accept ANA's unsupported assertion that the law applies, the pilots themselves have agreed to produce the information. Eishin Yamaguchi testified to the following at his deposition:

> Q. Prior to today, has anyone asked you whether you objected to producing any documentation that ANA has with regard to your employment or piloting, training, things of that nature? Has anybody asked you whether you would object to that?
>
> A. No.
>
> Q. Do you have a problem with us getting from ANA your records with regard to your – nonfinancial records, but records regarding your training, employment, certifications, hours flown, any problem with us getting your aviation-related records from ANA?
>
> A. That is not up to me. It is something for the company to decide.
>
> Q. If the company chose to give them to us, you're fine with their decision?
>
> A. Are personal information included?
>
> Q. No financial information is included. Strictly regarding your aviation experience, training, hours, work history, not your personal – for example, personal medical, personal financial information. No, none of that.
>
> A. Yes.

(Doc. No. 45-9, pp. 33-34).

Yusuke Nishiguchi also stated that he had no problem producing the information:

> Q. The information that's blacked out, what kind of information is that, do you know?
>
> A. I do not know. And at the top it is written overall findings, and that's about me.
>
> Q. Did anyone ask you whether you agreed to release that information to us?
>
> A. No.
>
> Q. And do you have any problem with us getting copies of those documents without all the lines blacked out?
>
> A. Its okay with me, but there is the company, the judgment that has to be considered.

-4-

Case No. 07-03422 EDL      Defendant United Air Lines, Inc's Reply to Plaintiff Nippon's Opposition to UAL's Motion to Compel Discovery and For Additional Time to Depose Witnesses

1489955.01

(Doc. No. 45-18, p. 109)

Teruo Usui provided similar testimony.

Q.   Mr. Usui, prior to the deposition, did anyone ask you if you had any objection to producing your training and personnel records?

A   No

Q.   If we were to request getting your training personnel records – not financial records – but just training personnel records from ANA, do you have any problem with ANA releasing those?

A.   Me personally.

Q.   Yes

A   If the company decides to, it is okay with me.

(Doc. No. 45-25, pp. 25-26).

Based on this testimony, ANA cannot continue with the charade that Japanese law prevents it from producing the pilots' complete training and certification records.[3] Even if the law operates as ANA says it does -- which neither the Court nor United can determine because ANA has not cited the allegedly applicable provision -- the privilege is a personal one that the pilots can, and did, waive.[4] Indeed, ANA concedes that it is up to the individual, not his employer, whether to produce information covered by this purportedly applicable law, and the pilots' testimony is clear that they have agreed to produce the requested information. Moreover, any privacy concerns are alleviated by the fact that the records will be produced under the protective order United has now finalized, which

---

[3]  ANA has indicated in its supplemental response to United's First Request for Production of Documents that it does not have any documents showing disciplinary actions taken against the pilots. ANA has also indicated that it does not have any additional Ground Handling Agreement documents or conflict resolution documents. Accordingly, United will withdraw its motion as to these documents, subject to ANA's continuing duty to supplement its production if additional responsive documents are located. See Fed. R. Civ. P. 26(e)(1).

[4]  As ANA stated in its Response to United's First Request to Produce: "ANA further objects on the grounds that any documents responsive to this request would be subject to Japan's Act on the Protection of Personal Information and subject to a determination by the individuals to assert the protection of the Act, ANA's crew members may waive personal protection under the Act and may produce the requested documents, if any exist, at their deposition." (Doc. No. 47-9)

-5-

Case No. 07-03422 EDL    Defendant United Air Lines, Inc.'s Reply to Plaintiff Nippon's Opposition to UAL's Motion to Compel Discovery and For Additional Time to Depose Witnesses

1489955.01

specifically covers personnel files. Accordingly, the information should be produced in un-redacted form.

