1   Scott R. Torpey (Cal. SB#153763)
    Jaffe Raitt Heuer & Weiss, P.C.
2   27777 Franklin Road, Suite 2500
    Southfield, Michigan 48034-8214
3   Telephone:   (248) 351-3000
    Facsimile:    (248) 351-3802
4   Email:        storpey@jaffelaw.com

5        -and-

6   Jeffrey A. Worthe (Cal. SB# 080856)
    Worthe, Hanson & Worthe
7   1851 E. First St., Ste. 900
    Santa Ana, California 92705
8   Telephone:   (714) 285-9600
    Facsimile:    (714) 285-9700
9   Email:        jworthe@whwlawcorp.com
    Attorneys for Defendant United Air Lines, Inc.
10

                    **UNITED STATES DISTRICT COURT**
11                  **NORTHERN DISTRICT OF CALIFORNIA**

12   ALL NIPPON AIRWAYS COMPANY, LTD.   )   Case No. C07-03422 EDL
                                        )
13                                      )   **DEFENDANT UNITED AIR LINES,**
               Plaintiff,              )   **INC.'S NOTICE OF MOTION AND**
14                                      )   **RENEWED MOTION TO COMPEL**
                                        )   **DISCOVERY AND FOR ADDITIONAL**
15             vs.                      )   **TIME TO DEPOSE WITNESSES**
                                        )
16   UNITED AIR LINES, INC.,            )   DATE:    TBD
                                        )   TIME:    TBD
17             Defendant               )   CTRM:    San Francisco
                                        )   JUDGE:   Elizabeth D. Laporte
18   ─────────────────────────────────

19       Defendant United Air Lines, Inc., ("United") by and through its attorneys, Jaffe Raitt Heuer

20   & Weiss, P.C., hereby gives notice that the instant Renewed Motion to Compel Discovery and For

21   Additional Time to Depose Witnesses will be heard in the courtroom of the Honorable Elizabeth D.

22   Laporte at a date and time to be determined by the Court.

23       United hereby moves this Court for entry of an order(s) under Fed. R. Civ. P. 30(d)(1) and

24   37(a)(1) compelling Plaintiff All Nippon Airways Company, Ltd. ("ANA"), to produce documents

25   responsive to United's First Request to Produce to All Nippon Airways and United's Notice and

26   Amended Notices of Taking Video Depositions, (2) granting United additional time to complete the

27   depositions of ANA pilots Yusuke Nishiguchi, Eishin Yamaguchi and Teruo Usui, and (3) awarding

28   United the costs and fees it incurred in bringing this motion. In accordance with Fed. R. Civ.

1480117.05
Case No. 07-03422 EDL                          Defendant United Air Lines, Inc.'s Renewed Motion to Compel
                                               Discovery and For Additional Time to Depose Witnesses

1  P. 37(a)(1) and Civ. L.R. 1-5(n) and 37-1(a) of the United States District Court for the Northern

2  District of California, United provides the Declaration of Scott Torpey, attached as **Exhibit A** to the

3  supporting brief, to establish that it has in good faith conferred with ANA in an effort to obtain the

4  relief requested in this motion without Court action.

6  s/Scott R. Torpey
   Jaffe, Raitt, Heuer & Weiss
7  27777 Franklin Road, Suite 2500
   Southfield, Michigan 48034-8214
8  Phone: (248) 351-3000
   E-mail:storpey@jaffelaw.com
9  SB#153763

1  Scott R. Torpey (Cal. SB#153763)
   Jaffe Raitt Heuer & Weiss, P.C.
2  27777 Franklin Road, Suite 2500
   Southfield, Michigan 48034-8214
3  Telephone:    (248) 351-3000
   Facsimile:    (248) 351-3802
4  Email:        storpey@jaffelaw.com

5      -and-

6  Jeffrey A. Worthe (Cal. SB# 080856)
   Worthe, Hanson & Worthe
7  1851 E. First St., Ste. 900
   Santa Ana, California 92705
8  Telephone:    (714) 285-9600
   Facsimile:    (714) 285-9700
9  Email:        jworthe@whwlawcorp.com
   Attorneys for Defendant United Air Lines, Inc.

10                 **UNITED STATES DISTRICT COURT**

11               **NORTHERN DISTRICT OF CALIFORNIA**

12  ALL NIPPON AIRWAYS COMPANY, LTD.    )    Case No. C07-03422 EDL
                                        )
13                                      )    **DEFENDANT UNITED AIR LINES,**
             Plaintiff,                 )    **INC.'S MEMORANDUM OF POINTS**
14                                      )    **AND AUTHORITIES IN SUPPORT OF**
                                        )    **RENEWED MOTION TO COMPEL**
15           vs.                        )    **DISCOVERY AND FOR ADDITIONAL**
                                        )    **TIME TO DEPOSE WITNESSES**
16                                      )
    UNITED AIR LINES, INC.,             )
17                                      )    DATE:        TBD
                                        )    TIME:        TBD
18           Defendant                  )    CTRM:        San Francisco
                                        )    JUDGE:       Elizabeth D. Laporte
19  ————————————————————————

20

21

22

23

24

25

26

27

28
1480117.05
Case No. 07-03422 EDL                    Defendant United Air Lines, Inc.'s Renewed Motion to Compel
                                         Discovery and For Additional Time to Depose Witnesses

# TABLE OF CONTENTS

Index of Authorities ........................................................................................... ii

Statement of Issues Presented ........................................................................... iv

I.    Introduction ............................................................................................... 1

II.   Background and Procedural History ......................................................... 2

III.  Argument .................................................................................................... 7

    A.  United Is Entitled To An Order Compelling ANA To Produce Additional
       Documents ............................................................................................. 7

       (1)   Standards Applicable to Motion to Compel ................................... 7

       (2)   Deposition Notice Document Requests ......................................... 7

       (3)   United's First Request to Produce .............................................. 11

    B.  Good Cause Exists For Granting United Additional Time To Depose the
       Pilots ................................................................................................... 16

    C.  United Is Entitled To An Award Of Costs ........................................... 20

IV.  Conclusion ............................................................................................... 20

# INDEX OF AUTHORITIES

**Cases**

*Buschmann v. Little Rock National Airport,*
   222 F.R.D. 114 (N.D.Tex. 2004) .................................................................................14, 15

*Donahay v. Palm Beach Tours & Transp., Inc.,* 242 F.R.D. 685 (S.D.Fla. 2007) ..............10

*Hickman v. Fox Television Station, Inc.,* 231 F.R.D. 248 (S.D.Tex. 2005) ..........................17

*In re Air Crash at Lexington, Ky.,* 2007 WL 4321865 at *3 (E.D.Ky.) ...............................14

*Johnson v. Kraft Foods North America, Inc.,* 238 F.R.D. 648 (D.Kan. 2006) ......................7

*LaPlante v. Estano,* 226 F.R.D. 439 (D. Conn. 2005) ..........................................................18

*McCoy v. Southwest Airlines Company, Inc.,* 208 F.R.D. 617 (C.D.Cal 2002)...........13, 14, 15

*Morin v. Nationwide Federal Credit Union,* 229 F.R.D. 364 (D.Conn. 2005) ......................8

*Pace v. Palmetto,*
   2007 WL 470477 at *2 (M.D. Fla.) ..............................................................................17

*Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468 (9th Cir. 1992)............11, 12

*Soto v. City of Concord,* 162 F.R.D. 603 (N.D.Cal. 1995) ....................................................7

