# EXHIBIT A

JAFFE, RAITT, HEUER & WEISS, P.C.
Scott R. Torpey Cal. SB#153763
storpey@jaffelaw.com
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone:   248.351.3000
Fax:         248.351.3082

And
WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:   (714) 285-9600
Fax:         714-285-9700
Attorneys for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| All Nippon Airways Company, Ltd., | Case No. 07-03422 EDL |
| Plaintiff, | **DECLARATION OF SCOTT TORPEY IN SUPPORT OF DEFENDANT UNITED AIR LINES, INC.'S MOTION TO COMPEL DISCOVERY AND FOR ADDITIONAL TIME TO DEPOSE WITNESSES** |
| vs. | |
| United Air Lines, Inc., | |
| Defendant. | DATE:   January 29, 2008<br>TIME:   9:00 a.m.<br>CTRM:   San Francisco<br>JUDGE:  Elizabeth D. Laporte |

**DECLARATION OF SCOTT TORPEY**

**STATE OF MICHIGAN**     )
                          )  SS.
**COUNTY OF OAKLAND**     )

I, Scott Torpey, being duly sworn according to law, hereby depose and state:

Case No. 07-03422 EDL
1481704.01

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc.'s Motion to Compel
Discovery and For Additional Time to Depose Witnesses

1. I am a partner at the law firm of Jaffe Raitt Heuer & Weiss, P.C., in Southfield Michigan. I am duly licensed and qualified to practice law in California. I represent Defendant United Air Lines, Inc., ("United") in the above-captioned matter, which All Nippon Airways Company, Ltd., ("ANA") filed against United on June 28, 2007. I make this Declaration in support of United's Renewed Motion to Compel to Compel Discovery and For Additional Time to Depose Witnesses and to certify, pursuant to Fed. R. Civ. P. 37(a)(1), Civ. L.R. 1-5(n) and Civ. L.R. 37-1(a) that I took the following actions to obtain the relief requested in this Motion without the intervention of the Court: (a) On December 21, 2007, I called ANA's counsel to discuss the issues raised by the motion. Additionally, I informed ANA's counsel at the depositions of ANA's flight crew, which took place on November 27, 28 and 29, 2007, that I would be filing a motion to compel; (b) as described below, *see* ¶¶ 23, 24, I conducted face-to-face meetings with counsel for ANA on January 24 and 25, 2008 regarding the issues raised in this Motion. Unresolved issues remained after these meetings, thus necessitating the filing of the Renewed Motion to Compel.

2. On July 24, 2007, United served ANA with a Notice of Taking Video Depositions of Teruo Usui, Eishin Yamaguchi, and Yusuke Nishiguchi ("Notice"), who comprised the flight crew that was operating ANA's aircraft when the collision at issue in this litigation occurred. A true and correct copy of the Notice is attached hereto as **Exhibit 1**.

3. United noticed the depositions to be held in San Francisco. ANA subsequently requested that the depositions be held in its attorney's Los Angeles office rather than San Francisco. United agreed to accommodate this request.

4. On September 12, 2007, United served ANA with an Amended Notice of Taking Video Depositions ("Amended Notice"), re-noticing the depositions for November 27-29, 2007 in Los Angeles. A true and correct copy of the Amended Notice is attached hereto as **Exhibit 2**. In the Notice and Amended Notice, United requested that ANA bring certain documents to the depositions. United asked for documents reflecting accidents, incidents and disciplinary actions

Case No. 07-03422 EDL
1481704.01

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc.'s Renewed Motion to Compel
Discovery and For Additional Time to Depose Witnesses

involving ANA's flight crew, training and certification records for the flight crew, and documents regarding the SGHA.

5. On November 16, 2007, United served its Third Amended Notice of Taking Video Depositions ("Third Notice"), adding to its previous document requests a request for copies of the current ANA Flight Operations Manual, the Manual that was in effect on the date of the incident, any documents that ANA or the flight crew were required to have on board the aircraft, and routing documents for the flight. A true and correct copy of the Third Notice is attached hereto as **Exhibit 3**.

6. On October 12, 2007, United served ANA with its First Request to Produce, a true copy of which is attached hereto as **Exhibit 4**. As it did in the deposition notices, United asked for information regarding the pilots, including disciplinary records from 1995 to date, training and certification records from 1995 to date, and records related to any accident or incidents they were involved in from 1995 to date. United also asked for unedited copies of the recordings taken by ANA's Cockpit Voice Recorder ("CVR") at the time of the accident, ANA's conflict clearing policies, and documents regarding the SGHA and the annexes thereto.

