# EXHIBIT 4

Scott R. Torpey (Cal. SB#153763)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Telephone:   (248) 351-3000
Facsimile:   (248) 351-3802
Email:       storpey@jaffelaw.com

   -and-

Jeffrey A. Worthe (Cal. SB# 080856)
Worthe, Hanson & Worthe
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:   (714) 285-9600
Facsimile:   (714) 285-9700
Email:       jworthe@whwlawcorp.com
Attorneys for Defendant United Air Lines, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD )<br>          Plaintiff, )<br>  vs )<br>UNITED AIR LINES, INC., )<br>          Defendant )<br>UNITED AIR LINES, INC. )<br>          Counter-Plaintiff, )<br>  vs )<br>ALL NIPPON AIRWAYS COMPANY, LTD )<br>          Counter-Defendant. ) | Case No. C07-03422 EDL<br>Hon. Elizabeth D. Laporte |

### UNITED AIRLINES, INC.'S FIRST REQUEST TO PRODUCE TO DEFENDANT ALL NIPPON AIRWAYS COMPANY

PROPOUNDING PARTY:   United Airlines, Inc.

RESPONDING PARTY:    All Nippon Airways Company, Ltd.

SET NUMBER:          ONE

1449078.01

TO:   Plaintiff All Nippon Airways Company, Ltd and its Attorneys of Record:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant United Airlines, Inc., ("UAL") hereby requests that Plaintiff All Nippon Airways Company, Ltd ("ANA") produce the following documents within twenty-eight (28) days.

## DEFINITIONS

1. "YOU" and "YOUR" mean Plaintiff All Nippon Airways Company, Ltd, or its attorneys or representatives

2. "UAL" means United Airlines, Inc

3. "COMMUNICATION" means any meeting, conversation, discussion, correspondence, message or other occurrence where thoughts, opinions or data are transmitted between two or more persons

4. "DOCUMENT" or "DOCUMENTS" mean, without limitation, any kind of written, typewritten, graphic, photographic, printed, taped or recorded material whatsoever, regardless of whether the same is an original, a copy, a reproduction, a facsimile or draft, and regardless of the source or author thereof including, without limitation, photographs, tapes, diskettes, disk packs, phonographic records, transcriptions, notes or memoranda of conversations and meetings, telephone communications or tape recordings, desk calendars, journals, diaries, time sheets or logs, computer data, computer, adding machine, calculator and other statistical printouts, appointment books, records, files, ledgers, extracts and summaries of other documents, computations, microfilm, microfiche, any electronic data storage device, drafts of any of the above, whether used or not.

1449078 01

2

5.  "RELATING TO" or "RELATE TO" means mentioning, discussing, summarizing, describing, regarding, referring to, relating to, depicting, embodying, constituting or reporting.

6.  "COMPLAINT" refers to the complaint on file in this action.

7.  If any document is withheld under a claim of privilege, to assist the Court and the parties hereto in determining the validity of the claim of privilege, you are asked to furnish a list ("Privilege Log") signed by the person supervising the response to this request for production of documents, which identifies each document for which the privilege is claimed, together with the following information regarding said document:

    a   the date of the document;

    b   the identity of the person who signed said document or on whose behalf it was sent or issued, including said person's last known business and home addresses and telephone numbers;

    c   the identity of the person to whom said document was directed, including his or her last known business and home addresses and telephone numbers;

    d   the nature and substance of said document set forth with sufficient particularity to enable the Court and the parties hereto to identify the document;

    e   the identity of the person who has custody, control or possession of the original document and/or copy thereof;

    f   the number of pages in the document;

    g   the basis upon which any privilege is claimed;

    h   whether or not any non privileged matter is included within the document; and

    i   the number of the document request to which such document relates or corresponds.

