# EXHIBIT 14

1  Scott D. Cunningham (State Bar No.: 200413)
   CONDON & FORSYTH LLP
2  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
3  Telephone: (310) 557-2030
   Facsimile:  (310) 557-1299
4  Email: scunningham@condonlaw.com

5     -and-

6  Marshall S. Turner (*pro hac vice*)
   CONDON & FORSYTH LLP
7  7 Times Square
   New York, NY 10036
8  Telephone: (212) 490-9100
   Facsimile: (212) 370-4453
9  Email: mturner@condonlaw.com

10 Attorneys for Plaintiff and Counter-Defendant
   ALL NIPPON AIRWAYS COMPANY, LTD.

11
                  UNITED STATES DISTRICT COURT
12
                  NORTHERN DISTRICT OF CALIFORNIA
13

14 ALL NIPPON AIRWAYS COMPANY, )   Case No. C07-03422 EDL
   LTD.,                       )
15              Plaintiff,     )   **ALL NIPPON AIRWAYS**
                               )   **COMPANY, LTD.'S SECOND**
16         vs.                 )   **SET OF DOCUMENT REQUESTS**
                               )   **TO UNITED AIR LINES, INC.**
17 UNITED AIR LINES, INC.,     )
                               )
18              Defendant.     )
                               )
19 _____)

20 AND RELATED COUNTERCLAIM

21      Plaintiff and Counter-Defendant, ALL NIPPON AIRWAYS COMPANY,

22 LTD. (hereinafter referred to as "ANA"), by and through its attorneys, Condon &

23 Forsyth LLP, hereby requests that Defendant and Counter-Plaintiff United Air

24 Lines, Inc. (hereinafter referred to as "UAL") answer the following Document

25 Requests and produce the following Documents within 30 days pursuant to Fed. R.

26 Civ. P. 34 at Condon & Forsyth, 1901 Avenue of the Stars, Suite 850, Los

27 Angeles, California 90067.

28 //

RECEIVED 12-19-07

CONDON & FORSYTH LLP
1901 Avenue of th[.]  [.]s, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1

## DEFINITIONS

2     A.    The term "Accident" refers to the collision of NH007 and UA809

3 at San Francisco International Airport on October 7, 2003.

4     B.    The term "SGHA" shall mean IATA Standard Ground Handling

5 Agreement including but not limited to AHM 810, AHM 810 – Annex A, and United

6 Contract No. 108536-17 Annex B.1.3.

7     C.    The term "SFO" shall mean San Francisco International Airport.

8     D.    The words "you" and "your" shall be deemed synonymous with

9 the defendant listed above and shall be deemed to include any and all attorneys,

10 agents, investigators, servants, employees, experts, representatives and insurers,

11 whether appointed by you or someone acting on your behalf, or as authorized by

12 operation of law.

13     E.    The word "document" refers to any kind of written, typewritten,

14 printed, or recorded material whatsoever, including, without limitation, papers, legal

15 filings, orders, agreements, contracts, notes, memoranda, correspondence, letters,

16 lists, logs, telegrams, facsimiles, reproductions, statements, invoices, receipts, books,

17 manuals, brochures, reports, official forms, minutes, records, maps, plans,

18 photographs, transcriptions, recordings, videotapes, graphs, computer printouts,

19 indexes, data sheets, diaries, diagrams, drawings, models, and microfiche/microfilm

20 of which you have any knowledge or information, whether in your possession,

21 custody or control or not, and includes, where applicable, originals, all copies of

22 original documents, and all drafts prepared in connection therewith.

23     F.    A request to identify a person shall be deemed to include a

24 request for the following information:

25     (1)    The person's full name;

26     (2)    The person's last known residence and business addresses;

27     (3)    The person's last known residence and business telephone

28

CONDON & F—SYTH LLP
1901 Avenue of tl      lars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

numbers; and

    (4)    The person's company affiliation or employer at the relevant time inquired about and the capacity in which the person was then serving said company or employer.

G.    A request to identify a place or location shall be deemed to include a request for the complete mailing address of that place or location.

