# EXHIBIT A

Scott R. Torpey (Cal. SB#153763)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Telephone:  (248) 351-3000
Facsimile:  (248) 351-3802
Email:  storpey@jaffelaw.com

-and-

Jeffrey A. Worthe (Cal. SB# 080856)
Worthe, Hanson & Worthe
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:  (714) 285-9600
Facsimile:  (714) 285-9700
Email:  jworthe@whwlawcorp.com
Attorneys for Defendant United Air Lines, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIR LINES, INC.,<br><br>Defendant. | Case No. C07-03422 EDL<br>Hon. Elizabeth D. Laporte<br><br>**DECLARATION OF SCOTT R. TORPEY IN SUPPORT OF MOTION TO SHORTEN TIME UNDER CIV. L.R. 6-3** |

## DECLARATION OF SCOTT R. TORPEY

**STATE OF MICHIGAN  )**
                     ) SS.
**COUNTY OF OAKLAND  )**

I, Scott R. Torpey, having been duly sworn, hereby state the following:

1. I am a partner at the law firm of Jaffe Raitt Heuer & Weiss, P.C., in Southfield Michigan. I am duly licensed and qualified to practice law in California. I represent defendant United Air Lines, Inc., ("United") in the above-captioned matter, which All Nippon Airways Company, Ltd., ("ANA") filed against United on June 28, 2007. I make this Declaration pursuant to Fed. R. Civ. P. 37 and Civ. L.R. 1-5(n), 6-3 and 37-1.

Case No. 07-03422 EDL
1494551.01
Declaration of Scott R. Torpey in Support
of Motion to Shorten Time Under Civ. L.R. 6-3

2. On December 21, 2007, United filed a Notice of Motion and Motion to Compel Discovery and for Additional Time to Depose Witnesses ("Motion"), setting the matter for hearing on Tuesday, January 29, 2008. The motion was subsequently rescheduled to Wednesday, January 30, 2008.

3. In support of the Motion, United filed a Memorandum of Points and Authorities fully discussing the issues involved in the Motion and the relief United sought. (Docket No. 45).

4. On January 9, 2008, ANA filed its Memorandum in Opposition to United's Motion to Compel Discovery and for Additional Time to Depose Witnesses. (Docket No. 47)

5. On January 16, 2008, United filed its Reply to ANA's Opposition. (Docket No. 49).

6. On January 22, 2008, the Court entered an order denying United's Motion without prejudice based upon a finding that the Declaration of Scott Torpey submitted in support of the Motion did not contain sufficient facts to demonstrate compliance with the meet and confer requirement of the Civil Local Rules. (Docket No. 50). In pertinent part, the Court stated the following in the order:

> It is hereby ORDERED that UAL's motion is DENIED WITHOUT PREJUDICE. UAL may refile its motion after its counsel meets and confers with ANA's counsel about the issues in UAL's motion. Counsel shall meet and confer through good faith, detailed, face-to-face or telephonic conversations about the issues raised in the motion. If the parties have unresolved issues after doing so, the Court will resolve those issues. The Court will entertain a request to shorten time on such a motion.

(Docket No. 49, pp 1-2).

7. On January 24, 2008, while in California for a deposition in this case, I had a face-to-face meeting with Marshall Turner and Scott Cunningham, counsel for ANA, to discuss the discovery issues raised in United's Motion to Compel.

8. On January 25, 2008, I had a second face-to-face meeting with Mr. Turner and Mr. Cunningham during which we again discussed the issues raised in United's Motion. These meetings resolved some, but not all, of those issues. Specifically, ANA produced a copy of the *current* version of its Japanese-language Operations Manual and agreed to produce the personnel files of pilots Yusuke Nishiguchi, Eishin Yamaguchi and Teruo Usiu following the entry of a protective order. Other issues raised by the motion remain in dispute. To address these unresolved issues,

United has filed a Renewed Motion to Compel Discovery and for Additional Time to Depose Witnesses (the "Motion").

