Scott D. Cunningham (State Bar No.: 200413)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile:  (310) 557-1299
Email: scunningham@condonlaw.com

  -and-

Marshall S. Turner (*admitted pro hac vice*)
CONDON & FORSYTH LLP
7 Times Square
New York, NY 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453
Email: mturner@condonlaw.com

Attorneys for Plaintiff and Counter-Defendant
ALL NIPPON AIRWAYS COMPANY, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD.,<br><br>            Plaintiff,<br><br>    vs.<br><br>UNITED AIR LINES, INC.,<br><br>            Defendant.<br>_____<br><br>AND RELATED COUNTERCLAIM<br>_____ | Case No.: C07-03422 EDL<br><br>**OPPOSITION OF ALL NIPPON AIRWAYS COMPANY, LTD. TO UNITED AIR LINES, INC.'S MOTION TO SHORTEN TIME TO HAVE ITS MOTION TO COMPEL HEARD; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARSHALL S. TURNER**<br><br>Date:  TBD<br>Time:  TBD<br>Place: Courtroom of the Hon.<br>       Magistrate Judge Laporte |

Plaintiff All Nippon Airways Company, Ltd. ("ANA") by and through its attorneys of record, Condon & Forsyth LLP, hereby submits its opposition to defendant United Air Lines, Inc.'s ("UAL") motion to shorten time to have its motion to compel heard pursuant to and in the manner required by Local Rule 6-3(c) of the Northern District of California as follows:

---

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

UAL originally filed its motion to compel without fulfilling its obligations under Local Rule 37-1 with respect to conducting a meet and confer in good faith. (*See* Court's Order dated January 22, 2008 [Doc. No. 49]). Consequently, the Court denied UAL's motion without prejudice. (*Id.*). UAL has re-filed its motion to compel and now attempts to make its failure to adhere to the Local Rules a burden upon ANA and the Court by requesting that its motion be heard on shortened notice. Moreover, ANA will be filing concurrently herewith, its own motion to compel and respectfully suggests that both motions should be heard on the same date for the convenience of the Court and counsel.

# ARGUMENT

## I
## UAL'S MOTION SHOULD BE DENIED BECAUSE UAL'S EFFORTS TO MEET AND CONFER WERE NOT MADE IN GOOD FAITH

On January 23, 2008, one day after receiving the Court's Order denying UAL's motion to compel, counsel for UAL demanded that counsel for ANA meet and confer during ANA's deposition of UAL First Officer Scott Russell in San Francisco. (Declaration of Marshall S. Turner ("Turner decl."), ¶ 2). Counsel for ANA advised that it was not prepared to meet and confer with virtually no notice and in the middle of continuing back-to-back depositions. (*Id.* at ¶ 3). Nonetheless, UAL's counsel insisted that a meet and confer be conducted. (*Id.*). Counsel for ANA, although not prepared, and in the spirit of cooperation, agreed to discuss the disputed discovery issues with counsel for UAL. (*Id.* at ¶ 4). Certain issues were resolved, and ANA produced ANA's Operations Manual (OM), a 501 page document. (Turner decl., ¶ 5).

On January, 24, 2008, in a good faith effort to resolve the remaining issues, counsel for ANA initiated a further discussion of outstanding discovery issues at

1  the conclusion of the deposition of UAL Captain John Rediger.  (*Id*. at ¶ 6).
2  During the discussion between counsel, several additional discovery issues were
3  resolved and ANA agreed to produce additional documents, including the
4  unredacted training records of ANA's pilots as soon as UAL complied with the
5  Court's Order and filed the Confidential Protective Order (which UAL has still
6  failed to file).  (*Id*. at ¶ 7).  ANA's counsel also advised that ANA would search for
7  and produce a copy of ANA's equivalent to a Flight Manual, ANA's Boeing B777
8  Airplane Operations Manual ("AOM").  (*Id*. at ¶ 8).  ANA has now produced the
9  relevant section of the current AOM – Chapter 3 Normal Procedures – and has
10 offered to produce other sections that UAL identifies as relevant.  (Turner decl., ¶
11 8).

