1  Scott D. Cunningham (State Bar No.: 200413)
   CONDON & FORSYTH LLP
2  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
3  Telephone: (310) 557-2030
   Facsimile: (310) 557-1299
4  Email: scunningham@condonlaw.com

5     -and-

6  Marshall S. Turner (*pro hac vice*)
   CONDON & FORSYTH LLP
7  7 Times Square
   New York, NY 10036
8  Telephone: (212) 490-9100
   Facsimile: (212) 370-4453
9  Email: mturner@condonlaw.com

10 Attorneys for Plaintiff and Counter-Defendant
   ALL NIPPON AIRWAYS COMPANY, LTD.
11

12            UNITED STATES DISTRICT COURT

13          NORTHERN DISTRICT OF CALIFORNIA

14 ALL NIPPON AIRWAYS COMPANY,)   Case No. C07-03422 EDL
   LTD.,                       )
15            Plaintiff,       )   **NOTICE OF MOTION AND**
                               )   **MOTION OF ALL NIPPON**
16                             )   **AIRWAYS COMPANY, LTD. TO**
      vs.                      )   **COMPEL DISCOVERY;**
17                             )   **MEMORANDUM OF POINTS**
                               )   **AND AUTHORITIES;**
18 UNITED AIR LINES, INC.,     )   **DECLARATION OF MARSHALL**
                               )   **S. TURNER**
19            Defendant.       )
                               )   **Hearing Date: March 11, 2008**
20 _____)   **Hearing Time: 9:00 a.m.**
                               )   **Hearing Place: Courtroom of Hon.**
21 AND RELATED COUNTER-CLAIM   )   **Elizabeth D. Laporte**
   _____)
22

23        Plaintiff and Counter-Defendant, ALL NIPPON AIRWAYS COMPANY,

24 LTD. (hereinafter referred to as "ANA"), by and through its attorneys, Condon &

25 Forsyth LLP, hereby gives notice that the instant Motion to Compel Discovery will

26 be heard in the courtroom of the Honorable Elizabeth D. Laporte on March 11,

27 2008 at 9:00 a.m., or as soon thereafter as this matter may be heard.  ANA intends

28 to move to have the instant motion and UAL's Motion to Compel Discovery heard

1   at the same time.

2       ANA hereby moves this Court pursuant to and in the manner required by

3   Rules 34 and 37 of the Federal Rules of Civil Procedure for an Order: (1)

4   compelling Defendant and Counter-Plaintiff United Air Lines, Inc. ("UAL") to

5   produce documents responsive to ANA's First Set of Document Requests to UAL;

6   (2) compelling UAL to produce documents responsive to ANA's Second Set of

7   Document Requests to UAL; (3) compelling UAL to produce documents

8   responsive to ANA's Document Requests attached to ANA's Notices of

9   Deposition; and (4) awarding ANA the expenses and fees incurred in bringing the

10  instant motion.

11

12  Dated: February 1, 2008          CONDON & FORSYTH LLP

13

14                                   By: _____

15                                   MARSHALL S. TURNER (*pro hac vice*)
                                     SCOTT D. CUNNINGHAM

16                                   Attorneys for Plaintiff and Counter-Defendant
                                     ALL NIPPON AIRWAYS COMPANY, LTD.
17

18

19

20

21

22

23

24

25

26

27

28  _____ -2-

1901 Avenue of the Stars, Suite 1902
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1

## <u>TABLE OF CONTENTS</u>

2

STATEMENT OF FACTS.................................................................3

ARGUMENT.............................................................................4

   A. ANA'S FIRST SET OF DOCUMENT REQUESTS.....................4

      1. REQUESTS FOR DOCUMENTS CONCERNING UAL
         EMPLOYEES...................................................................4

      2. REQUESTS FOR DOCUMENTS CONCERNING THE
         STANDARD GROUND HANDLING AGREEMENT...…..........7

      3. OTHER REQUESTS...................................................9

   B. ANA'S SECOND SET OF DOCUMENT REQUESTS TO
     UAL...................................................................................11

      1. UAL'S "SELF-CRITICAL ANALYSIS PRIVILEGE"
         OBJECTION IS WITHOUT MERIT...............................11

      2. REQUESTS FOR DOCUMENTS CONCERNING UAL
         POLICIES & PROCEDURES......................................13

      3. REQUESTS FOR DOCUMENTS CONCERNING UAL
         EMPLOYEES................................................................14

      4. OTHER REQUESTS..................................................15

   C. ANA'S DOCUMENT REQUESTS CONTAINED IN ITS
     DEPOSITION NOTICES.....................................................17

   D. COSTS...............................................................................18

CONCLUSION ........................................................................18

1

## <u>TABLE OF AUTHORITIES</u>

2   *Burden-Meeks v. Welch*, 319 F.3d 897 (7th Cir. 2003) ...........................................11

