# Exhibit 1

Scott D. Cunningham (State Bar No.: 200413)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299
Email: scunningham@condonlaw.com

-and-

Marshall S. Turner (*pro hac vice*)
CONDON & FORSYTH LLP
7 Times Square
New York, NY 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453
Email: mturner@condonlaw.com

Attorneys for Plaintiff and Counter-Defendant
ALL NIPPON AIRWAYS COMPANY, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED AIR LINES, INC., <br><br> Defendant. <br><br> AND RELATED COUNTER-CLAIM | Case No. C07-03422 EDL <br><br> **DECLARATION OF MARSHALL S. TURNER IN SUPPORT OF MOTION OF ALL NIPPON AIRWAYS COMPANY, LTD. TO COMPEL DISCOVERY** <br><br> Hearing Date: March 11, 2008 <br> Hearing Time: 9:00 a.m. <br> Hearing Place: Courtroom of Hon. Elizabeth D. Laporte |

## DECLARATION OF MARSHALL S. TURNER

Marshall S. Turner, being duly sworn, deposes and says:

1. I am an attorney and a member of the law firm of Condon & Forsyth LLP, attorneys for plaintiff All Nippon Airways Co., Ltd. ("ANA") in the above-captioned matter. I make this declaration in Support of Motion of ANA to Compel Discovery.

2. ANA served its First Set of Document Requests to UAL on November 15,

DECLARATION OF MARSHALL S. TURNER IN SUPPORT OF
MOTION OF ALL NIPPON AIRWAYS COMPANY, LTD. TO
COMPEL DISCOVERY
CASE NO.: C07-03422 EDL

1    2007. Attached hereto as Exhibit A is a true and correct copy of ANA's First Set of Document Requests to UAL. Attached hereto as Exhibit J is the Narrative of the Interview of Edward Loh, which served as a basis for various requests in ANA's First Set of Document Requests to UAL.

3. UAL served its Answers to Plaintiff's First Set of Document Requests on December 18, 2007. Attached hereto as Exhibit B is a true and correct copy of UAL's Answers to Plaintiff's First Set of Document Requests. UAL's responses consisted only of boilerplate objections and UAL did not produce a single piece of paper in response to these requests.

4. UAL failed to produce documents in response to requests seeking documents concerning UAL employees directly involved in the Accident. However, UAL requested these same documents from ANA. Attached hereto as Exhibit C is a true and correct copy of UAL's First Request to Produce.

5. In its Requests, ANA seeks documents concerning the Standard Ground Handling Agreement ("SGHA") which UAL has repeatedly alleged is central to UAL's claims and defenses. Despite being a party to the SGHA, which bears "United Contract No. 108536-17," UAL has not produced a single document with respect to the SGHA and refers only to the SGHA itself, the only copy of which has been produced by ANA. Exhibit B.

6. UAL did not produce a single document in response to any other Request made by ANA, including Request Nos. 1, 13, 14, 15, 16, 17, 18, 22, 23, 24, 26, 27, 28, 29, 41, and 42. Exhibit B.

7. ANA served its Second Set of Document Requests to UAL on December 18, 2007. Attached hereto as Exhibit D is a true and correct copy of ANA's Second Set of Document Requests to UAL.

8. UAL served its Responses to ANA's Second Set of Document Requests on January 16, 2008. Attached hereto as Exhibit E is a true and correct copy of

-2-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  UAL's Responses to ANA's Second Set of Document Requests.

2      9. ANA requested documents concerning UAL policies, procedures, and operations for all actions relevant to the Accident, including but not limited to Ramp Tower G, pushback, and taxi; the training records and training materials of the UAL employees involved in the Accident; the UAL operations manual; and dispatch documents. Exhibit E. UAL has not produced any responsive document.

    10. ANA served Notices of Deposition and document requests addressed to UAL employees who were involved in the events surrounding the Accident, including Captain John Rediger, First Officer Scott Russell, Relief Pilot Brad Powell, ramp controller Edward Loh, and tug driver Julio Hernandez. Attached hereto as Exhibit F are true and correct copies of ANA's Notices of Deposition to UAL employees.

    11. In response to these requests, UAL provided baseless objections, referred to documents which are not responsive to the requests, and referred to documents which UAL has failed to produce. Attached hereto as Exhibit G are true and correct copies of UAL's Responses to ANA's Notices of Deposition.

    12. In addition, Captain Rediger testified with respect to the existence of responsive documents that were not previously identified by and have not been produced by UAL. Attached hereto as Exhibit H is a true and correct copy of the relevant pages of transcript of Captain Rediger's deposition. These documents include UAL's flight plan, the report made on UAL's website ("Skynet"), and Captain Rediger's notes on the Accident. Exhibit H, 88:11-24, 89:17-90:10, 103:4-9.

    13. ANA made a good faith effort to resolve the issues addressed herein pursuant to the meet and confer required by Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-1. In addition to numerous emails, correspondence, and verbal requests for these documents, Scott Cunningham of my firm and I met

//     -3-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  with UAL's counsel Scott Torpey and Jeffrey Worthe, along with UAL in-house
2  lawyer Steve Fus, on January 23 and January 24, 2008.

3      14. During the meet and confer, counsel for UAL stated that searches would be
4  made for various documents, but not a single piece of paper has been produced and
5  no explanation has been offered. Attached hereto as Exhibit I is a true and correct
6  copy of ANA's letter of January 30, 2008 detailing the documents which UAL
7  agreed to produce during the meet and confer.

8      15. In accordance with the foregoing and ANA's Brief in Support of Motion of
9  ANA to Compel Discovery, UAL should be compelled to produce documents
10 responsive to ANA's requests and should be precluded from future reference to
11 any document not timely produced.

12     I declare under penalty of perjury under the laws of the United States of
13 America that the foregoing is true and correct.
14 Executed this 1st day of February, 2008, at New York, New York.

                                                        Marshall S. Turner

Sworn to before me this
1st day of February, 2008

_____
Notary Public

**Timothy H Eskridge**
**Notary Public State of N.Y.**
02ES6121835
**Qualified** in New York County
**Commission** Expires January 31 2009

-4-
DECLARATION OF MARSHALL S. TURNER IN SUPPORT OF
MOTION OF ALL NIPPON AIRWAYS COMPANY, LTD. TO
COMPEL DISCOVERY
CASE NO.: C07-03422 EDL

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030