# EXHIBIT B

JAFFE, RAITT, HEUER & WEISS, P.C.
Scott R. Torpey Cal. SB#153763
storpey@jaffelaw.com
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone:  248.351.3000
Fax:        248.351.3082

And
WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:  (714) 285-9600
Fax:        714-285-9700
Attorneys for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| All Nippon Airways Company, Ltd., | Case No. 07-03422 EDL |
|---|---|
| Plaintiff, | **DEFENDANT UNITED AIR LINES, INC.'S ANSWERS TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS** |
| vs. | |
| United Air Lines, Inc., | DATE:<br>TIME:<br>CTRM:<br>JUDGE: |
| Defendant. | |

COMES NOW, Defendant United Air Lines, Inc., by and through its attorneys, Jaffe Raitt Heuer & Weiss, P.C., and responds to Plaintiff All Nippon Airways Company, Ltd.'s First Set of Document Requests as follows:

**REQUEST NO. 1:**

Attach true and correct copies of all documents and/or agreements concerning the provision of ground handling and/or ramp control services, including but not limited to directing aircraft from control towers, at San Francisco International Airport and involving any of the following entities: United Air Lines, San Francisco International Airport, San Francisco Airport Air Traffic Control Tower, the Federal Aviation Administration, and/or San Francisco Terminal Equipment Co.

1  **ANSWER**

2  Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any
3  objection, however, see Memorandum of Understanding provided with United's Rule 26
4  Disclosures and see United/ANA Ground Handling Agreement produced by ANA.

5  **REQUEST NO. 2:**

6  Attach true and correct copies of the personnel and training records for Edward Loh,
7  including, but not limited to, all documents reflecting training, certification, accidents and/or
8  incidents involving Edward Loh, and disciplinary actions.

9  **ANSWER**

10  Objection; vague, ambiguous, overly broad and unduly burdensome. Additionally,
11  "personnel files" under California law, are protected by privacy rights of the individual.
12  Accordingly, United cannot produce such documentation without permission of the individual
13  whose files are being requested. Without waiving any objection, however, United will produce
14  under separate cover those portion(s) of the individual's file materials they consent to having
15  produced and will do so sufficiently in advance of the deposition of the individual to permit review.

16  **REQUEST NO. 3:**

17  Attach true and correct copies of the personnel and training records for John Rediger,
18  including, but not limited to, all documents reflecting training, certification, accidents and/or
19  incidents involving John Rediger, and disciplinary actions.

20  **ANSWER**

21  Objection; vague, ambiguous, overly broad and unduly burdensome. Additionally,
22  "personnel files" under California law, are protected by privacy rights of the individual.
23  Accordingly, United cannot produce such documentation without permission of the individual
24  whose files are being requested. Without waiving any objection, however, United will produce
25  under separate cover those portion(s) of the individual's file materials they consent to having
26  produced and will do so sufficiently in advance of the deposition of the individual to permit review.

27  **REQUEST NO. 4:**

28  Attach true and correct copies of the personnel and training records for Scott M. Russell,

1  including, but not limited to, all documents reflecting training, certification, accidents and/or
2  incidents involving Scott M. Russell, and disciplinary actions.

3  **ANSWER**

4  Objection; vague, ambiguous, overly broad and unduly burdensome. Additionally,
5  "personnel files" under California law, are protected by privacy rights of the individual.
6  Accordingly, United cannot produce such documentation without permission of the individual
7  whose files are being requested. Without waiving any objection, however, United will produce
8  under separate cover those portion(s) of the individual's file materials they consent to having
9  produced and will do so sufficiently in advance of the deposition of the individual to permit review.

10  **REQUEST NO. 5:**

11  Attach true and correct copies of the personnel and training records for Brad Powell,
12  including, but not limited to, all documents reflecting training, certification, accidents and/or
13  incidents involving Brad Powell, and disciplinary actions.

14  **ANSWER**

15  Objection; vague, ambiguous, overly broad and unduly burdensome. Additionally,
16  "personnel files" under California law, are protected by privacy rights of the individual.
17  Accordingly, United cannot produce such documentation without permission of the individual
18  whose files are being requested. Without waiving any objection, however, United will produce
19  under separate cover those portion(s) of the individual's file materials they consent to having
20  produced and will do so sufficiently in advance of the deposition of the individual to permit review.

