# EXHIBIT E

1  JAFFE, RAITT, HEUER & WEISS, P.C.
   Scott R. Torpey Cal. SB#153763
   storpey@jaffelaw.com
2  27777 Franklin Road, Suite 2500
   Southfield, MI 48034
3  Telephone:    248.351.3000
   Fax:          248.351.3082
4
   and
5
   WORTHE, HANSON & WORTHE
6  Jeffrey A. Worthe Cal. SB#080856
   jworthe@whwlawcorp.com
7  1851 E. First St., Ste. 900
   Santa Ana, California 92705
8  Telephone:    (714) 285-9600
   Fax:          714-285-9700
9  Attorneys for Defendant United Air Lines,
   Inc.
10

11             UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13

14  All Nippon Airways Company, Ltd.,        Case No.07-03422 EDL

15              Plaintiff,        **RESPONSES TO ALL NIPPON AIRWAYS
                                  COMPANY, LTD.'S SECOND SET OF
                                  DOCUMENT REQUESTS TO UNITED
16          vs.                   AIRLINES, INC.**

17  United Air Lines, Inc.,       -DATE:
                                   TIME:
18              Defendant.         CTRM:
                                   JUDGE:
19  _____

20

21       COMES NOW, Defendant United Air Lines, Inc., by and through its attorneys, Jaffe

22  Raitt Heuer & Weiss, P.C., and responds to Plaintiff All Nippon Airways Company, Ltd.'s

23  Second Set of Documents Requests as follows:

24

25

26

27

28
                                   UAL's Responses to 2nd Set of Document Requests

1480976.02

### DOCUMENT REQUESTS

**REQUEST NO. 1:**

True and correct copies of all documents concerning the Ramp Tower G Ramp Controller position at SFO in effect on October 7, 2003 regarding (i) communications with aircraft; (ii) clearances and instructions for pushback and taxi; (iii) traffic advisories and safety alerts; (iv) maintaining separation of aircraft in the vicinity of Terminal G; (v) ensuring that no collisions occur between aircraft; (vi) organizing and expediting the flow of traffic; (vii) paying attention to all aircraft and not focusing on one area to the exclusion of another; (viii) clearing potential conflicts between aircraft prior to or during taxi; (ix) clearing potential conflicts between aircraft prior to or during pushback; and (x) conflict resolution.

**RESPONSE:**

Objection: Overly broad and unduly burdensome. Subject to, and without waiving, these objections, United has produced the Ramp Service Driving Rules as bates numbers UAL 000355 - UAL 000371, and the Maintenance Manual Handling document as bates numbers UAL 000303 - UAL 000354. Also, United will produce a copy of the flight manual and flight operations manual to Plaintiff.

**REQUEST NO. 2:**

True and correct copies of the training materials and records for Edward Loh, including, but not limited to, all documents regarding the training of Edward Loh for his position as Ramp Tower G Ramp Controller at SFO in effect on or before October 7, 2003.

**RESPONSE:**

Objection: Vague, overly broad, unduly burdensome, compound, and duplicative of prior document requests, including, but not limited to, plaintiff's request for Edward Loh's personnel and training records in its First Set of Document Requests. Additionally, the phrase "in effect" is

objectionably confusing and vague. And, to the extent this document request seeks documents contained in personnel files, it seeks private information protected under California law, which cannot be produced without permission of the individual whose files are being requested. This request is also objectionable to the extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992).

Subject to, and without waiving, these objections, United has produced the non-personal/non-medical portions of Edward Loh's personnel file as confidential bates range documents UAL 000372 - UAL 000480.

**REQUEST NO. 3:**

True and correct copies of all documents reflecting the training of Edward Loh for his position as Ramp Tower G Ramp Controller at SFO received on or before October 7, 2003 from (i) UAL; (ii) the Federal Aviation Authority; and (iii) San Francisco Terminal Equipment Co.

