# EXHIBIT F

1  Scott D. Cunningham (State Bar No.: 200413)
   CONDON & FORSYTH LLP
2  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
3  Telephone: (310) 557-2030
   Facsimile: (310) 557-1299
4  Email: scunningham@condonlaw.com

5     -and-

6  Marshall S. Turner (*pro hac vice*)
   CONDON & FORSYTH LLP
7  7 Times Square
   New York, NY 10036
8  Telephone: (212) 490-9100
   Facsimile: (212) 370-4453
9  Email: mturner@condonlaw.com

10  Attorneys for Plaintiff and Counter-Defendant
    ALL NIPPON AIRWAYS COMPANY, LTD.

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14  ALL NIPPON AIRWAYS COMPANY, )    Case No.: C07-03422 EDL
    LTD.,                       )
15            Plaintiff,         )   **SECOND AMENDED**
                                 )   **NOTICE OF DEPOSITION OF**
16       vs.                     )   **SCOTT M. RUSSELL**
                                 )
17  UNITED AIR LINES, INC.,      )
                                 )
18            Defendant.          )
                                 )
19  _____ )

20  AND RELATED COUNTERCLAIM

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS

22  ACTION:

23       YOU ARE HEREBY NOTIFIED THAT pursuant to Federal Rule of Civil

24  Procedure 30, All Nippon Airways Company, Ltd. ("ANA"), by its attorneys

25  Condon & Forsyth LLP, will take the deposition of Scott M. Russell at Combs

26  Reporting, Inc., 595 Market Street, Suite 620, San Francisco, California 94105, on

27  January 23, 2008, commencing at 9:30 a.m.

28       ANA may record the testimony by videotape, in addition to recording the

1  testimony by stenographic method.  ANA reserves the right to use the videotaped
2  deposition of Scott M. Russell at trial.

3      PLEASE TAKE FURTHER NOTICE that the witness shall bring with him
4  to the deposition and produce no later than 9:00 a.m. on the day of the deposition
5  all original documents identified in Schedule "A" attached to this notice.

7  Dated: December 28, 2007          CONDON & FORSYTH LLP

9  By: _____

10     MARSHALL S. TURNER (*pro hac vice*)
11     SCOTT D. CUNNINGHAM

12     Attorneys for Plaintiff and Counter-Defendant
13     ALL NIPPON AIRWAYS COMPANY, LTD.

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-2-

SECOND AMENDED NOTICE OF DEPOSITION OF
SCOTT M. RUSSELL

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

## SCHEDULE "A"

The term "DOCUMENTS" as used herein means writings of every kind and character including correspondence, transcripts, summaries, notes, letters, memoranda, opinions, reports, tabulations, statements, photographs, drawings, charts, graphs, models, information stored in or generated by computer programs, bulletins, books, schedules, compilations, lists, worksheets, records of any communications, conversations or conferences, telegrams, appointment books, calendars, diaries, audio or video tape recordings, manuals, ledgers and journals. It is requested that all such documents be brought with the deponent, whether or not the deponent or any party will claim that any such document is protected from discovery by the attorney/client privilege or work product rule. The use of the term "DOCUMENTS" includes the original of such writings and any copies which bear notations or information in addition to that contained in the original. A DOCUMENT is deemed to be in custody or control of the witness if such witness has a right to secure the DOCUMENT or a copy thereof from any person or any public or private entity having actual physical possession thereof.

## DOCUMENTS TO BE PRODUCED

1.    The entire contents of the deponent's file concerning the subject accident which took place on October 7, 2003 at San Francisco International Airport.

2.    Any and all DOCUMENTS regarding the subject flight and accident and the investigation thereof.

3.    The deponent's personnel records, including but not limited to DOCUMENTS pertaining to any aircraft accident or incident involving the deponent and any disciplinary action against the deponent.

4.    The deponent's licenses, certificates, and other DOCUMENTS related to the deponent's operation of aircraft or aircraft components.

5.    The deponent's training materials and records, including but not limited to DOCUMENTS concerning (i) clearing potential conflicts with other aircraft prior

to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during pushback; (iii) conflict resolution; (iv) wing growth; (v) aircraft taxiing; and (vi) determination of Pilot Flying.

6.    Any and all DOCUMENTS reflecting UAL's policies, procedures, and operations in effect on October 7, 2003 concerning (i) clearing potential conflicts with other aircraft prior to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during pushback; (iii) conflict resolution; (iv) wing growth; (v) aircraft taxiing; and (vi) determination of Pilot Flying.

7.    Any and all DOCUMENTS reflecting UAL's policies, procedures, and operations currently in effect concerning (i) clearing potential conflicts with other aircraft prior to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during pushback; (iii) conflict resolution; (iv) wing growth; (v) aircraft taxiing; and (vi) determination of Pilot Flying.

8.    A complete copy of the UAL operations manual in effect on October 7, 2003 and applicable to the UAL aircraft involved in the collision between ANA Flight NH007 and UAL Flight UA809 at San Francisco International Airport ("SFO") on October 7, 2003 (the "Accident").

9.    A complete copy of the current UAL operations manual applicable to its B777 aircraft at the present time.

10.    Any and all DOCUMENTS which UAL and/or its flight crew was required to have on board Flight UA809 at the time of the Accident.

