Scott R. Torpey (Cal. SB#153763)
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Telephone:  (248) 351-3000
Facsimile:  (248) 351-3802
Email:  storpey@jaffelaw.com

-and-

Jeffrey A. Worthe (Cal. SB# 080856)
Worthe, Hanson & Worthe
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:  (714) 285-9600
Facsimile:  (714) 285-9700
Email:  jworthe@whwlawcorp.com
Attorneys for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD. ) | Case No. C07-03422 EDL |
| ) | |
| Plaintiff, ) | **DEFENDANT UNITED AIR LINES, INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO STRIKE PLAINTIFF ALL NIPPON AIRWAYS COMPANY, LTD.'S MOTION TO COMPEL DISCOVERY OR FOR AN ORDER EXTENDING RESPONSE DATE** |
| vs ) | |
| ) | |
| ) | |
| UNITED AIR LINES, INC., ) | DATE:  N/A |
| ) | TIME:  N/A |
| Defendant. ) | CTRM:  San Francisco |
| ) | JUDGE:  Elizabeth D. Laporte |

Defendant United Air Lines, Inc., ("United") by and through its attorneys, Jaffe, Raitt, Heuer & Weiss, P.C., hereby moves this Court for an order pursuant to Civil L.R. 7-11 striking Plaintiff All Nippon Airways Company, LTD.'s ("ANA") Motion to Compel Discovery for failure to comply with the requirements of Civil L.R. 37-2. In the alternative, United requests that the Court enter an order under Civil L.R. 6-3 granting United an extension of time to file its opposition to United's Motion to Compel. In support of this Motion, United relies upon the Declaration of Scott Torpey, attached as Exhibit 1, and states the following:

1.  On February 1, 2008, ANA filed a Notice of Motion and Motion to Compel Discovery, by which it sought an order compelling United to produce additional documents responsive to ANA's First set of Document Requests to UAL, ANA's Second Set of Document Requests to UAL and ANA's Document Requests attached to Notices of Deposition (Doc. No. 58).

2.  ANA contends in its Motion that it is entitled to an order requiring the production of additional documents responsive to 149 of the requests contained in its First and Second Sets of Document Requests to UAL and the deposition notice requests, as follows:

    a  First Set of Document Requests: Nos. 1-7, 9-11, 13-42;
    b. Second Set of Document Requests: Nos. 1-10, 12, 13, 15-21, 30;
    c  Dep. Notice, John Rediger: All 19 requests;
    d. Dep. Notice, Scott Russell: All 19 requests;
    e  Dep. Notice, Brad Powell: All 19 requests;
    f. Dep. Notice, Edward Loh: All 18 requests;
    g. Dep. Notice, Julio Hernandez: All 15 requests.

3  Civil L.R. 37-2 sets forth the requirements for a motion to compel. Under this rule, the moving party must state in the motion the entire text of each discovery request at issue, along with the complete text of the opposing party's response/objection:

> In addition to complying with the applicable provisions of Civil L.R. 7, **a motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto.** For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of FRCivP 26(b)(2) are satisfied.

Civil L.R. 37-2 (emphasis added).

4.  ANA set forth the complete text and answer/objection for only 2 of the 149 requests addressed in its motion, in clear violation of the requirements of Civil L.R. 37-2. As the language of the rule makes clear, the obligation to set out the complete text and answer/objection for each discovery request is mandatory, and ANA did not seek permission from the Court to deviate from

-2-
Case No 07-03422 EDL                    Defendant United Air Lines, Inc.'s Motion for Administrative Relief to Strike Plaintiff All
                                        Nippon Airways, Ltd's Motion to Compel Discovery or for an Order Extending Response Date
1501335 01

1  this requirement. ANA's procedurally improper motion should be stricken based upon its failure to
2  comply with Rule 37-2. This is not just a matter of form, but of substance. The requirement to set
3  out the full text of the request and response prevents the moving party from misrepresenting his
4  opponent's response, forces the movant to state the basis for its request for additional production
5  with specificity and reduces the burden on the Court and the opposing party by placing all of the
6  matters at issue in one document. ANA has unduly burdened both United and this Court by seeking
7  to compel additional responses to 149 requests contained in eight different sets of discovery. Its
8  failure to comply with the requirements of Civil L.R. 37-2 has added to that burden.

9       5.    Civil L.R. 7-11 provides an avenue for a party to seek relief "with respect to
10 miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local
11 rule or standing order of the assigned judge." Motions falling under this rule include "matters such
12 as motions to exceed otherwise applicable page limitations or motion to file documents under seal,
13 for example." Civil L.R. 7-11. There is no federal rule or statute, local rule, or standing order of
14 this Court providing a mechanism for striking a procedurally improper motion to compel.
15 Therefore, United's motion falls within the parameters of Civil L.R. 7-11 and is properly brought
16 under this provision.

