1  Scott D. Cunningham (State Bar No.: 200413)
   CONDON & FORSYTH LLP
2  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
3  Telephone: (310) 557-2030
   Facsimile:  (310) 557-1299
4  Email: scunningham@condonlaw.com

5     -and-

6  Marshall S. Turner (*pro hac vice*)
   CONDON & FORSYTH LLP
7  7 Times Square
   New York, NY 10036
8  Telephone: (212) 490-9100
   Facsimile: (212) 370-4453
9  Email: mturner@condonlaw.com

10 Attorneys for Plaintiff and Counter-Defendant
   ALL NIPPON AIRWAYS COMPANY, LTD.
11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14 ALL  NIPPON  AIRWAYS  COMPANY,)   Case No. C07-03422 EDL
   LTD.,                        )
15              Plaintiff,       )   **ALL NIPPON AIRWAYS**
                                )   **COMPANY'S OPPOSITION TO**
16      vs.                      )   **UAL'S RENEWED MOTION TO**
                                )   **COMPEL DISCOVERY AND FOR**
17 UNITED AIR LINES, INC.,       )   **ADDITIONAL TIME TO DEPOSE**
                                )   **WITNESSES; DECLARATION OF**
18              Defendant.       )   **MARSHALL S. TURNER**
                                )
19 _____ )   **Hearing Date: March 11, 2008**
                                )   **Hearing Time: 9:00 a.m.**
20                              )   **Hearing Place: Courtroom of Hon.**
   AND RELATED COUNTER-CLAIM     )   **Elizabeth D. Laporte**
21 _____ )

22      Plaintiff and Counter-Defendant, ALL NIPPON AIRWAYS COMPANY,

23 LTD. (hereinafter referred to as "ANA"), by and through its attorneys, Condon &

24 Forsyth LLP, hereby submits its opposition to United Air Lines, Inc.'s Renewed

25 Motion to Compel Discovery and For Additional Time to Depose Witnesses (Doc.

26 No. 51) as follows:

27 //

28

1

# **TABLE OF CONTENTS**

2  INTRODUCTION..............................................................................................2

3  MOTION .......................................................................................................2

4  SUMMARY OF ARGUMENT ...........................................................................3

5  ARGUMENT ..................................................................................................5

6          A.     Location Of Deposition...............................................5

7          B.     Documents Requested In UAL's Deposition Notices ...........7

8

9          C.     ANA's CVR Requested In UAL's First Request to
                  Produce ................................................................12

10

11         D.     Additional Time To Depose ANA Flight Crew.................17

12         E.     Costs....................................................................21

13  CONCLUSION ..............................................................................21

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-i-

1

## TABLE OF AUTHORITIES

2  Federal Statutes

3  Federal Rule of Civil Procedure 30............................................................. 17, 19, 20

4  Federal Rule of Civil Procedure 37.......................................................................37

5  49 U.S.C. § 1114 ......................................................................... 12, 13, 14

6  49 U.S.C. § 1154 ............................................................... 4, 5, 12, 13, 14, 17

7  Other Authorities

8  S. Rep. No. 101-450, at 6 .............................................................................13

9  H. Rep. No. 101-641, at 4 ...........................................................................13

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-ii-

1

## STATEMENT OF ISSUES TO BE DECIDED

2

3  I.     WHETHER THIS COURT SHOULD COMPEL ANA TO PRODUCE

4         ADDITIONAL DOCUMENTS IN RESPONSE TO UAL'S REQUESTS

5         FOR PRODUCTION

6

7         ANA ANSWERS "NO"

8

9  II.    DOES GOOD CAUSE EXIST TO ALLOW UAL ADDITIONAL TIME TO

10        RETAKE THE DEPOSITIONS OF ANA'S FLIGHT CREW

11

12        ANA ANSWERS "NO"

13

14 III.   IS UNITED ENTITLED TO AN AWARD OF COSTS AND FEES

15        PURSUANT TO FED. R. CIV. P. 37

16

17        ANA ANSWERS "NO"

18

19 IV.    IS ANA ENTITLED TO AN AWARD OF COSTS AND FEES IN

20        OPPOSING THIS MOTION PURSUANT TO FED. R. CIV. P. 37(a)(5)(B)

21        and (C)

22

23        ANA ANSWERS "YES"

24

25

26

27

28

-iii-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

## I.    **INTRODUCTION**

This action arises out of an accident involving ANA Flight NH007 and UAL Flight UA809 at San Francisco International Airport ("SFO") on October 7, 2003 ("the Accident").  A collision occurred between the two aircraft while ANA Flight NH007 was taxiing under its own power along the centerline of Taxiway A.  During the taxi, Flight NH007's right wing collided with the right wing of UAL Flight UA809, which had been pushed back from its gate so that its wing intruded into the path of Flight NH007.

## II.    **THE MOTION**

UAL originally filed its Motion to Compel Discovery and for Additional Time to Depose Witnesses on December 21, 2007.  (Doc. No. 45).  On January 22, 2008, this Court denied such motion, finding that it was unclear whether UAL had complied with meet and confer requirements and ordering UAL to meet and confer with ANA about the issues in the motion before re-filing the motion.  (Doc. No. 49).  UAL's only attempt at meet and confer had consisted of leaving a voice message with ANA the same afternoon they filed their motion to compel.