ANA also makes the feeble argument that the information it is withholding from United is not relevant. (*See* ANA's Opposition, p. 14, "The documents contained all relevant information responsive to this request....") It is hard to take ANA's argument seriously when it has asked for the exact same information about United's personnel, which ANA will be producing. In any case, relevance is a broad concept under the Federal Rules of Civil Procedure. *See, e.g., Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)("The scope of discovery under the Federal Rules is extremely broad. A relevant matter is 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'")(citation omitted); *see also Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006)("A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party.")(citation omitted). United's position in this case is that ANA's flight crew caused the accident by, among other things, failing to keep a proper lookout for United's stationary aircraft and failing to take appropriate action to avoid it. The qualifications, background and training of the ANA flight crew bear directly on the question of whether they did so. It is simply unassailable that information regarding the pilots falls within the broad scope of relevance under the Federal Rules.

ANA has failed to carry its burden of showing that Japanese law bars production of the training and certification information United has requested, and ANA's argument that this information is not relevant cannot be sustained in view of the broad scope of discovery under the Federal Rules and ANA's own request for this same information about United's flight crew. ANA should be compelled to produce any additional responsive information in its possession in un-redacted form.

### D. Operations Manual

As with the pilot information, ANA concedes that it produced only the few, hand-picked pages of its Operations Manual that it saw fit to produce. And once again, ANA wants to have it

-6-
Case No. 07-03422 EDL

Defendant United Air Lines, Inc's Reply to Plaintiff Nippon's Opposition to UAL's Motion to Compel Discovery and For Additional Time to Depose Witnesses

1489955.01

both ways – it requested production of United's entire Operations Manual even though it continues to withhold the majority of its own Manual on relevance grounds. ANA has waived any objections to producing this document by failing to assert them in a timely manner. Notwithstanding any objections, this Manual is both relevant and discoverable, and should be produced in its entirety.

Under Fed. R. Civ. P. 34(b)(2), a party "must respond in writing within 30 days after being served" with a request for production of documents. Where a party fails to timely respond, all objections are waived. *See, e.g., Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 364, 367-68 (D.Conn 2005)("[A] party 'is not free to raise in its brief - almost as an afterthought-entirely new objections which it did not assert earlier.' . . . Instead, 'a party which fails to object to a discovery request waives any objections it otherwise might have made.'")(citations omitted). More than 30 days have passed since United served ANA with its request for the Operations Manual, and ANA has not served United with a written response to the request. Therefore, ANA has waived its relevance objection, and any other objections it might have had, and must be compelled to produce complete copies of both the Japanese and English versions of the Manual.

Further, even if the Court is willing to entertain the relevance objection, there is no question that the company's Operations Manual falls within the broad scope of relevance under the Federal Rules. Testimony elicited at the pilots' depositions shows the importance of this document. Mr. Yamaguchi gave the following testimony regarding the Manual:

> Q. Do you know what an operations manual is? Are you familiar with that term?
>
> A. Yes.
>
> Q. What is an operations manual?
>
> A. It is a manual that explains how to do our work.
>
> Q. Okay. It's an ANA document; correct?
>
> A. Yes.
>
> Q. It sort of is the outline, if you will, of how the company and its employees are expected to perform their duties including with regard to the operation of ANA aircraft; correct?

-7-
Case No. 07-03422 EDL
Defendant United Air Lines, Inc.'s Reply to Plaintiff Nippon's Opposition to
UAL's Motion to Compel Discovery and For Additional Time to Depose Witnesses

1489955.01

A.  Yes.

Q.  And it's required that the manual be kept with the aircraft?

A.  Yes.

(Doc. No. 45-9, pp. 34-35). Further, Teruo Usui testified that the flight crew "observed the operation[s] manual and operate [sic] the aircraft based on it" and that if he is faced with a potential conflict while taxiing, "I will act according to the operations manual." (Doc. No. 45-25, pp. 55, 58. Yusuke Nishiguchi provided similar testimony. (Doc. No. 45-18, p. 13).