**Statutes**

49 U.S.C. § 1114 ....................................................................................................................12

49 U.S.C. § 1154 ..........................................................................................................12, 13, 14

49 U.S.C. § 1154(a)(3) ......................................................................................................13, 16

**Other Authorities**

7 MOORE'S FEDERAL PRACTICE § 30.45 ...................................................................................17

Senate Report No. 101-450, 1990 U.S.C.C.A.N. 6376 ..........................................................13

**Rules**

Fed. R. Civ. P. 26(b) ..........................................................................................................7, 13

Fed. R. Civ. P. 26(b)(1) ......................................................................................................7, 10

Fed. R. Civ. P. 26(b)(2) ........................................................................................................17

Fed. R. Civ. P. 30 ................................................................................................................17

1480117.05
Case No. 07-03422 EDL
-ii-
Defendant United Air Lines, Inc.'s Renewed Motion to Compel
Discovery and For Additional Time to Depose Witnesses

Fed. R. Civ. P. 30(b)(2) .................................................................................. iv, 7

Fed. R. Civ. P. 30(d) ..................................................................................... 17, 19

Fed. R. Civ. P. 30(d)(1) ................................................................................ 17, 18

Fed. R. Civ. P. 30(d)(1) ................................................................................... iv, 4

Fed. R. Civ. P. 30(d)(2) .......................................................................... 16, 17, 20

Fed. R. Civ. P. 34 ............................................................................................... iv

Fed. R. Civ. P. 34 ................................................................................................. 7

Fed. R. Civ. P. 34(a) ............................................................................................ 7

Fed. R. Civ. P. 34(b)(2) ....................................................................................... 8

Fed. R. Civ. P. 34(b)(2)(A) ................................................................................ 12

Fed. R. Civ. P. 37 ......................................................................................... iv, 20

Fed. R. Civ. P. 37(a)(3)(B)(iv) ............................................................................ 7

Fed. R. Civ. P. 37(a)(4) ....................................................................................... 7

Fed. R. Civ. P. 37(a)(5)(A) ................................................................................ 20

**Regulations**
14 C.F.R. § 61.153(b) .......................................................................................... 4

14 C.F.R. § 91.609(e)(2) .................................................................................... 14

1

## STATEMENT OF ISSUES PRESENTED

2

3   I.    Should Plaintiff All Nippon Airways Company, Ltd. ("ANA") be compelled to produce
4         additional documents in response to Defendant United Air Lines, Inc.'s ("United") requests
          for production of documents where ANA was properly served with such requests pursuant to
5         Fed. R. Civ. P. 30(b)(2) and 34, the requested documents are relevant and discoverable under
          Fed. R. Civ. P. 26, and ANA, which has requested the same information from United, has
6         neither provided all responsive documents nor asserted any valid objections to producing the
          requested information?

7

          United Answers "Yes"

8

9   II.   Does good cause exist to allow United additional time to complete the depositions of ANA's
          flight crew pursuant to Fed. R. Civ. P. 30(d)(1) where the time available to United to conduct
10        the depositions was drastically reduced due to the fact that all questions, answers and
          objections were translated from English to Japanese and *vice versa*, ANA's witnesses and
11        counsel engaged in obstructive tactics, and ANA has not produced documents requested by
          United?

12

13        United Answers "Yes"

14  III.  Is United entitled to an award of costs and fees pursuant to Fed. R. Civ. P. 37 where this
          motion was necessitated by ANA's failure to comply with its discovery obligations, ANA's
15        conduct was not substantially justified, and no other circumstances exist that would make an
          award of expenses unjust?

16

17        United Answers "Yes"

18

19

20

21

22

23

24

25

26

27

28

1480117.05
Case No. 07-03422 EDL.                                   -iv-
                                                                    Defendant United Air Lines, Inc.'s Renewed Motion to Compel
                                                                    Discovery and For Additional Time to Depose Witnesses

1

## I.    Introduction

2    This motion is necessitated by Plaintiff All Nippon Airways Company, Ltd.'s ("ANA"),

3    failure to produce relevant and discoverable information that Defendant United Air Lines, Inc.

4    ("United"), needs to prepare for trial. United has asked for, and been denied, critical information,

5    such as the recordings made by the Cockpit Voice Recorder ("CVR") in ANA's aircraft at the time

6    of collision that is the subject of this lawsuit and ANA's current and prior Operations Manuals,

7    comprehensive documents which address virtually every aspect of the operation of an aircraft. ANA

8    admits that it has withheld this information from United and has offered a laundry-list of specious

9    objections – none of which were timely asserted in a written response – and after-the-fact

10    justifications for refusing to provide it. However, the Court should not be deceived. United has

11    requested relevant and discoverable information which ANA has no basis to continue to withhold.

12    In fact, despite its attempts to avoid its discovery obligations, ANA appears to agree that United is

13    entitled to the documents it has requested because *ANA has asked United to produce the same*

14    *information.* ANA cannot have it both ways, and must be compelled to produce all of the

15    documents United has requested without delay.

16    Further, once additional documents have been produced, ANA should be allowed to continue

17    the depositions of ANA's flight crew. United deposed all three pilots, who are Japanese, in

18    November, 2007. However, due the obstruction of the witnesses and counsel, United did not

19    complete the depositions. All three pilots were consistently evasive, and counsel interposed many

20    baseless objections that disrupted the proceedings. This was compounded by the fact that ANA

21    insisted on full English-Japanese translation of all questions, answers and objections even though

22    each member of ANA's flight crew speaks and understands English. In addition, United did not

23    have an opportunity to examine these witnesses with respect to the documents it seeks in this

24    motion, since ANA has refused to provide them. Accordingly, good cause exists for granting

25    United additional time to depose ANA's flight crew.

26    For these reasons, as more fully discussed below, United respectfully requests that the Court

27    enter an order compelling ANA to produce the materials United has requested, allowing United

28

1  additional time to complete the depositions of the flight crew and awarding United the costs and fees

2  it has incurred in bringing this motion

3  ## II.    Background and Procedural History

4      This action arises out of a collision that took place at San Francisco International Airport on

5  October 7, 2003 between an ANA airplane and a United airplane.  The ANA plane was under

6  power, taxiing to a runway, when its right wing tip hit the right wing tip of United's stationary

7  plane, causing significant damage to both.  ANA filed suit, alleging that the accident was a result of

8  the negligence of United's ground crew and pilots.  United has filed counterclaims, alleging that

9  ANA's pilots were negligent and that ANA breached the terms of the parties' Standard Ground

10  Handling Agreement ("SGHA").  (*See* Docket No. 6)

11      On July 24, 2007, United served ANA with a Notice of Taking Video Depositions of Teruo

12  Usui, Eishin Yamaguchi, and Yusuke Nishiguchi (the "Notice"), who comprised the flight crew that

13  was operating ANA's aircraft when the collision occurred.  (Declaration of Scott Torpey ("Torpey

14  Decl"), ¶ 2, Ex. 1).  United noticed the depositions to be held in San Francisco.  ANA subsequently

15  requested that the depositions be held in its attorney's Los Angeles office rather than in San

16  Francisco.  (Torpey Decl. ¶ 3).  United agreed to accommodate this request.  Accordingly, on

17  September 12, 2007, United served ANA with an Amended Notice of Taking Video Depositions

18  (the "Amended Notice"), re-noticing the depositions for November 27-29, 2007 in Los Angeles.