7. United received ANA's response to the First Request Produce on November 19, 2007. A true and correct copy of ANA's response is attached hereto as **Exhibit 5**. ANA objected to every single request and produced minimal documents. Regarding United's requests for information about the flight crew, ANA raised boiler-plate objections and an objection based upon "Japan's Act on the Protection of Personal Information." Nonetheless, ANA stated that the information would be produced at the depositions if the pilots agreed to waive the protections of the Act. Further, ANA agreed to make the CVR recording(s) available for inspection and copying. ANA did not object to production of the CVR recording(s) on the ground that federal law barred such discovery, as it now does.

8. On November 19, 2007, ANA's attorney e-mailed me stating that he now intended to produce the pilots for deposition in San Francisco rather than Los Angeles, even

3

Case No 07-03422 EDL
1481704 01

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc 's Renewed Motion to Compel
Discovery and For Additional Time to Depose Witnesses

though United moved the depositions to the Los Angeles offices of ANA's counsel at his request. Attached hereto as **Exhibit 6** is a true and correct copy of United's Fourth Amended Notice of Taking Video Depositions, re-noticing the depositions for San Francisco. This unilateral change was purportedly made to accommodate the pilots' work schedules, as counsel indicated they would be flying in and out of San Francisco on working flights. This assertion proved at the depositions to be false, as all three pilots testified that they flew into San Francisco as passengers, were flying out as passengers, and would not be working again for several days. As a result of the change in the location, United incurred thousands of dollars in additional expenses. I had to cancel a nonrefundable ticket to Los Angeles and buy a new, more expensive ticket on short notice just prior to the Thanksgiving holiday to San Francisco at a cost of $1,400.00. Also, United incurred hotel and meal expenses for its Los Angeles-based interpreter and co-counsel for four days. That would not have been necessary had the deposition remained in Los Angeles. It is estimated that these additional expenses exceeded $2,500.00. Additionally, fees for the travel time to and from San Francisco for the interpreter and co-counsel are estimated to be in excess of $1,000.00.

9. The deposition of ANA's pilot in command, Mr. Yamaguchi, commenced on November 27, 2007. A true and correct copy of the mini-transcript, video, and deposition exhibits from Eishin Yamaguchi's deposition is attached hereto as **Exhibit 7**. At the deposition, ANA produced a few, redacted pages (in Japanese) regarding the pilots' training and certification and an incomplete version of its current Operations Manual. ANA produced nothing else of substance. Further, to make the most use of the time, I proposed that the deposition be taken primarily in English and that the interpreters be used only where necessary. This proposal was reasonable considering that Mr. Yamaguchi, Mr. Nishiguchi and Mr. Usui all understand and speak English fluently, as required for commercial airline pilots. ANA's counsel declined the offer without even attempting to proceed in English. This full translation drastically reduced the time available to conduct the deposition, and the delay was compounded by the fact that both

4

Case No. 07-03422 EDL
1481704.01

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc.'s Renewed Motion to Compel
Discovery and For Additional Time to Depose Witnesses

1  United and ANA had interpreters present.

2  10.  ANA's counsel did not even allow United the full seven hours available under Fed. R. Civ. P. 30(d)(1) for the deposition of Mr. Yamaguchi. As the court reporter's certificate shows, a true and correct copy of which is attached hereto as **Exhibit 8**, counsel unilaterally terminated the deposition after only 6 hours and 36 minutes on the record, which, in actual deposition time, was closer to three to four hours due to the extensive delay caused by the English/Japanese translation, the objections posed by ANA's attorney and argumentation over various issues.

3  11.  All three pilots gave extremely evasive and non-responsive testimony at their depositions, aided by counsel's suggestive objections. An example of this occurred during Mr. Nishiguchi's deposition. A true and correct copy of the mini-transcript, video, and deposition exhibits from the deposition of Yusuke Nishiguchi is attached hereto as **Exhibit 9**. During the deposition, I asked Mr. Nishiguchi several clear and direct questions as to what he would do if there was a potential conflict between his plane and another plane and he was unsure whether a collision would occur. Mr. Nishiguchi spent 45 minutes dodging the questions. Taking a cue from the "form, foundation and incomplete hypothetical" objections repeatedly raised by ANA's attorney, Mr. Nishiguchi ultimately refused to give any substantive answer, stating that he could not answer "hypothetical questions the conditions of which are incomplete." During this exchange with Mr. Nishiguchi, ANA's counsel objected 17 times.

4  12.  I went through a very similar exchange with Mr. Usui, who refused to answer questions about what he would do if there was a potential conflict between his airplane and another plane. A true and correct copy of the mini-transcript, video, and deposition exhibits from the deposition of Teruo Usui is attached hereto as **Exhibit 10**. This evasion lasted for over one hour. ANA's counsel raised 29 form, foundation and incomplete hypothetical objections during this span of the deposition.

5  13.  On or about December 13, 2007, ANA served United with additional documents

5

Case No. 07-03422 EDL
1481704.01

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc.'s Renewed Motion to Compel
Discovery and For Additional Time to Depose Witnesses

1 in response to United's First Request to Produce. A true and correct copy of the letter accompanying the documents is attached hereto as **Exhibit 11**. For the first time, ANA asserted that discovery of the CVR recording(s) was barred as a matter of federal law.