## REQUESTS FOR PRODUCTION

1.  With regard to your claim "damages for loss of use in excess of $1.5 Million as pled in the complaint in this litigation filed against United, produce all known documents

3

1449078.01

which relate to and/or which you may or will rely upon in support of your intention as to the existence and the amount of such lost use damages

## RESPONSE

2. With regard to ANA Pilot Teruo Usui, produce documents reflecting disciplinary action(s) of any type relating to him, whether relating to the accident at issue in this litigation or any other matter for which he was disciplined

## RESPONSE

3. With regard to ANA Pilot Bishin Yamaguchi, produce documents reflecting disciplinary action(s) of any type relating to him, whether relating to the accident at issue in this litigation or any other matter for which he was disciplined

## RESPONSE

4. With regard to ANA Pilot Yusuke Nishiguchi, produce documents reflecting disciplinary action(s) of any type relating to him, whether relating to the accident at issue in this litigation or any other matter for which he was disciplined

## RESPONSE

1449078 01

4

5    With regard to the cockpit voice recorder in the ANA aircraft on the date of the incident involved in this litigation, produce an unedited copy of the CVR tape reflecting all conversation between the ANA crew and United ramp control, air traffic control, ground personnel and/or between the ANA pilots

**RESPONSE**

6    With regard to Teruo Usui, Bishin Yamaguchi, and Yusuke Nishiguchi, produce unredacted copies of all file materials reflecting with regard to each of these ANA pilots, any accident/incidents which they were involved between 1995 to date, any disciplinary actions between 1995 to date, and records pertaining to their training and certification between 1995 to date To the extent you claim work product/privilege, provide a log with regard to those documents being withheld

**RESPONSE**

7.   With regard to the "Standard Ground Handling Agreement" including "Annex A – Ground Handling Services" and "Annex B – United Service IATA Standard Ground Handling Agreement" attached to the "Standard Ground Handling Agreement" between ANA and United in effect on October 7, 2003, produce all documents which reflect or pertain to the negotiating of the terms of this contract, the intent/interpretation of ANA with regard to the term contained in that contract, and the applicability or inapplicability of the agreement with regard to the events of October 7, 2003 at SFO which is the

5

1449078 01

subject of this litigation. To the extent you claim any of these documents as work product/privileged, provide a log with regard to those documents being withheld.

**RESPONSE**

8. With regard to damages referenced in your complaint filed against United in this litigation relating to "repair costs in the amount of $3,106,233.49," produce a copy of all known documentation which relates to and/or upon which you may or will rely in support of your calculations as to the nature and amount of the damages sustained.

**RESPONSE**

9. With regard to any photographs, video and/or DVD relating to the damage to the ANA and/or United aircraft, or relating to the circumstances leading up to the collision which is at issue in this litigation, produce a complete, unedited color copy of same.

**RESPONSE**

10. With regard to any ANA policy relative to ANA pilots clearing potential conflicts with other aircraft prior to or during taxi which was in effect before and/or after the incident involved in this litigation, produce a copy of same. To the extent the policy was modified, produce a copy of all versions of the policy.

**RESPONSE**

1449078.01

6

Dated: 10/12/07

By: _____

Scott R. Torpey (Cal. SB#153763)
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail: storpey@jaffelaw.com

And

Jeffrey A. Worthe (Cal. SB#080856)
Worthe, Hanson & Worthe
1851 E. First St., Ste. 900
Santa Ana, California 92705
Phone: (714) 285-9600
E-mail: jworthe@whwlawcorp.com

## CERTIFICATE OF SERVICE

I am a resident of the State of Michigan, over the age of eighteen years, and not a party to the within action. My business address is 27777 Franklin Road, Suite 2500, Southfield, Michigan 48034. On October 12, 2007 I served the individuals listed below the following documents:

**UNITED AIRLINES, INC.'S FIRST REQUEST TO PRODUCE TO DEFENDANT ALL NIPPON AIRWAYS COMPANY**

By:

☐ *Electronic Service:* I hereby certify that on _____ I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to the following:

Marshall S. Turner
Condon & Forsyth LLP
7 Times Square
New York, NY 10036

Jeffrey A. Worthe
Worthe, Hanson & Worthe
1851 East First Street, Ninth Floor
Santa Ana, California 92705

Frank A. Silane
Rod D. Margo
Scott D. Cunningham
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010

I hereby certify that I have served the paper to the following non-ECF participants:

☒ *By Facsimile and by Email:* I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the addresses set forth above.

☒ *By Mail:* As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Southfield, Michigan in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ *By Personal Service:* I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth above.

☐ *By Overnight Courier:* I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth above.

*Federal:* I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

EXECUTED on October 12, 2007 at Southfield, Michigan.

_____
Jacqueline Nicholson

1449078.01

8