H.    A request to identify a document shall be deemed to include a request for the following information:

    (1)    The title of the document or, if untitled, a description thereof sufficiently specific so as to facilitate its recognition;

    (2)    The identity of the author of the document, if applicable;

    (3)    The date of the document, if applicable; and

    (4)    The identity of the present custodian of the document.

## DOCUMENT REQUESTS

### REQUEST NO. 1:

True and correct copies of all documents concerning the Ramp Tower G Ramp Controller position at SFO in effect on October 7, 2003 regarding (i) communications with aircraft; (ii) clearances and instructions for pushback and taxi; (iii) traffic advisories and safety alerts; (iv) maintaining separation of aircraft in the vicinity of Terminal G; (v) ensuring that no collisions occur between aircraft; (vi) organizing and expediting the flow of traffic; (vii) paying attention to all aircraft and not focusing on one area to the exclusion of another; (viii) clearing potential conflicts between aircraft prior to or during taxi; (ix) clearing potential conflicts between aircraft prior to or during pushback; and (x) conflict resolution.

-3-

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

**REQUEST NO. 2:**

True and correct copies of the training materials and records for Edward Loh, including, but not limited to, all documents regarding the training of Edward Loh for his position as Ramp Tower G Ramp Controller at SFO in effect on or before October 7, 2003.

**REQUEST NO. 3:**

True and correct copies of all documents reflecting the training of Edward Loh for his position as Ramp Tower G Ramp Controller at SFO received on or before October 7, 2003 from (i) UAL; (ii) the Federal Aviation Authority; and (iii) San Francisco Terminal Equipment Co.

**REQUEST NO. 4:**

True and correct copies of the training materials and records for John Rediger, including, but not limited to, all documents concerning (i) clearing potential conflicts with other aircraft prior to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during pushback; (iii) conflict resolution; (iv) wing growth; (v) taxiing; and (vi) determination of Pilot Flying.

**REQUEST NO. 5:**

True and correct copies of the training materials and records for Scott M. Russell, including, but not limited to, all documents concerning (i) clearing potential conflicts with other aircraft prior to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during pushback; (iii) conflict resolution; (iv) wing growth; (v) taxiing; and (vi) determination of Pilot Flying.

**REQUEST NO. 6:**

True and correct copies of the training materials and records for Brad Powell, including, but not limited to, all documents concerning (i) clearing potential conflicts with other aircraft prior to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during pushback; (iii) conflict resolution; (iv) wing

ALL NIPPON AIRWAYS COMPANY, LTD.'S SECOND SET
OF DOCUMENT REQUESTS TO UNITED AIR LINES, INC.

1    growth; (v) taxiing; and (vi) determination of Pilot Flying.

2    **REQUEST NO. 7:**

3        True and correct copies of the training materials and records for Julio

4    Hernandez, including, but not limited to, all documents concerning (i) pushback

5    procedures; (ii) responsibility for safe dispatch and clearance; (iii) determination of

6    number and position of wing walkers during pushback; (iv) maintaining safety

7    clearance for aircraft movement; (v) stopping pushback when there is a question

8    about clearance; (vi) clearing potential conflicts with other aircraft prior to or during

9    pushback; (vii) conflict resolution; and (viii) wing growth.

10   **REQUEST NO. 8:**

11       True and correct copies of any and all documents reflecting UAL's policies,

12   procedures, and operations in effect on October 7, 2003 concerning (i) clearing

13   potential conflicts with other aircraft prior to or during taxi; (ii) clearing potential

14   conflicts with other aircraft prior to or during pushback; (iii) conflict resolution; (iv)

15   wing growth; (v) taxiing; (vi) determination of Pilot Flying; (vii) determination of

16   number and position of wing walkers during pushback; and (viii) Ramp Tower G

17   Ramp Controller procedures prior to, during, and after issuance of clearance to push,

18   clearance to taxi, and clearance to Spot 10 instructions.