9. United requests a hearing on its Motion and further requests, pursuant to Civ. L.R. 6-3, that the 35-day motion notice period of Civ. L.R. 7-2(a) be shortened so that this Motion can be heard on **Tuesday, February 19, 2008, at 9:00 a.m.**

10. United requests that the time for the hearing be shortened so that the discovery issues addressed in the Motion can be decided well before mediation, which is scheduled to take place on or before April, 2008. (Docket No. 24). The requested materials are essential to United's preparation for mediation, and if ANA's flight crew is to be re-deposed, as requested in the Motion, those depositions should take place prior to the mediation as well. If the 35-day notice period is adhered to, which would put the hearing in early March, it will be virtually impossible for United to obtain all of the documents it has requested, review the documents, have its experts review the documents and conduct the depositions before mediation. Civ. L.R. 6-3(a)(1), (3). Therefore, United would be prejudiced if the time for hearing the Motion is not shortened. Further, no prejudice would result to ANA if the Motion is heard on an expedited basis because it is well aware of, and has already had an opportunity to brief, the issues involved in the Motion.

11. During the meet and confer meetings described above, I sought Mr. Turner's concurrence in this request to shorten the time for hearing the Motion, but concurrence was denied. Civ. L.R. 6-3(a)(2).

12. Pursuant to Civ. L.R. 6-3(a)(4)(i), United's compliance with the requirements of Civil L.R. 37-1(a) is described above. As previously noted, ANA has produced its current, Japanese-language Operations Manual and has agreed to produce the personnel files of the flight crew, subject to a protective order. Other issues raised by the Motion remain unresolved. Specifically, United seeks an order:

    a. Compelling ANA to produce the following documents responsive to the document requests contained in the Notice and Amended Notices of Taking Video Depositions of Yusuke Nishiguchi, Eishin Yamaguchi and Tereo Usui: (i) ANA's current Operations Manual and the Manual that was in effect on October 7, 2003 (both the English and Japanese versions, except for the current Japanese version, which has been produced); (ii) All publications required to be on-board the ANA aircraft, as

they existed on October 7, 2003 and as they exist today; and (iii) all routing documents for the flight;

    b.    Compelling ANA to produce complete and unedited copies of the Cockpit Voice Recorder recordings from the flight;

    c.    Compelling ANA to produce Mr. Yamaguchi, Mr. Nishiguchi and Mr. Usui for continued depositions and to pay United's costs and fees for these continued depositions.

    d.    Awarding costs and fees to United for the expenses it incurred and will incur in bringing the motion.

The parties' positions on the issues were fully discussed in United's Memorandum of Points and Authorities in Support of Motion to Compel Discovery and for Additional Time to Depose Witnesses (Docket No. 45), ANA's Opposition to United's Motion (Docket No. 47) and United's Reply to ANA's Opposition (Docket No. 48). Civ. L.R. 6-3(a)(4)(ii). In addition, United has submitted a Memorandum of Points and Authorities in support of its Renewed Motion to Compel and for Additional Time to Depose Witnesses addressing these issues.

    13.    To my knowledge, there has been only one previous time modification in this case. Civ. L.R. 6-3(a)(5). The Court granted United's Motion to Shorten time to have its Motion for a Protective Order, filed on November 21, 2007, heard in less than 35 days. (Docket Nos. 38, 39, and 40). ANA did not oppose this motion to shorten time.

    14.    This request to shorten the time for the hearing on United's Renewed Motion to Compel will have no effect on the scheduling order. Civ. L.R. 6-3(a)(6).

**FURTHER AFFIANT SAYETH NOT**

_____
Scott Torpey

Subscribed and sworn to before me
this 30th day of January, 2008

_____
Notary Public, Wayne County, MI
My Commission Expires: _____
Acting in Oakland County, MI

SHEILA A. RENCHER
Notary Public, Wayne County, MI
My Commission Expires April 20, 2008

---

Case No. 07-03422 EDL
1494551.01

4

Declaration of Scott R. Torpey in Support
of Motion to Shorten Time Under Civ. L.R. 6-3