12     In addition, counsel for ANA advised counsel for UAL that if UAL
13 identifies the portions of ANA's OM that UAL believes to be relevant to the issues
14 in this case, then ANA will search for (or recreate) and produce those sections as
15 they existed at the time of the accident.  (*Id.* at ¶ 9).  ANA is still waiting for UAL
16 to identify those sections and stands by its commitment to produce relevant
17 sections once identified.  (*Id.* at ¶ 9).

18     Notwithstanding the above, while ANA was diligently searching for
19 documents in Japan and awaiting UAL's further direction as to what sections of
20 ANA's manuals that it reasonably believes to be relevant, UAL prematurely filed
21 its motion to compel only days after the discussions with ANA's counsel.  Based
22 on the foregoing, it is clear that UAL's attempted "meet and confer" was a farce
23 and not done in good faith as required by the Local Rules and this Court's Order.
24 / /
25 / /
26 / /
27 / /
28 / /

OPPOSITION OF ANA TO UAL'S MOTION TO SHORTEN
TIME TO HAVE ITS MOTION TO COMPEL HEARD     - 3 -
CASE NO.: C07-03422 EDL

## II

## UAL'S MOTION SHOULD BE DENIED BECAUSE UAL NEVER MADE ANY EFFORT TO OBTAIN A STIPULATION TO THE TIME CHANGE FROM ANA IN VIOLATION OF LOCAL RULE 6-3(a)(2)

UAL continues to flout the Local Rules of this Court with its conduct. Local Rule 6-3(a)(2) of the Northern District of California requires that a party moving to shorten time must "[d]escribe the efforts the party has made to obtain a stipulation to the time change." Civil L.R. 6-3(a)(2). Here, UAL's counsel, Mr. Scott R. Torpey, declares that "[d]uring the meet and confer meetings described above, I sought Mr. Turner's concurrence in this request to shorten the time for hearing the Motion, but concurrence was denied." (Declaration of Scott R. Torpey ("Torpey decl.") [Doc. No. 54], p. 3, ¶ 11, ll. 17-19). However, Mr. Torpey never proposed a stipulation pursuant to Local Rule 6-3(a)(2) to shorten time on UAL's motion during the discussions on January 23 and 24, or subsequently. (Turner decl., ¶ 10). Mr. Torpey only proposed that the motion be heard on January 30, 2008, the date that the motion was originally scheduled to be heard. (*Id.*). Due to the fact that ANA agreed to produce additional documents located in Japan, the practicality of having to respond to UAL's motion on short notice and during depositions, and the travel arrangements of ANA's counsel, ANA declined Mr. Torpey's proposal to have the motion heard on January 30, 2008. (*Id.*). Mr. Torpey never proposed stipulating to an alternate date. (Turner decl., ¶ 10).

In light of the foregoing, UAL's motion to shorten time to have its motion to compel heard should be denied.

## III

## UAL'S MOTION SHOULD BE DENIED BECAUSE UAL HAS FAILED TO IDENTIFY ANY SUBSTANTIAL HARM OR PREJUDICE THAT WOULD OCCUR IF THE COURT DOES NOT SHORTEN THE TIME ON UAL'S MOTION TO COMPEL