3   *Burlington Northern & Santa Fe Railway Co. v. U.S. District Court for
    District of Mont.*, 408 F.3d 1142 (9th Cir. 2005)........................................................6

4
    *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423 (9th Cir. 1992).............12

5
    *In re Kaiser Aluminum and Chemical Co.*, 214 F.3d 586 (5th Cir. 2000) .............11

6
    *Union Pacific R. Co. v. Mower*, 219 F.3d 1069 (9th Cir. 2000)..............................11

7
    *Chemical Bank v. Affiliated FM Insurance Co.*, No. 87 Civ. 0150, 1994 WL
8   89292 (S.D.N.Y. Mar. 16, 1994) ...............................................................................12

9   *Flynn v. Goldman, Sachs & Co.*, No. 91 Civ. 0035, 1993 WL 362380
    (S.D.N.Y. Sept. 16, 1993)...........................................................................................12

10
    *In re Livent, Inc. Noteholders Sec. Litigation*, No. 98 Civ. 7161, 2003 WL
11  23254 (S.D.N.Y. Jan. 2, 2003)........................................................................... 12, 14

12  *Davis v. Kraft Foods North America*, 2006 WL 3486461 (E.D.Pa. Dec. 1,
    2006)............................................................................................................................11

13
    Federal Rules of Civil Procedure  and Local Rule 37-1 .............................................3

14
    Federal Rules of Civil Procedure Rule 34 ..................................................................3

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-ii-

1

**STATEMENT OF ISSUES TO BE DECIDED**

2

3  I    WHETHER THIS COURT SHOULD ISSUE AN ORDER COMPELLING

4    UNITED AIR LINES, INC. TO PRODUCE ALL DOCUMENTS

5    RESPONSIVE TO ALL NIPPON AIRWAYS COMPANY, LTD.'S

6    REQUESTS

7

8  II    WHETHER THIS COURT SHOULD ISSUE AN ORDER PRECLUDING

9    UNITED AIR LINES, INC. FROM REFERRING TO ANY DOCUMENT

10    NOT TIMELY PRODUCED

11

12  III    WHETHER ALL NIPPON AIRWAYS COMPANY, LTD. SHOULD BE

13    AWARDED THE EXPENSES AND FEES INCURRED IN BRINGING

14    THE INSTANT MOTION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-iii-

MOTION OF ALL NIPPON AIRWAYS COMPANY, LTD. TO
COMPEL DISCOVERY
CASE NO.: C 07 3422 EDL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

This action arises out of an accident involving ANA Flight NH007 and UAL Flight UA809 at San Francisco International Airport ("SFO") on October 7, 2003 ("the Accident"). A collision occurred between the two aircraft while ANA Flight NH007 was taxiing under its own power along the centerline of Taxiway A. During the taxi, Flight NH007's right wing collided with the right wing of UAL Flight UA809, which had been pushed back from its gate so that its wing intruded into the path of Flight NH007.

ANA served its First Set of Document Requests to UAL on November 15, 2007. Declaration of Marshall S. Turner (hereinafter "Turner Decl."), Exhibit A. UAL served its Answers to Plaintiff's First Set of Document Requests on December 18, 2007. Turner Decl., Exhibit B. ANA served its Second Set of Document Requests to UAL on December 18, 2007. Turner Decl., Exhibit D. UAL served its Responses to ANA's Second Set of Document Requests on January 16, 2008. Turner Decl., Exhibit E.

UAL's responses consisted of unfounded "boilerplate" objections and evasive responses. Moreover, UAL did not produce a single piece of paper with its responses. Many of UAL's responses indicated that documents concerning individuals would be produced "sufficiently in advance of the deposition of the individual to permit review." *See e.g.*, Turner Decl., Exhibit B. This did not occur. Furthermore, such document requests were directed to UAL, not the deponents, and were due within thirty days of service pursuant to Federal Rules of Civil Procedure Rule 34. This time period expired long before the depositions took place.

ANA made a good faith effort to resolve the issues addressed herein pursuant to the meet and confer required by Rule 37 of the Federal Rules of Civil Procedure

-3-

NOTICE OF MOTION AND MOTION OF ALL NIPPON
AIRWAYS COMPANY, LTD. MOTION TO COMPEL
DISCOVERY
CASE NO.: C07-03422 EDL

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    and Local Rule 37-1 and included face-to-face meetings with UAL's counsel on

2    January 23 and January 24, 2008, during which counsel for UAL stated that

3    searches would be made for various documents, but not a single piece of paper has

4    been produced and no explanation has been offered. *See* Turner Decl., Exhibit I.

## II. ARGUMENT

### A. ANA's First Set of Document Requests

#### 1. Requests For Documents Concerning UAL Employees

In its Requests, ANA seeks documents concerning UAL employees directly involved in the Accident, including the flight crew operating UAL Flight UA809, the tug driver performing the pushback procedure of UAL Flight UA809, the wing walker assisting the pushback procedure of UAL Flight UA809, and the Ramp Tower G Controller who cleared ANA Flight NH007 to taxi and cleared UAL Flight UA809 to pushback.