21  **REQUEST NO. 6:**

22  Attach true and correct copies of the personnel and training records for Julio Hernandez,
23  including, but not limited to, all documents reflecting training, certification, accidents and/or
24  incidents involving Julio Hernandez, disciplinary actions, and retraining records from after the
25  Accident..

26  **ANSWER**

27  Objection; vague, ambiguous, overly broad and unduly burdensome. Additionally,
28  "personnel files" under California law, are protected by privacy rights of the individual.

1  Accordingly, United cannot produce such documentation without permission of the individual
2  whose files are being requested. Without waiving any objection, however, United will produce
3  under separate cover those portion(s) of the individual's file materials they consent to having
4  produced and will do so sufficiently in advance of the deposition of the individual to permit review.

**REQUEST NO. 7:**

Attach true and correct copies of the personnel and training records for Richard Kato, including, but not limited to, all documents reflecting training, certification, accidents and/or incidents involving Richard Kato, disciplinary actions, and retraining records from after the Accident..

**ANSWER**

Objection; vague, ambiguous, overly broad and unduly burdensome. Additionally, "personnel files" under California law, are protected by privacy rights of the individual. Accordingly, United cannot produce such documentation without permission of the individual whose files are being requested. Without waiving any objection, however, United will produce under separate cover those portion(s) of the individual's file materials they consent to having produced and will do so sufficiently in advance of the deposition of the individual to permit review.

**REQUEST NO. 8:**

Attach true and correct copies of any and all Ground Handling Agreements between United Air Lines, Inc. and all Nippon Airways Co., Ltd. in effect on October 7, 2003.

**ANSWER**

The Ground Handling Agreement believed to be the one still in effect on the date of this October 7, 2003 accident is the one produced by ANA to United and Bates-stamped numbers "ANA001159-001196."

**REQUEST NO. 9:**

Attach true and correct copies of any and all results and/or records of the urine samples testing for Edward Loh in connection with the Accident.

**ANSWER**

Objection. Urine samples (if any) within the personnel file for Mr. Loh are subject to privacy

protection. To the extent any urine samples exist and Mr. Loh consents to permitting disclosure of same, these will be provided sufficiently in advance of his deposition for review.

**REQUEST NO. 10:**

Attach true and correct copies of any and all results and/or records of any check(s) conducted on Edward Loh for fitness for duty.

**ANSWER**

Objection; overly broad and unduly burdensome. Additionally, check(s) conducted on Edward Low for fitness for duty within the personnel file for Mr. Loh are subject to privacy protection. Without waiving any objection, to the extent any urine samples exist and Mr. Loh consents to permitting disclosure of same, these will be provided sufficiently in advance of his deposition for review.

**REQUEST NO. 11:**

Attach true and correct copies of any and all results and/or records of any physical psychological examination conducted on Edward Loh in connection with the Accident.

**ANSWER**

Objection; overly broad and unduly burdensome. Additionally, physical/psychological examination conducted on Edward Loh within the personnel file for Mr. Loh are subject to privacy protection. Without waiving any objection, to the extent any psychological examinations exist and Mr. Loh consents to permitting disclosure of same, these will be provided sufficiently in advance of his deposition for review.

**REQUEST NO. 12:**

Attach true and correct copies of any and all audio and/or video recordings in relation to the Accident and the surrounding events.

**ANSWER**

To date, the only known audio or video recordings relative to the accident are the two surveillance videos taken at SFO on the date of this accident (already in Plaintiff's possession) and the only audio would be the CVR (also in Plaintiff's possession and which is being requested in its totality from ANA by United).

**REQUEST NO. 13:**

Attach true and correct copies of any and all documents, reports, memoranda, warnings, cautions, and/or communications by UAL regarding ground collisions of any UAL aircraft during pushback procedures.

**ANSWER**

Objection; vague, ambiguous, overly broad, unduly burdensome and potentially invasive of the attorney/client privilege and work product doctrine. Without waiving any objection, however, see documents referenced in United's Rule 26 Disclosure.

**REQUEST NO. 14:**

Attach true and correct copies of any and all documents from the UAL study of its Ramp Towers System-Wide.

**ANSWER**

Objection; vague, ambiguous, overly broad, unduly burdensome and potentially invasive of the attorney/client privilege and work product doctrine. Without waiving any objection, however, see documents referenced in United's Rule 26 Disclosure.

**REQUEST NO. 15:**

Attach true and correct copies of any and all documents reflecting UAL procedural changes resulting from or arising out of the Accident.