**RESPONSE:**

Objection: Vague, overly broad, unduly burdensome, compound, and duplicative of prior document requests, including, but not limited to, plaintiff's request for Edward Loh's personnel and training records in its First Set of Document Requests. Additionally, this document request plainly seeks documentation from sources that are not within United's influence and/or control. And, to the extent this document request seeks documents contained in personnel files, it seeks private information protected under California law, which cannot be produced without permission of the individual whose files are being requested. This request is also objectionable to the extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992).

UAL's Responses to 2nd Set of Document Requests

1480976 02

1    Subject to, and without waiving, these objections, United has produced the non-

2    personal/non-medical portions of Edward Loh's personnel file as confidential bates range

3    documents UAL 000372 - UAL 000480.

4    **REQUEST NO. 4:**

5    True and correct copies of the training materials and records for John Rediger, including,

6    but not limited to, all documents concerning (i) clearing potential conflicts with other aircraft

7    prior to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during

8    pushback; (iii) conflict resolution; (iv) wing growth; (v) taxiing; and (vi) determination of Pilot

9

10   Flying.

11   **RESPONSE:**

12   Objection: Vague, overly broad, unduly burdensome, compound, and duplicative of prior

13   document requests, including, but not limited to, plaintiff's request for John Rediger's personnel

14   and training records in its First Set of Document Requests. And, to the extent this document

15   request seeks documents contained in personnel files, it seeks private information protected

16   under California law, which cannot be produced without permission of the individual whose files

17   are being requested. This request is also objectionable to the extent that it seeks information

18   protected by the "self-critical analysis" privilege. *See Dowling v. American Hawaii Cruises,*

19   *Inc*, 971 F.2d 423, 425-26 (9th Cir. 1992).

20

21   Subject to, and without waiving, these objections, United has produced the non-

22   personal/non-medical portions of John Rediger's personnel file as confidential bates range

23   documents UAL 000119 - UAL 000215.

24

25

26

27

28
                                        4

1480976 02

**REQUEST NO. 5:**

True and correct copies of the training materials and records for Scott M. Russell, including, but not limited to, all documents concerning (i) clearing potential conflicts with other aircraft prior to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during pushback; (iii) conflict resolution; (iv) wing growth; (v) taxiing; and (vi) determination of Pilot Flying.

**RESPONSE:**

Objection: Vague, overly broad, unduly burdensome, compound, and duplicative of prior document requests, including, but not limited to, plaintiff's request for Scott M. Russell's personnel and training records in its First Set of Document Requests. And, to the extent this document request seeks documents contained in personnel files, it seeks private information protected under California law, which cannot be produced without permission of the individual whose files are being requested. This request is also objectionable to the extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992).

Subject to, and without waiving, these objections, United has produced the non-personal/non-medical portions of Scott M. Russell's personnel file as confidential bates range documents UAL 000001 - UAL 000118.

**REQUEST NO. 6:**

True and correct copies of the training materials and records for Brad Powell, including, but not limited to, all documents concerning (i) clearing potential conflicts with other aircraft prior to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during

1480976.02

1   pushback; (iii) conflict resolution; (iv) wing growth; (v) taxiing; and (vi) determination of Pilot

2   Flying.

3   **RESPONSE:**

4       Objection: Vague, overly broad, unduly burdensome, compound, and duplicative of prior

5   document requests, including, but not limited to, plaintiff's request for Brad Powell's personnel

6   and training records in its First Set of Document Requests. And, to the extent this document

7   request seeks documents contained in personnel files, it seeks private information protected

8   under California law, which cannot be produced without permission of the individual whose files

9   are being requested. This request is also objectionable to the extent that it seeks information

10  protected by the "self-critical analysis" privilege. *See Dowling v. American Hawaii Cruises,*

11  *Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992).

12      Subject to, and without waiving, these objections, United has produced the non-

13  personal/non-medical portions of Bradley Powell's personnel file as confidential bates range

14  documents UAL 000216 - UAL 000302.