11.    Any and all DOCUMENTS regarding pushback and taxi operations of UAL B777 aircraft into and out of SFO in effect at the time of the Accident.

12.    Any and all DOCUMENTS regarding pushback and taxi operations of UAL B777 aircraft into and out of SFO in effect at the present time.

13.    Any and all DOCUMENTS reflecting the requested and/or assigned routing for Flight UA809 on October 7, 2003.

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    14.    A complete copy of all Jeppesen charts applicable to ground operations

2 of UAL B777 aircraft at SFO in effect at the time of the Accident.

3    15.    A complete copy of all Jeppesen charts applicable to ground operations

4 of UAL B777 aircraft at SFO in effect at present.

5    16.    A complete copy of all charts applicable to ground operations of Flight

6 UA809 at SFO in effect at the time of the Accident.

7    17.    Any and all DOCUMENTS reflecting dispatch for Flight UA809 on

8 October 7, 2003, including but not limited to (i) flight plan; and (ii) assigned altitude.

9    18.    Any and all DOCUMENTS reflecting procedures used during the

10 pushback operation of Flight UA809 on October 7, 2003.

11    19.    Any and all DOCUMENTS reflecting changes in procedures used

12 during pushback operations of UAL B777 aircraft after October 7, 2003.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-5010
Telephone: (310) 557-2030

-5-

1

## CERTIFICATE OF SERVICE

2   The undersigned certifies that a copy of the foregoing **PLAINTIFF ALL**

3   **NIPPON AIRWAYS SECOND AMENDED NOTICE OF DEPOSITION OF**

4   **SCOTT M. RUSSELL** was mailed this 28th day of December, 2007, to:

| | |
|---|---|
| 5  Scott R. Torpey, Esq.<br>Jaffe, Raitt, Heuer & Weiss<br>6  2777 Franklin Road, Suite 2500<br>Southfield, MI 48034-8214<br>7  Phone: (248) 727-1461<br>Fax: (248) 351-3082<br>8 | Attorneys for defendant |
| 9  Jeffrey A. Worthe, Esq.<br>Worthe, Hanson & Worthe<br>The Xerox Centre<br>10  1851 East First Street, Ninth Floor<br>Santa Ana, CA 92705<br>11 | Attorneys for defendant |

12   in a properly addressed wrapper in an official depository under the exclusive care

13   and custody of the United States Post Office Department within the State of New

14   York.

15

16   **HEATHER L. JACKSON**

17

18   Sworn to before me this

19   28th day of December, 2007

20

21   Notary Public

22

23   Timothy H Eskridge
     Notary Public State of N.Y.
24   02ES6121835
     Qualified in New York County
     Commission Expires January 31 2009
25

26

27

28

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-6-

SECOND AMENDED NOTICE OF DEPOSITION OF
SCOTT M. RUSSELL

1  Scott D. Cunningham (State Bar No.: 200413)
   CONDON & FORSYTH LLP
2  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
3  Telephone: (310) 557-2030
   Facsimile:  (310) 557-1299
4  Email: scunningham@condonlaw.com

5     -and-

6  Marshall S. Turner (*pro hac vice*)
   CONDON & FORSYTH LLP
7  7 Times Square
   New York, NY 10036
8  Telephone: (212) 490-9100
   Facsimile: (212) 370-4453
9  Email: mturner@condonlaw.com

10 Attorneys for Plaintiff and Counter-Defendant
   ALL NIPPON AIRWAYS COMPANY, LTD.

11

12                UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14 ALL NIPPON AIRWAYS COMPANY, )   Case No.: C07-03422 EDL
   LTD.,                       )
15            Plaintiff,       )   **SECOND AMENDED**
                               )   **NOTICE OF DEPOSITION OF**
16       vs.                   )   **JOHN REDIGER**
                               )
17 UNITED AIR LINES, INC.,     )
                               )
18            Defendant.       )
                               )
19 _____)
20 AND RELATED COUNTERCLAIM

21 TO  ALL  PARTIES  AND  THEIR  ATTORNEYS  OF  RECORD  IN  THIS

22 ACTION:

23      YOU ARE HEREBY NOTIFIED THAT pursuant to Federal Rule of Civil

24 Procedure 30, All Nippon Airways Company, Ltd. ("ANA"), by its attorneys

25 Condon & Forsyth LLP, will take the deposition of John Rediger at Combs

26 Reporting, Inc., 595 Market Street, Suite 620, San Francisco, California 94105, on

27 January 24, 2008, commencing at 9:30 a.m.

28      ANA may record the testimony by videotape, in addition to recording the

_____
SECOND AMENDED NOTICE OF DEPOSITION OF
JOHN REDIGER
CASE NO.: C07-3422 EDL

1    testimony by stenographic method.  ANA reserves the right to use the videotaped

2    deposition of John Rediger at trial.

3        PLEASE TAKE FURTHER NOTICE that the witness shall bring with him

4    to the deposition and produce no later than 9:00 a.m. on the day of the deposition

5    all original documents identified in Schedule "A" attached to this notice.