17      6.    Based upon ANA's failure to comply with the requirements of Civil L.R. 37-2,
18 United respectfully requests that the Court enter an order pursuant to Civil L.R. 7-11 striking ANA's
19 Motion to Compel from the docket. Entry of such an order will not only foster observance of the
20 local rules, but will also give the parties additional time to narrow the issues. In this regard, as to the
21 items ANA raised in the January 23 and 24, 2008 meet and confer, the process was working until
22 ANA short-circuited it by filing its Motion to Compel, as is shown by the January 30, 2008 letter of
23 Scott D. Cunningham, co-counsel for ANA, attached as Exhibit I to the Declaration of Marshall S.
24 Turner in Support of Motion of All Nippon Airways Company, Ltd. to Compel Discovery.
25 (Declaration of Scott Torpey, ¶ 3; Doc. No. 58-11.) As indicated in the letter, following the meet
26 and confer, United agreed to produce additional materials related to the Standard Ground Handling
27 Agreement, employment files, the urine sample for Edward Loh, and a flight plan for the subject
28

flight. (Declaration of Scott Torpey, ¶ 3). ANA inexplicably filed its Motion to Compel only two days after United received the letter from Mr. Cunningham memorializing the parties' agreement. (Declaration of Scott Torpey, ¶ 3).

6. Furthermore, ANA did not raise the vast majority of the requests addressed in its Motion to Compel in the meet and confer process. Thus, in addition to failing to comply with Civil L.R. 37-2, ANA has failed to satisfy the meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and Civil L.R. 1-5(n) and 37-1. The parties may well have worked out additional issues if ANA had not rushed into Court with its Motion to Compel. The meet and confer process should be continued so that the issues can be discussed and further narrowed without the necessity for Court intervention (Declaration of Scott Torpey, ¶ 3)

7. In the alternative, if the Court is not inclined to strike ANA's Motion, United requests that the Court enter an order pursuant to Civil L.R. 6-3 granting ANA an additional fourteen days, or, until March 4, 2008, to file its opposition to the Motion. ANA has filed an extremely burdensome motion involving 149 document requests. It has compounded that burden by failing to comply with the requirements of Civil L.R. 37-2 and by failing to satisfy its meet and confer obligation. In order to compile the necessary information to adequately respond and draft its opposition papers, United will need additional time, as explained in the attached Declaration of Scott Torpey, ¶ 4. Considering ANA's violation of the rules, fairness dictates that United be granted an extension

WHEREFORE, United respectfully requests that this Court enter an order striking ANA's Motion to Compel (see proposed order attached as Exhibit 2) or, alternatively, that the Court grant ANA an additional fourteen days, or until March 4, 2008, to file its opposition to the Motion.

s/Scott R. Torpey
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone: (248) 351-3000
E-mail:storpey@jaffelaw.com
SB#153763

-4-

Case No. 07-03422 EDL    Defendant United Air Lines, Inc. s Motion for Administrative Relief to Strike Plaintiff All Nippon Airways, Ltd s Motion to Compel Discovery or for an Order Extending Response Date

1501335 01

Jaffe, Raitt, Heuer & Weiss, P.C.
Scott R. Torpey Cal. SB#153763
storpey@jaffelaw.com
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone:  248.351.3000
Fax:        248.351.3082

And
WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:  (714) 285-9600
Fax:        714-285-9700
Attorneys for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD., <br><br> Plaintiff/Counter Defendant, <br><br> vs. <br><br> UNITED AIR LINES, INC., <br><br> Defendant/Counter-Plaintiff. | **Case No. 07-03422 EDL** <br><br> **DEFENDANT UNITED AIR LINES, INC.'S (UAL) CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2008 I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Jeffrey A. Worthe
Worthe, Hanson & Worthe
1851 E. First St., Ste. 900
Santa Ana, CA 92705

Frank A. Silane
Roderick D. Margo
Scott d. Cunningham
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA 90067-6010

-1-

Case No. 07-03422 EDL

1496692.01

Defendant United Air Lines, Inc.'s Motion For Administrative Relief To Strike Plaintiff All Nippon Airways Company, Ltd.'s Motion To Compel Discovery Or For An Order Extending Response Date

Marshall S. Turner
Condon & Forsythe LLP
7 times Square
New York, NY 10036


Dated: February 12, 2008

                                            s/Scott R. Torpey
                                            Jaffe, Raitt, Heuer & Weiss
                                            27777 Franklin Road, Suite 2500
                                            Southfield, Michigan 48034-8214
                                            Phone: (248) 351-3000
                                            E-mail: storpey@jaffelaw.com
                                            Bar No: (P36179)

-2-

Case No 07-03422 EDL

1496692.01

Defendant United Air Lines, Inc.'s Motion For Administrative Relief To Strike Plaintiff All Nippon Airways Company Ltd's Motion To Compel Discovery Or For An Order Extending Response Date