UAL and ANA conducted face-to-face meetings for the purpose of meet and confer concerning discovery issues on January 23 and 24, 2008.  At these meetings, the outstanding discovery claimed by both parties was discussed.  On January 30, 2008, ANA sent UAL a letter following up on the meet and confer and requesting production of the documents which UAL had promised to produce during the meetings.  Turner Decl., Exhibit Z.  On February 1, 2008 and February 8, 2008, ANA produced thousands of pages of documents and offered to produce additional documents if at UAL's request further to the issues discussed at the meet and confer.  Turner Decl., Exhibits R and S.

In spite of ANA's additional productions and offer of further production, UAL provided no follow up on its requests made during the meetings.  More

_//_

-2-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  importantly, UAL has not produced a single piece of paper requested by ANA and
2  promised by UAL at the meetings to date.  On January 30, 2008, UAL filed its
3  Renewed Motion to Compel Discovery and for Additional Time to Depose
4  Witnesses despite continued failure to participate in the meet and confer process.
5  (Doc. No. 51).  In spite of UAL's total inaction, ANA sent several letters following
6  up on the meetings, produced many documents, and offered to "reconstruct
7  sections of the Operating Manual and B777 Airplane Operating Manual in effect
8  on the day of the Accident that you reasonably believe to be relevant to this
9  matter." Turner Decl., Exhibits R, S, and Z.  If UAL were to expend a fraction of
10 the energy put into UAL's relentless motion practice into addressing the discovery
11 issues most of the disputed issues would likely have been resolved by now without
12 such waste of resources.

13         The following will demonstrate that UAL's arguments in its motion are
14 without merit and that this motion should be denied in its entirety.

### III.  **SUMMARY OF ARGUMENT**

16         ANA will address each argument as it is presented in UAL's motion.

### A. Location Of Taking Of The Deposition Of ANA's Flight Crew

18         UAL erroneously contends that ANA requested the depositions of its flight
19 crew be conducted in Los Angeles and that ANA subsequently changed the
20 location of the depositions to San Francisco on November 19, 2007, only eight
21 days before the depositions.  (Doc. No. 51, p. 3, fn. 2).  The facts are that UAL
22 originally noticed the depositions for San Francisco.  *See* UAL's Notice of Taking
23 Video Depositions, Exhibit A to Declaration of Marshall S. Turner ("Turner
24 Decl.").  Subsequently, UAL's counsel unilaterally re-noticed the deposition for
25 Los Angeles and stated he would "have no problem with taking the depositions in
26 San Francisco if that is more convenient." *See* UAL's Amended Notice of Taking
27 Video Depositions, Exhibit B to Turner Decl. and Torpey letter of September 12,
28 //

-3-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

2007, Exhibit O to Turner Decl.  On November 7, 2007, almost 3 weeks before the depositions, ANA's counsel confirmed that the depositions would take place in San Francisco.  *See* Turner letter of November 7, 2007, Exhibit P to Turner Decl.  On November 19, 2007, ANA again reconfirmed the depositions would take place in San Francisco.  *See* exchange of emails between Turner and Torpey of November 19, 2007, Exhibit Q to Turner Decl.

It is ludicrous for UAL to complain about and request to be recompensed for fees and expenses of depositions where ANA, at considerable expense and inconvenience to ANA and its employees, agreed to produce and did produce its flight crew in the forum, rather than in Japan where the witnesses reside and are employed.  UAL's argument is factually wrong and legally groundless.  The issue raised in UAL's motion regarding the location of the depositions of ANA's flight crew should be totally disregarded by the Court.

**B.  Documents Requested In UAL's Amended Deposition Notices**

UAL's argument that ANA's pilot witnesses failed to produce the documents requested in amended deposition notices is baseless.  Requesting the production of ANA Operations Manual, publications required to be on board, and routing documents for the first time four business days before the commencement of the depositions of ANA's pilots who were flying from Japan to San Francisco for their depositions was unjustified.  Nonetheless the witnesses, with the assistance of ANA's legal department, managed to produce virtually all relevant documents.  Relevant pages from the Operations Manual and relevant charts from the Routing manual were also produced.  *See* Turner Decl., Exhibit I, 53:17-54:13.

**C.  ANA's Cockpit Voice Recorder**

UAL's request to ANA to produce its Cockpit Voice Recorder ("CVR") is prohibited by 49 U.S.C. § 1154 which specifically protects CVR's from discovery.  The only portion of the CVR not in the possession of UAL is the internal

//                                                          -4-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1 | discussion of the pilots within the cockpit. UAL has failed to demonstrate that it
2 | cannot receive a fair trial in the absence of ANA's CVR as required by 49 U.S.C. §
3 | 1154. Moreover, in view of the fact that UAL has failed to preserve the CVR from
4 | its own airplane, UAL should not be permitted to gain an advantage over ANA by
5 | virtue of its own destruction of this potential evidence.

### D. Additional Time To Depose ANA Flight Crew

While UAL claims it needs additional time to complete the depositions of ANA's flight crew and blames this on the need for an interpreter, evasive answers, and obstructive counsel, a simple review of transcripts of the depositions makes it clear that UAL's counsel elected to terminate two of the depositions long before the allotted time was used and he wasted much of the available deposition time with the third witness by continuously repeating poorly crafted questions and arguing with the third witness.