As the testimony of ANA's flight crew indicates, the Operations Manual is a comprehensive document that governs all facets of the operation of the aircraft, and its importance is reflected by the fact that ANA requires the Manual to be kept on board the plane. For ANA to suggest that the few pages it produced contain the only information relevant to this case is preposterous. This Manual, which ANA describes in its opposition papers as a "lengthy document," would contain procedures for activating the cockpit voice recorders ("CVR"), communicating with air traffic control, ground control and ramp control, pull-back operations, taxiing, conflict resolution and a host of other issues directly related to the case. Given its significance, it cannot seriously be disputed that ANA's entire Operations Manual is relevant under Fed. R. Civ. P. 26(b)(1), as ANA concedes by its own request for United's entire Manual.

ANA did not timely object to producing the Manual, and its relevance cannot be disputed. ANA thus has no continuing basis to withhold this information. United is entitled to a complete copy of the Operations Manual, both the Japanese and English versions, not just the select pages produced by ANA.

E.  **Other Documents Required To Be Kept On Board**

The argument ANA makes to try to justify its failure to produce documents required to be on board the aircraft provides an excellent example of its unwillingness to cooperate in discovery. ANA does not claim that there are no additional documents or that they are irrelevant because clearly neither would be true. Rather, it advances an even more futile argument – that United did

-8-

Case No. 07-03422 EDL

Defendant United Air Lines, Inc.'s Reply to Plaintiff Nippon's Opposition to UAL's Motion to Compel Discovery and For Additional Time to Depose Witnesses

1489955.01

not, in fact, submit a request to ANA for these documents. By raising this argument, ANA confirms that it has no defense for refusing to provide these materials.

ANA claims that the request for these documents was directed to the pilots only, not ANA, and that the pilots did not have any in their possession. Therefore, the argument goes, ANA had no obligation, and has no obligation, to produce the documents required to be kept on board the aircraft. The hyper-technical distinction ANA attempts to draw is unsupportable and demonstrates that ANA is interested only in impeding the discovery process, not moving it along towards a resolution of the case. *See, e.g., Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685 (S.D.Fla. 2007)("As Plaintiff aptly observes, the Federal Rules of Civil Procedure and the Local Rules of this Court require a good faith approach to discovery, not hyper-technical word games..."). United's requests for these documents were served with the deposition notices for the flight crew. These notices were served upon ANA's attorney, not the pilots individually, and counsel accepted them without protest. United deposed the pilots in their capacities as employees of ANA, a party to this case, not as individuals. Therefore, it was ANA's obligation, not that of the pilots, to produce the documents. ANA has neither produced all responsive documents nor served United with a written objection under Fed. R. Civ. P. 34. Accordingly, ANA should be compelled to produce these materials.

### F. Cockpit Voice Recorder

In its effort to persuade the Court that United should not be permitted to obtain a copy of ANA's CVR recording, ANA misstates both the law and the facts. ANA attempts to invoke 49 U.S.C. § 1154 as a basis for barring United from this discovery. The Court should not even address this issue because ANA waived this objection. However, even if the Court were to overlook ANA's waiver, nothing in § 1154 prevents United from obtaining a copy of the CVR recording. To the contrary, the statute and case law fully support United's request for production of this important piece of information, as explained at length in United's Memorandum of Points and Authorities in support of its motion to compel. (*See* Doc. No. 45, pp. 10-14)

As noted above, objections not raised in a timely manner are waived. *Morin, supra*, 229 F.R.D. 364, 367-68. In its response to United's request for a copy of the CVR recording, ANA cited

-9-

Case No. 07-03422 EDL        Defendant United Air Lines, Inc's Reply to Plaintiff Nippon's Opposition to UAL's Motion to Compel Discovery and For Additional Time to Depose Witnesses

1489955.01

only its boiler-plate "general objections," and agreed to make a copy available for inspection and recording, never mentioning the statute on which it now relies. (See Doc. No. 45-7). ANA first raised the objection in its supplemental response, which was served well outside of the 30-day time limit of Fed. R. Civ. P. 34(b)(2). Based on this untimely response, ANA has waived the objection. In response to United's waiver argument, ANA offers the nonsensical statement that its "second objection was the natural and legal consequence of ANA's first objection." (ANA Opposition Brief, p. 15). United has no idea what this means. But, reading between the lines, it is evident that ANA has no defense to United's waiver argument. ANA should be compelled to produce a complete copy of ANA's CVR recording(s) without reference to § 1154.