19  (Torpey Decl. ¶ 4, Ex. 2).    In the notices, United requested that ANA bring certain documents to

20  the depositions.[1]  United asked for documents reflecting accidents, incidents and disciplinary actions

21  involving ANA's flight crew, training and certification records for the flight crew, and documents

22  regarding the SGHA.  On November 16, 2007, United served its Third Amended Notice of Taking

23  Video Depositions (the "Third Notice"), adding to its previous document requests a request for

24  copies of the current ANA Flight Operations Manuals, the Manuals that were in effect on the date of

25

26

---

[1]  United served ANA with a Second Amended Notice of Taking Video Depositions on September
27, 2007 to correct Exhibits A and B to the Amended Notice, which misidentified the date of the
collision.  United requested no additional documents in the Second Amended Notice.

1  the incident, any documents that ANA or the flight crew were required to have on board the aircraft,
2  and routing documents for the flight. (Torpey Decl. ¶ 5, Ex. 3).

3      In addition to these document requests, on October 12, 2007, United served ANA with its
4  First Request to Produce  (Torpey Decl. ¶ 6, Ex. 4). As it did in the deposition notices, United
5  asked for information regarding the pilots, including disciplinary records from 1995 to date, training
6  and certification records from 1995 to date, and records related to any accident or incidents they
7  were involved in from 1995 to date. United also asked for an unedited copy of the CVR recordings
8  taken at the time of the accident, ANA's conflict resolution policies, and documents regarding the
9  SGHA.

10      United received ANA's response to the First Request to Produce on November 19, 2007.
11  (Torpey Decl. ¶ 7, Ex. 5). ANA objected to every single request and produced minimal documents.
12  Regarding United's requests for information about the flight crew, ANA raised several objections,
13  including, for the first time, an objection based upon "Japan's Act on the Protection of Personal
14  Information." Nonetheless, ANA stated that the information would be produced at the depositions if
15  the pilots agreed to waive the protections of the Act. Further, ANA agreed to make the CVR
16  recording(s) available for inspection and copying. Notably, ANA did not object to production of the
17  recordings on the ground that federal law barred its discovery, as it now does.

18      When the deposition of the pilot in command, Mr. Yamaguchi, commenced on November
19  27, 2007, it quickly became apparent that ANA was intent upon erecting as many barriers as
20  possible to conducting complete depositions.[2]  Regarding United's document requests, ANA

21

22  [2]  ANA demonstrated its lack of good faith before the depositions as well. On November 19, 2007
     – only eight days before the depositions – ANA's attorney e-mailed United's attorney stating
23   that he now intended to produce the pilots for deposition in San Francisco rather than Los
     Angeles, even though United moved the depositions to Los Angeles at the request of ANA's
24   counsel.  This unilateral change was purportedly made to accommodate the pilots' work
     schedules, as counsel indicated they would be flying in and out of San Francisco on working
25   flights.  This assertion proved at the depositions to be false, as all three pilots testified that they
     flew into San Francisco as passengers, were flying out as passengers, and would not be working
26   again for several days. As a result of the change in the location, United incurred thousands of
     dollars in additional expenses. United's Detroit-based lead counsel had to cancel his guaranteed
27   ticket to Los Angeles and buy a new, more expensive ticket to San Francisco. Also, United

28
1480117.05                                           -3-
Case No 07-03422 EDL                        Defendant United Air Lines, Inc's Renewed Motion to Compel
                                            Discovery and For Additional Time to Depose Witnesses

1    produced only a few, redacted pages regarding the pilots' training and certification and a few pages
2    of its Operations Manuals. Nothing else of substance was produced. Further, to make the most use
3    of the time, United's counsel proposed that the deposition be taken primarily in English and that the
4    interpreters be used only where necessary. This proposal was reasonable considering that Mr.
5    Yamaguchi, Mr. Nishiguchi and Mr. Usui all understand and speak English, as required for
6    commercial airline pilots under Federal Aviation Administration ("FAA") Regulations.[3]   ANA's
7    counsel declined the offer without even attempting to proceed in English, insisting that every
8    question, answer and objection be translated. This drastically reduced the time available to United
9    to conduct the depositions, and the delay was compounded by the fact that both United and ANA
10   had interpreters present. (Torpey Decl. ¶ 9, Ex. 7, pp. 12-15). In addition, ANA's counsel did not
11   even allow United the full seven hours available under Fed. R. Civ. P. 30(d)(1) for the deposition of
12   Mr. Yamaguchi. Counsel unilaterally terminated the deposition after only 6 hours and 36 minutes
13   on the record, which, in actual deposition time, was closer to three to four hours given the extensive
14   delay caused by the English/Japanese translation, the objections posed by ANA's attorney and
15   argumentation over various issues. (Torpey Decl. ¶ 9, Ex. 7, pp. 136-37; Torpey Decl. ¶ 10, Ex. 8).

16       This delay was further compounded by the fact that all three pilots gave evasive and non-
17   responsive testimony, aided by counsel's suggestive objections. An obvious example of this
18   occurred during Mr. Nishiguchi's deposition. During that deposition, United's attorney asked Mr.
19   Nishiguchi clear and direct questions as to what he would do if there was a potential conflict
20   between his plane and another plane and he was unsure whether a collision would occur. Mr.
21   Nishiguchi spent 45 minutes dodging the questions. Taking a cue from the "form, foundation and
22   incomplete hypothetical" objections repeatedly raised by ANA's attorney during this exchange, Mr.
23   Nishiguchi ultimately refused to give any substantive answer, stating that he could not answer
24   "hypothetical questions the conditions of which are incomplete." (Torpey Decl. ¶ 11, Ex. 9,

25   _____

26   incurred hotel and meal expenses for its Los Angeles-based interpreter and co-counsel for four
     days. (Torpey Decl. ¶ 8, Ex. 6)
27   [3]  See 14 C.F.R. § 61.153(b) ("To be eligible for an airline transport pilot certificate, a person
28   must…[b]e able to read, speak, write, and understand the English language.")

1480117.05                                    -4-
Case No. 07-03422 EDL                              Defendant United Air Lines, Inc's Renewed Motion to Compel
                                                    Discovery and For Additional Time to Depose Witnesses

1  pp. 42-57)  During just this exchange with Mr. Nishiguchi, ANA's counsel objected no less than 17

2  times.  *Id.*  These unnecessary objections further impeded a process already made difficult by the

3  full translation and the witness' refusal to answer.

4  United's counsel went through a nearly identical exchange with Mr. Usui, who, cued by the

5  objections of ANA's attorney, refused to answer questions about what he would do if there was a

6  potential conflict between his airplane and another plane.  (Torpey Decl. ¶ 12, Ex. 10, pp. 34-58).

7  This evasion lasted for over one hour, when United's counsel abandoned the line of questioning as it

8  was clear that Mr. Usui was not going to respond. ANA's counsel raised 29 baseless form,

9  foundation and incomplete hypothetical objections during this span of the deposition.  *Id.*  Again,

10 these objections added to the difficulty of the process and were wholly unnecessary. The transcripts

11 are rife with examples of the deponents' evasiveness and refusal to give answers to clear and direct

12 questions.  (*See* Torpey Decl. ¶ 9, Ex. 7, pp. 76-93, 96-98, 99-102, 115-16, 120-24, 126, 134-35;

13 ¶ 11, Ex. 9, pp. 24-28, 42-57, 67-68; ¶ 12, Ex. 10, pp. 34-58, 64-68, 80-84, 88, 97, 107)

14 Following the depositions, on or about December 13, 2007, ANA served United with its

15 supplemental response to United's First Request to Produce.  (Torpey Decl. ¶ 13, Ex. 11)  In this

16 supplemental response, ANA asserted, for the first time, that production of the CVR recordings was

17 barred under federal law.