14. A true and correct copy of a printout of the National Transportation Safety Board's Docket Contents for the investigation of the collision at issue in this litigation is attached hereto as **Exhibit 12**.

15. 14 C.F.R. § 91.609(e)(2) requires that a CVR be powered up from the commencement of the pre-flight checklist by the pilots until the completion of the final checklist at the end of the flight. On information and belief, the CVR recordings in the ANA airplane consisted of six audio files, including a recording taken by the cockpit's area microphone and another that is a combined interphone/p.a. recording.

16. The partial CVR transcript that exists in this case was prepared by ANA and submitted to the NTSB, which did not prepare its own transcript. A true and correct copy of the partial transcript is attached hereto as **Exhibit 13**.

17. On December 21, 2007, United filed a Notice of Motion and Motion to Compel Discovery and for Additional Time to Depose Witnesses ("Motion"), by which United sought an order compelling ANA to produce the materials it was withholding and permitting United additional time to depose the flight crew. (Docket No. 45) United set the matter for hearing on Tuesday, January 29, 2008. *Id.* The motion was subsequently rescheduled to Wednesday, January 30, 2008. (Docket No. 46).

18. In support of the Motion, United filed a Memorandum of Points and Authorities fully discussing the issues involved in the Motion and the relief United sought. (Docket No. 45).

19. On January 9, 2008, ANA filed its Memorandum in Opposition to United's Motion to Compel Discovery and for Additional Time to Depose Witnesses, fully setting out its position on the issues involved in the Motion. (Docket No. 47).

20. On January 16, 2008, United filed its Reply to ANA's Opposition. (Docket No.

Case No. 07-03422 EDL
1481704.01

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc.'s Renewed Motion to Compel
Discovery and For Additional Time to Depose Witnesses

49).

21. On January 22, 2008, the Court entered an order denying United's Motion to Compel without prejudice based upon a finding that the Declaration of Scott Torpey submitted in support of the Motion did not contain sufficient facts to demonstrate compliance with the meet and confer requirement of Civ. L. R. 1-5(n) and 37-1(a). (Docket No. 50) In pertinent part, the Court stated the following in the order:

> It is hereby ORDERED that UAL's motion is DENIED WITHOUT PREJUDICE. UAL may refile its motion after its counsel meets and confers with ANA's counsel about the issues in UAL's motion. Counsel shall meet and confer through good faith, detailed, face-to-face or telephonic conversations about the issues raised in the motion. If the parties have unresolved issues after doing so, the Court will resolve those issues. The Court will entertain a request to shorten time on such a motion

(Docket No. 49, pp 1-2)

22. The Court also instructed ANA to provide United with a declaration stating which categories of documents it had fully produced, if any.

23. On January 24, 2008, while in California for a deposition in this case, I had a face-to-face meeting with Marshall Turner and Scott Cunningham, counsel for ANA, to discuss the issues raised in United's Motion to Compel.

24. On January 25, 2008, I had a second face-to-face meeting with Mr. Turner and Mr. Cunningham during which we discussed the issues raised in United's Motion. These meetings resolved some, but not all, of those issues. Specifically, ANA produced a copy of the *current* version of its Japanese-language Operations Manual and agreed to produce the personnel files of pilots Yusuke Nishiguchi, Eishin Yamaguchi and Teruo Usiu following the entry of a protective order. Other issues raised by the motion remain in dispute, as described in United's Renewed Motion to Compel Discovery and for Additional Time to Depose Witnesses.

25. A true and correct copy of ANA's Second Set of Document Requests to United

Case No. 07-03422 EDL
1481704.01

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc.'s Renewed Motion to Compel
Discovery and For Additional Time to Depose Witnesses

25. A true and correct copy of ANA's Second Set of Document Requests to United Air Lines, Inc., is attached hereto as **Exhibit 14**. In this Document Request, ANA asks United to produce many of the same documents it has withheld, and is withholding, from United on relevance and other specious grounds. These documents include United's Operations Manuals, documents United and/or its flight crew were required to have on board the aircraft and routing documents.

26. A true and correct copy of the Declaration of Marshall S. Turner in Support of ANA's Production of Documents is attached hereto as **Exhibit 15**.

**FURTHER AFFIANT SAYETH NOT.**

Scott Torpey

Subscribed and sworn to before me
this 30th day of January, 2008

Notary Public, Wayne County, MI
My Commission Expires: _____

SHEILA A. RENCHER
Notary Public, Wayne County, MI
My Commission Expires April 20, 2008

Acting in Oakland County, MI

8

Case No. 07-03422 EDL
1481704.01

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc.'s Renewed Motion to Compel
Discovery and For Additional Time to Depose Witnesses