19   **REQUEST NO. 9:**

20       True and correct copies of any and all documents reflecting UAL's policies,

21   procedures, and operations currently in effect concerning (i) clearing potential

22   conflicts with other aircraft prior to or during taxi; (ii) clearing potential conflicts

23   with other aircraft prior to or during pushback; (iii) conflict resolution; (iv) wing

24   growth; (v) taxiing; (vi) determination of Pilot Flying; (vii) determination of number

25   and position of wing walkers during pushback; and (viii) Ramp Tower G Ramp

26   Controller procedures prior to, during, and after issuance of clearance to push,

27   clearance to taxi, and clearance to Spot 10 instructions.

28

CONDON & F———SYTH LLP
1901 Avenue of ti.   ars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-5-

CONDON & F—^SYTH LLP
1901 Avenue of t,    ars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

**REQUEST NO. 10:**

True and correct copies of any and all documents reflecting changes in UAL's policies, procedures, and operations after October 7, 2003 concerning (i) clearing potential conflicts with other aircraft prior to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during pushback; (iii) conflict resolution; (iv) wing growth; (v) taxiing; (vi) determination of Pilot Flying; (vii) determination of number and position of wing walkers during pushback; and (viii) Ramp Tower G Ramp Controller procedures prior to, during, and after issuance of clearance to push, clearance to taxi, and clearance to Spot 10 instructions.

**REQUEST NO. 11:**

A true and correct copy of the UAL operations manual in effect on October 7, 2003 and applicable to the UAL aircraft involved in the Accident.

**REQUEST NO. 12:**

A true and correct copy of the current UAL operations manual applicable to its B777 aircraft.

**REQUEST NO. 13:**

True and correct copies of any and all documents reflecting changes in the UAL operations manual applicable to ground operations of its B777 aircraft after October 7, 2003.

**REQUEST NO. 14:**

True and correct copies of any and all documents which UAL and/or its flight crew was required to have on board Flight UA809 at the time of the Accident.

**REQUEST NO. 15:**

True and correct copies of any and all documents regarding pushback and taxi operations of UAL B777 aircraft into and out of SFO in effect at the time of the Accident.

//

CONDON & FORSYTH LLP
1901 Avenue of \ iars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

**REQUEST NO. 16:**

True and correct copies of any and all documents regarding pushback and taxi operations of UAL B777 aircraft into and out of SFO in effect at the present time.

**REQUEST NO. 17:**

True and correct copies of any and all documents reflecting changes in pushback and taxi operations of UAL B777 aircraft after October 7, 2003.

**REQUEST NO. 18:**

True and correct copies of all documents reflecting UAL's policies, procedures, and operations in effect on October 7, 2003 concerning (i) pushback procedures; (ii) responsibility for safe dispatch and clearance; (iii) determination of number and position of wing walkers during pushback; (iv) maintaining safety clearance for aircraft movement; (v) stopping pushback when there is a question about clearance; (vi) clearing potential conflicts with other aircraft prior to or during pushback; (vii) conflict resolution; and (viii) wing growth.

**REQUEST NO. 19:**

True and correct copies of all documents reflecting UAL's policies, procedures, and operations currently in effect concerning (i) pushback procedures; (ii) responsibility for safe dispatch and clearance; (iii) determination of number and position of wing walkers during pushback; (iv) maintaining safety clearance for aircraft movement; (v) stopping pushback when there is a question about clearance; (vi) clearing potential conflicts with other aircraft prior to or during pushback; (vii) conflict resolution; and (viii) wing growth.

**REQUEST NO. 20:**

True and correct copies of all documents reflecting changes in UAL's policies, procedures, and operations after October 7, 2003 concerning (i) pushback procedures; (ii) responsibility for safe dispatch and clearance; (iii) determination of

-7-

1  number and position of wing walkers during pushback; (iv) maintaining safety

2  clearance for aircraft movement; (v) stopping pushback when there is a question

3  about clearance; (vi) clearing potential conflicts with other aircraft prior to or during

4  pushback; (vii) conflict resolution; and (viii) wing growth.

5  **REQUEST NO. 21:**

6      True and correct copies of all documents reflecting the results and/or records

7  of all checks and tests conducted on Julio Hernandez for fitness for duty at the time

8  of the Accident.