UAL has failed to identify any substantial harm or prejudice that it would

1   suffer if the Court did not shorten the time on its motion to compel.  Local Rule 6-
2   3(a)(3) of the Northern District of California requires that a party moving to
3   shorten time must identify "the substantial harm or prejudice that would occur if
4   the Court did not change the time."  Civil L.R. 6-3(a)(3).  Here, UAL
5   disingenuously asserts that "an expedited hearing is necessary to ensure that United
6   will have access to the discovery it seeks prior to mediation, which is to occur no
7   later than April, 2008."  (Motion to Shorten Time [Doc. No. 53], p. 2, ll. 12-14).
8   However, UAL fails to identify with any particularity exactly what discovery it
9   must have prior to mediation in this matter and why such discovery is necessary in
10  order for UAL to participate in mediation.  (*See id.*, pp. 1-2).  Mediation is not
11  intended to be a full trial on the merits.
12      Initially, ANA suggested that the parties attempt mediation before the parties
13  incurred the time and expense of discovery.  (Turner decl., ¶ 11).  However, UAL
14  refused to participate in mediation until it was allowed to conduct the depositions
15  of ANA's pilots.  (*Id.*).  Accordingly, ANA flew all three of the pilots involved in
16  the accident from Japan and produced them for depositions in San Francisco at
17  great inconvenience and expense to ANA.  (*Id*).  Now, UAL asserts that it cannot
18  mediate until it obtains some further unidentified discovery.  (Motion to Shorten
19  Time [Doc. No. 53], p. 2, ¶ 5, ll. 12-14).
20      UAL's counsel, Mr. Torpey, declares that "[t]he requested materials are
21  <u>essential</u> to United's preparation for mediation, and if ANA's flight crew is to be
22  re-deposed, as requested in the Motion, those depositions should take place prior to
23  the mediation as well."  (Torpey decl. [Doc. No. 54], p. 3, ¶ 10, ll. 8-13 (*emphasis*
24  *added*)).  However, UAL fails to articulate just what materials are "essential" to
25  obtain from ANA before it can mediate this case and why such materials are
26  "essential."  (*See id.*).  Similarly, UAL has failed to identify precisely what
27  information it hopes to obtain from a second round of depositions of ANA's pilots
28  in order for UAL to attend a mediation.  (*See id.*).

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

OPPOSITION OF ANA TO UAL'S MOTION TO SHORTEN
TIME TO HAVE ITS MOTION TO COMPEL HEARD          - 5 -
CASE NO.: C07-03422 EDL

Notwithstanding the above, UAL feigns an urgency to have its motion heard so that the parties can proceed to mediation before the April 2008 mediation completion date. However, ANA has offered to agree to extend the mediation completion date, with the Court's approval, if further discovery is legitimately necessary. (Turner decl., ¶ 12). Moreover, as a result of scheduling conflicts of UAL's counsel, UAL's counsel has itself suggested pushing the mediation back to mid-April.[1] (*Id*. at ¶ 13, Exhibit A). Accordingly, UAL will have plenty of time to have its motion heard on regular notice and, if granted, obtain the documents it deems "essential" for mediation.

## CONCLUSION

For the foregoing reasons, ANA respectfully requests that the Court deny UAL's motion to shorten time in its entirety.

Dated: February 1, 2008         CONDON & FORSYTH LLP


By:/s/_____
    SCOTT D. CUNNINGHAM

            -and-

    MARSHALL S. TURNER (*pro hac vice*)
    CONDON & FORSYTH LLP
    7 Times Square
    New York, NY 10036
    Telephone: (212) 490-9100
    Facsimile: (212) 370-4453

    Attorneys for Plaintiff and Counter-Defendant
    ALL NIPPON AIRWAYS COMPANY, LTD.

---

[1] Counsel for ANA has proposed mediation dates in March and April to counsel for UAL but counsel for UAL has yet to commit to any date. (Turner decl., ¶ 13).

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

# DECLARATION OF MARSHALL S. TURNER

Marshall S. Turner, being duly sworn, deposes and says:

1. I am an attorney and a member of the law firm of Condon & Forsyth LLP, attorneys for plaintiff All Nippon Airways Co., Ltd. ("ANA") in the above-captioned matter.

2. On January 23, 2008, one day after receiving the Court's Order denying UAL's motion to compel, counsel for UAL demanded that I meet and confer during my deposition of UAL First Officer Scott Russell.

3. I advised that we were not prepared to meet and confer with virtually no notice and in the middle of continuing back-to-back depositions. UAL's counsel, Mr. Torpey, insisted that a meet and confer be conducted.