In Request Nos. 2 through 7, ANA seeks:

> [T]he personnel and training records for [the UAL employee], including, but not limited to, all documents reflecting training, certification, accidents and/or incidents involving [the UAL employee], and disciplinary actions.

Turner Decl., Exhibit A.

To each of such Requests, UAL provided the same response:

> **ANSWER**
>
> Objection; vague, ambiguous, overly broad and unduly burdensome. Additionally, "personnel files" under California law, are protected by privacy rights of the individual. Accordingly, United cannot produce such documentation without the permission of the individual whose files are being requested. Without waiving any objection, however, United will produce under separate cover those portion(s) of the individual's file materials they consent to having produced and will do so sufficiently in advance of the deposition of the individual permit to review.

*//* _____ -4-

Los Angeles, California 90067-6010

Telephone: (310) 557-2030

1201 Avenue of the Stars, Suite 1201

Los Angeles, California 90067-6010

Telephone: (310) 557-2030

1    Turner Decl., Exhibit. B.

2       In ANA's Request Nos. 9 through 11, ANA seeks documents concerning

3    UAL's Ramp Tower G Controller Edward Loh, who provided clearance to both

4    aircraft involved in the Accident.  ANA seeks, "results and/or records of the urine

5    samples testing;" "results and/or records of any check(s) conducted on Edward Loh

6    for fitness for duty;" and "results and/or records of any physical [and/or]

7    psychological examination conducted on Edward Loh in connection with the

8    Accident."  Turner Decl., Exhibit A.  In response to these requests, UAL objects

9    that they are overly broad and unduly burdensome.  Turner Decl., Exhibit B.  UAL

10   further objects on the basis of privacy and indicates that on consent, "these will be

11   provided sufficiently in advance of his deposition for review."  Turner Decl.,

12   Exhibit B.  These requests remain outstanding.

13      UAL's objections are particularly puzzling with respect to its employees'

14   personnel and training records since UAL requested these same documents from

15   ANA's flight crew.  Turner Decl., Exhibit C.  Furthermore, UAL vaguely alludes

16   to California privacy law without citing any specific statute or venturing to explain

17   its applicability to this matter.  Turner Decl., Exhibit B.  Moreover, any privacy

18   concerns would be alleviated had UAL provided ANA with the revised

19   Confidentiality Order as it had agreed to do and was ordered to do at the hearing

20   before this Court on November 13, 2007 and as it was ordered to do by this Court's

21   Order of November 19, 2007.[1]

22      With respect to the requests concerning Edward Loh, the narrative of the

23   post-Accident interview with Mr. Loh indicates that:

24         SOR Ed Loh was then dispatched to UA Medical for a fitness

25

26   [1] The first time UAL's counsel presented a revised Confidentiality Order that was agreed to and
     ordered by the Court on November 13, 2007 was on January 21, 2008 after Mr. Loh's deposition
27   on January 18, 2008.  ANA's counsel immediately signed the revised Order, but UAL's counsel
     still has not notified ANA that it has been submitted to the Court for signature.

28   //                                                    -5-

1               for duty check.  A urine sample was taken at that time and he
2               was asked to return Wednesday, Oct. 8 for a further physical.

3  Narrative of Interview with Ed Loh, Turner Decl., Exhibit J.

4      ANA has requested the results of specific tests which were conducted on the

5  UAL Ramp Tower G Controller who cleared both aircraft involved in the Accident

6  to proceed on the routes which led to their collision.  Turner Decl., Exhibit A.

7  ANA alleges in the Second Cause of Action in its Complaint that the Accident

8  arose from the negligence of UAL's Ramp Controller.  ANA Complaint (Docket

9  No. 1), ¶¶ 32-52.  UAL agreed at the meet and confer on January 23 and 24, 2008

10  to produce the analysis of Mr. Loh's urine sample, but has not produced a single

11  document.  Turner Decl., Exhibit. I.  Accordingly, the documents requested are

12  relevant to this matter and should be produced.

13      UAL's statement that such documents will be produced "sufficiently in

14  advance of the deposition of the individual to permit review" is procedurally

15  improper.  These requests were directed to UAL, not to the individuals.  Pursuant to

16  Rule 34 of the Federal Rules of Civil Procedure, such documents were due from

17  UAL within thirty days of service of the Request rather than at some undetermined

18  time at which UAL sees fit.  *See Burlington Northern & Santa Fe Ry. Co. v. U.S.*

19  *Dist. Court for Dist. of Mont.*, 408 F.3d 1142 (9th Cir. 2005) (litigants should take

20  recourse other than failing to produce documents such as securing a stipulation

21  from the relevant party or applying for a protective order).  On the eve of

22  deposition, UAL produced partial personnel files for some of its employees.  *See*

23  Section B, Point 3, below.

24      Accordingly, it is respectfully submitted that this Court should issue an

25  Order compelling UAL to provide to ANA documents responsive to ANA's

26  Request Nos. 2 through 7 and 9 through 11.

27  / /

28  //                              -6-

1921 Avenue of the Stars, in Suite 1620
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

## 2. Requests For Documents Concerning The Standard Ground Handling Agreement ("SGHA")

In its Requests, ANA seeks documents concerning the SGHA which UAL has repeatedly alleged is central to UAL's claims and defenses. Despite being a party to the agreement and asked to produce all relevant documents, UAL has not produced a single document with respect to the SGHA and refers only to the SGHA itself, the only copy of which has been produced by ANA.