**ANSWER**

Objection; vague, ambiguous, overly broad, unduly burdensome and potentially invasive of the attorney/client privilege and work product doctrine. Without waiving any objection, however, with regard to procedural changes pertaining to the operation of United's aircraft, none. With regard to subsequent procedural changes regarding ramp control operations at SFO, to the extent documents reflecting such changes (if any) exist, same will be provided under separate cover when located.

**REQUEST NO. 16:**

Attach true and correct copies of any and all documents and/or agreements since January 1, 1997, concerning the use of wing walkers at San Francisco International Airport, between United air

Lines and: (i) the City of San Francisco; (ii) San Francisco International Airport; and/or (iii) San Francisco Terminal Equipment Co.

**ANSWER**

Objection; overly broad and unduly burdensome. Without waiving any objection, however, see Ramp Services Trainer Aircraft Guideperson and Wingwalker Participant Guide dated June 2003 attached to ANA's Rule 26 Disclosure and marked as "ANA001266-ANA001294." With regard to any additional materials, such materials (if any) will be provided under separate cover when located.

**REQUEST NO. 17:**

Attach true and correct copies of any and all documents supporting the existence and calculation of UAL's alleged damages.

**ANSWER**

With regard to United's out of pocket costs, see United's Rule 26 Disclosures and documents appended thereto. With regard to damages regarding lost use, when the protective order is entered, United will produce its Turns Report which reflects the documentation relative to lost use damages.

**REQUEST NO. 18:**

Attach true and correct copies of all documents reflecting "approved United Air Lines hand signals (NMOP)" referred to on page 11 of UAL's "Ramp Services Trainer Aircraft Guideperson and Wingwalker."

**ANSWER**

Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any objection, however, to the extent documents (if any) in addition to the Ramp Services Trainer Aircraft Guideperson and Wingwalker manual exist relative to such hand signals, same will be provided under separate cover when located.

**REQUEST NO. 19:**

Attach true and correct copies of all invoices, bills, and documents reflecting fees charged to ANA by UAL for services performed under the SGHA between October 7, 1998 up to and including October 7, 2003.

**ANSWER**

Objection; as phrased, vague, ambiguous, overly broad and unduly burdensome. Without waiving any objection, however, with regard to any documentation regarding fees charged to ANA by United for services under the Ground Handling Agreement, those invoices or bills would already be in the possession or control of ANA since they were the recipient of any such documents previously.

**REQUEST NO. 20:**

Attach true and correct copies of all documents reflecting correspondence, negotiations, and interpretation of the SGHA between UAL and ANA in effect on the date of the Accident.

**ANSWER**

Objection; overly broad, unduly burdensome and potentially invasive of the attorney/client privilege and/or work product doctrines. Without waiving any objection, however, the GHA in effect on the date of this accident, as indicated hereinabove, is already in possession of ANA as same was produced by ANA to United during the litigation. With regard to documents in addition to the agreement itself relating to the negotiations and interpretation of same, to the extent documentation exists, same will be produced under separate cover when located.

**REQUEST NO. 21:**

Attach true and correct copies of all documents showing that UAL's Ramp Tower G Ramp Controller provided any service to ANA under the SGHA on October 7, 2003.

**ANSWER**

Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any objection, however, and without admitting to the accuracy and/or completeness, see, for example, the ANA cockpit voice recorder relative to communications between the ANA flight deck and the United ramp control. Additionally, see ANA's limited submission to the NTSB reflecting timeline of events on the date of the accident which further identifies the nature and extent of United's ramp controller's services being provided and/or which were available to be provided by United's ramp controller at ANA's request.

**REQUEST NO. 22:**

Case No. 07-03422-EDL                                                      Answers to Plaintiff's First Set of Document Requests

Attach true and correct copies of all UAL manuals and documents that refer to aircraft marshalling including, but not limited to, policy, procedure, and training.

**ANSWER**

Objection; overly broad and unduly burdensome. Without waiving any objection, however, with regard to United training manuals regarding aircraft marshalling, including United's policies and procedures regarding same, to the extent additional documents (if any) exist, same will be produced under separate cover when located.

**REQUEST NO. 23:**

Attach true and correct copies of all UAL manuals and documents that refer to hand signals for directing aircraft including, but not limited to, policy, procedure, and training.

**ANSWER**

Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any objection, however, see response to Number 22 regarding marshalling.

**REQUEST NO. 24:**

Attach true and correct copies of all UAL manuals and documents that refer to taxiing including, but not limited to, policy, procedure, and training.