15  **REQUEST NO. 7:**

16      True and correct copies of the training materials and records for Julio Hernandez,

17  including, but not limited to, all documents concerning (i) pushback procedures; (ii)

18  responsibility for safe dispatch and clearance; (iii) determination of number and position of wing

19  walkers during pushback; (iv) maintaining safety clearance for aircraft movement; (v) stopping

20  pushback when there is a question about clearance; (vi) clearing potential conflicts with other

21  aircraft prior to or during pushback; (vii) conflict resolution; and (viii) wing growth.

1480976.02

**RESPONSE:**

Objection: Vague, overly broad, unduly burdensome, compound, and duplicative of prior document requests, including, but not limited to, plaintiff's request for Julio Hernandez's personnel and training records in its First Set of Document Requests. And, to the extent this document request seeks documents contained in personnel files, it seeks private information protected under California law, which cannot be produced without permission of the individual whose files are being requested. This request is also objectionable to the extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992).

Subject to, and without waiving, these objections, United has produced the non-personal/non-medical portions of Julio Hernandez's personnel file as confidential bates range documents UAL 000481 - UAL 000547.

**REQUEST NO. 8:**

True and correct copies of any and all documents reflecting UAL's policies, procedures, and operations in effect on October 7, 2003 concerning (i) clearing potential conflicts with other aircraft prior to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during pushback; (iii) conflict resolution; (iv) wing growth; (v) taxiing; (vi) determination of Pilot Flying; (vii) determination of number and position of wing walkers during pushback; and (viii) Ramp Tower G Ramp Controller procedures prior to, during, and after issuance of clearance to push, clearance to taxi, and clearance to Spot 10 instructions.

**RESPONSE:**

Objection: Overly broad and unduly burdensome. Subject to, and without waiving, these objections, United has produced the Ramp Service Driving Rules as bates numbers UAL 000355

1480976.02

- UAL 000371, and the Maintenance Manual Handling document as bates numbers UAL 000303 - UAL 000354. Also, United will produce a copy of the flight manual and flight operations manual to Plaintiff.

**REQUEST NO. 9:**

True and correct copies of any and all documents reflecting UAL's policies, procedures, and operations currently in effect concerning (i) clearing potential conflicts with other aircraft prior to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during pushback; (iii) conflict resolution; (iv) wing growth; (v) taxiing; (vi) determination of Pilot Flying; (vii) determination of number and position of wing walkers during pushback; and (viii) Ramp Tower G Ramp Controller procedures prior to, during, and after issuance of clearance to push, clearance to taxi, and clearance to Spot 10 instructions.

**RESPONSE:**

Objection: Overly broad and unduly burdensome. Subject to, and without waiving, these objections, United has produced the Ramp Service Driving Rules as bates numbers UAL 000355 - UAL 000371, and the Maintenance Manual Handling document as bates numbers UAL 000303 - UAL 000354. Also, United will produce a copy of the flight manual and flight operations manual to Plaintiff.

**REQUEST NO. 10:**

True and correct copies of any and all documents reflecting changes in UAL's policies, procedures, and operations after October 7, 2003 concerning (i) clearing potential conflicts with other aircraft prior to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during pushback; (iii) conflict resolution; (iv) wing growth; (v) taxiing; (vi) determination of Pilot Flying; (vii) determination of number and position of wing walkers during pushback; and

8

1480976 02

(viii) Ramp Tower G Ramp Controller procedures prior to, during, and after issuance of clearance to push, clearance to taxi, and clearance to Spot 10 instructions.

**RESPONSE:**

Objection: Vague, overly broad, unduly burdensome, compound, and duplicative of prior document requests. Additionally, this document request potentially seeks materials privileged under the attorney-client privilege and/or work-product doctrine. This request is also objectionable to the extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v American Hawaii Cruises, Inc*, 971 F.2d 423, 425-26 (9th Cir. 1992).

Subject to, and without waiving, these objections, United has not located any documents responsive to this Request.

**REQUEST NO. 11:**

A true and correct copy of the UAL operations manual in effect on October 7, 2003 and applicable to the UAL aircraft involved in the Accident.

**RESPONSE:**

Objection:  Overly broad, unduly burdensome, and duplicative of prior document requests.  Subject to, and without waiving, these objections, United will produce a copy of the flight operations manual to Plaintiff.