6

7    Dated: December 28, 2007        CONDON & FORSYTH LLP

8

9                                    By: _____

10                                   MARSHALL S. TURNER (*pro hac vice*)

11                                   SCOTT D. CUNNINGHAM

12

13                                   Attorneys for Plaintiff and Counter-Defendant
                                     ALL NIPPON AIRWAYS COMPANY, LTD.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-2-

## SCHEDULE "A"

The term "DOCUMENTS" as used herein means writings of every kind and character including correspondence, transcripts, summaries, notes, letters, memoranda, opinions, reports, tabulations, statements, photographs, drawings, charts, graphs, models, information stored in or generated by computer programs, bulletins, books, schedules, compilations, lists, worksheets, records of any communications, conversations or conferences, telegrams, appointment books, calendars, diaries, audio or video tape recordings, manuals, ledgers and journals. It is requested that all such documents be brought with the deponent, whether or not the deponent or any party will claim that any such document is protected from discovery by the attorney/client privilege or work product rule. The use of the term "DOCUMENTS" includes the original of such writings and any copies which bear notations or information in addition to that contained in the original. A DOCUMENT is deemed to be in custody or control of the witness if such witness has a right to secure the DOCUMENT or a copy thereof from any person or any public or private entity having actual physical possession thereof.

## DOCUMENTS TO BE PRODUCED

1. The entire contents of the deponent's file concerning the subject accident which took place on October 7, 2003 at San Francisco International Airport.

2. Any and all DOCUMENTS regarding the subject flight and accident and the investigation thereof.

3. The deponent's personnel records, including but not limited to DOCUMENTS pertaining to any aircraft accident or incident involving the deponent and any disciplinary action against the deponent.

4. The deponent's licenses, certificates, and other DOCUMENTS related to the deponent's operation of aircraft or aircraft components.

5. The deponent's training materials and records, including but not limited to DOCUMENTS concerning (i) clearing potential conflicts with other aircraft prior

SECOND AMENDED NOTICE OF DEPOSITION OF
JOHN REDIGER

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during

2   pushback; (iii) conflict resolution; (iv) wing growth; (v) aircraft taxiing; and (vi)

3   determination of Pilot Flying.

4        6.    Any and all DOCUMENTS reflecting UAL's policies, procedures, and

5   operations in effect on October 7, 2003 concerning (i) clearing potential conflicts

6   with other aircraft prior to or during taxi; (ii) clearing potential conflicts with other

7   aircraft prior to or during pushback; (iii) conflict resolution; (iv) wing growth; (v)

8   aircraft taxiing; and (vi) determination of Pilot Flying.

9        7.    Any and all DOCUMENTS reflecting UAL's policies, procedures, and

10   operations currently in effect concerning (i) clearing potential conflicts with other

11   aircraft prior to or during taxi; (ii) clearing potential conflicts with other aircraft prior

12   to or during pushback; (iii) conflict resolution; (iv) wing growth; (v) aircraft taxiing;

13   and (vi) determination of Pilot Flying.

14        8.    A complete copy of the UAL operations manual in effect on October 7,

15   2003 and applicable to the UAL aircraft involved in the collision between ANA

16   Flight NH007 and UAL Flight UA809 at San Francisco International Airport

17   ("SFO") on October 7, 2003 (the "Accident").

18        9.    A complete copy of the current UAL operations manual applicable to its

19   B777 aircraft at the present time.

20        10.    Any and all DOCUMENTS which UAL and/or its flight crew was

21   required to have on board Flight UA809 at the time of the Accident.

22        11.    Any and all DOCUMENTS regarding pushback and taxi operations of

23   UAL B777 aircraft into and out of SFO in effect at the time of the Accident.

24        12.    Any and all DOCUMENTS regarding pushback and taxi operations of

25   UAL B777 aircraft into and out of SFO in effect at the present time.

26        13.    Any and all DOCUMENTS reflecting the requested and/or assigned

27   routing for Flight UA809 on October 7, 2003.

28

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-4-

14.     A complete copy of all Jeppesen charts applicable to ground operations of UAL B777 aircraft at SFO in effect at the time of the Accident.

15.     A complete copy of all Jeppesen charts applicable to ground operations of UAL B777 aircraft at SFO in effect at present.

16.     A complete copy of all charts applicable to ground operations of Flight UA809 at SFO in effect at the time of the Accident.

17.     Any and all DOCUMENTS reflecting dispatch for Flight UA809 on October 7, 2003, including but not limited to (i) flight plan; and (ii) assigned altitude.

18.     Any and all DOCUMENTS reflecting procedures used during the pushback operation of Flight UA809 on October 7, 2003.

19.     Any and all DOCUMENTS reflecting changes in procedures used during pushback operations of UAL B777 aircraft after October 7, 2003.