### IV.    ARGUMENT

### A. Location of Deposition

UAL makes the specious claim at the beginning of its motion that ANA requested that depositions be held in its counsel's Los Angeles office. (Doc. No. 51, p. 2, ll. 15-16). UAL further claims, erroneously, that ANA unilaterally changed the location of the ANA depositions from Los Angeles to San Francisco eight days before the depositions were to commence on November 19, 2007. (Doc. No. 51, p. 3, fn. 2). ANA never requested that depositions be held in Los Angeles. Moreover, ANA notified UAL that the witnesses would be produced in San Francisco well before November 19, 2007.

Throughout the discussions concerning arrangement for the depositions, San Francisco was always considered as the primary location for the depositions of the ANA flight crew. UAL's letter of July 17, 2007 states, "The depositions would take place at a location in San Francisco." Turner Decl., Exhibit L.

-5-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

On July 24, 2007, UAL noticed the depositions for San Francisco. Turner Decl., Exhibit A. Thereafter, while Los Angeles was considered as a potential alternate location, ANA never requested that the deposition location be changed to Los Angeles. In its letters of August 7, 2007 and August 30, 2007, ANA indicated that it expected to be able to produce the witnesses in San Francisco <u>or</u> Los Angeles. Turner Decl., Exhibit M. In its letter of September 7, 2007, ANA again offered to produce at least two witnesses in the United States "in the same city," but did not request that such city be Los Angeles. Turner Decl., Exhibit N.

It was UAL who unilaterally decided on Los Angeles. UAL's letter of September 12, 2007 states:

> I have noticed the depositions for your Los Angeles office, but have no problem with taking the depositions in San Francisco if that is more convenient.

Turner Decl., Exhibit O.

UAL admittedly selected Los Angeles on its own, but also advised that having the depositions in San Francisco would be "no problem." *See id.*

In its letter of November 7, 2007, ANA's counsel clearly stated:

> I am writing to confirm that, pursuant to your request, all three ANA flight crew members will be available in San Francisco for depositions on November 27, 28 and 29, respectively.

Turner Decl., Exhibit P.

ANA confirmed San Francisco which had been the original noticed location and there was never an agreement to change that location throughout the discussions concerning depositions. UAL concedes that it recognized that San Francisco was confirmed in ANA's November 7, 2007 letter. In its email of November 19, 2007, UAL states, "As for your November 7 letter, I assumed you meant LA." Turner Decl., Exhibit Q. UAL understood that ANA's November 7th letter confirmed that the depositions would be held in San Francisco and

-6-

1  unilaterally decided to ignore this and "assume" that it could read ANA's mind that
2  the letter meant something other than what it plainly said.  UAL now claims it
3  should be reimbursed for the erroneous assumption of its own counsel.

4      San Francisco was the original location for the depositions of ANA's flight
5  crew in this case.  ANA indicated that San Francisco was continuously being
6  considered throughout all discussions concerning the depositions of its flight crew.
7  ANA never requested that the depositions be held in Los Angeles and any claims
8  by UAL to the contrary are fallacious.  UAL has nothing to support its argument in
9  this regard.    Accordingly, it is respectfully submitted that the Court should
10  disregard UAL's allegations with respect to this issue.

**B. Documents Requested In UAL's Deposition Notices**

12      UAL next argues that the ANA flight crew failed to produce documents that
13  UAL's deposition notices requested they bring to their depositions.  (Doc. No. 51,
14  pp. 7-11).    However, the ANA witnesses brought the documents responsive to
15  UAL's requests to their depositions and ANA has supplemented such production
16  with additional documents.

**1. Operations Manual - The Witnesses Responded To UAL's Request For "ANA Operations Manual"**

19      ANA produced documents responsive to UAL's request for ANA's
20  Operations Manual despite the fact that no request for these documents was ever
21  made upon ANA.  They were only requested in the deposition notice served a few
22  days before the depositions.  These requests were directed to the "Deponent(s)"
23  and attached to UAL's deposition notice.  Turner Decl., Exhibits D and E.  The
24  deponents were not in possession of such documents, except the ones they
25  produced, and thus, it is irrelevant whether they have waived any objection to the
26  requests.    Accordingly, ANA has not waived any objection and cannot be
27  compelled to respond to a request which has never been made upon it.

28  //                                        -7-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   Moreover, ANA has produced both its Operations Manual and Boeing 777

2   Airplane Operations Manual in multiple forms.   ANA has produced both the

3   Japanese and English versions of their Operations Manual currently in effect in

4   their entirety under Bates Nos. ANA 001647-002074 and ANA 004479-005008.

5   ANA has also produced its Boeing 777 Airplane Operations Manual currently in

6   effect in its entirety under Bates Nos. ANA 002175-004478.   Turner Decl.,

7   Exhibits R and S.  The Operations Manual in effect on the day of the Accident,

8   October 7, 2003 no longer exists.  ANA has advised UAL of the same on multiple

9   occasions and ANA has repeatedly offered to reconstruct any section of the

10  Operations Manual and Airplane Operations Manual in effect on the date of the

11  Accident that UAL reasonably believes is relevant to this matter.   Turner Decl.,

12  Exhibits R and S.  UAL has not identified a single such section.

13  UAL's request for "ANA Operations Manual" was not included in the

14  original, First Amended, or Second Amended Notice of Taking Video Depositions.