As to the merits of ANA's claim, there are none. Under the statute, a CVR recording may be produced following an *in camera* review if "(A) the parts of the transcript made available to the public...and to the party through discovery...do not provide the party with sufficient information for the party to receive a fair trial; and (B) discovery of the cockpit or surface vehicle recorder recording is necessary to provide the party with sufficient information for the party to receive a fair trial." 49 U.S.C. § 1154(a)(3). United has met this standard, as explained at length in its Memorandum of Points and Authorities.

ANA suggests that the purpose behind the statute militates against disclosure. However, this is demonstrably false, as the authorities cited in United's Memorandum of Points and Authorities show. The primary purpose of the statute is to prevent litigants from interfering with an ongoing NTSB investigation. The NTSB has completed its investigation of this incident. Therefore, the purpose behind § 1154 would not be undermined by production of the ANA CVR recording. *See Buschmann v. Little Rock National Airport*, 222 F.R.D. 114, 117 (N.D. Tex. 2004)("The primary motivation behind the enactment of section 1154 was to prevent private litigants from interfering with an ongoing NTSB investigation. Because the NTSB has concluded its investigation of the crash and issued a final report, that concern is no longer an issue."). Further, contrary to ANA's assertions, United cannot obtain a fair trial without the CVR recording. No transcript of the cockpit conversations has been created in this case. All United has are the pilots' self-serving, after-the-fact

-10-

recollections of what occurred. *See, e.g., McCoy v. Southwest Airlines Company, Inc.*, 208 F.R.D. 617, 620 (C.D. Cal. 2002)("[T]he tape may be used to impeach the pilots... whose recollection of the events may be self-serving."). A complete CVR recording provides the only objective, contemporaneous account of what the flight crew saw and did in the moments leading up to the event and as it was taking place. This information is critical to United's reconstruction and understanding of how the accident occurred and, likewise, would be essential to a jury's understanding of the case in the event this matter goes to trial.

ANA also argues that United's request should be denied because there is no United CVR recording and it would be unfair for United to have ANA's CVR recording when it will not be able to get this evidence from United. ANA is correct that United does not have a CVR recording of the incident. However, there is nothing in the Federal Rules of Civil Procedure that allows a party to withhold discoverable information based solely upon a perceived disparity in what is available to it. Furthermore, the fact that ANA will not have a copy of United's CVR recording does not put ANA at a disadvantage because the parties are not similarly situated. At the time of the collision, ANA's plane was under power and taxiing under the control of the flight crew. They were responsible for the movement of the plane and for ensuring that it could taxi safely to the runway. Conversely, United's airplane was not yet under power, was stopped for nearly 30 seconds and was still attached to a tug when the collision occurred. Unlike United's flight crew, ANA's flight crew played a critical role in this incident. Under the circumstances, the ANA CVR recording is a vastly more important piece of evidence. Simply put, the fact that ANA will not have United's CVR recording will not prejudice ANA.

United has met the statutory standard for discovery of ANA's CVR recording. This document is undoubtedly relevant, and United's ability to obtain a fair trial will be compromised if this information is withheld. At a minimum, a copy of the CVR recording should be submitted for *in camera* review to permit the Court to determine whether it should be produced.[5]

---

[5] The CVR recording may require interpretation, as it is possible that the ANA pilots were speaking in Japanese. United's interpreter can be made available to the Court if necessary.

-11-

### G. Additional Time to Depose Pilots

ANA's opposition papers do nothing to refute United's assertions that the depositions of the ANA pilots were seriously impeded by the English-Japanese interpretation, the evasiveness of the pilots, counsel's disruptive and leading objections, and ANA's failure to produce documents. The necessity for full English-Japanese interpretation itself provides grounds for continuing the depositions of the pilots. *See* 2000 Advisory Committee Notes to Fed. R. Civ. P. 30(d)("Parties considering extending the time for a deposition — and courts asked to order an extension — might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination..."). As the DVDs submitted by United show, the depositions moved very slowly due to the full interpretation. The interpreter did not perform simultaneous interpretation. Rather, each question and answer was read twice – once in English and once in Japanese. This drastically reduced the time available to counsel, and, again, these difficulties were compounded by the pilots' evasion, counsel's interruptions and the fact that documents were not produced.