18 On December 21, 2007, United filed a Notice of Motion and Motion to Compel Discovery

19 and For Additional Time to Depose Witnesses, together with a Memorandum of Points and

20 Authorities, seeking to compel ANA to produce the materials it was withholding and an order

21 granting United additional time to depose ANA's flight crew.  (Docket No. 45)  ANA filed its

22 Opposition to United's Motion on January 9, 2008, denying that it had any obligation to produce

23 additional documents and objecting to United's request for additional time to depose the pilots.

24 ANA openly acknowledged in that it was withholding materials from United and that it had

25 requested the very same information United had asked for – most of which United has produced –

26 but, as explained below, offered several unsupportable excuses for its refusal to produce the

27

28

1480117 05
Case No. 07-03422 EDL                                                          -5-
Defendant United Air Lines, Inc.'s Renewed Motion to Compel
Discovery and For Additional Time to Depose Witnesses

1    information. (Docket No 47). On January 16, 2008, United filed a reply to ANA's opposition,

2    detailing the flaws in ANA's arguments (Docket No. 48).

3    On January 22, 2008, the Court issued an order denying United's Motion to Compel without

4    prejudice, finding that United did not establish compliance with the "meet and confer" requirement

5    of the Civil Local Rules. (Docket No. 49). The Court instructed the parties to meet and confer

6    regarding the motion and indicated that United could re-file its motion following the meeting if

7    unresolved issues remained. In addition, the Court ordered ANA to provide United with a

8    declaration by January 29, 2008 setting forth the categories in which it had produced all responsive

9    documents, if any.

10   Pursuant to the Court's Order, on January 24 and 25, 2008, counsel for United conducted

11   face-to-face meetings regarding the Motion to Compel with ANA's attorneys while in California for

12   depositions. (Torpey Decl ¶¶ 23, 24) These meetings resolved some, but not all, of the issues

13   raised by United's Motion. Specifically, ANA produced a copy of the current version of its

14   Japanese-language Operations Manual and agreed to produce the personnel files of pilots Yusuke

15   Nishiguchi, Eishin Yamaguchi and Teruo Usiu pursuant to a protective order. The parties were

16   unable to resolve the following issues:

17       (a)    Whether United is entitled to production of complete, unedited copies of
     ANA's CVR recordings;

18

19       (b)    Whether United is entitled to production of complete, unedited copies of
     ANA's current English-language Operations Manual and the English and
20   Japanese-language Operations Manuals that were in place at the time of the
     collision;

21       (c)    Whether United is entitled to production of routing documents for the ANA
     flight and other documents ANA and/or its flight crew were required to keep
22   on board the aircraft, both the current versions of these documents and the
     versions in place at the time of the collision;

23

24       (d)    Whether United is entitled to additional time to complete the depositions of
     ANA's flight crew; and,

25       (e)    Whether United is entitled to an award of the costs and fees incurred in
     bringing this motion
26

27   United brings this Renewed Motion to Compel before the Court for a ruling on these unresolved

28   issues.

### III.    Argument

#### A.    United Is Entitled To An Order Compelling ANA To Produce Additional Documents

##### (1)    Standards Applicable to Motion to Compel

United properly served document requests upon ANA pursuant to both Fed. R. Civ. P. 30(b)(2) and 34. Rule 30(b)(2) states that a deposition notice "may be accompanied by a request under Rule 34 for the production of documents and tangible things at the deposition." Rule 34(a) permits a party to obtain discovery of documents and other tangible items which constitute matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served. As the court recognized in *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal. 1995), these provisions allow for a party to obtain broad discovery of documents and other tangible items in the possession of the opposing party:

> Under the Federal Rules of Civil Procedure, the parties may obtain discovery regarding any matter that is (1) "not privileged" and (2) "relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). Furthermore, "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The scope of discovery under the Federal Rules is extremely broad. A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."

*See also, e.g., Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 653 (D.Kan. 2006)("A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party.")(citation omitted).

Where a party fails to respond to a Rule 34 document request, the party serving the request "may apply for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(3)(B)(iv). For the purposes of a motion to compel, "an incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4).

##### (2)    Deposition Notice Document Requests

Turning first to the requests contained in United's deposition notices, as noted above, United asked for, in relevant part, the following:

1
2

ANA OPERATIONS MANUAL: Produce a complete copy of the ANA operations manual in effect on October 7, 2003 pertaining to the ANA 777 aircraft involved in the October 7, 2003 collision at SFO. Also, produce a copy of same as it exists today.

3
4
5
6

PUBLICATIONS REQUIRED TO BE ON BOARD: With regard to all publications which ANA and/or its flight crew were required to have on board the ANA aircraft on October 7, 2003, including but not limited to required publications relating to operating the aircraft at SFO and/or out of SFO to Japan and/or into Japan, produce a copy of same as they existed that day. Also, produce a copy of same as they exist today.

7
8
9

PUBLICATIONS REQUIRED TO BE ON BOARD: With regard to all publications which ANA and/or its flight crew were required to have on board the ANA aircraft on October 7, 2003, including but not limited to required publications relating to operating the aircraft at airports within Japan and/or from Japan to SFO.

10
11

ROUTING: Produce documentation reflecting the requested and/or assigned routing for the ANA aircraft on October 7, 2003 for the intended departure to Japan prior to the collision.

12      Regarding the Flight Operations Manuals, ANA provided United with only two pages of the

13  current English-language version, together with several supplemental pages, one page of two prior

14  versions of the Japanese-language Manual, and its current Japanese-language Manual.[4]     This

15  production is insufficient.  At Mr. Yamaguchi's deposition, ANA's counsel stated that the pages

16  ANA produced were from the "only conceivably relevant section" of the Manuals.  (Torpey Decl.

17  ¶ 9, Ex. 7, pp. 8-9).  ANA reiterated its relevance argument in its Opposition to United's Motion to

18  Compel and in the Declaration of Marshall S. Turner in Support of ANA's Production of

19  Documents – a curious argument considering that ANA requested production of United's entire

20  Operations Manual, which has been produced.  (Torpey Decl. ¶¶ 25, 26).  However, the Court need

21  not even reach this argument because ANA has waived it by failing to assert it in a timely manner.

22      Under Fed. R. Civ. P. 34(b)(2), a party "must respond in writing within 30 days after being

23  served" with a request for production of documents.  Where a party fails to timely respond, all

24  objections are waived. *See, e.g., Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 364, 367-

25  68 (D.Conn. 2005)("[A] party 'is not free to raise in its brief - almost as an afterthought-entirely new

26

27  [4]  The Japanese and English-language versions of the Manual differ substantively.  Both versions should be produced in their entirety.

28

1480117 05                                                  -8-
Case No. 07-03422 EDL                                    Defendant United Air Lines, Inc.'s Renewed Motion to Compel
                                                         Discovery and For Additional Time to Depose Witnesses

1  objections which it did not assert earlier.' ...Instead, 'a party which fails to object to a discovery

2  request waives any objections it otherwise might have made.'")(citations omitted). Well more than

3  30 days have passed since United served ANA with its request for the Operations Manuals, and

4  ANA has not served United with a formal written response to the request. Therefore, ANA has

5  waived its relevance objection, and any other objections it might have had, and must be compelled

6  to produce complete copies of both the Japanese and English versions of the current Manual and the

7  Manual in place at the time of the collision.

8        Even if the Court is willing to entertain ANA's relevance objection, there is no question that

9  the Operations Manuals falls within the broad scope of relevance under the Federal Rules.