9  **REQUEST NO. 22:**

10      True and correct copies of all documents reflecting procedures and policies

11  concerning the Ramp Tower G Ramp Controller position at SFO in effect on October

12  7, 2003.

13  **REQUEST NO. 23:**

14      True and correct copies of all documents reflecting procedures and policies

15  concerning the Ramp Tower G Ramp Controller position at SFO currently in effect.

16  **REQUEST NO. 24:**

17      True and correct copies of all documents reflecting changes to procedures

18  and policies concerning the Ramp Tower G Ramp Controller position at SFO from

19  October 7, 2003 to present.

20  **REQUEST NO. 25:**

21      True and correct copies of all documents reflecting procedures and policies

22  concerning the operation of Ramp Tower G at SFO in effect on October 7, 2003.

23  **REQUEST NO. 26:**

24      True and correct copies of all documents reflecting procedures and policies

25  concerning the operation of Ramp Tower G at SFO currently in effect.

26  **REQUEST NO. 27:**

27      True and correct copies of all documents reflecting changes to procedures

28

CONDON & FORSYTH LLP
1901 Avenue of . . . iars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-8-

CONDON & F[...]YTH LLP
1901 Avenue of the [...]ars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  and policies concerning the operation of Ramp Tower G at SFO from October 7,

2  2003 to present.

3  **REQUEST NO. 28:**

4    True and correct copies of all Jeppesen charts applicable to ground

5  operations of UAL B777 aircraft at SFO in effect on the date of the Accident.

6  **REQUEST NO. 29:**

7    True and correct copies of all Jeppesen charts applicable to ground

8  operations of UAL B777 aircraft at SFO in effect at present.

9  **REQUEST NO. 30:**

10    True and correct copies of all dispatch documents for Flight UA809 on

11  October 7, 2003, including but not limited to (i) flight plan; and (ii) assigned

12  altitude.

13  **REQUEST NO. 31:**

14    Attach true and correct copies of any and all documents reflecting the

15  requested and/or assigned routing for Flight UA809 on October 7, 2003.

16

17  Dated: December 18, 2007    CONDON & FORSYTH LLP

18

19    By: _____

20    MARSHALL S. TURNER (*pro hac vice*)
      SCOTT D. CUNNINGHAM

21    Attorneys for Plaintiff and Counter-Defendant
22    ALL NIPPON AIRWAYS COMPANY, LTD.

23
24
25
26
27
28

ALL NIPPON AIRWAYS COMPANY, LTD.'S SECOND SET
OF DOCUMENT REQUESTS TO UNITED AIR LINES, INC.

CONDON & F  SYTH LLP
1901 Avenue of th  ars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1

## CERTIFICATE OF SERVICE

2  The undersigned certifies that a copy of the foregoing **ALL NIPPON**

3  **AIRWAYS COMPANY, LTD'S SECOND SET OF DOCUMENT**

4  **REQUESTS TO UNITED AIR LINES, INC.** was mailed this 18th day of

5  December, 2007, to:

| | |
|---|---|
| Scott R. Torpey, Esq. Jaffe, Raitt, Heuer & Weiss 2777 Franklin Road, Suite 2500 Southfield, MI 48034-8214 Phone: (248) 727-1461 Fax: (248) 351-3082 | Attorneys for defendant |
| Jeffrey A. Worthe, Esq. Worthe, Hanson & Worthe The Xerox Centre 1851 East First Street, Ninth Floor Santa Ana, CA 92705 | Attorneys for defendant |

13  in a properly addressed wrapper in an official depository under the exclusive care

14  and custody of the United States Post Office Department within the State of New

15  York.

16

_HEATHER L. JACKSON_

17

18  Sworn to before me this 18th day of December, 2007

19

20  Notary Public

21

22  Timothy H Eskridge
Notary Public State of N.Y.
    S6121835
    New York County
    xpires January 31 2009

-10-

ALL NIPPON AIRWAYS COMPANY, LTD 'S SECOND SET
OF DOCUMENT REQUESTS TO UNITED AIR LINES, INC.