4. In the spirit of cooperation, I agreed to discuss the disputed discovery issues with counsel for UAL but I informed Mr. Torpey, I did not consider our discussion a true "meet and confer".

5. During our discussions, we were able to resolve certain issues and we produced ANA's Operations Manual (OM), a 501 page document.

6. On January, 24, 2008, in a good faith effort to resolve the remaining issues, we (my colleague Scott Cunningham and I) initiated a further discussion of outstanding discovery issues at the conclusion of the deposition of UAL Captain John Rediger.

7. During the discussion between counsel, several additional discovery issues were resolved and ANA agreed to produce additional documents, including the unredacted training records for ANA's pilots as soon as UAL complied with the Court's Order and filed the Protective Order Regarding Confidential Information (which UAL has still failed to file).

8. We also advised UAL's counsel that ANA would search for and produce a copy of ANA's equivalent of a Flight Manual, ANA's Boeing 777 Airplane Operations Manual ("AOM"). ANA has now produced the relevant

OPPOSITION OF ANA TO UAL'S MOTION TO SHORTEN TIME TO HAVE ITS MOTION TO COMPEL HEARD
CASE NO.: C07-03422 EDL

- 7 -

1  section of the AOM – "Chapter 3 Normal Procedure" – and has offered to provide
2  additional sections that UAL identifies it reasonably believes to be relevant.
3  Attached hereto as Exhibit "A" is a true and correct copy of my letter to UAL's
4  counsel dated February 1, 2008.

5      9.    In addition, we advised UAL's counsel that if UAL identifies the
6  portions of ANA's Operations' Manual that UAL believes to be relevant to the
7  issues in this case, then ANA will search for (or recreate) and produce those
8  sections as they existed at the time of the accident. We are still waiting for UAL
9  to identify those sections and stand by our commitment to produce relevant
10 sections.

11     10.    Mr. Torpey <u>never</u> proposed a stipulation pursuant to Local Rule 6-
12 3(a)(2) to shorten time on UAL's motion during the meet and confer on January
13 23 and 24, or subsequently. Mr. Torpey <u>only</u> proposed that the motion be heard
14 on January 30, 2008, the date that the motion was originally scheduled to be
15 heard. Due to the fact that ANA agreed to produce additional documents located
16 in Japan, the practicality of having to respond to UAL's motion on short notice
17 and during depositions, and my travel arrangements, I declined Mr. Torpey's
18 proposal to have the motion heard on January 30, 2008. Mr. Torpey never
19 proposed stipulating to an alternate date.

20     11.    Initially, I suggested to UAL that the parties attempt mediation before
21 the parties incurred the time and expense of discovery. UAL's counsel advised
22 that UAL refused to participate in mediation until UAL was allowed to conduct
23 the depositions of ANA's pilots. Accordingly, ANA flew all three of the pilots
24 involved in the accident from Japan and produced them for depositions in San
25 Francisco at great inconvenience and expense to ANA.

26     12.    I have offered to agree to extend the mediation completion date, with
27 the Court's approval, if further discovery is legitimately necessary.

28     13.    As a result of scheduling conflicts of UAL's counsel, UAL's counsel

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  has suggested pushing the mediation back to mid-April.  I have proposed
2  mediation dates throughout March and into April to counsel for UAL but counsel
3  for UAL has yet to commit to a date.  Attached hereto as Exhibit B is a true and
4  correct copy of a letter from my office dated January 30, 2008, to UAL's counsel.
5      I declare under penalty of perjury under the laws of the United States of
6  America that the foregoing is true and correct.
7  Executed this 1st day of February, 2008, at New York, New York.

                                                                                    _____
                                                                                    Marshall S. Turner

Sworn to before me this
1st day of February, 2008

_____
      Notary Public

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

OPPOSITION OF ANA TO UAL'S MOTION TO SHORTEN TIME TO HAVE ITS MOTION TO COMPEL HEARD
CASE NO.: C07-03422 EDL
- 9 -