In ANA's Request No. 20, ANA seeks the same documents that were requested by UAL with respect to the SGHA. In response to UAL's similar request, ANA provided responsive documents. However, UAL has produced nothing.

**REQUEST NO. 20:**
Attach true and correct copies of all documents reflecting correspondence, negotiations, and interpretation of the SGHA between UAL and ANA in effect on the date of the Accident.

**UAL's RESPONSE TO REQUEST NO. 20:**
Objection; overly broad, unduly burdensome and potentially invasive of the attorney/client privilege and/or work product doctrines. Without waiving any objections, however, the GHA in effect on the date of this accident, as indicated hereinabove, is already in possession of ANA as same was produced by ANA to United during the litigation. With regard to documents in addition to the agreement itself relating to the negotiations and interpretation of same, to the extent documentation exists, same will be produced under separate cover when located.

Turner Decl., Exhibit B.

In response to ANA's Request Nos. 30 through 34 seeking documents concerning the negotiation, selection, interpretation, and applicability of the terms and provisions of the SGHA, UAL did not produce a single document but "incorporates by reference its objections and response to Number 20 herein."

-7-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  Turner Decl., Exhibit B.

2      UAL's objections are unfounded.  ANA's requests are specifically tailored

3  and in no way seek documents that would be protected by privilege or work

4  product.  If there are documents for which UAL is claiming such privilege, then

5  UAL should provide a privilege log.  Moreover, UAL seeks similar documents

6  from ANA, but refuses to produce its own.  UAL's indication that documents "will

7  be produced under separate cover when located" is improper under Rule 34 of the

8  Federal Rules of Civil Procedure, which mandates responses to document requests

9  within thirty days.  Counsel for UAL stated that UAL is searching for responsive

10  documents during numerous conversations and in various correspondence,

11  including during the meet and confer meetings on January 23 and 24, but UAL has

12  not produced a single piece of paper. *See* Turner Decl., Exhibit I.

13      In Request Nos. 21, 36, and 37, ANA seeks documents reflecting UAL's

14  contention that services provided by UAL's Ramp Tower G Controller were

15  provided under the SGHA.  Turner Decl., Exhibit A.  UAL did not produce a

16  single document in response to these requests, but instead refers to ANA's Cockpit

17  Voice Recorder and ANA's submission to the NTSB.  Turner Decl., Exhibit B.

18  Despite the vast amount of evidence to the contrary, UAL continues to assert that

19  UAL's Ramp Tower G Controller provided services to ANA under the SGHA and

20  thus, the limitation of liability under the SGHA applies.  If UAL has any document

21  that supports this claim, such document should be produced in response to these

22  requests immediately.  The fact that UAL has failed to produce any document

23  relating to the SGHA supports ANA's position that the SGHA does not apply and

24  UAL has only asserted its applicability to harass ANA and to increase the costs of

25  this litigation.  Accordingly, UAL's objections are unfounded and UAL should be

26  ordered to produce all responsive documents immediately.

27      In Request Nos. 19, 39, and 40, ANA seeks invoices from UAL to ANA for

28  //                                                          -8-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Los Angeles, California 90067-6010

Telephone: (310) 557-2030

1   services provided pursuant to the SGHA by UAL to ANA at SFO.  Turner Decl.,

2   Exhibit A.  UAL's boilerplate objections ("vague, ambiguous, overly broad and

3   unduly burdensome") are meritless because each Request is narrowly tailored to

4   seek specific documents.    Furthermore, UAL's objection that documents

5   responsive to these requests "would already be in the possession or control of ANA

6   since they were the recipient of any such documents previously" is improper.

7   Turner Decl., Exhibit B.  UAL is required to produce the documents in its control,

8   not to guess what documents are in the "possession or control" of ANA.

9   Moreover, UAL alleges that the SGHA applies to the Accident and UAL is

10  obligated to produce documents relevant to its allegations if intends to maintain its

11  affirmative defense based on the limitation of liability under the SGHA.

12      Accordingly, it is respectfully submitted that UAL should be compelled to

13  produce documents responsive to ANA's Request Nos. 19 through 21 and 30

14  through 40.