**ANSWER**

Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any objection, however, if the intent of this request is to obtain United's protocols to be followed by its flight crew at SFO with regard to taxiing of aircraft in addition to applicable FARs.

**REQUJST NO. 25:**

Attach true and correct copies of UAL's entire operations manual.

**ANSWER**

Objection; overly broad and unduly burdensome. Without waiving any objection, however, with regard to United's flight operations manual, if that is what is being requested, then excluding security protocols and subject to inclusion within the protective order, under separate cover a copy will be provided.

**REQUEST NO. 26:**

1  Attach true and correct copies of all documents reflecting UAL policy in effect from October 7, 1998 to the present date with respect to potential conflicts with other aircraft prior to or during taxi.

**ANSWER**

Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any objection, however, regarding United policy or protocol relative to conflict resolution applicable to United pilots from October 7, 1998 to date, in addition to the required compliance with applicable Federal Aviation Regulations relating to same, to the extent documents (if any) other than the Flight Operations manual exist, same will be provided under separate cover when located.

**REQUEST NO. 27:**

Attach true and correct copies of all documents reflecting UAL policy and procedure with respect to the operation of Ramp Tower G at San Francisco International Airport, including but not limited to staffing, training, and managing Ramp Tower G.

**ANSWER**

Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any objection, however, with regard to the protocol applicable with regard to operation of the Ramp Tower G at SFO, to the extent documents (if any) exist, same will be produced under separate cover when located.

**REQUEST NO. 28:**

Attach true and correct copies of all documents reflecting UAL policy and procedure with respect to directing aircraft from Ramp Tower G at San Francisco International Airport, including but not limited to phraseology.

**ANSWER**

Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any objection, however, with regard to United's protocol with respect to Ramp Tower G directing aircraft at SFO and in particular the phraseology used, to the extent documents (if any) exist, same will be produced under separate cover when located.

**REQUEST NO. 29:**

Attach true and correct copies of all documents reflecting UAL policy and procedure for aircraft in Boarding Area G and surrounding non-movement areas at San Francisco International Airport.

**ANSWER**

Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any objection, however, if the request is directed to protocols regarding United flight crews, then see response to Numbers 24 through 26. If, however, the request is directed to protocols regarding ramp control, see response to Number 27 and 28 above.

**REQUEST NO. 30:**

Attach true and correct copies of any and all DOCUMENTS reflecting any negotiation in connection with the SGHA.

**ANSWER**

This request is duplicative of Request No. 20, and United incorporates its objections and response herein as well.

**REQUEST NO. 31:**

Attach true and correct copies of any and all DOCUMENTS reflecting the selection of the terms and/or provisions of the SGHA.

**ANSWER**

Since this request seeks documents similar or identical to the documents request in Interrogatory 20, United incorporates by reference its objection and response to Number 20 herein.

**REQUEST NO. 32:**

Attach true and correct copies of any and all DOCUMENTS reflecting any interpretation of the wording, terms, and/or provisions of the SGHA.

**ANSWER**

Since this request seeks documents similar or identical to the documents request in Interrogatory 20, United incorporates by reference its objection and response to Number 20 herein.

**REQUEST NO. 33:**

Attach true and correct copies of any and all DOCUMENTS reflecting the applicability of

the terms and/or provisions of the SGHA.

**ANSWER**

Since this request seeks documents similar or identical to the documents request in Interrogatory 20, United incorporates by reference its objection and response to Number 20 herein.

**REQUEST NO. 34:**

Attach true and correct copies of any and all DOCUMENTS reflecting the services UAL contracts to provide ANA under the SGHA.

**ANSWER**

Since this request seeks documents similar or identical to the documents request in Interrogatory 20, United incorporates by reference its objection and response to Number 20 herein. Additionally, the Ground Handling Agreement itself is already in Plaintiff's possession and was produced by Plaintiff to United as referenced hereinabove.

**REQUEST NO. 35:**

Attach true and correct copies of any and all DOCUMENTS reflecting the definition of the term "marshalling" as used in the SGHA.

**ANSWER**

See United's motion to compel ANA to produce PMK on the GHA, incorporated herein.

**REQUEST NO. 36:**

Attach true and correct copies of any and all DOCUMENTS indicating that Ramp Tower G Ramp Controller communications with ANA aircraft on October 7, 2003 were provided as a service to ANA under the SGHA.

**ANSWER**

This request seeks documentation similar or identical to Request No. 21 and other requests hereinabove and accordingly, United incorporates its response herein.