**REQUEST NO. 12:**

A true and correct copy of the current UAL operations manual applicable to its B777 aircraft.

9
UAL's Responses to 2nd Set of Document Requests

1480976 02

**RESPONSE:**

Objection: Overly broad, unduly burdensome, and duplicative of prior document requests. Subject to, and without waiving, these objections, United will produce a copy of the flight operations manual to Plaintiff.

**REQUEST NO. 13:**

True and correct copies of any and all documents reflecting changes in the UAL operations manual applicable to ground operations of its B777 aircraft after October 7, 2003.

**RESPONSE:**

Objection: Vague, overly broad, unduly burdensome, and duplicative of prior document requests. Additionally, this document request potentially seeks materials privileged under the attorney-client privilege and/or work-product doctrine. This request is also objectionable to the extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v. American Hawaii Cruises, Inc*, 971 F.2d 423, 425-26 (9th Cir. 1992).

Subject to, and without waiving, these objections, United has not located any documents responsive to this Request.

**REQUEST NO. 14:**

True and correct copies of any and all documents which UAL and/or its flight crew was required to have on board Flight UA809 at the time of the Accident.

**RESPONSE:**

Objection: Vague, overly broad and unduly burdensome. Subject to, and without waiving, these objections, United has produced the Ramp Service Driving Rules as bates numbers UAL 000355 - UAL 000371, and the Maintenance Manual Handling document as bates

UAL's Responses to 2nd Set of Document Requests

1480976 02

1    numbers UAL 000303 - UAL 000354. Also, United will produce a copy of the flight manual

2    and flight operations manual to Plaintiff.

3    **REQUEST NO. 15:**

4         True and correct copies of any and all documents regarding pushback and taxi operations

5    of UAL B777 aircraft into and out of SFO in effect at the time of the Accident.

6    **RESPONSE:**

7         Objection: Vague, overly broad, unduly burdensome, and duplicative of prior document

8    requests. Additionally, this document request potentially seeks materials privileged under the

9    attorney-client privilege and/or work-product doctrine. This request is also objectionable to the

10   extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v.*

11   *American Hawaii Cruises, Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992). Subject to, and without

12   waiving, these objections, United has produced the Ramp Service Driving Rules as bates

13   numbers UAL 000355 - UAL 000371, and the Maintenance Manual Handling document as bates

14   numbers UAL 000303 - UAL 000354. Also, United will produce a copy of the flight manual

15   and flight operations manual to Plaintiff.

16

17

18   **REQUEST NO. 16:**

19        True and correct copies of any and all documents regarding pushback and taxi operations

20   of UAL B777 aircraft into and out of SFO in effect at the present time.

21   **RESPONSE:**

22        Objection: Vague, overly broad, unduly burdensome, and duplicative of prior document

23   requests. Additionally, this document request potentially seeks materials privileged under the

24   attorney-client privilege and/or work-product doctrine. This request is also objectionable to the

25   extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v*

26

27

28

11

UAL's Responses to 2nd Set of Document Requests

1480976.02

*American Hawaii Cruises, Inc*, 971 F.2d 423, 425-26 (9th Cir. 1992). Subject to, and without

waiving, these objections, United has produced the Ramp Service Driving Rules as bates

numbers UAL 000355 - UAL 000371, and the Maintenance Manual Handling document as bates

numbers UAL 000303 - UAL 000354. Also, United will produce a copy of the flight manual

and flight operations manual to Plaintiff.

**REQUEST NO. 17:**

True and correct copies of any and all documents reflecting changes in pushback and taxi

operations of UAL B777 aircraft after October 7, 2003.

**RESPONSE:**

Objection: Vague, overly broad, unduly burdensome, and duplicative of prior document

requests. Additionally, this document request potentially seeks materials privileged under the

attorney-client privilege and/or work-product doctrine. This request is also objectionable to the

extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v.*

*American Hawaii Cruises, Inc*, 971 F.2d 423, 425-26 (9th Cir. 1992).

Subject to, and without waiving, these objections, United has not located any documents

responsive to this Request.