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-5-

SECOND AMENDED NOTICE OF DEPOSITION OF
JOHN REDIGER

1

## CERTIFICATE OF SERVICE

2      The undersigned certifies that a copy of the foregoing **PLAINTIFF ALL**

3  **NIPPON AIRWAYS SECOND AMENDED NOTICE OF DEPOSITION OF**

4  **JOHN REDIGER** was mailed this 28th day of December, 2007, to:

| | |
|---|---|
| Scott R. Torpey, Esq.<br>Jaffe, Raitt, Heuer & Weiss<br>2777 Franklin Road, Suite 2500<br>Southfield, MI 48034-8214<br>Phone:  (248) 727-1461<br>Fax:  (248) 351-3082 | Attorneys for defendant |
| Jeffrey A. Worthe, Esq.<br>Worthe, Hanson & Worthe<br>The Xerox Centre<br>1851 East First Street, Ninth Floor<br>Santa Ana, CA 92705 | Attorneys for defendant |

12  in a properly addressed wrapper in an official depository under the exclusive care

13  and custody of the United States Post Office Department within the State of New

14  York.

15

16  **HEATHER L. JACKSON**

17

18  Sworn to before me this

19  28th day of December, 2007

20

21      Notary Public

22

23  Timothy H Eskridge
    Notary Public State of N.Y.
    02ES6121835
24  Qualified in New York County
    Commission Expires January 31 2009

25

26

27

28

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-6-

1   Scott D. Cunningham (State Bar No.: 200413)
    CONDON & FORSYTH LLP
2   1901 Avenue of the Stars, Suite 850
    Los Angeles, California 90067-6010
3   Telephone: (310) 557-2030
    Facsimile: (310) 557-1299
4   Email: scunningham@condonlaw.com

5   -and-

6   Marshall S. Turner (*pro hac vice*)
    CONDON & FORSYTH LLP
7   7 Times Square
    New York, NY 10036
8   Telephone: (212) 490-9100
    Facsimile: (212) 370-4453
9   Email: mturner@condonlaw.com

10  Attorneys for Plaintiff and Counter-Defendant
    ALL NIPPON AIRWAYS COMPANY, LTD.

11

12                  UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14  ALL NIPPON AIRWAYS COMPANY, )   Case No.: C07-03422 EDL
    LTD.,                        )
15              Plaintiff,       )   **SECOND AMENDED**
                                 )   **NOTICE OF DEPOSITION OF**
16       vs.                     )   **BRAD POWELL**
                                 )
17  UNITED AIR LINES, INC.,      )
                                 )
18              Defendant.       )
                                 )
19  _____)

20  AND RELATED COUNTERCLAIM

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS

22  ACTION:

23       YOU ARE HEREBY NOTIFIED THAT pursuant to Federal Rule of Civil

24  Procedure 30, All Nippon Airways Company, Ltd. ("ANA"), by its attorneys

25  Condon & Forsyth LLP, will take the deposition of Brad Powell at Combs

26  Reporting, Inc., 595 Market Street, Suite 620, San Francisco, California 94105, on

27  January 25, 2008, commencing at 9:30 a.m.

28       ANA may record the testimony by videotape, in addition to recording the

1  testimony by stenographic method.  ANA reserves the right to use the videotaped

2  deposition of Brad Powell at trial.

3      PLEASE TAKE FURTHER NOTICE that the witness shall bring with him

4  to the deposition and produce no later than 9:00 a.m. on the day of the deposition

5  all original documents identified in Schedule "A" attached to this notice.

6

7  Dated: December 28, 2007          CONDON & FORSYTH LLP

8

9                                    By: _____

10                                   MARSHALL S. TURNER (*pro hac vice*)

11                                   SCOTT D. CUNNINGHAM

12                                   Attorneys for Plaintiff and Counter-Defendant

13                                   ALL NIPPON AIRWAYS COMPANY, LTD.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED NOTICE OF DEPOSITION OF
BRAD POWELL

## SCHEDULE "A"

The term "DOCUMENTS" as used herein means writings of every kind and character including correspondence, transcripts, summaries, notes, letters, memoranda, opinions, reports, tabulations, statements, photographs, drawings, charts, graphs, models, information stored in or generated by computer programs, bulletins, books, schedules, compilations, lists, worksheets, records of any communications, conversations or conferences, telegrams, appointment books, calendars, diaries, audio or video tape recordings, manuals, ledgers and journals. It is requested that all such documents be brought with the deponent, whether or not the deponent or any party will claim that any such document is protected from discovery by the attorney/client privilege or work product rule. The use of the term "DOCUMENTS" includes the original of such writings and any copies which bear notations or information in addition to that contained in the original. A DOCUMENT is deemed to be in custody or control of the witness if such witness has a right to secure the DOCUMENT or a copy thereof from any person or any public or private entity having actual physical possession thereof.

## DOCUMENTS TO BE PRODUCED

1. The entire contents of the deponent's file concerning the subject accident which took place on October 7, 2003 at San Francisco International Airport.

2. Any and all DOCUMENTS regarding the subject flight and accident and the investigation thereof.

3. The deponent's personnel records, including but not limited to DOCUMENTS pertaining to any aircraft accident or incident involving the deponent and any disciplinary action against the deponent.

4. The deponent's licenses, certificates, and other DOCUMENTS related to the deponent's operation of aircraft or aircraft components.

5. The deponent's training materials and records, including but not limited to DOCUMENTS concerning (i) clearing potential conflicts with other aircraft prior

-3-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    to or during taxi; (ii) clearing potential conflicts with other aircraft prior to or during

2    pushback; (iii) conflict resolution; (iv) wing growth; (v) aircraft taxiing; and (vi)

3    determination of Pilot Flying.

4        6.    Any and all DOCUMENTS reflecting UAL's policies, procedures, and

5    operations in effect on October 7, 2003 concerning (i) clearing potential conflicts

6    with other aircraft prior to or during taxi; (ii) clearing potential conflicts with other

7    aircraft prior to or during pushback; (iii) conflict resolution; (iv) wing growth; (v)

8    aircraft taxiing; and (vi) determination of Pilot Flying.