15  Turner Decl., Exhibits A, B, and C.   This request was first contained in UAL's

16  Third Amended Notice of Taking Video depositions.   Turner Decl., Exhibit D.

17  UAL sent this Notice via facsimile after regular business hours on Friday,

18  November 16, 2007.   Accordingly, ANA did not receive it until Monday,

19  November 19, 2007, which was three days before the Thanksgiving break and four

20  business days before the depositions began.   The witnesses did not see these

21  requests until the day before each of their respective depositions and they never

22  had the opportunity to obtain any Operations Manual, much less the one that was

23  in effect on October 7, 2003.   Nonetheless, through ANA's legal department,

24  relevant pages of the Operations Manual were obtained over the Thanksgiving

25  break and were provided to UAL at the commencement of the depositions.  ANA

26  notified UAL at the commencement of the first deposition on November 27, 2007

27  that:

28

-8-

ALL NIPPON AIRWAYS COMPANY'S BRIEF IN OPPOSITION
TO DEFENDANT'S RENEWED MOTION TO COMPEL
CASE NO.: C07-03422 EDL

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1
2
3

> [A] third amended notice and a fourth amended notice were both received last week.  They request some additional documents including ANA operation[s] manual in existence on the day of the accident, October 7, 2003.

4
5

> The witness has not had any opportunity to attempt to locate such a document nor does he know if there is a document in existence.  You, of course, can examine him on this.

6
7
8

> He did however obtain from ANA's legal department a section that he believes is the only conceivably relevant section which is current.  Some of it was applicable in October of '03.

9

Turner Decl., Exhibit I, 8:13-25.

10
11
12
13
14
15
16
17

The witness produced relevant documents responsive to this request at his deposition despite virtually no notice.  UAL now complains that it did not receive proprietary company documents requested for the deposition even though UAL gave the witnesses virtually no time to locate the documents.  As an excuse for his failure to provide the revised Confidentiality Order which UAL was ordered to provide by this Court's Order of November 19, 2007 (the same day ANA received UAL's deposition notice containing this additional request), at the deposition on November 27, 2007, UAL's counsel stated:

18
19

> You recall that there was a long holiday weekend, perhaps you forgot that.

20

Turner Decl., Exhibit I, 50:9-16.

21
22
23
24
25
26
27
28

Clearly ANA and the deponents had insufficient time to locate the requested document.  Furthermore, the requested document was not in the deponents' possession.  Despite these difficulties, the deponents obtained copies of sections of the ANA Operations Manual relevant to this litigation and produced them at their depositions.  However, UAL argues, "Mr. Yamaguchi confirmed at his deposition that not all 'conceivably relevant' sections were produced."  (Doc. No. 51, p. 9, l. 26-p.10, l. 1).  This is more than disingenuous.  Mr. Yamaguchi testified, "The manual says it is possible to have the copilot operate the aircraft."  Turner Decl.

//                                                    -9-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    Exhibit I, 75:23-24.    UAL asked Mr. Yamaguchi if he could show where the

2    manual says that and Mr. Yamaguchi replied, "I cannot because I do not have a

3    manual at hand."    Turner Decl., Exhibit I, 76:2-3.    However, a section of the

4    manual would not become relevant solely because it relates to a question posed by

5    UAL at deposition.    The question itself, whether it was proper for the copilot to be

6    operating the aircraft, is irrelevant to any issue in this litigation.    UAL alleges in

7    this case only that ANA negligently operated its aircraft.    Nowhere does UAL

8    allege that the pilot operating the aircraft at the time of the Accident did not have

9    the authority do so nor is such an issue relevant to any aspect of this case.

10    Moreover, no such issue was raised during the NTSB or FAA investigation into this

11    accident.

12        UAL claims to have produced "complete Manuals in response to ANA's

13    document request" and argues that ANA can not be allowed to not reciprocate.

14    (Doc. No. 51, p. 10, fn. 5).    However, UAL itself has not produced any of the

15    current versions of those manuals as requested by ANA.

16        In view of the fact that ANA had produced the relevant sections of the

17    manuals that were effective at the time of the Accident and have now produced all

18    current manuals, UAL's motion with regard to the Operations Manual should be

19    denied in its entirety.

20    **2.    The Witnesses Responded To UAL's Request For "Publications**
        **Required To Be On Board" and "Routing"**

21

22        UAL's requests for "Publications Required To Be On Board" and "Routing"

23    were also not made until UAL's Third Amended Notice For Deposition, a few

24    business days before the depositions were to begin.    Turner Decl., Exhibit D.    ANA

25    advised UAL at the commencement of the depositions:

26        Also, you asked for all publications on board the aircraft,
        required to be onboard the aircraft on October 7, 2003.    This
27        witness does not have control over those documents, and he

28    //                                            -10-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   has not had the opportunity to look for them since he didn't see
2   this notice actually until yesterday.
3   And you also asked for routing in item 7 of the third and fourth
    amended notices, his routing on the day of October 7, 2003.
4   This witness has not had the opportunity to look for them. He
    doesn't know if it still exists for the day of October 7, 2003,
5   but he does know from whom he would have obtained such
6   routing. And it was neither ANA nor United Airlines.