Further, there is no question that ANA's attorney unilaterally terminated the deposition of Mr. Yamaguchi after only six and one-half hours of testimony, well short of the seven hours allowed under Fed. R. Civ. P. 30(d)(1). United's attorney indicated that he had additional questions, but ANA terminated the deposition anyway for no reason. (See Doc. No. 45-9, pp. 135-38). United is entitled to finish deposing Mr. Yamaguchi. ANA also makes much of the fact that the depositions of Mr. Usui and Mr. Nishiguchi did not last for the full seven hours allowed under the rule. However, if the witnesses had provided responsive answers rather than evasive ones and if ANA had produced documents United requested, United undoubtedly would have used all of the allotted time. Considering the obstacles United faced, it was pointless to continue the depositions, each of which took up one full day. The fact that there was less than seven hours of on-the-record time has no bearing on United's request for leave to continue the depositions of Mr. Usui and Mr. Nishiguchi.

For these reasons, as more fully discussed in United's Memorandum of Points and Authorities, United should be permitted to continue the depositions of ANA's flight crew.

-12-
Case No. 07-03422 EDL                                  Defendant United Air Lines, Inc.'s Reply to Plaintiff Nippon's Opposition to
                                                       UAL's Motion to Compel Discovery and For Additional Time to Depose Witnesses
1489955.01

### III. CONCLUSION

For the reasons stated above and in United's Memorandum of Points and Authorities, United respectfully requests that the Court **GRANT** this motion and enter an order (1) compelling ANA to produce documents responsive to United's First Request to Produce and Notice and Amended Notices of Taking Video Depositions, (2) granting United leave to continue the depositions of ANA pilots Yusuke Nishiguchi, Eishin Yamaguchi and Teruo Usui, and (3) awarding United the costs and fees it incurred in bringing this motion.

s/Scott R. Torpey
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone:   (248) 351-3000
E-mail:   storpey@jaffelaw.com
SB#153763

-13-
Case No 07-03422 EDL
Defendant United Air Lines, Inc s Reply to Plaintiff Nippon's Opposition to
UAL's Motion to Compel Discovery and For Additional Time to Depose Witnesses
1489955 01

Scott R. Torpey (Cal SB#153763)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Telephone:   (248) 351-3000
Facsimile:   (248) 351-3802
Email:   storpey@jaffelaw.com

   -and-

Jeffrey A. Worthe (Cal. SB# 080856)
Worthe, Hanson & Worthe
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:   (714) 285-9600
Facsimile:   (714) 285-9700
Email:   jworthe@whwlawcorp.com
Attorneys for Defendant United Air Lines, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD.,<br><br>          Plaintiff,<br><br>vs.<br>UNITED AIR LINES, INC.,<br><br>          Defendant. | Case No. C07-03422 EDL<br>Hon. Elizabeth D. Laporte |

### CERTIFICATE OF SERVICE

    I hereby certify that on January 16, 2008 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Jeffrey A. Worthe
Worthe, Hanson & Worthe
1851 E. First St., Ste. 900
Santa Ana, CA 92705

Marshall S. Turner
Condon & Forsythe LLP
7 times Square
New York, NY 10036

Frank A. Silane
Roderick D. Margo
Scott d. Cunningham
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA 90067-6010

Dated: January 16, 2008

                      s/Scott R. Torpey
                      Jaffe, Raitt, Heuer & Weiss
                      27777 Franklin Road, Suite 2500
                      Southfield, Michigan 48034-8214
                      Phone: (248) 351-3000
                      E-mail: storpey@jaffelaw.com
                      Bar No: (P36179)