10  Testimony elicited at the pilots' depositions shows the importance of this document. Mr.

11  Yamaguchi gave the following testimony regarding the Manual:

     Q.    Do you know what an operations manual is? Are you familiar with that term?

     A.    Yes.

     Q.    What is an operations manual?

     A.    It is a manual that explains how to do our work.

     Q.    Okay. It's an ANA document; correct?

     A.    Yes.

     Q.    It sort of is the outline, if you will, of how the company and its employees are expected to perform their duties including with regard to the operation of ANA aircraft; correct?

     A.    Yes.

     Q.    And it's required that the manual be kept with the aircraft?

     A.    Yes.

23  (Torpey Decl. ¶ 9, Ex. 7, pp. 34-35). Further, Teruo Usui testified that the flight crew "observed the

24  operation[s] manual and operate [sic] the aircraft based on it" and that if he is faced with a potential

25  conflict while taxiing, "I will act according to the operations manual." (Torpey Decl. ¶ 12, Ex. 10,

26  pp. 55, 58). Yusuke Nishiguchi provided similar testimony. (Torpey Decl. ¶ 11, Ex 9, p 13). In

27  addition, Mr. Yamaguchi confirmed at his deposition that not all "conceivably relevant" sections

28

1480117.05
Case No. 07-03422 EDL
-9-
Defendant United Air Lines, Inc.'s Renewed Motion to Compel
Discovery and For Additional Time to Depose Witnesses

1    were produced  When United's counsel asked Mr. Yamaguchi, the pilot in command, whether he

2    had authority to delegate taxiing responsibility to the first officer, Mr. Yamaguchi testified that he

3    had such authority under the terms of the Manual and that the provision giving him authority was

4    not in the portion of the Manual produced at the deposition.  (Torpey Decl. ¶ 9, Ex. 7, pp. 75-76).

5    Therefore, the manual does, in fact, contain other relevant and discoverable information.

6         As the testimony of ANA's flight crew indicates, the Operations Manual is a comprehensive

7    document that governs all facets of the operation of the aircraft, and its importance is reflected by

8    the fact that ANA requires the Manual to be kept on board the plane.  It is disingenuous For ANA to

9    suggest that the few hand-picked pages it produced contain the only information relevant to this

10   case. This Manual would contain procedures for activating the CVR, communicating with air traffic

11   control, ground control and ramp control, pull-back operations, taxiing, conflict resolution and a

12   host of other issues directly related to the case.   Given their significance, it cannot seriously be

13   disputed that ANA's Operations Manuals are relevant under Fed. R. Civ. P. 26(b)(1), as ANA

14   concedes by its own request for United's entire Manual.  ANA's relevance objection is entirely

15   lacking in merit.[5]

16        ANA offers one additional excuse for its failure to produce its Operations Manuals.  ANA

17   claims that United's request for these Manuals was directed to the pilots only, not ANA, and that the

18   pilots did not have an opportunity to obtain the documents.  Therefore, the argument goes, ANA had

19   no obligation, and has no obligation, to produce the Manuals.  The hyper-technical distinction ANA

20   attempts to draw is unsupportable and demonstrates that ANA is interested only in impeding the

21   discovery process, not moving it along towards a resolution of the case.  *See, e.g., Donahay v. Palm*

22   *Beach Tours & Transp., Inc.*, 242 F.R.D. 685 (S.D.Fla. 2007)("As Plaintiff aptly observes, the

23   Federal Rules of Civil Procedure and the Local Rules of this Court require a good faith approach to

24

25   [5] Throughout its previously-filed opposition papers and again in the Declaration of Marshall S.
     Turner in Support of ANA's Production of Documents, ANA asserts that it has produced the
26   relevant sections of the Operations Manuals. ANA is not at liberty to unilaterally determine what
     is or is not relevant  United has requested the complete Manuals, and produced complete Manuals
27   in response to ANA's document request, including a reconstructed Manual from the date of the
     collision. Again, ANA cannot have it both ways.
28

1480117 05                                    -10-
Case No 07-03422 EDL                              Defendant United Air Lines, Inc.'s Renewed Motion to Compel
                                                  Discovery and For Additional Time to Depose Witnesses

discovery, not hyper-technical word games ...."). United's requests for these documents were served with the deposition notices for the flight crew. These notices were served upon ANA's attorney, not the pilots individually, and counsel accepted them without protest. United deposed the pilots in their capacities as employees of ANA, a party to this case, not as individuals. Therefore, it was ANA's obligation, not that of the pilots, to produce the documents. ANA's futile attempt to dodge its discovery obligations should be disregarded

In addition to the Operations Manuals, ANA has not produced any of the documents ANA and its pilots are required to have on board the aircraft or the routing documents. Again, ANA did not object to producing these documents, which would include route manuals, pilot log books, journey logs and minimum equipment lists. (Torpey Decl. ¶ 9, Ex. 7, pp. 46-49; ¶ 11, Ex. 9, p. 14;). ANA has thus waived any objections and must be compelled to produce these materials. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."). As with the Operations Manuals, ANA asserts that it had no obligation to produce these documents because the requests were served on the pilots, not ANA. As discussed above, this argument is absurd and should be disregarded. ANA has offered no reasonable justification for its refusal to produce these documents and should be compelled to do so.

### (3)    United's First Request to Produce – The CVR Recordings

In Request for Production No. 5 of its First Request to Produce, served on October 12, 2007, United requested unedited copies of the CVR recordings from the ANA aircraft. This request, and ANA's response, are stated below:

> **REQUEST FOR PRODUCTION NO. 5**: With regard the cockpit voice recorder in the ANA aircraft on the date of the incident involved in this litigation, produce an unedited copy of the CVR tape reflecting all conversation between the ANA crew and United ramp control, air traffic control, ground personnel and/or between the ANA pilots.

> **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**: See General Objections. Without waiving these objections, the CVR recording will be made available for copying at the office of Condon & Forsyth LLP, 1901 Avenue of the Stars – Suite 850, Los Angeles, CA 96007, subject to a Confidentiality Order acceptable to ANA's flight crew.

1    Though it originally agreed to make the CVR recordings available for inspection and

2  copying, ANA reversed course in its supplemental response, stating that the recordings not

3  discoverable under 49 U.S.C. §§ 1114, 1154. ANA did not raise this objection within the 30-day

4  time limit of Fed. R. Civ. P. 34(b)(2)(A). Rather, ANA cited only its boiler-plate "general

5  objections," and agreed to make a copy available for inspection and recording, never mentioning the

6  statute on which it now relies. Accordingly, it has waived the objection and should be ordered to

7  produce a copy of the CVR recordings on this basis alone. *See Richmark, supra*, 959 F.2d at 1473.

8  In its previous Opposition to United's Motion to Compel, ANA offered the nonsensical statement

9  that its "second objection was the natural and legal consequence of ANA's first objection." (Docket

10  No. 47, p. 15). United has no idea what this means. But, reading between the lines, it is evident that

11  ANA has no defense to United's waiver argument. ANA should be compelled to produce a

12  complete copy of the CVR recordings without reference to § 1154.