15      With the deposition of UAL's Rule 30(b)(6) Person Most Knowledgeable

16  ("PMK") on the SGHA scheduled for February 5, 2008, UAL's promise to produce

17  relevant documents, "to the extent such documentation exists," is disingenuous.

18      **3. Other Requests**

19      UAL did not produce a single document in response to any other Request

20  made by ANA, including documents concerning: (i) the provision of ground

21  handling and/or ramp control services (Request No. 1); (ii) ground collisions of

22  any UAL aircraft during pushback procedures (Request No. 13); (iii) the UAL

23  study of its Ramp Towers system-wide (Request No. 14); (iv) UAL procedural

24  changes resulting from or arising out of the Accident (Request No. 15); (v) the use

25  of wing walkers at SFO (Request No. 16); (vi) the existence and calculation of

26  UAL's alleged damages (Request No. 17); (vii) "approved United Air Lines hand

27  signals (NMOP)" (Request No. 18); (viii) aircraft marshalling (Request No. 22);

28  //                                                           -9-

(ix) hand signals for directing aircraft (Request No. 23); (x) taxiing (Request No. 24); (xi) potential conflicts with other aircraft prior to or during taxi (Request No. 26); (xii) the operation of Ramp Tower G at SFO (Request No. 27); (xiii) directing aircraft from Ramp Tower G at SFO (Request No. 28); (xiv) aircraft in Boarding Area G and surrounding non-movement areas at SFO (Request No. 29); (xv) maintenance and repair records of the aircraft operating as UAL Flight UA809 on October 7, 2003 (Request No. 41); and (xvi) repair and remediation performed on the aircraft operating as UAL Flight UA809 (Request No. 42). Turner Decl., Exhibit A.

In response to ANA's Request Nos. 15, 16, 18, 22, 23, 26, 27, 28, and 29, UAL stated that such documents will be produced "under separate cover when located." Turner Decl., Exhibit B. UAL has not produced a single document in response to these Requests to date. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, responses to document requests are due within thirty of service. UAL has completely failed to comply with its obligations under the FRCP.

In response to ANA's Request No. 17 concerning the calculation of damages, UAL indicated that it would produce responsive documents pursuant to the "protective order." Turner Decl., Exhibit B. However, the only reason the "protective order" was not and is still not in place was and is because UAL has failed to provide ANA with the revised Confidentiality Order as it agreed to do on November 13, 2007 and as ordered by this Court on November 19, 2007. To this date, no responsive documents have been produced. *See* footnote 1, *supra.*

ANA's Request No. 24 and UAL's Answer are as follows:

> **REQUEST NO. 24:**
> Attach true and correct copies of all UAL manuals and documents that refer to taxiing including, but not limited to, policy, procedure, and training.
>
> **ANSWER**
> Objection; vague, ambiguous, overly broad and unduly burdensome.

-10-

1201 Avenue of Avenue 1201
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Los Angeles, California 90067-6010

Telephone: (310) 557-2030

> Without waiving any objection, if the intent of this request is to obtain United's protocols to be followed by its flight crew at SFO with regard to taxiing of aircraft in addition to applicable FARs.

Turner Decl., Exhibit B.

UAL's boilerplate objections are unfounded since this Request specifically seeks UAL documents related to taxiing, one of the central issues in this case. Moreover, the remainder of UAL's Answer is unintelligible. The response begins with an "if" clause, but no "then" follows.

Accordingly, it is respectfully submitted that UAL should be compelled to produce documents responsive to ANA's Request Nos. 1, 13 through 18, 22 through 24, 26 through 29, 41, and 42.

**B. ANA's Second Set of Document Requests to UAL**

**1. UAL's "Self-Critical Analysis Privilege" Objection is Without Merit**

UAL objects to many of the requests in ANA's Second Set of Document Requests on the grounds that the requests seek "information protected by the 'self-critical analysis' privilege." Turner Decl., Exhibit E. This objection is without merit. The claimed privilege is not well-settled law and, in any event, none of the requests seek documents protected by such privilege.

A majority of the Circuits, including the Ninth Circuit, have refused to recognize or apply the self-critical analysis privilege. *See Burden-Meeks v. Welch*, 319 F.3d 897, 899 (7th Cir. 2003) (declining to recognize the self-critical analysis privilege); *Union Pacific R. Co. v. Mower*, 219 F.3d 1069, 1076 n.7 (9th Cir. 2000) (same); *In re Kaiser Aluminum and Chemical Co.*, 214 F.3d 586, 593 (5th Cir. 2000) (same); *Davis v. Kraft Foods North America*, 2006 WL 3486461(E.D.Pa. Dec. 1, 2006) (court did not believe Third Circuit will recognize the privilege).