**REQUEST NO. 37::**

Attach true and correct copies of any and all DOCUMENTS indicating that Ramp Tower G Ramp Controller communications with ANA aircraft were ever provided as a service to ANA under the SGHA.

Case No. 07-03422-EDL  
1470098.01

Answers to Plaintiff's First Set of Document Requests

**ANSWER**

This request seeks documentation similar or identical to Request No. 21 and other requests hereinabove and accordingly, United incorporates its response herein.

**REQUEST NO. 38:**

Attach true and correct copies of any and all DOCUMENTS indicating that any service, not specifically listed in Paragraph 1.1.1. of United Contract No. 108536-17 Annex B.1.3, was ever provided by UAL to ANA aircraft under the SGHA.

**ANSWER**

Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any objection, however, see the terms of the Ground Handling Agreement, including Annex A relating to Ramp Services.

**REQUEST NO. 39:**

Attach true and correct copies of any and all invoices from UAL to ANA for Ramp Tower G Ramp Controller services provided by UAL to ANA on October 7, 2003 under the SGHA.

**ANSWER**

Again, this is duplicative of a prior request, No. 19, and others and United incorporates by reference its objections and response herein.

**REQUEST NO. 40:**

Attach true and correct copies of any and all invoices from UAL to ANA for Ramp Tower G Ramp Controller services provided by UAL to ANA on any occasion under the SGHA.

**ANSWER**

Objection; vague, ambiguous, overly broad and unduly burdensome. Without waiving any objection, however, with regard to invoices for services, any such invoices to ANA would already be in ANA's possession or control as they were the recipients of those invoices.

**REQUEST NO. 41:**

Attach true and correct copies of any and all copies of all maintenance and repair records of the aircraft operating as UAL flight UA809 on October 7, 2003.

Case No. 07-03422-EDL
1479998.01

Answers to Plaintiff's First Set of Document Requests

**ANSWER**

Objection, vague, ambiguous, overly broad and unduly burdensome. Without waiving any objection, however, if the request is limited to maintenance and repair records of the United aircraft as same relates to the damage and subsequent repair, see records produced in United's Rule 26 disclosures.

**REQUEST NO. 42:**

Attach true and correct copies of all records indicating repair and remediation performed on the aircraft operating as UAL Flight UA809 on October 7, 2003 since its manufacture.

**ANSWER**

This is yet another duplicative document request, seeking the same or similar records as Request No. 41 and accordingly, United incorporates by reference its objections and responses to Request No. 41 and others relating to this same topic.

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

By: _____
Scott R. Torpey (P36179)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
(248) 351-3000

And

WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:   (714) 285-9600
Fax:              714-285-9700
Attorneys for Defendant United Air Lines, Inc.

Dated: December 18, 2007

# PROOF OF SERVICE

I declare as follows:

I am a resident of the State of Michigan and over the age of eighteen years, and not a party to the within action; my business address is 27777 Franklin Road, Suite 2500, Southfield, Michigan 90017. On December 18, 2007, I served the foregoing document described as Defendant's Responses to Plaintiff's First Document Requests on the interested parties in this action follows:

☐ by transmitting via facsimile the documents listed above to the fax number set fourth below on this date. This transmission was reported as complete without error by a transmission report issued by the facsimile machine upon which the said transmission was made immediately following the transmission. A true and correct copy of the said transmission is attached hereto and incorporated herein by this reference.

☒ by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Southfield, Michigan addressed as set forth below

☐ by electronic transmission. I caused the document(s) listed above to be transmitted by electronic mail to the individuals on the service list as set forth below.

☐ by placing the document listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for Delivery.

☐ by personally delivering the document listed above to the persons at the address set forth below.

Marshall S. Turner
Condon & Forsyth LLP
7 Times Square
New York, NY 10036

Jeffrey A. Worthe
Worthe, Hanson & Worthe
1851 East First Street, Ninth Floor
Santa Ana, California 92705

Frank A Silane
Rod D. Margo
Scott D. Cunningham
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postal meter date is more than one day after date of deposit for mailing in affidavit.

Executed on December 18, 2007 at Southfield, Michigan.

☒ I declare under penalty of perjury under the laws of the State of Michigan that the above is true and correct.

☒ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Phyllis L. Nelson*
Phyllis L. Nelson

Case No. 07-03422-EDL                           Answers to Plaintiff's First Set of Document Requests