**REQUEST NO. 18:**

True and correct copies of all documents reflecting UAL's policies, procedures, and

operations in effect on October 7, 2003 concerning (i) pushback procedures; (ii) responsibility

for safe dispatch and clearance; (iii) determination of number and position of wing walkers

during pushback; (iv) maintaining safety clearance for aircraft movement; (v) stopping pushback

when there is a question about clearance; (vi) clearing potential conflicts with other aircraft prior

to or during pushback; (vii) conflict resolution; and (viii) wing growth.

**RESPONSE:**

Objection: Vague, overly broad, unduly burdensome, compound, and duplicative of prior document requests. Additionally, this document request potentially seeks materials privileged under the attorney-client privilege and/or work-product doctrine. This request is also objectionable to the extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v American Hawaii Cruises, Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992). Subject to, and without waiving, these objections, United has produced the Ramp Service Driving Rules as bates numbers UAL 000355 - UAL 000371, and the Maintenance Manual Handling document as bates numbers UAL 000303 - UAL 000354. Also, United will produce a copy of the flight manual and flight operations manual to Plaintiff.

**REQUEST NO. 19:**

True and correct copies of all documents reflecting UAL's policies, procedures, and operations currently in effect concerning (i) pushback procedures; (ii) responsibility for safe dispatch and clearance; (iii) determination of number and position of wing walkers during pushback; (iv) maintaining safety clearance for aircraft movement; (v) stopping pushback when there is a question about clearance; (vi) clearing potential conflicts with other aircraft prior to or during pushback; (vii) conflict resolution; and (viii) wing growth.

**RESPONSE:**

Objection: Vague, overly broad, unduly burdensome, compound, and duplicative of prior document requests. Additionally, this document request potentially seeks materials privileged under the attorney-client privilege and/or work-product doctrine. This request is also objectionable to the extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v American Hawaii Cruises, Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992).

UAL's Responses to 2nd Set of Document Requests

1480976.02

1    Subject to, and without waiving, these objections, United has produced the Ramp Service

2    Driving Rules as bates numbers UAL 000355 - UAL 000371, and the Maintenance Manual

3    Handling document as bates numbers UAL 000303 - UAL 000354. Also, United will produce a

4    copy of the flight manual and flight operations manual to Plaintiff.

5    **REQUEST NO. 20:**

6        True and correct copies of all documents reflecting changes in UAL's policies,

7    procedures, and operations after October 7, 2003 concerning (i) pushback procedures; (ii)

8
9    responsibility for safe dispatch and clearance; (iii) determination of number and position of wing

10   walkers during pushback; (iv) maintaining safety clearance for aircraft movement; (v) stopping

11   pushback when there is a question about clearance; (vi) clearing potential conflicts with other

12   aircraft prior to or during pushback; (vii) conflict resolution; and (viii) wing growth

13   **RESPONSE:**

14       Objection: Vague, overly broad, unduly burdensome, compound, and duplicative of prior

15   document requests. Additionally, this document request potentially seeks materials privileged

16
17   under the attorney-client privilege and/or work-product doctrine. This request is also

18   objectionable to the extent that it seeks information protected by the "self-critical analysis"

19   privilege. *See Dowling v. American Hawaii Cruises, Inc*, 971 F.2d 424, 425-26 (9th Cir. 1992).

20       Subject to, and without waiving, these objections, United has not located any documents

21   responsive to this Request.

22   **REQUEST NO. 21:**

23
24       True and correct copies of all documents reflecting the results and/or records of all

25   checks and tests conducted on Julio Hernandez for fitness for duty at the time of the Accident.

26
27
28

1480976 02

1    **RESPONSE:**

2        Objection: Vague, overly broad, unduly burdensome, and duplicative of prior document

3    requests, including, but not limited to, plaintiff's request for Julio Hernandez's personnel and

4    training records in its First Set of Document Requests. And, to the extent this document request

5    seeks documents contained in personnel files, it seeks private information protected under

6    California law, which cannot be produced without permission of the individual whose files are

7    being requested.