9        7.    Any and all DOCUMENTS reflecting UAL's policies, procedures, and

10   operations currently in effect concerning (i) clearing potential conflicts with other

11   aircraft prior to or during taxi; (ii) clearing potential conflicts with other aircraft prior

12   to or during pushback; (iii) conflict resolution; (iv) wing growth; (v) aircraft taxiing;

13   and (vi) determination of Pilot Flying.

14       8.    A complete copy of the UAL operations manual in effect on October 7,

15   2003 and applicable to the UAL aircraft involved in the collision between ANA

16   Flight NH007 and UAL Flight UA809 at San Francisco International Airport

17   ("SFO") on October 7, 2003 (the "Accident").

18       9.    A complete copy of the current UAL operations manual applicable to its

19   B777 aircraft at the present time.

20       10.   Any and all DOCUMENTS which UAL and/or its flight crew was

21   required to have on board Flight UA809 at the time of the Accident.

22       11.   Any and all DOCUMENTS regarding pushback and taxi operations of

23   UAL B777 aircraft into and out of SFO in effect at the time of the Accident.

24       12.   Any and all DOCUMENTS regarding pushback and taxi operations of

25   UAL B777 aircraft into and out of SFO in effect at the present time.

26       13.   Any and all DOCUMENTS reflecting the requested and/or assigned

27   routing for Flight UA809 on October 7, 2003.

28

-4-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1         14.    A complete copy of all Jeppesen charts applicable to ground operations

2 of UAL B777 aircraft at SFO in effect at the time of the Accident.

3         15.    A complete copy of all Jeppesen charts applicable to ground operations

4 of UAL B777 aircraft at SFO in effect at present.

5         16.    A complete copy of all charts applicable to ground operations of Flight

6 UA809 at SFO in effect at the time of the Accident.

7         17.    Any and all DOCUMENTS reflecting dispatch for Flight UA809 on

8 October 7, 2003, including but not limited to (i) flight plan; and (ii) assigned altitude.

9         18.    Any and all DOCUMENTS reflecting procedures used during the

10 pushback operation of Flight UA809 on October 7, 2003.

11         19.    Any and all DOCUMENTS reflecting changes in procedures used

12 during pushback operations of UAL B777 aircraft after October 7, 2003.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

SECOND AMENDED NOTICE OF DEPOSITION OF
BRAD POWELL
CASE NO. : C07-3422 EDL

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing **PLAINTIFF ALL NIPPON AIRWAYS SECOND AMENDED NOTICE OF DEPOSITION OF BRAD POWELL** was mailed this 28th day of December, 2007, to:

| | |
|---|---|
| Scott R. Torpey, Esq.<br>Jaffe, Raitt, Heuer & Weiss<br>2777 Franklin Road, Suite 2500<br>Southfield, MI 48034-8214<br>Phone: (248) 727-1461<br>Fax: (248) 351-3082 | Attorneys for defendant |
| Jeffrey A. Worthe, Esq.<br>Worthe, Hanson & Worthe<br>The Xerox Centre<br>1851 East First Street, Ninth Floor<br>Santa Ana, CA 92705 | Attorneys for defendant |

in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_Heather L. Jackson_

**HEATHER L. JACKSON**

Sworn to before me this

28th day of December, 2007

_signature_

Notary Public

Timothy H Eskridge
Notary Public State of N.Y.
02ES6121835
Qualified in New York County
Commission Expires January 31 2009

1901 Avenue of the Stars, Suite 550
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  Scott D. Cunningham (State Bar No.: 200413)
   CONDON & FORSYTH LLP
2  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
3  Telephone: (310) 557-2030
   Facsimile:  (310) 557-1299
4  Email: scunningham@condonlaw.com

5      -and-

6  Marshall S. Turner (*pro hac vice*)
   CONDON & FORSYTH LLP
7  7 Times Square
   New York, NY 10036
8  Telephone: (212) 490-9100
   Facsimile: (212) 370-4453
9  Email: mturner@condonlaw.com

10  Attorneys for Plaintiff and Counter-Defendant
    ALL NIPPON AIRWAYS COMPANY, LTD.
11

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14  ALL NIPPON AIRWAYS COMPANY,)   Case No.: C07-03422 EDL
    LTD.,                      )
15             Plaintiff,      )   **THIRD AMENDED**
                               )   **NOTICE OF DEPOSITION OF**
16        vs.                  )   **EDWARD LOH**
                               )
17  UNITED AIR LINES, INC.,    )
                               )
18             Defendant.      )
                               )
19  _____)

20  AND RELATED COUNTERCLAIM

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS

22  ACTION:

23      YOU ARE HEREBY NOTIFIED THAT pursuant to Federal Rule of Civil

24  Procedure 30, All Nippon Airways Company, Ltd. ("ANA"), by its attorneys

25  Condon & Forsyth LLP, will take the deposition of Edward Loh at Combs

26  Reporting, Inc., 595 Market Street, Suite 620, San Francisco, California 94105, on

27  January 18, 2008, commencing at 9:30 a.m.

28      ANA may record the testimony by videotape, in addition to recording the

1  testimony by stenographic method.  ANA reserves the right to use the videotaped

2  deposition of Edward Loh at trial.