7   Turner Decl., Exhibit I, 9:2-14.

8        As with the request for ANA's Operations Manual, these document requests

9   were specifically directed to the "Deponent(s)" in the deposition notice.   Turner

10  Decl., Exhibit D.  Since the deponents did not have possession of such documents

11  and were given no advanced notice to attempt to locate such documents that might

12  be relevant to this case, they were unable to produce all requested documents.  The

13  witnesses all testified that the primary document that is required to be onboard the

14  aircraft is the Operations Manual, the relevant pages of which they in fact obtained

15  from ANA's legal department and produced at their depositions as discussed

16  above.  Turner Decl., Exhibit I, 35:2-4; Exhibit J, 41:12-14; and Exhibit K, 33:9-

17  12.  Furthermore, as stated above, during the "meet and confer" on January 23,

18  2008 ANA produced its Operations Manual and on February 8, 2008 provided its

19  Boeing 777 Airplane Operations Manual.

20       The only other document that UAL inquired about is the route manual which

21  Mr. Nishiguchi stated at his deposition "is from the Jeppesen chart."   *See*

22  Nishiguchi deposition 13:19-22, Turner Decl., Exhibit J.   UAL's own pilots

23  testified similarly that Jeppesen was the relevant document.   Turner Decl., Exhibit

24  AA, 37:25-38:18.  The Jeppesen chart that was in effect at SFO on the day of the

25  Accident had previously been produced by ANA and was available at the

26  depositions.  Turner Decl., Exhibit T.

27       Finally, in the Declaration of Marshall S. Turner in Support of ANA's

28  //                                                    -11-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1 | Production of Documents, Mr. Turner stated that with respect to the document
2 | requests contained in UAL's Notice of Deposition, "ANA believes it has produced
3 | all relevant documents that are responsive to UAL's requests."  Turner Decl.,
4 | Exhibit BB, ¶ 6.

5 |      UAL has established no basis to compel the production of additional
6 | documents pursuant to its Notices of Depositions of ANA's pilots.  Accordingly,
7 | this aspect of UAL's motion should be denied in its entirety.

8 | ### C. ANA's CVR Requested In UAL's First Request to Produce

9 |      UAL contends that ANA should produce the Cockpit Voice Recorder
10 | ("CVR") ANA Flight NH007.  (Doc. No. 51, pp. 11-16).  In UAL's Request for
11 | Production, No. 5, UAL requests the recording from the CVR that was in ANA's
12 | aircraft at the time of the Accident.  In its Response to UAL's First Request to
13 | Produce, ANA stated:

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
See General Objections.  Without waiving these objections, the CVR recording will be made available for copying at the office of Condon & Forsyth LLP, 1901 Avenue of the Stars – Suite 850, Los Angeles, CA 90067, subject to a Confidentiality Order acceptable to ANA's flight crew.

Turner Decl., Exhibit G.

     In its Supplemental Response to UAL's First Request to Produce, ANA stated:

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
See General Objections.  ANA also objects on the grounds that the CVR is not discoverable pursuant to 49 U.S.C. § 1114, 1154.

Turner Decl., Exhibit H.

     UAL argues that ANA waived the objection contained in its Supplemental Response.  (Doc. No. 51, p. 12, ll. 1-12).  However, UAL's waiver argument is inapplicable and irrelevant.  UAL argues, "the cited statutes… provide a

-12-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    mechanism for a party to obtain an unedited copy of the recording in litigation."

2    (Doc. No. 51, p. 12, ll. 14-15).   Thus, regardless of whether ANA has raised an

3    objection based on these statutes, UAL must satisfy the mechanism provided

4    therein before ANA must produce the CVR recording.    Accordingly, UAL's

5    waiver argument fails.  Moreover, UAL has failed to satisfy the requirements of 49

6    U.S.C. §§ 1114 and 1154 and ANA need not produce its CVR recording.

7        49 U.S.C. § 1154 specifically states,  "a party in a judicial proceeding <u>may</u>

8    <u>not use discovery</u> to obtain any part of a <u>cockpit</u> or surface <u>vehicle recorder</u>

9    transcript that the National Transportation Safety Board has not made available to

10   the public under section 1114 (c) or 1114 (d) of this title; and a cockpit or surface

11   vehicle recorder recording."  (Emphasis added).

12       UAL misrepresents the recognized purpose of these strictures and states,

13   "The primary purpose of the statute is to prevent litigants from interfering with an

14   ongoing NTSB investigation."   (Doc. No. 51, p. 15, ll. 15-16).   By requiring

15   restrictive conditions for the disclosure of such recordings, Congress recognized

16   both aviation safety and flight crew privacy as important public policy goals.  *See*

17   S. Rep. No. 101-450, at 6 (1990) (recognizing the privacy rights of the individual

18   crewmembers and the need to prevent "misuse [of] the recording or transcription in

19   a lawsuit").   The House Report clearly recognized these privacy concerns and the

20   fact that CVR tapes are "sensationalistic," thereby warranting strict controls on

21   their discovery and release.  *See* H. Rep. No. 101-641, at 4 (1990).   The National

22   Transportation Safety Board ("NTSB") echoes Congress in its Cockpit Voice

23   Recorder Handbook for Aviation Accident Investigations, noting that CVR

24   recordings "contain highly sensitive information" and that NTSB staff and

25   Members are "bound by Federal CVR nondisclosure laws" (referring to 49 U.S.C.

26   § 1114).  Turner Decl., Exhibit X, § 3.1.