13    In any event, ANA's assertion that §§ 1114, 1154 bar discovery of the CVR recordings is

14  simply incorrect. The cited statutes do not preclude discovery of a CVR recording but, instead,

15  provide a mechanism for a party to obtain an unedited copy of the recording in litigation. As

16  discussed below, production of an unedited copy of ANA's CVR recordings is not only warranted in

17  this matter, it is essential if United is to obtain a fair trial.

18    The discoverability of CVR recordings is governed by 49 U.S.C. § 1154.[6] The statute states,

19  in relevant part:

20         **(3)** Except as provided in paragraph (4)(A) of this subsection, a court
        may allow discovery by a party of a cockpit or surface vehicle
21         recorder recording if, after an *in camera* review of the recording, the
        court decides that--
22

23         **(A)** the parts of the transcript made available to the public
        under section 1114(c) or 1114(d) of this title and to the party
24         through discovery under paragraph (2) of this subsection do
        not provide the party with sufficient information for the party
25         to receive a fair trial; and

26  _____

27  [6]  49 U.S.C. § 1114 addresses the duties and responsibilities of the National Transportation Safety
     Board ("NTSB") with regard to information it receives in the course of an investigation. This
     section is inapplicable, as United has not sought information from the NTSB.

28

1480117.05                                              -12-
Case No. 07-03422 EDL                          Defendant United Air Lines, Inc.'s Renewed Motion to Compel
                                               Discovery and For Additional Time to Depose Witnesses

**(B)** discovery of the cockpit or surface vehicle recorder recording is necessary to provide the party with sufficient information for the party to receive a fair trial.

49 U.S.C. § 1154(a)(3).

Courts have not hesitated to order production of a CVR recording where, as here, the requesting party has demonstrated a substantial need for it. For instance, in *McCoy v. Southwest Airlines Company, Inc.*, 208 F.R.D. 617 (C.D.Cal 2002), a case involving a runway overrun accident, the plaintiffs filed a motion to compel the defendant airline to produce an unedited copy of the CVR recording. The court granted the motion, finding that production of the complete recording was necessary to afford the plaintiffs a fair trial:

> One of the major purposes behind the enactment of Section 1154 was to safeguard or protect the National Traffic Safety Board ("NTSB") against premature public speculation regarding the cause of any airline crash so it may "conduct a full and fair investigation." *See* Senate Report No. 101-450, 1990 U.S.C.C.A.N. 6376, 6381. Since the NTSB has already concluded its investigation and issued its report regarding the probable cause of the Burbank crash, this purpose is not adversely affected by plaintiffs' discovery of the CVR tape.
>
> Further, plaintiffs persuasively argue that the tape is needed for a fair trial since the transcript of the CVR tape of the Burbank crash is insufficient to allow them to prosecute their claims, or to meet their heightened burden regarding punitive damages... First, plaintiffs argue that since the transcript of the CVR tape was reached by the group consensus of several persons listening to the tape at the behest of the NTSB, that consensus might not be accurate; rather, an expert may determine that a word on the tape is different than the word agreed upon by the persons reviewing the tape. Second, plaintiffs note that the tape in incomplete, missing approximately 51 words and deleting approximately 11 words viewed as "expletives." Even more importantly, the tape fails to reflect changes in voice tone, tempo, volume and inflection, all of which are important. Finally, plaintiffs argue that the tape does not accurately reflect the noises heard in the cockpit during the recording, and such noises can help an expert recreate exactly what happened in the cockpit.
>
> The Court, having reviewed all papers and having listened to the CVR tape (all tracks), hereby grants plaintiffs' motion. The Court specifically finds that the tape is one of the few neutral pieces of evidence available to plaintiffs to support their claims, and, as such, is clearly relevant under Rule 26(b). Moreover, the transcript of the tape is insufficient since, as plaintiffs note, it is not complete and it does not reflect noises that might be meaningful to plaintiffs' experts. Additionally, the tape may be used to impeach the pilots or controllers, whose recollection of the events may be self-serving. Finally, a protective order will prevent the dissemination of the CVR

1480117 05
Case No 07-03422 EDL                                    -13-                    Defendant United Air Lines, Inc.'s Renewed Motion to Compel
                                                                               Discovery and For Additional Time to Depose Witnesses

1    tape in a manner contrary to Congress' intent in enacting 49 U.S.C.
     § 1154

2    *McCoy*, 208 F.R.D. at 620 (citations omitted). *See also In re Air Crash at Lexington, Ky.*, 2007 WL

3    4321865 at *3 (E.D Ky.)("[T]he transcript does not provide the parties with sufficient information to

4    receive a fair trial and therefore discovery of the recording is necessary to provide sufficient

5    information for the parties to receive a fair trial.").

6        Many of the factors the court relied upon in *McCoy* in granting the plaintiffs' motion are

7    present here, and there are additional factors that make United's request even more compelling. As

8    in *McCoy*, the NTSB has completed its investigation of the collision and has issued a report.[7]

9    Therefore, disclosure of an unedited copy of the CVR recordings would not undermine the purposes

10   of the statute. *See also Buschmann v. Little Rock National Airport*, 222 F.R.D. 114, 117 (N.D. Tex.

11   2004)("The primary motivation behind the enactment of § 1154 was to prevent private litigants from

12   interfering with an ongoing NTSB investigation. Because the NTSB has concluded its investigation

13   of the crash and issued a final report, that concern is no longer an issue."). Further, the CVR

14   recordings provide the only objective, contemporaneous account of what occurred in the cockpit of

15   the ANA plane leading up to the event and as it was taking place. Witness statements have been

16   taken and the matter has been investigated by the parties and the NTSB. However, these after-the-

17   fact examinations are no substitute for a real-time snapshot of what ANA's flight crew said and did

18   as the event was taking place. The CVR recordings will capture the interactions between the pilots,

19   their state of mind, what they observed, when they observed it, and what actions they took, if any, to

20   avoid the collision.[8] This information is critical to United's reconstruction and understanding of

21   how the accident occurred and, likewise, would be essential to a jury's understanding of the case in

22   the event this matter goes to trial. In addition, the very limited transcript that exists in this case was

23   selectively prepared by ANA and submitted to the NTSB, which did not prepare its own transcript.

24

25   [7]   The NTSB released its report to the public on March 30, 2005. (Torpey Decl. ¶ 14, Ex. 12.)
     [8]   14 C.F.R. § 91.609(e)(2) requires that the CVR be powered up from the commencement of the
26         pre-flight checklist by the pilots until the completion of the final checklist at the end of the flight.
           On information and belief, the CVR recordings in the ANA airplane consisted of six audio files,
27         including a recording taken by the cockpit's area microphone and a combined interphone/p.a.
           recording. (Torpey Decl. ¶ 15). **United seeks production of all 6 of these CVR files.**

28   _____
     1480117.05
     Case No. 07-03422 EDL                          -14-                    Defendant United Air Lines, Inc.'s Renewed Motion to Compel
                                                                             Discovery and For Additional Time to Depose Witnesses

1   (Torpey Decl ¶ 16, Ex. 13). This transcript contains only limited communications between ANA's
2   pilots, the Ramp Tower and Ground Control. It contains no communications between the pilots
3   themselves, such as would be recorded by the area microphone in the cockpit, and the
4   communications stop before the collision even took place. Thus, the only transcript United has had
5   access to is a self-serving, truncated one prepared by an interested party that provides no detail
6   regarding the interactions between the pilots. As such, it is plainly insufficient to afford United a
7   fair opportunity to discover key facts regarding the accident.