The self-critical analysis privilege only applies when "an intrusion into the self-evaluative analyses of an institution would have an adverse effect on the

-11-

evaluative process, with a net detriment to a cognizable public interest." *Flynn v. Goldman, Sachs & Co.,* No. 91 Civ. 0035, 1993 WL 362380, at *1 (S.D.N.Y. Sept. 16, 1993). The privilege is intended to serve the public interest based on the notion that the disclosure of documents reflecting candid self-examination will deter or suppress socially useful self-evaluation or compliance with the law or with professional standards. *Chemical Bank v. Affiliated FM Ins. Co.,* No. 87 Civ. 0150, 1994 WL 89292, at *1 (S.D.N.Y. Mar. 16, 1994).

To qualify for the privilege (1) the information must result from a critical self-analysis undertaken by the party seeking protection; (2) the public must have a strong interest in preserving the free flow of the type of information sought; and (3) the information must be of the type whose flow would be curtailed if discovery would be allowed. *Dowling v. American Hawaii Cruises, Inc.,* 971 F.2d 423, 426 (9th Cir. 1992); *Chemical Bank,* 1994 WL 89292, at *1. UAL gives no explanation of how responsive documents might qualify under any standard for this privilege.

ANA's requests seek documents concerning the UAL employees involved in the actions of the respective aircraft on the day of the Accident and documents reflecting UAL policies, procedures, and operations with respect to matters in connection with the Accident. Documents responsive to these requests are not subject to the privilege. UAL cannot satisfy the criteria established in *Dowling,* which UAL cited as part of its objection.

In *In re Livent, Inc. Noteholders Sec. Litig.,* No. 98 Civ. 7161, 2003 WL 23254 (S.D.N.Y. Jan. 2, 2003), the Southern District of New York rejected the privilege's application to performance reviews of employees, noting that the documents would show whether the employees were properly trained and whether the company followed proper procedures. UAL improperly attempts to assert the privilege with respect to the same type of information.

//_____-12-

1901 Avenue of the Stars, Suite 1620
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    It is respectfully submitted that UAL's objections based on the "self-critical

2 analysis privilege" are without merit and that UAL should be compelled to produce

3 any document which it is withholding subject to this claim of privilege.

4    **2. Requests for Documents Concerning UAL Policies & Procedures**

5    ANA requested documents concerning UAL policies, procedures, and

6 operations for all actions relevant to the Accident, including but not limited to

7 Ramp Tower G, pushback, and taxi.   Turner Decl., Exhibit D.   UAL has not

8 produced any responsive document.

9    In its Second Set of Document Requests to UAL, Request Nos. 1, 8, 9, 10,

10 15, 16, 17, 18, 19, and 20 request documents concerning UAL's policies,

11 procedures, and operations concerning: (i) clearances and instructions for pushback

12 and taxi; (ii) maintaining separation of aircraft in the vicinity of Terminal G; (iii)

13 ensuring that no collisions occur between aircraft; (iv) organizing and expediting the

14 flow of traffic; (v) paying attention to all aircraft and not focusing on one area to the

15 exclusion of another; (vi) clearing potential conflicts between aircraft prior to or

16 during taxi; (vii) clearing potential conflicts between aircraft prior to or during

17 pushback; (viii) determination of number and position of wing walkers during

18 pushback; (ix) Ramp Tower G Ramp Controller procedures prior to, during, and after

19 issuance of clearance to push, clearance to taxi, and clearance to Spot 10 instructions;

20 (x) pushback and taxi operations of UAL B777 aircraft into and out of SFO; (xi)

21 responsibility for safe dispatch and clearance; and (xii) stopping pushback when there

22 is a question about clearance.  Turner Decl., Exhibit D.

23    In response to many of the foregoing requests, UAL refers to its Ramp Service

24 Driving Rules, Maintenance Handling Manual, flight manual, and flight operations

25 manual which it produced one or two days before the commencement of the

26 depositions of its employees in addition to boilerplate objections.   Turner Decl.,

27 Exhibit E, Request Nos. 1, 8, 9, 15, 16, 18, and 19.  However, these documents do

28    //    -13-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

not address the specific issues listed above and are not responsive to ANA's requests.

In response to Request Nos. 10, 17, and 20 concerning UAL policies and procedures, including but not limited to pushback, taxi, and Ramp Tower G operations, UAL makes boilerplate objections, claims various privileges, and states that "United has not located any documents responsive to this Request." Turner Decl., Exhibit E. UAL does not indicate whether any document responsive to any of these requests actually exists. *Id.* If no document exists, UAL should say so. If UAL is still looking, UAL should say so. If UAL is withholding documents based on privilege, UAL should produce a privilege log.

While ANA believes many of the foregoing issues have no relevance to the Accident, they all relate to issues that UAL has raised in this litigation, relevant or not. It is respectfully submitted that UAL should be compelled to produce all documents in their possession, custody, or control that are responsive to these requests.