8

9        Subject to, and without waiving, these objections, United has produced the non-

10    personal/non-medical portions of Julio Hernandez's personnel file as confidential bates range

11    documents UAL 000481 - UAL 000547.

12    **REQUEST NO. 22:**

13        True and correct copies of all documents reflecting procedures and policies concerning

14    the Ramp Tower G Ramp Controller position at SFO in effect on October 7, 2003.

15    **RESPONSE:**

16        Objection: Vague, overly broad, unduly burdensome, and duplicative of prior document

17    requests. Additionally, this document request potentially seeks materials privileged under the

18    requests. Additionally, this document request potentially seeks materials privileged under the

19    attorney-client privilege and/or work-product doctrine. This request is also objectionable to the

20    extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v.*

21    *American Hawaii Cruises, Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992).

22        Subject to, and without waiving, these objections, United has not located any documents

23    responsive to this Request.

24

25

26

27

28

15
UAL's Responses to 2nd Set of Document Requests

1480976.02

1    **RESPONSE:**

2        Objection: Vague, overly broad, unduly burdensome, and duplicative of prior document

3    requests, including, but not limited to, plaintiff's request for Julio Hernandez's personnel and

4    training records in its First Set of Document Requests. And, to the extent this document request

5    seeks documents contained in personnel files, it seeks private information protected under

6    California law, which cannot be produced without permission of the individual whose files are

7    being requested.

8        Subject to, and without waiving, these objections, United has produced the non-

9

10    personal/non-medical portions of Julio Hernandez's personnel file as confidential bates range

11    documents UAL 000481 - UAL 000547.

12    **REQUEST NO. 22:**

13        True and correct copies of all documents reflecting procedures and policies concerning

14    the Ramp Tower G Ramp Controller position at SFO in effect on October 7, 2003.

15    **RESPONSE:**

16        Objection: Vague, overly broad, unduly burdensome, and duplicative of prior document

17    requests. Additionally, this document request potentially seeks materials privileged under the

18    attorney-client privilege and/or work-product doctrine. This request is also objectionable to the

19    extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v.*

20    *American Hawaii Cruises, Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992).

21        Subject to, and without waiving, these objections, United has not located any documents

22    responsive to this Request.

23

24

25

26

27

28

1480976.02

**REQUEST NO. 23:**

True and correct copies of all documents reflecting procedures and policies concerning the Ramp Tower G Ramp Controller position at SFO currently in effect.

**RESPONSE:**

Objection: Vague, overly broad, unduly burdensome, and duplicative of prior document requests. Additionally, this document request potentially seeks materials privileged under the attorney-client privilege and/or work-product doctrine. This request is also objectionable to the extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v. American Hawaii Cruises, Inc*, 971 F.2d 423, 425-26 (9th Cir. 1992)

Subject to, and without waiving, these objections, United has not located any documents responsive to this Request.

**REQUEST NO. 24:**

True and correct copies of all documents reflecting changes to procedures and policies concerning the Ramp Tower G Ramp Controller position at SFO from October 7, 2003 to present.

**RESPONSE:**

Objection: Vague, overly broad, unduly burdensome, and duplicative of prior document requests. Additionally, this document request potentially seeks materials privileged under the attorney-client privilege and/or work-product doctrine. This request is also objectionable to the extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992).

Subject to, and without waiving, these objections, United has not located any documents responsive to this Request.

1480976 02

**REQUEST NO. 25:**

True and correct copies of all documents reflecting procedures and policies concerning the operation of Ramp Tower G at SFO in effect on October 7, 2003.

**RESPONSE:**

Objection: Vague, overly broad, unduly burdensome, and duplicative of prior document requests. Additionally, this document request potentially seeks materials privileged under the attorney-client privilege and/or work-product doctrine. This request is also objectionable to the extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992).

Subject to, and without waiving, these objections, United has not located any documents responsive to this Request.

**REQUEST NO. 26:**

True and correct copies of all documents reflecting procedures and policies concerning the operation of Ramp Tower G at SFO in effect on October 7, 2003.