3      PLEASE TAKE FURTHER NOTICE that the witness shall bring with him

4  to the deposition and produce no later than 9:00 a.m. on the day of the deposition

5  all original documents identified in Schedule "A" attached to this notice.

6

7  Dated: December 28, 2007        CONDON & FORSYTH LLP

8

9                      By: _____

10                          MARSHALL S. TURNER (*pro hac vice*)
                            SCOTT D. CUNNINGHAM

11
                            Attorneys for Plaintiff and Counter-Defendant
12                          ALL NIPPON AIRWAYS COMPANY, LTD.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD AMENDED NOTICE OF DEPOSITION OF
EDWARD LOH

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Los Angeles, California 90067-6010
Telephone: (310) 557-26.0

## SCHEDULE "A"

The term "DOCUMENTS" as used herein means writings of every kind and character including correspondence, transcripts, summaries, notes, letters, memoranda, opinions, reports, tabulations, statements, photographs, drawings, charts, graphs, models, information stored in or generated by computer programs, bulletins, books, schedules, compilations, lists, worksheets, records of any communications, conversations or conferences, telegrams, appointment books, calendars, diaries, audio or video tape recordings, manuals, ledgers and journals. It is requested that all such documents be brought with the deponent, whether or not the deponent or any party will claim that any such document is protected from discovery by the attorney/client privilege or work product rule. The use of the term "DOCUMENTS" includes the original of such writings and any copies which bear notations or information in addition to that contained in the original. A DOCUMENT is deemed to be in custody or control of the witness if such witness has a right to secure the DOCUMENT or a copy thereof from any person or any public or private entity having actual physical possession thereof.

## DOCUMENTS TO BE PRODUCED

1.    The entire contents of the deponent's file concerning the subject accident which took place on October 7, 2003 at San Francisco International Airport (the "Accident").

2.    Any and all DOCUMENTS regarding the Accident and the investigation thereof.

3.    The deponent's personnel records, including but not limited to DOCUMENTS pertaining to any accident or incident involving the deponent and any disciplinary action against the deponent.

4.    Any and all DOCUMENTS regarding training materials and records for the deponent, including but not limited to those DOCUMENTS regarding the training of deponent for his position as Ramp Tower G Ramp Controller at San

-3-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    Francisco International Airport ("SFO") in effect on or before October 7, 2003.

2        5.    Any and all DOCUMENTS concerning the deponent's position as

3    Ramp Tower G Ramp Controller at SFO in effect on October 7, 2003 regarding (i)

4    communications with aircraft; (ii) clearances and instructions for pushback and taxi;

5    (iii) traffic advisories and safety alerts; (iv) maintaining separation of aircraft in the

6    vicinity of Terminal G; (v) ensuring that no collisions occur between aircraft; (vi)

7    organizing and expediting the flow of traffic; (vii) paying attention to all aircraft and

8    not focusing on one area to the exclusion of another; (viii) clearing potential conflicts

9    between aircraft prior to or during taxi; (ix) clearing potential conflicts between

10    aircraft prior to or during pushback; and (x) conflict resolution.

11        6.    Any and all DOCUMENTS concerning the deponent's position as

12    Ramp Tower G Ramp Controller at SFO currently in effect regarding (i)

13    communications with aircraft; (ii) clearances and instructions for pushback and taxi;

14    (iii) traffic advisories and safety alerts; (iv) maintaining separation of aircraft in the

15    vicinity of Terminal G; (v) ensuring that no collisions occur between aircraft; (vi)

16    organizing and expediting the flow of traffic; (vii) paying attention to all aircraft and

17    not focusing on one area to the exclusion of another; (viii) clearing potential conflicts

18    between aircraft prior to or during taxi; (ix) clearing potential conflicts between

19    aircraft prior to or during pushback; and (x) conflict resolution.

20        7.    Any and all materials and records concerning the training of deponent

21    for his position as Ramp Tower G Ramp Controller at SFO received on or before

22    October 7, 2003 from (i) UAL; (ii) the Federal Aviation Authority ("FAA"); and (iii)

23    San Francisco Terminal Equipment Co. ("SFOTEC").

24        8.    Any and all DOCUMENTS concerning the certification of the

25    deponent, including but not limited to those DOCUMENTS regarding the deponent's

26    position as Ramp Tower G Ramp Controller at SFO.

27        9.    A complete copy of all procedures and policies concerning the

28

-4-

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    deponent's position as Ramp Tower G Ramp Controller at SFO in effect on October

2    7, 2003.

3        10.    A complete copy of all changes to procedures and policies concerning

4    deponent's position as Ramp Tower G Ramp Controller at SFO from October 7,

5    2003 to present.

6        11.    A complete copy of all procedures and policies concerning the operation

7    of Ramp Tower G at SFO in effect on October 7, 2003, including but not limited to

8    documents concerning (i) clearing potential conflicts between aircraft prior to or

9    during taxi; (ii) clearing potential conflicts between aircraft prior to or during

10    pushback; (iii) conflict resolution; (iv) taxiing; and (v) procedures prior to, during,

11    and after issuance of clearance to push, clearance to taxi, and clearance to Spot 10

12    instructions.