27       Discovery of a CVR recording is clearly statutorily prohibited under 49

28   //                                                     -13-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

U.S.C. § 1154(a)(3) unless, after an *in camera* review of the recording, the court decides that:

> (A)    the parts of the transcript made available to the public… do not provide the party with sufficient information for the party to receive a fair trial; and

> (B)    discovery of the cockpit or surface voice recorder is necessary to provide the party with sufficient information for the party to receive a fair trial.

49 U.S.C. §1154(a)(3).

UAL's request seeks ANA's CVR, "reflecting all conversation between the ANA crew and United ramp control, air traffic control, ground personnel and/or between the ANA pilots." Turner Decl., Exhibit F.  Copies of the actual recordings reflecting all conversations between the ANA flight crew and United Ramp Control and all conversations between the ANA flight crew and air traffic control have already been obtained from the FAA and produced by ANA under Bates No. ANA 001134.   The only recording at issue would be the conversation, if any, among the ANA pilots in their cockpit.

When a party seeks to compel production of the CVR recording, a court must determine whether the party has met its burden of showing that the discovery of the CVR is necessary to obtain a fair trial. 49 U.S.C. §1154(a)(3).  ANA's CVR is not necessary for UAL to receive a fair trial and, in the context of this case, it would be unfair if ANA were compelled to produce its CVR.  ANA and UAL are both in possession of the recordings of all communications between ANA's aircraft and the UAL Ramp Tower G Control and San Francisco Air Traffic Control Tower.

As to the conversations among the ANA pilots in the cockpit, each member of the flight crew provided a statement immediately following the Accident.  *See* ANA Flight Crew Statements, Turner Decl., Exhibit U.   As UAL stated, "Only

-14-

1    ANA's pilots have first-hand knowledge of what they observed and did." (Doc.

2    No. 51, p. 15, ll. 9-10). UAL has deposed ANA's flight crew concerning their

3    statements and any cockpit discussion among the flight crew prior to, during, and

4    after the Accident.

5         UAL has failed to show how it would be denied a fair trial without access to

6    ANA's CVR. UAL's argument concerning the transcript is erroneous. No

7    transcript was made by anyone of the CVR from the ANA aircraft. ANA

8    preserved the communication on its CVR after the Accident and submitted its CVR

9    to the NTSB, who found that it "contained the most recent two hours of the flight

10   operation" in fair to excellent condition, but concluded that "no data could

11   contribute to determining the probable cause. Therefore, no transcript was

12   prepared." *See* NTSB Group Chairman's Factual Report on ANA's CVR, Turner

13   Decl., Exhibit V.

14        On the otherhand, UAL failed to preserve the relevant communications on

15   its CVR. Therefore, any argument by UAL that it does not have sufficient

16   information to receive a fair trial must be balanced by the fact that ANA has not

17   and will not have access to UAL's CVR for the conversations among the UAL

18   flight crew. The NTSB determined that UAL's CVR "audio was consistent with

19   the CVR being overwritten by subsequent events." *See* NTSB Specialist's Factual

20   Report – Cockpit Voice Recorder, Turner Decl., Exhibit W. UAL argues with

21   respect to the post-accident witness statements of the flight crew that "these after-

22   the-fact examinations are no substitute for a real-time snapshot of what ANA's

23   flight crew said and did as the event was taking place." (Doc. No. 51, p. 14, ll. 16-

24   18). However, ANA's pilots gave their statements right away while UAL's pilots

25   did not provide statements until at least ten days later and did so after discussing

26   the event with a union representative.

27        If ANA's CVR is essential to UAL obtaining a fair trial, then it would also

28   _____-15-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

be impossible for ANA to receive a fair trial when the recording from the relevant time period is missing from UAL's CVR. Regardless of whether UAL's failure to preserve its CVR was intentional or merely careless, UAL would gain an unfair advantage based upon its own destruction of the evidence. As the only audio that could be on the CVRs that both parties do not have from other sources is the channel with the internal communications of the flight crews within their respective cockpits, ANA must rely upon the written statements of the UAL crew and their deposition testimony. Similarly, UAL should be limited to the written statements of ANA's crew and the sworn testimony given at their depositions. An issue of fairness would only arise if ANA's CVR were to be available to UAL, but UAL's CVR would not be available to ANA.

UAL's argument that "the parties are not similarly situated" and that "the ANA CVR recording is a vastly more important piece of evidence" than UAL's CVR recording is a feeble attempt to distort the issue. (Doc. No. 51, p. 16, ll. 1, 6). UAL's assertion that, "Unlike United's flight crew, ANA's flight crew played a critical role in this incident" is disingenuous. (Doc. No. 51, p. 16, ll. 5-6). UAL's First Amended Counter-Complaint alleges that "Federal Aviation Regulations... required the pilot in command of the aircraft to exercise direct responsibility and final authority as to the operation of the aircraft." (Doc. No. 31, ¶ 15). Yet UAL has essentially equated their flight crew with their passengers with the tug driver in complete and total control. At least as significant as ANA's CVR would be the precise nature and timing of the conversations among UAL's flight crew and their tug driver when UAL's crew considered whether they were going to hit the ANA plane and concluded there was no reason to stop the pushback. This evidence was captured on the UAL CVR, but was destroyed when the flight crew failed to preserve their CVR tape. *See* Turner Decl., Exhibits W and AA, 79:21-81:20.