8        Moreover, as the court noted in McCoy, "the tape may be used to impeach the pilots…whose
9   recollection of the events may be self-serving." *Id* at 620. Only ANA's pilots have first-hand
10  knowledge of what they observed and did. United is entitled to obtain the one piece of discovery
11  that will most effectively permit it to probe the pilots' statements and challenge their version of
12  events.

13       In its original Opposition to United's Motion, ANA suggested that the purpose behind the
14  statute militates against disclosure of the CVR. However, as discussed above, this is demonstrably
15  false. The primary purpose of the statute is to prevent litigants from interfering with an ongoing
16  NTSB investigation. The NTSB has completed its investigation of this incident. Therefore, the
17  purpose behind § 1154 would not be undermined by production of ANA's CVR recordings. *See*
18  *Buschmann, supra,* 222 F.R.D. at 117 ("The primary motivation behind the enactment of section
19  1154 was to prevent private litigants from interfering with an ongoing NTSB investigation. Because
20  the NTSB has concluded its investigation of the crash and issued a final report, that concern is no
21  longer an issue.")

22       ANA also argues that United's request should be denied because there is no United CVR
23  recording and it would be unfair for United to have ANA's CVR recordings when it will not be able
24  to get this evidence from United. ANA is correct that United does not have a CVR recording of the
25  incident. However, there is nothing in the Federal Rules of Civil Procedure that allows a party to
26  withhold discoverable information based solely upon a perceived disparity in what is available to it.
27  Furthermore, the fact that ANA will not have a copy of United's CVR recording does not put ANA

28
1480117 05                                    -15-
Case No 07-03422 EDL                          Defendant United Air Lines, Inc s Renewed Motion to Compel
                                              Discovery and For Additional Time to Depose Witnesses

1  at a disadvantage because the parties are not similarly situated. At the time of the collision, ANA's

2  plane was under power and taxiing under the control of the flight crew. They were responsible for

3  the movement of the plane and for ensuring that it could taxi safely to the runway. Conversely,

4  United's airplane was stopped for nearly 30 seconds and was still attached to a tug when the

5  collision occurred. Unlike United's flight crew, ANA's flight crew played a critical role in this

6  incident. Under the circumstances, the ANA CVR recording is a vastly more important piece of

7  evidence. In addition, contrary to ANA's assertions, the balance of fairness tips decidedly in

8  United's favor. ANA chose to bring this lawsuit, and placed its pilots' conduct in issue by doing so.

9  Having chosen to pursue litigation, it should not be permitted to shield from discovery critical

10  evidence that directly reflects upon the actions of its pilots.

11  United has met the statutory standard for discovery of ANA's CVR recordings. This

12  document is undoubtedly relevant, and United's ability to obtain a fair trial will be compromised if

13  this information is withheld. For these reasons, United is entitled to complete, unedited copies of all

14  6 audio files from ANA's CVR. In accordance with 49 U.S.C. § 1154(a)(3), **United requests that**

15  **the Court order ANA to produce the original generation (not a copy) of the 6 audio files from**

16  **the CVR for *in camera* inspection and, following such inspection, enter an order directing**

17  **ANA to produce unedited, complete copies to United.** [9] United also requests that the order

18  directing such production allow United and/or its experts the opportunity to listen to the original

19  recordings if necessary.

20  **B.    Good Cause Exists For Granting United Additional Time To Depose the**
21          **Pilots**

22  In addition to seeking additional documents, United requests additional time under Fed. R.

23  Civ. P. 30(d)(2), to depose Mr. Yamaguchi, Mr. Nishiguchi and Mr. Usui. As a result of the full

24  English/Japanese translation and the time-wasting tactics of the pilots and ANA's counsel, United

25  did not have an opportunity to conduct complete depositions. Moreover, United's ability to

26

27  [9]  The CVR recordings may require interpretation, as the ANA pilots were speaking in Japanese.
          United's interpreter can be made available to the Court if necessary.

28
1480117 05                                    -16-
Case No. 07-03422 EDL                              Defendant United Air Lines, Inc.'s Renewed Motion to Compel
                                                    Discovery and For Additional Time to Depose Witnesses

1   complete these depositions was impeded by ANA's failure to produce documents  For these

2   reasons, United is entitled to additional time to depose the flight crew.

3          Federal Rule of Civil Procedure 30(d)(1) places a seven-hour, one day time limit on

4   depositions  However, the Rule also provides that "[t]he court must allow additional time consistent

5   with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or

6   other circumstance impedes or delays the examination " Although there is little published case law

7   construing and applying this rule, the 2000 Advisory Committee's Note sheds light on the

8   circumstances that constitute "good cause" for granting additional time for deposition.  Two such

9   circumstances are where translation is required and where a party has failed to produce requested

10  documents:

11              Parties considering extending the time for a deposition — and courts
                asked to order an extension — might consider a variety of factors  For
12              example, if the witness needs an interpreter, that may prolong the
                examination ..  If the examination reveals that documents have been
13              requested but not produced, that may justify further examination once
                production has occurred.
14
    Fed. R. Civ. P. 30(d) advisory committee's note (2000); *see also* 7 MOORE'S FEDERAL PRACTICE
15
    § 30.45 ("If documents have been requested but not produced, that may justify further examination
16
    once production has occurred.")  Consistent with this point, in recent opinions, district courts have
17
    found good cause to grant additional deposition time where requested documents were withheld.
18
    *See, e.g., Pace v. Palmetto*, 2007 WL 470477 at *2 (M.D. Fla.)(where deponent failed to produce all
19
    relevant documents during his deposition, plaintiff "demonstrated good cause under Fed. R. Civ.
20
    P. 30(d)(2) for extending the deposition beyond seven hours "); *Hickman v. Fox Television Station,*
21
    *Inc.*, 231 F.R.D. 248, 252-53 (S.D.Tex. 2005)("A second sitting of her deposition was necessitated,
22
    of course, by Plaintiff's own failure to timely produce all responsive documents before her first
23
    deposition.").
24
           Further, "[i]f the deponent or another person impedes or delays the examination, the court
25
    must authorize extra time." Fed. R. Civ. P. 30 advisory committee's note (2000); *see also* 7
26
    MOORE'S FEDERAL PRACTICE § 30.45 ("For example, a court may provide additional time to depose
27
    a witness who is uncooperative and refuses to answer questions.").  Accordingly, district courts have
28

1480117 05
Case No  07-03422 EDL                          -17-                    Defendant United Air Lines, Inc.'s Renewed Motion to Compel
                                                                       Discovery and For Additional Time to Depose Witnesses

1    found good cause to extend a deposition where the record establishes that a witness and/or his

2    attorney were uncooperative and disruptive. *See, e.g., LaPlante v. Estano*, 226 F.R.D. 439, 439-40

3    (D. Conn. 2005)(court ordered plaintiff to submit to second day of deposition where plaintiff and

4    counsel were "recalcitrant and uncooperative in their refusal to answer questions that seek

5    information which is clearly relevant, not privileged, not overly broad, and not unduly

6    burdensome ").