### 3. Requests for Documents Concerning UAL Employees

ANA seeks the training records and training materials of the UAL employees involved in the Accident. Turner Decl., Exhibit D. In ANA's Request Nos. 2 through 7, ANA requests these documents with respect to UAL's three pilots, ramp controller, and tug driver. Turner Decl., Exhibit D. ANA further seeks documents concerning any examination or test on tug driver Julio Hernandez for fitness of duty on the day of the Accident in Request No. 21. Turner Decl., Exhibit D.

In response to these requests, UAL makes boilerplate objections and claims that it has produced the personnel files of each individual. Turner Decl., Exhibit E. However, it was not until the eve of their depositions that ANA received some documents concerning the ramp controller, Edward Loh, and two of the three pilots, Scott Russell and Brad Powell. ANA has received no documents regarding

-14-

Los Angeles, California 90067-6010

Telephone: (310) 557-2030

1    the tug driver Julio Hernandez or the SGHA Rule 30(b)(6) PMK witness Mike

2    Gentile.

3        The "personnel file" produced for each of Scott Russell and Brad Powell of

4    UAL's crew failed to include their certificates or the requested training materials.

5    UAL has produced only records of some "proficiency checks" for these pilots.

6    UAL has produced no training material and specifically nothing with respect to

7    "clearing potential conflicts with other aircraft prior to or during taxi" or "clearing

8    potential conflicts with other aircraft prior to or during pushback." Turner Decl.,

9    Exhibit E.

10        UAL further makes a vague reference to "private information protected

11    under California law." Turner Decl., Exhibit E. UAL provides no specific citation

12    for such law nor describes its actual application. *Id.* UAL's response is contrary to

13    its assertion in UAL's Reply to ANA's Opposition to UAL's Motion to Compel

14    Discovery and for Additional Time to Depose Witnesses (Doc. No. 48), in which

15    UAL argues, "any privacy concerns are alleviated by the fact that the records will

16    be produced under the protective order… which specifically covers personnel

17    files." Presumably this reference to a protective order is the same Order that UAL

18    has still not presented to the Court after UAL's counsel's delays have now

19    exceeded three (3) months. UAL Reply, pages 5-6. Moreover, UAL fails to show

20    how California law applies to employment files located in Chicago, Illinois.

21        It is respectfully submitted that UAL should be compelled to produce

22    documents responsive to ANA's requests concerning UAL's employees, who were

23    directly involved in the events which are the subject of this litigation.

24            **4. Other Requests**

25        UAL did not fully respond to other Requests made by ANA in ANA's

26    Second Set of Document Requests, including documents concerning: (i) the current

27    UAL operations manual applicable to its B777 aircraft (Request No. 12); (ii)

28    //                                              -15-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    changes in the UAL operations manual applicable to ground operations of its B777

2    aircraft after October 7, 2003 (Request No. 13); and (iii) dispatch documents for

3    Flight UA809 on October 7, 2003, including but not limited to flight plan and

4    assigned altitude (Request No. 30). Turner Decl., Exhibit E.

5         ANA's Request Nos. 12 and 13 seek versions of UAL's operations manual,

6    including the current manual and any documents reflecting changes in the manual.

7    In response to Request No. 12, UAL asserts that it "will produce a copy of the

8    flight operations manual to Plaintiff." Turner Decl., Exhibit E. While on the eve of

9    the depositions of UAL's pilots on January 18, 2008, UAL produced manuals that

10   were in effect at the time of the Accident, no changes since the Accident have been

11   produced. UAL states that it "has not located any documents" in response to

12   Request No. 13. Turner Decl., Exhibit E. UAL should be compelled to provide any

13   document not produced in response to these requests for manuals, procedures, and

14   training at least with regard to relevant subjects including pushback, taxi, and

15   communications with Ramp Tower G.

16        In response to ANA's Request No. 30 concerning the dispatch of Flight

17   UA809, UAL makes boilerplate objections, claims various privileges, and states that

18   "United has not located any documents responsive to this Request." Turner Decl.,

19   Exhibit E. UAL does not indicate whether any document responsive to any of these

20   requests actually exists. If no document exists, UAL should so state. If UAL is still

21   looking, UAL should so state. If UAL is withholding documents based on its

22   objections, UAL should so state. UAL should be compelled to clarify its responses

23   and produce any responsive documents. In fact, all three UAL pilots testified on their

24   recent depositions that on January 21, 2008, they reviewed documents including the

25   flight plan in preparation for their depositions. Turner Decl., Exhibit H, 103:4-9.

26   Days later, UAL's counsel stated that he would produce the flight plan "if it was still

27   available." UAL should not be allowed to continue its game of "hide the ball."

28   //                                                            -16-

NOTICE OF MOTION AND MOTION OF ALL NIPPON
AIRWAYS COMPANY, LTD. MOTION TO COMPEL
DISCOVERY
CASE NO.: C07-03422 EDL

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  Turner Decl., Exhibit I.