**RESPONSE:**

Objection: Vague, overly broad, unduly burdensome, and duplicative of prior document requests. Additionally, this document request potentially seeks materials privileged under the attorney-client privilege and/or work-product doctrine. This request is also objectionable to the extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992).

Subject to, and without waiving, these objections, United has not located any documents responsive to this Request.

17

UAL's Responses to 2nd Set of Document Requests

1480976.02

**REQUEST NO. 27:**

True and correct copies of all documents reflecting changes to procedures and policies concerning the operation of Ramp Tower G at SFO from October 7, 2003 to present.

**RESPONSE:**

Objection: Vague, overly broad, unduly burdensome, and duplicative of prior document requests. Additionally, this document request potentially seeks materials privileged under the attorney-client privilege and/or work-product doctrine. This request is also objectionable to the extent that it seeks information protected by the "self-critical analysis" privilege. *See Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 425-26 (9th Cir. 1992).

Subject to, and without waiving, these objections, United has not located any documents responsive to this Request.

**REQUEST NO. 28:**

True and correct copies of all Jeppesen charts applicable to ground operations of UAL B777 aircraft at SFO in effect on the date of the Accident.

**RESPONSE:**

Objection: Vague, overly broad, and unduly burdensome.

Subject to, and without waiving, these objections, United states that these documents are covered under Copyright protection as stated in the United Airlines Flight Manual.

**REQUEST NO. 29:**

True and correct copies of all Jeppesen charts applicable to ground operations of UAL B777 aircraft at SFO in effect at present.

**RESPONSE:**

Objection: Vague, overly broad, and unduly burdensome.

UAL's Responses to 2nd Set of Document Requests

1480976.02

1    Subject to, and without waiving, these objections, United states that these documents are

2  covered under Copyright protection as stated in the United Airlines Flight Manual.

3  **REQUEST NO. 30:**

4    True and correct copies of all dispatch documents for Flight UA809 on October 7, 2003,

5  including but not limited to (i) flight plan; and (ii) assigned altitude.

6  **RESPONSE:**

7    Objection: Vague, overly broad, compound, and unduly burdensome.

8

9    Subject to, and without waiving, these objections, United has not located any documents

10  responsive to this Request.

11  **REQUEST NO. 31:**

12    Attach true and correct copies of any and all documents reflecting the requested and/or

13  assigned routing for Flight UA809 on October 7, 2003

14

15  **RESPONSE:**

16    Objection: Vague, overly broad, compound, and unduly burdensome.

17    Subject to, and without waiving, these objections, United has not located any documents

18  responsive to this Request.

19

20

21

22

23

24

25

26

27

28

UAL's Responses to 2nd Set of Document Requests

1480976 02

Respectfully submitted,

JAFFE, RAITT, HEUER & WEISS, P.C.

By: _Scott Torpey_ / PN

Scott R. Torpey (P36179)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
(248) 351-3000

And

WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:    (714) 285-9600
Fax:          714-285-9700
Attorneys for Defendant United Air Lines, Inc.

Dated: January 16, 2008

## CERTIFICATE OF SERVICE

Phyllis L. Nelson certifies that she is an employee of Jaffe, Raitt, Heuer & Weiss, P.C. and that on January 16, 2008 she caused to be served Responses to All Nippoin Airways Company, Ltd's Second Set of Document Requests to United Airlines, Inc. on the person(s) listed below by placing said document(s) in a sealed envelope (if applicable), properly addressed, and forwarding same by the method(s) indicated.

*By Email and First Class Mail*
Marshall S. Turner
Condon & Forsyth LLP
7 Times Square
New York, NY 10036

*By Email and First Class Mail*
Jeffrey A. Worthe
Worthe, Hanson & Worthe
1851 E. First St., Ste.900
Santa Ana, CA 92705

*By Email and First Class Mail*
Frank A. Silane
Roderick D. Margo
Scott D. Cunningham
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA 90067-6010

Dated: January 16, 2008

_Phyllis Nelson_
Phyllis L. Nelson

20
UAL's Responses to 2nd Set of Document Requests

1480976 02