13        12.    A complete copy of all procedures and policies concerning the operation

14    of Ramp Tower G at SFO from October 7, 2003 to present, including but not limited

15    to documents concerning (i) clearing potential conflicts between aircraft prior to or

16    during taxi; (ii) clearing potential conflicts between aircraft prior to or during

17    pushback; (iii) conflict resolution; (iv) taxiing; and (v) procedures prior to, during,

18    and after issuance of clearance to push, clearance to taxi, and clearance to Spot 10

19    instructions.

20        13.    A complete copy of all changes to procedures and policies concerning

21    the operation of Ramp Tower G at SFO from October 7, 2003 to present.

22        14.    The results and/or records of the urine sample testing conducted on the

23    deponent in connection with the Accident.

24        15.    The results and/or records of all checks and tests conducted on the

25    deponent for fitness for duty at the time of the Accident.

26        16.    The results and/or records of any physical or psychological

27    examination conducted on the deponent in connection with the Accident.

28

THIRD AMENDED NOTICE OF DEPOSITION OF
EDWARD LOH

1          17.    A complete copy of the Memorandum of Understanding between

2    UAL and SFOTEC in effect on October 7, 2003.

3          18.    A complete copy of UAL's "G Tower Procedures" manual.

Los Angeles, California 90067-6010

Telephone: (310) 557-2030

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THIRD AMENDED NOTICE OF DEPOSITION OF
EDWARD LOH

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1

## CERTIFICATE OF SERVICE

2     The undersigned certifies that a copy of the foregoing **PLAINTIFF ALL**

3  **NIPPON AIRWAYS THIRD AMENDED NOTICE OF DEPOSITION OF**

4  **EDWARD LOH** was mailed this 28th day of December, 2007, to:

| | |
|---|---|
| Scott R. Torpey, Esq.<br>Jaffe, Raitt, Heuer & Weiss<br>2777 Franklin Road, Suite 2500<br>Southfield, MI 48034-8214<br>Phone:  (248) 727-1461<br>Fax:  (248) 351-3082 | Attorneys for defendant |
| Jeffrey A. Worthe, Esq.<br>Worthe, Hanson & Worthe<br>The Xerox Centre<br>1851 East First Street, Ninth Floor<br>Santa Ana, CA 92705 | Attorneys for defendant |

5

6

7

8

9

10

11

12  in a properly addressed wrapper in an official depository under the exclusive care

13  and custody of the United States Post Office Department within the State of New

14  York.

15

16                                            HEATHER L. JACKSON

17  Sworn to before me this
    28th day of December, 2007

18

19  _____
        Notary Public

20

21          Timothy H Eskridge
         Notary Public State of N.Y.
22             02ES6121835
           Qualified in New York County
         Commission Expires January 31 2009

23

24

25

26

27

28

                                    -7-

1  Scott D. Cunningham (State Bar No.: 200413)
   CONDON & FORSYTH LLP
2  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
3  Telephone: (310) 557-2030
   Facsimile: (310) 557-1299
4  Email: scunningham@condonlaw.com

5    -and-

6  Marshall S. Turner (*pro hac vice*)
   CONDON & FORSYTH LLP
7  7 Times Square
   New York, NY 10036
8  Telephone: (212) 490-9100
   Facsimile: (212) 370-4453
9  Email: mturner@condonlaw.com

10 Attorneys for Plaintiff and Counter-Defendant
   ALL NIPPON AIRWAYS COMPANY, LTD.
11

12                 UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14 ALL NIPPON AIRWAYS COMPANY,  )  Case No.: C07-03422 EDL
   LTD.,                        )
15              Plaintiff,      )  **THIRD AMENDED**
                                )  **NOTICE OF DEPOSITION OF**
16        vs.                   )  **JULIO HERNANDEZ**
                                )
17 UNITED AIR LINES, INC.,      )
                                )
18              Defendant.      )
                                )
19 _____)

20 AND RELATED COUNTERCLAIM

21 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THIS

22 ACTION:

23        YOU ARE HEREBY NOTIFIED THAT pursuant to Federal Rule of Civil

24 Procedure 30, All Nippon Airways Company, Ltd. ("ANA"), by its attorneys

25 Condon & Forsyth LLP, will take the deposition of Julio Hernandez at Combs

26 Reporting, Inc., 595 Market Street, Suite 620, San Francisco, California 94105, on

27 January 17, 2008, commencing at 9:30 a.m.

28        ANA may record the testimony by videotape, in addition to recording the

1  testimony by stenographic method.  ANA reserves the right to use the videotaped

2  deposition of Julio Hernandez at trial.

3      PLEASE TAKE FURTHER NOTICE that the witness shall bring with him

4  to the deposition and produce no later than 9:00 a.m. on the day of the deposition

5  all original documents identified in Schedule "A" attached to this notice.