Given all of the other information available and UAL's failure to preserve its

-16-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  own CVR recording, UAL can not argue that it will not receive a fair trial without

2  discovery of ANA's CVR recording, the admission of which at trial will be

3  vehemently opposed given its inherently prejudicial nature in the absence of

4  UAL's CVR recording. Moreover, UAL should not benefit because ANA's crew

5  followed proper procedure while UAL's crew destroyed the evidence.

6     It is respectfully submitted that the Court should deny UAL's motion with

7  respect to its request for production of the ANA Cockpit Voice Recorder because

8  (1) the CVR is not discoverable under 49 U.S.C. § 1154; (2) aviation safety and

9  ANA's flight crew' privacy interest in the CVR; (3) UAL has not demonstrated

10  that the CVR is necessary for a fair trial; and (4) it would be unfair to ANA since

11  UAL failed to preserve its CVR.

12  **D. UAL's Request For Additional Time To Depose ANA's Flight Crew**

13     UAL prays to have this Court grant it additional time to depose ANA's flight

14  crew beyond the seven hours provided by the Federal Rules of Civil Procedure

15  Rule 30(d)(1). (Doc. No. 51, pp. 16-20). UAL would have this Court believe that

16  ANA's counsel and witnesses rendered UAL unable to complete its questioning of

17  such witnesses in the time allotted. However, if UAL's counsel had any unasked

18  questions, it would have been the sole fault of UAL's counsel.

19     UAL alleges in its motion that it will need additional time to question these

20  witnesses concerning documents that were withheld by ANA. (Doc. No. 51, p. 16,

21  l. 25-p. 17, l. 1). As discussed above, ANA's witnesses produced at their

22  depositions all responsive documents in their possession or that were readily

23  obtainable and ANA has appropriately responded to UAL's document requests.

24  UAL's counsel chose not to question the witnesses with regard to many of the

25  documents they requested be produced. If there were any relevant documents that

26  were not available at the deposition, it would only have been because UAL failed

27  to timely serve requests.

28  //

-17-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1    UAL argues that its deposition time was shortened because "ANA insisted

2 that every question, answer, and objection be translated from English to Japanese

3 and *vice versa*, when, in fact, all three pilots fluently speak and understand

4 English." (Doc. No. 51, p. 18, ll. 13-15). This allegation is absolutely baseless.

5 UAL questioned each witness with respect to his English language proficiency and

6 it was obvious that each witness required the use of an interpreter. Turner Decl.,

7 Exhibit I, 11:22-25, 16:15-19; Exhibit J, 5:24-6:5; Exhibit K, 32:6-9. While these

8 pilots have a sufficient understanding of aviation terminology to effectively

9 perform their duties and communicate with air traffic control in English, they do

10 not have the English comprehension necessary to sit through a seven hour

11 deposition and to understand an attorney's questions and to respond to such

12 questions.   UAL was aware that an interpreter was necessary when these

13 depositions were scheduled and had the opportunity to prepare accordingly.

14 Moreover, it is obvious that any delay caused by the use of an interpreter is clearly

15 a red herring since UAL's lawyer did not use the time available to him at Mr.

16 Nishiguchi's and Mr. Usui's depositions and was merely repeating the same

17 questions over and over again throughout Mr. Yamaguchi's deposition. *See*

18 Nishiguchi's and Usui's depositions that were terminated early by Mr. Torpey at

19 Turner Decl., Exhibit J, 114:22-23; Exhibit K, 107:22-23.

20    UAL further claims that ANA's witnesses were evasive and uncooperative

21 because they refused to answer UAL's "straightforward questions" and that ANA's

22 counsel caused delay by "posing groundless objections." (Doc. No. 51, p. 18, ll.

23 11-13). An examination of the record of each deposition shows that this is simply

24 untrue.   It is not the fault of ANA's witnesses that they had difficulty

25 understanding UAL's counsel's questions, which were consistently combinations

26 of long, compound, and convoluted phrases that were often preceded by diatribe,

27 sarcasm, and argument with the witness. Furthermore, UAL's "straightforward

28

//                                                    -18-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1   questions" consisted of repeated vague incomplete hypothetical situations, to

2   which ANA's witnesses had difficulty responding when UAL's counsel refused to

3   provide sufficient factual information regarding the imaginary circumstances he

4   posited in his hypotheticals.  One of many clear examples of improper questioning

5   can be found in Mr. Nishiguchi's deposition at 47:21-56:23, Turner Decl. Exhibit

6   J.

7        UAL's argument concerning the length of the depositions is misleading.

8   UAL argues that the deposition of Mr. Yamaguchi was cut short of the seven hours

9   allowed by Rule 30(d)(1).  However, this witness was subjected to over six and one

10  half hours of time on-the-record during a span of over 8 hours.  UAL's counsel

11  continuously wasted time with repetitious questions, false statements, and

12  withdrawals of poorly constructed questions.  The duration of the deposition and

13  the mistreatment of the witness by UAL's counsel, coupled with the fact that the

14  witness had traveled from Japan to San Francisco, lead to the conclusion of Mr.

15  Yamaguchi's deposition only about twenty minutes short of the seven hours

16  allowed in FRCP 30(d)(1).  However, ANA offered to permit UAL to continue to

17  question the witness, if UAL would conclude the deposition within seven hours.