7         ANA did not even allow United to depose Mr. Yamaguchi for the full time allowed under

8    Fed. R. Civ. P. 30(d)(1). Counsel ended the deposition after only six and one-half hours of

9    testimony. Therefore, United's right to re-depose Mr. Yamaguchi is unassailable. Further, as

10   established above, the record reflects disruptive and uncooperative conduct that impeded the timely

11   progress of the pilots' depositions. All three pilots were consistently evasive, refusing to answer

12   straightforward questions regarding their operation of the aircraft, and counsel caused further delay

13   by posing groundless objections. Also, ANA insisted that every question, answer, and objection be

14   translated from English to Japanese and *vice versa*, when, in fact, all three pilots fluently speak and

15   understand English. This drastically reduced the time available to United to depose them. When

16   ANA deposes United's flight crew, it will not face this same difficulty, and will effectively have

17   twice the time that United had to depose ANA's flight crew. Having been brought into court to

18   defend against this lawsuit, United is at least entitled to a level playing field in the discovery

19   process. In addition, United will have additional lines of inquiry to pursue once it obtains the

20   documents ANA has been withholding. Many of the documents containing ANA's policies and

21   procedures, including its Operations Manuals and on-board documents, have not been produced.

22   United should be permitted an opportunity to question the pilots about these policies and procedures,

23   and, if the Court orders production, the CVR recordings.

24        In its previously-filed opposition papers, ANA denied that it interfered with United's ability

25   to conduct full depositions of the pilots. However, those opposition papers did nothing to refute

26   United's assertions that the depositions were seriously impeded by the English-Japanese

27   interpretation, the evasiveness of the pilots, counsel's disruptive and leading objections, and ANA's

28

1480117.05
Case No. 07-03422 EDL                    -18-           Defendant United Air Lines, Inc.'s Renewed Motion to Compel
                                                        Discovery and For Additional Time to Depose Witnesses

1  failure to produce documents. The necessity for full English-Japanese interpretation itself provides

2  grounds for continuing the depositions of the pilots. *See* 2000 Advisory Committee Notes to Fed. R.

3  Civ. P. 30(d)("Parties considering extending the time for a deposition — and courts asked to order

4  an extension — might consider a variety of factors. For example, if the witness needs an interpreter,

5  that may prolong the examination ..."). As the DVDs submitted by United show, the depositions

6  moved very slowly due to the full interpretation. The interpreter did not perform simultaneous

7  interpretation. Rather, each question and answer was read twice – once in English and once in

8  Japanese. This drastically reduced the time available to counsel, and, again, these difficulties were

9  compounded by the pilots' evasion, counsel's interruptions and the fact that documents were not

10  produced.

11       In its opposition papers, ANA also made much of the fact that there was less than seven

12  hours of actual testimony during the depositions of Mr. Usui and Mr. Nishiguchi, apparently

13  suggesting that United should not be permitted additional time when it did not use all of the time

14  available to it. However, ANA should not be permitted to profit from its own improper actions. If

15  the witnesses had provided responsive answers rather than evasive ones and if ANA had produced

16  documents United requested, United undoubtedly would have used all of the allotted time.

17  Considering the obstacles United faced, it was pointless to continue the depositions, each of which

18  took up one full day. The fact that there was less than seven hours of on-the-record time has no

19  bearing on United's request for leave to continue the depositions of Mr. Usui and Mr. Nishiguchi.

20       For the reasons discussed above, good cause exists for granting United additional time to

21  depose each member of ANA's flight crew. Further, should the Court grant such relief, United

22  requests that (1) ANA be ordered to pay the costs, including attorneys' fees, incurred by United to

23  complete the depositions of the pilots, (2) that the witnesses be ordered to provide complete and

24  non-evasive answers to all questions, including hypothetical questions, and (3) that an order enter

25  providing that all objections shall be made in strict compliance with the requirements of Fed. R. Civ.

26  P. 30(c)(2). The conduct necessitating United's request for additional time to take the depositions

27  could easily have been avoided by even a modicum of cooperation, and, as noted in footnote 2

28

1480117 05
Case No 07-03422 EDL                                   -19-                  Defendant United Air Lines, Inc s Renewed Motion to Compel
                                                                        Discovery and For Additional Time to Depose Witnesses

1  above, United has already incurred significant expenses by virtue of ANA's last-minute change of

2  the location of the pilots' depositions. United is not requesting reimbursement of the relocation

3  expenses at this point. However, in light of ANA's conduct, the relief requested above by United is

4  entirely warranted. *See* Fed. R. Civ. P. 30(d)(2)("The court may impose an appropriate sanction—

5  including the reasonable expenses and attorney's fees incurred by any party—on a person who

6  impedes, delays, or frustrates the fair examination of the deponent.")

7  **C.     United Is Entitled To An Award Of Costs**

8      Fed. R. Civ. P. 37 provides for an award of costs and fees to a party who prevails on a

9  motion to compel:

> *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees But the court must not order this payment if:
>
>     (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
>     (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
>     (iii) other circumstances make an award of expenses unjust.

19  Fed. R. Civ. P. 37(a)(5)(A).

20      As discussed at length above, this motion was necessitated by ANA's failure to comply with

21  its discovery obligations and failure to cooperate in the discovery process. ANA's conduct was not

22  substantially justified, and no other circumstances exist that would make an award of expenses

23  unjust. For these reasons, United requests that it be awarded the reasonable costs and fees it

24  incurred in bringing this motion.

25  **IV.     Conclusion**

26      For the reasons stated above, United respectfully requests that the Court **GRANT** this

27  motion and enter an order (1) compelling ANA to produce documents responsive to United's First

1480117 05

Case No 07-03422 EDL                    -20-                    Defendant United Air Lines, Inc s Renewed Motion to Compel Discovery and For Additional Time to Depose Witnesses

1    Request to Produce and Notice and Amended Notices of Taking Video Depositions, (2) granting

2    United additional time to complete the depositions of ANA pilots Yusuke Nishiguchi, Eishin

3    Yamaguchi and Teruo Usui, and (3) awarding United the costs and fees it incurred in bringing this

4    motion

5

6                                                   s/Scott R. Torpey_____

7                                                   Jaffe, Raitt, Heuer & Weiss
                                                    27777 Franklin Road, Suite 2500
8                                                   Southfield, Michigan 48034-8214
                                                    Phone:     (248) 351-3000
9                                                   E-mail:    storpey@jaffelaw.com
                                                    SB#153763
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jaffe, Raitt, Heuer & Weiss, P.C.
Scott R. Torpey Cal. SB#153763
storpey@jaffelaw.com
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone:　　248.351.3000
Fax:　　　　　248.351.3082

And
WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:　　(714) 285-9600
Fax:　　　　　714-285-9700
Attorneys for Defendant United Air Lines, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD., | **Case No. 07-03422 EDL** |
| Plaintiff/Counter Defendant, | **DEFENDANT UNITED AIR LINES, INC.'S (UAL) CERTIFICATE OF SERVICE** |
| vs. | |
| UNITED AIR LINES, INC., | |
| Defendant/Counter-Plaintiff. | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2008 I electronically filed the foregoing papers with the Clerk of

the Court using the ECF system which will send notification of such filing to the following:

Jeffrey A. Worthe
Worthe, Hanson & Worthe
1851 E. First St., Ste. 900
Santa Ana, CA 92705

Frank A. Silane
Roderick D. Margo
Scott d. Cunningham
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA 90067-6010

Marshall S. Turner
Condon & Forsythe LLP
7 times Square
New York, NY 10036


Dated: January 30, 2008

                                        s/Scott R. Torpey
                                        Jaffe, Raitt, Heuer & Weiss
                                        27777 Franklin Road, Suite 2500
                                        Southfield, Michigan 48034-8214
                                        Phone: (248) 351-3000
                                        E-mail: storpey@jaffelaw.com
                                        Bar No: (P36179)

Case No. 07-03422 EDL

-2-

Defendant United Air Lines, Inc.'s Notice of Motion and Renewed Motion to Compel Discovery
And For Additional Time To Depose Witnesses