2      Accordingly, it is respectfully submitted that UAL should be compelled to

3  provide full and unambiguous answers and all responsive documents in response to

4  ANA's Request Nos. 12, 13, and 30 in ANA's Second Set of Document Requests to

5  UAL.

6      **C. ANA's Document Requests Contained In Its Deposition Notices**

7      More than 30 days before their depositions, ANA served Notices of

8  Deposition and document requests addressed to UAL employees who were

9  involved in the events surrounding the Accident, including Captain John Rediger,

10 First Officer Scott Russell, Relief Pilot Brad Powell, ramp controller Edward Loh,

11 and tug driver Julio Hernandez.  Turner Decl., Exhibit F.  In response to these

12 requests, UAL provided baseless objections, referred to documents which are not

13 responsive to the requests, and referred to documents which UAL has failed to

14 produce.  Turner Decl., Exhibit G.

15     UAL provided limited "personnel files" for John Rediger, Scott Russell,

16 Brad Powell, and Edward Loh.  The documents produced are generic employment

17 documents and proficiency documents which are not responsive to ANA's specific

18 requests.

19     The deposition of UAL's tug driver Julio Hernandez was scheduled for

20 January 17, 2008, but, due to medical reasons, has been postponed indefinitely.

21 Turner Decl., Exhibit F.  However, while UAL refers to the "personnel file" for

22 Julio Hernandez, UAL has not produced a single document related to Mr.

23 Hernandez.  Turner Decl., Exhibit I.

24     UAL claimed to have provided Captain Rediger's file well before his

25 deposition, but only limited documents were produced on the morning of his

26 deposition.  Captain Rediger testified that on the day of the Accident, he filled out

27 a Flight Safety Awareness Program report concerning the incident on UAL's

28 //                                                      -17-

NOTICE OF MOTION AND MOTION OF ALL NIPPON
AIRWAYS COMPANY, LTD. MOTION TO COMPEL
DISCOVERY
CASE NO.: C07-03422 EDL

1901 Avenue of the Stars, Suite 630
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  website, Skynet.  Turner Decl., Exhibit H, 89:17-90:10.  He also testified that he

2  had a file concerning the Accident at home which contains notes he made in

3  preparing his statement.  Turner Decl., Exhibit H, 88:11-24.  ANA requested these

4  documents but UAL has not produced them.  Turner Decl., Exhibit I.

5       UAL has made numerous references to ANA and this Court about the

6  circumstances surrounding the SGHA, but not a single piece of paper has been

7  produced or even identified, even though the deposition of the Rule 30(b)(6) PMK

8  Michael Gentile is scheduled for February 5, 2008.

9       It is long past time for UAL to give up its objections based on attorney

10  work-product, attorney-client privilege, self-critical analysis privilege, and broken

11  promises that it will produce unspecified documents at unspecified times.  UAL

12  should be compelled to produce the documents requested and precluded from

13  referring to any document that was not timely produced.

      **D. Costs**

14

15       It is respectfully submitted that pursuant to Rule 37 of the Federal Rules of

16  Civil Procedure, ANA is entitled to the expenses and fees incurred in bringing the

17  instant motion.

18             **III.   CONCLUSION**

19       In light of the foregoing, ANA respectfully submits that ANA's Motion to

20  Compel should be granted in all respects and that costs and fees of this motion

21  should be awarded to ANA.

22  Dated: February 1, 2008           CONDON & FORSYTH LLP

23

24                          By:

25                         MARSHALL S. TURNER (*pro hac vice*)
                       SCOTT D. CUNNINGHAM

26                         Attorneys for Plaintiff and Counter-Defendant

27                         ALL NIPPON AIRWAYS COMPANY, LTD.

28                                    -18-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1

## CERTIFICATE OF SERVICE

2
NOTICE OF MOTION AND MOTION OF ALL NIPPON AIRWAYS
3
COMPANY, LTD. COMPEL DISCOVERY; MEMORANDUM OF POINTS
AND AUTHORITIES; DECLARATION OF MARSHALL S. TURNER

4

5
I, hereby certify that on February 1, 2008, I electronically filed the foregoing

6
paper with the Clerk of the Court using the ECF System which will send

7
notification of such filing to the following:

| 8  | Scott R. Torpey, Esq.<br>Jaffe, Raitt, Heuer & Weiss<br>2777 Franklin Road, Suite 2500<br>Southfield, MI 48034-8214<br>Phone: (248) 727-1461<br>Fax: (248) 351-3082 | Attorneys for defendant |
|----|----|----|
| 13 | Jeffrey A. Worthe, Esq.<br>Worthe, Hanson & Worthe<br>The Xerox Centre<br>1851 East First Street, Ninth Floor<br>Santa Ana, CA 92705 | Attorneys for defendant |

17

18

19

HEATHER L. JACKSON

20

21

22
Sworn to before me this

1st day of February, 2008

23

24

25

26
Notary Public

27

Timothy H Eskridge
Notary Public State of N.Y.
02ES6121835
Qualified in New York County
Commission Expires January 31 2009

28                                         -19-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030