6

7  Dated: December 28, 2007        CONDON & FORSYTH LLP

8

9                      By: _____

10                        MARSHALL S. TURNER (*pro hac vice*)

11                        SCOTT D. CUNNINGHAM

12

13                        Attorneys for Plaintiff and Counter-Defendant
                          ALL NIPPON AIRWAYS COMPANY, LTD.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD AMENDED NOTICE OF DEPOSITION OF

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

## SCHEDULE "A"

The term "DOCUMENTS" as used herein means writings of every kind and character including correspondence, transcripts, summaries, notes, letters, memoranda, opinions, reports, tabulations, statements, photographs, drawings, charts, graphs, models, information stored in or generated by computer programs, bulletins, books, schedules, compilations, lists, worksheets, records of any communications, conversations or conferences, telegrams, appointment books, calendars, diaries, audio or video tape recordings, manuals, ledgers and journals. It is requested that all such documents be brought with the deponent, whether or not the deponent or any party will claim that any such document is protected from discovery by the attorney/client privilege or work product rule. The use of the term "DOCUMENTS" includes the original of such writings and any copies which bear notations or information in addition to that contained in the original. A DOCUMENT is deemed to be in custody or control of the witness if such witness has a right to secure the DOCUMENT or a copy thereof from any person or any public or private entity having actual physical possession thereof.

## DOCUMENTS TO BE PRODUCED

1.    The entire contents of the deponent's file concerning the subject accident which took place on October 7, 2003 at San Francisco International Airport (hereinafter the "Accident").

2.    Any and all DOCUMENTS regarding the subject flight and accident and the investigation thereof.

3.    The deponent's training and personnel records to date, including but not limited to DOCUMENTS pertaining to any accident or incident involving the deponent and any disciplinary action against the deponent.

4.    The deponent's licenses, certificates, and other DOCUMENTS related to the deponent's operation of pushback tug/tractor.

5.    The deponent's training materials and records, including but not limited

-3-

THIRD AMENDED NOTICE OF DEPOSITION OF
JULIO HERNANDEZ

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

to DOCUMENTS concerning (i) pushback procedures; (ii) responsibility for safe dispatch and clearance; (iii) determination of number and position of wing walkers during pushback; (iv) maintaining safety clearance for aircraft movement; (v) stopping pushback when there is a question about clearance; (vi) clearing potential conflicts with other aircraft prior to or during pushback; (vii) conflict resolution; and (viii) wing growth.

6.     Any and all DOCUMENTS reflecting UAL's policies, procedures, and operations in effect on October 7, 2003 concerning (i) pushback procedures; (ii) responsibility for safe dispatch and clearance; (iii) determination of number and position of wing walkers during pushback; (iv) maintaining safety clearance for aircraft movement; (v) stopping pushback when there is a question about clearance; (vi) clearing potential conflicts with other aircraft prior to or during pushback; (vii) conflict resolution; and (viii) wing growth.

7.     Any and all DOCUMENTS reflecting UAL's policies, procedures, and operations currently in effect concerning (i) pushback procedures; (ii) responsibility for safe dispatch and clearance; (iii) determination of number and position of wing walkers during pushback; (iv) maintaining safety clearance for aircraft movement; (v) stopping pushback when there is a question about clearance; (vi) clearing potential conflicts with other aircraft prior to or during pushback; (vii) conflict resolution; and (viii) wing growth.

8.     A complete copy of the UAL operations manual in effect on October 7, 2003 and applicable to the UAL aircraft involved in the Accident.

9.     A complete copy of the current UAL operations manual applicable to its B777 aircraft.

10.     Any and all DOCUMENTS regarding pushback and taxi operations of UAL B777 aircraft into and out of SFO in effect at the time of the Accident.

11.     Any and all DOCUMENTS regarding pushback and taxi operations of

THIRD AMENDED NOTICE OF DEPOSITION OF

1   UAL B777 aircraft into and out of SFO in effect at the present time.

2       12.    Any and all DOCUMENTS reflecting changes in pushback and taxi

3   operations of UAL B777 aircraft after October 7, 2003.

4       13.    The results and/or records of all checks and tests conducted on the

5   deponent for fitness for duty at the time of the Accident.

6       14.    A complete copy of the UAL "Ramp Services Trainer Aircraft

7   Guideperson & Wingwalker Participant Guide" in effect on October 7, 2003.

8       15.    A complete copy of "United Airlines Maintenance Manual" sections

9   applicable to (i) ramp services; (ii) aircraft guidepersons; (iii) wingwalkers; (iv)

10  pushback; (v) aircraft dispatch process; (vi) tractor drivers; and (vii) marshalls.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-5-

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing **PLAINTIFF ALL NIPPON AIRWAYS THIRD AMENDED NOTICE OF DEPOSITION OF JULIO HERNANDEZ** was mailed this 28th day of December, 2007, to:

| | |
|---|---|
| Scott R. Torpey, Esq.<br>Jaffe, Raitt, Heuer & Weiss<br>2777 Franklin Road, Suite 2500<br>Southfield, MI 48034-8214<br>Phone: (248) 727-1461<br>Fax: (248) 351-3082 | Attorneys for defendant |
| Jeffrey A. Worthe, Esq.<br>Worthe, Hanson & Worthe<br>The Xerox Centre<br>1851 East First Street, Ninth Floor<br>Santa Ana, CA 92705 | Attorneys for defendant |

in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

**HEATHER L. JACKSON**

Sworn to before me this

28th day of December, 2007

Notary Public

Timothy H Eskridge
Notary Public State of N.Y.
02ES6121835
Qualified in New York County
Commission Expires January 31 2009

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6019
Telephone: (310) 557-2030

-6-

THIRD AMENDED NOTICE OF DEPOSITION OF