18  UAL refused this offer.  Turner Decl., Exhibit I, 137:17-20.

19       UAL's failure to use the time allotted and available for the depositions of

20  Mr. Nishiguchi and Mr. Usui makes it clear that time was not an issue nor was the

21  use of the interpreter or objections interposed by ANA's counsel.  With respect to

22  the deposition of Mr. Nishiguchi, UAL elected to conclude the deposition after five

23  hours and twenty-five minutes of on-the-record time.  *See* Running times for each

24  deposition, Turner Decl., Exhibit Y.  If UAL's counsel had additional questions for

25  Mr. Nishiguchi, he should have asked them when he stated "I don't have any other

26  questions" with one hour and thirty-five minutes remaining under Rule 30(d)(1) of

27  the Federal Rules of Civil Procedure.  *See* Nishiguchi deposition, Turner Decl.,

28  //

-19-

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Exhibit J, 114:23-24. With respect to the deposition of Mr. Usui, UAL's counsel stated after five hours and forty-one minutes of on-the-record time, "I don't have any further questions." *See* Running times for each deposition, Turner Decl., Exhibit Y; Usui deposition, Turner Decl., Exhibit K, 107:22-23. If UAL had additional questions for this witness, it should have asked him in the one hour and nineteen minutes remaining under FRCP 30(d)(1). Furthermore, UAL wasted considerable time during these depositions repeatedly asking the same questions over and over again. Turner Decl., Exhibit I, 78:24-81:17, 83:1-90:5, 119:12-122:21; Exhibit J, 42:9-56:23; Exhibit K, 35:1-52:6.

Rather than constructively debating the foregoing argument concerning UAL's premature termination of the depositions, UAL argues that "it was pointless to continue the depositions." (Doc. No. 51, p. 19, l. 17). UAL's feebly attempts to argue that it was the witnesses' "evasive" answers which caused UAL not to use the allotted time. (Doc. No. 51, p. 19, ll. 14-16). However, it was only UAL's decision not to use the time given. ANA cannot be blamed for UAL not getting the answers it was hoping for. Furthermore, this argument fails to address what ANA has clearly stated herein concerning UAL's poorly constructed questions.

UAL's further claim that the objections of ANA's counsel in some way hampered their ability to complete the depositions is belied by the fact that UAL's counsel did not use the time available and by the fact, documented on the video tapes of the depositions, that almost every objection by ANA's counsel was nothing more than "Objection to form and foundation" which took less than 3 seconds to interpose. Some objections may have extended to 4 or 5 seconds, if they included the words "incomplete hypothetical." The total time consumed by ANA's counsel's objection over the course of three complete days of examination was no more than a few minutes. Additionally, ANA's counsel would not have had to interpose such questions had UAL's counsels questions not been so poorly

-20-

posed.

In these circumstances, UAL has demonstrated no basis whatsoever to justify the granting of additional time to re-depose ANA's pilots.

### E. Costs

In accordance with the foregoing, UAL's arguments are without merit and should be denied in their entirety. Accordingly, UAL's request for costs is baseless.

In these circumstances, ANA respectfully requests that it be awarded reasonable expenses incurred in opposing the motion, including attorney's fees, pursuant to Rule 37(a)(5)(B) and (C) of the Federal Rules of Civil Procedure.

## V.   **CONCLUSION**

In light of the foregoing, ANA respectfully submits that UAL's Motion to Compel should be denied in all respects and that costs and fees of this motion should be awarded to ANA.

Dated: February 19, 2008          CONDON & FORSYTH LLP

By: _____
    MARSHALL S. TURNER (*pro hac vice*)
    SCOTT D. CUNNINGHAM

    Attorneys for Plaintiff and Counter-Defendant
    ALL NIPPON AIRWAYS COMPANY, LTD.

-21-

ALL NIPPON AIRWAYS COMPANY'S BRIEF IN OPPOSITION
TO DEFENDANT'S RENEWED MOTION TO COMPEL
CASE NO.: C07-03422 EDL

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

## CERTIFICATE OF SERVICE

**ALL NIPPON AIRWAYS COMPANY'S OPPOSITION TO UAL'S RENEWED MOTION TO COMPEL DISCOVERY AND FOR ADDITIONAL TIME TO DEPOSE WITNESSES; DECLARATION OF MARSHALL S. TURNER**

I, hereby certify that on February 19, 2008 I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Scott R. Torpey, Esq.<br>Jaffe, Raitt, Heuer & Weiss<br>2777 Franklin Road, Suite 2500<br>Southfield, MI 48034-8214<br>Phone: (248) 727-1461<br>Fax: (248) 351-3082 | Attorneys for defendant |
| Jeffrey A. Worthe, Esq.<br>Worthe, Hanson & Worthe<br>The Xerox Centre<br>1851 East First Street, Ninth Floor<br>Santa Ana, CA 92705 | Attorneys for defendant |

**HEATHER L. JACKSON**

Sworn to before me this
19th day of February, 2008

_Tina M. Zoccal._
Notary Public

TINA M. ZOCCALI
Notary Public, State of New York
No. 01ZO6059025
Qualified in Rockland County
Commission Expires May 21, 20___

ALL NIPPON AIRWAYS COMPANY'S BRIEF IN OPPOSITION
TO DEFENDANT'S RENEWED MOTION TO COMPEL
CASE NO.: C07-03422 EDL

Los Angeles, California 90067-6010

Telephone: (310) 557-2030