# Exhibit 1

1  Scott D. Cunningham (State Bar No.: 200413)
   CONDON & FORSYTH LLP
2  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
3  Telephone: (310) 557-2030
   Facsimile:  (310) 557-1299
4  Email: scunningham@condonlaw.com

5      -and-

6  Marshall S. Turner (*pro hac vice*)
   CONDON & FORSYTH LLP
7  7 Times Square
   New York, NY 10036
8  Telephone: (212) 490-9100
   Facsimile: (212) 370-4453
9  Email: mturner@condonlaw.com

10 Attorneys for Plaintiff and Counter-Defendant
   ALL NIPPON AIRWAYS COMPANY, LTD.
11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14 ALL NIPPON AIRWAYS COMPANY,)  Case No. C07-03422 EDL
   LTD.,                       )
15              Plaintiff,     )  **DECLARATION OF**
                               )  **MARSHALL S. TURNER**
16        vs.                  )  **IN OPPOSITION TO**
                               )  **DEFENDANT'S**
17 UNITED AIR LINES, INC.,     )  **RENEWED MOTION TO**
                               )  **COMPEL**
18              Defendant.     )
                               )  **Hearing Date: March 11, 2008**
19 _____)  **Hearing Time: 9:00 a.m.**
                               )  **Hearing Place: Courtroom of Hon.**
20 AND RELATED COUNTER-CLAIM   )  **Elizabeth D. Laporte**

21

22            **DECLARATION OF MARSHALL S. TURNER**

23    Marshall S. Turner, being duly sworn, deposes and says:

24    1.  I am an attorney and a member of the law firm of Condon & Forsyth LLP,

25 attorneys for plaintiff and counter-defendant All Nippon Airways Co., Ltd.

26 ("ANA") in the above-captioned matter.  I make this declaration in Opposition to

27 Defendant's Renewed Motion to Compel Discovery and for Additional Time to

28 Depose Witnesses.

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1     2.  On July 24, 2007, UAL served ANA with a Notice of Taking Video

2  Depositions and document requests for the three ANA pilots on board Flight

3  NH007 at the time of the Accident, which noticed the depositions for San

4  Francisco.   Attached hereto as Exhibit A is a true and correct copy of the

5  deposition notice.

6     3.  On September 12, 2007, UAL served ANA with an Amended Notice of

7  Taking Video Depositions and document requests for these same witnesses, which

8  noticed the depositions for Los Angeles.  Attached hereto as Exhibit B is a true and

9  correct copy of the deposition notice.

10     4.  On September 27, 2007, UAL served ANA with a Second Amended Notice

11  of Taking Video Depositions and document requests for these same witnesses.

12  Attached hereto as Exhibit C is a true and correct copy of the deposition notice.

13     5.  On November 16, 2007, UAL served ANA with a Third Amended Notice

14  of Taking Video Depositions and document requests for these same witnesses.

15  Attached hereto as Exhibit D is a true and correct copy of the deposition notice.

16  On November 19, 2007, UAL served ANA with a Fourth Amended Notice of

17  Taking Video Depositions and document requests for these same witnesses.

18  Attached hereto as Exhibit E is a true and correct copy of the Fourth Amended

19  deposition notice.   These November notices contained additional document

20  requests that were not requested in the previous notices.  I did not receive either of

21  these notices until November 19, 2007, at which time I transmitted them to ANA's

22  legal department.   However, I was unable to provide the new notices to the

23  witnesses until the first day after the Thanksgiving Day holiday which was the day

24  before their respective depositions were to commence on November 26, 2007.

25     6.  The November document requests were directed to the witnesses and, as

26  each Notice states, "Deponent(s) are requested to bring with them to the deposition

27  the documents requested on the attached Exhibit A."

28

_//_____  -2-

7. On October 12, 2007, UAL served ANA with its First Request to Produce. Attached hereto as Exhibit F is a true and correct copy of UAL's Request. On November 13, 2007, ANA served UAL with its Response to UAL's First Request to Produce and produced documents in response thereto. Attached hereto as Exhibit G is a true and correct copy of ANA's Response to UAL's First Request to Produce. On December 13, 2007, ANA served UAL with its Supplemental Response to UAL's First Request to Produce and produced additional documents. Attached hereto as Exhibit H is a true and correct copy of ANA's Supplemental Response.

8. The depositions of ANA's flight crew were conducted on November 27, 28 and 29, 2007 in San Francisco. Attached hereto as Exhibit I is a true and correct copy of the deposition transcript of Eishin Yamaguchi. Attached hereto as Exhibit J is a true and correct copy of the deposition transcript of Yusuke Nishiguchi. Attached hereto as Exhibit K is a true and correct copy of the deposition transcript of Teruo Usui.

9. I conducted all discussions with UAL on behalf of ANA concerning the scheduling of depositions of ANA's flight crew. Although we discussed the possibility that it might be easier to schedule the depositions of the three pilots on consecutive days, if Los Angeles were an option, I never requested or agreed that the depositions take place in Los Angeles.

10. In his letter of July 17, 2007, UAL's counsel Scott R. Torpey states, "The depositions would take place at a location in San Francisco." Attached hereto as Exhibit L is a true and correct copy of Torpey's July 17, 2007 letter. On July 24, 2007, UAL noticed the depositions for San Francisco. See Exhibit A.

11. In my letters of August 7, 2007 and August 30, 2007, I advised UAL's counsel that ANA expected to be able to produce the witnesses in San Francisco or Los Angeles. Attached hereto as Exhibit M are true and correct copies of my

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

-3-

DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO DEFENDANT'S RENEWED MOTION TO COMPEL
CASE NO.: C07-03422 EDL

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

1  August 7, 2007 and August 30, 2007 letters.  In my letter of September 7, 2007, I
2  again offered to produce at least two witnesses in the United States "in the same
3  city," but did not request that such city be Los Angeles.  Attached hereto as Exhibit
4  N is a true and correct copy of my September 7, 2007 letter.

5      12. In his letter of September 12, 2007, Torpey advised that he had chosen to
6  notice the depositions for Los Angeles, but also offered that having the depositions
7  in San Francisco would be "no problem."  Attached hereto as Exhibit O is a true
8  and correct copy of Torpey's September 12, 2007 letter.

9      13. In my letter of November 7, 2007, I confirmed that the depositions would
10  take place in San Francisco.  Attached hereto as Exhibit P is a true and correct
11  copy of my November 7, 2007 letter.  In an email of November 19, 2007 I again
12  confirmed that the pilot depositions would take place in San Francisco.  In his
13  email of November 19, 2007, Torpey admitted to having seen my letter of
14  November 7, 2007, but stated, "As for your November 7 letter, I assumed you
15  meant LA."  Attached hereto as Exhibit Q is a true and correct copy of my
16  exchanges of emails with Torpey on November 19, 2007.

17      14. UAL's request for "ANA Operations Manual" was not included in UAL's
18  deposition notices until its final two deposition notices, which were received only
19  eights days before the depositions were to begin and three days before the
20  Thanksgiving break.  See Exhibits A-E.  Given the shortage of UAL's notice and
21  the fact that the ANA witnesses were traveling from Japan to San Francisco, each
22  pilot did not see the latest notice request until the day before his respective
23  deposition.   In any event, responsive documents are proprietary company
24  documents that the pilots do not maintain under their personal control.
25  Nonetheless, the witnesses were able to obtain the pages of this document that are
26  relevant to this litigation from ANA's legal department and produced same at their
27  depositions.

28

//                                                    -4-
DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO DEFENDANT'S RENEWED MOTION TO COMPEL
CASE NO.: C07-03422 EDL

15. During the depositions of UAL's flight crew in San Francisco on January 23 and 24, 2008, a face-to-face "meet and confer" was conducted to attempt to resolve discovery disputes. As a result of this meet and confer, ANA has produced both the Japanese and English versions of their Operations Manual currently in effect in their entirety under Bates Nos. ANA 001647 through 002074 and ANA 004479 through 005008 and its Boeing 777 Airplane Operations Manual currently in effect in its entirety under Bates Nos. ANA 002175 through 004478. Attached hereto as Exhibits R and S are true and correct copies of my February 1, 2008 and February 8, 2008 letters which accompanied the production of these documents. A true and correct copy of ANA's letter of January 30, 2008 summarizing UAL's obligations arising from the meet and confer is attached hereto as Exhibit Z.

16. The Operations Manual in effect on October 7, 2003 no longer exists. I have repeatedly offered to reconstruct any section of the Operations Manual and B777Airplane Operations Manual in effect on the date of the Accident which UAL reasonably believes is relevant to this matter. *See* Exhibits R and S. UAL has not identified a single such section.

17. With respect to UAL's request for "Publications Required To Be On Board" and "Routing" documents, the witnesses are not in possession or control of such documents. However, in addition to the Operations Manual and B777 Airplane Operations Manual, the witnesses were able to provide the relevant Jeppesen Charts that were the only routing documents relevant to the taxiing of the subject Aircraft. Attached hereto as Exhibit T is a true and correct copy of the relevant Jeppesen Charts that had previously been produced in September 2007 in ANA's Initial Disclosure as Bates Nos. ANA 001067-001070. UAL's own pilots testified similarly that Jeppesen was the relevant document. Attached hereto as Exhibit AA is a true and correct copy of the relevant pages of the deposition of Brad Powell.

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

18. Finally, in my Declaration in Support of ANA's Production of Documents, I stated that with respect to the document requests contained in UAL's Notice of Deposition, "ANA believes it has produced all relevant documents that are responsive to UAL's requests." Attached hereto as Exhibit BB is a true and correct copy of the Declaration of Marshall S. Turner in Support of ANA's Production of Documents.

19. In UAL's Request for Production, No. 5, UAL requests the recording from the Cockpit Voice Recorder ("CVR") that was in ANA's aircraft on the date of the accident, "reflecting all conversation between the ANA crew and United ramp control, air traffic control, ground personnel and/or between the ANA pilots." In its Supplemental Response, ANA directed UAL to the statutes prohibiting discovery of the CVR recording. See Exhibit H attached hereto.

20. The recordings reflecting conversation between the ANA flight crew and United Ramp Control and conversation between the ANA flight crew and air traffic control have already been produced by ANA under Bates No. ANA 001134. There was no conversation between the ANA flight crew and ground personnel while the ANA aircraft was taxiing. The conversations among the ANA pilots in the cockpit are reflected in the statements provided by each member of the flight crew immediately following the Accident. Attached hereto as Exhibit U are true and correct copies of ANA's flight crew's statements.

21. ANA preserved its CVR after the Accident and submitted its CVR to the National Transportation Safety Board ("NTSB"), who found that it "contained the most recent two hours of the flight operation" in fair to excellent condition, but concluded that "no data could contribute to determining the probable cause. Therefore, no transcript was prepared." Attached hereto as Exhibit V is a true and correct copy of the NTSB Group Chairman's Factual Report concerning ANA's CVR.

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

//                                              -6-
DECLARATION OF MARSHALL S. TURNER IN OPPOSITION
TO DEFENDANT'S RENEWED MOTION TO COMPEL
CASE NO.: C07-03422 EDL

1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

22. UAL failed to preserve its CVR data as the NTSB determined that "The audio was consistent with the CVR being overwritten by subsequent events." Attached hereto as Exhibit W is a true and correct copy of the NTSB Specialist's Factual Report on UAL's CVR.

23. In its Cockpit Voice Recorder Handbook for Aviation Accident Investigations, the NTSB notes that CVR recordings "contain highly sensitive information" and that NTSB staff and Members are "bound by Federal CVR nondisclosure laws" (referring to 49 U.S.C. § 1114). Attached hereto as Exhibit X is a true and correct copy of the relevant pages of the NTSB Cockpit Voice Recorder Handbook for Aviation Accident Investigations. See § 3.1.

24. UAL asks this Court to grant it additional time to depose ANA's flight crew beyond the seven hours provided by the Federal Rules of Civil Procedure Rule 30(d)(1). UAL Motion, pages 16-20.

25. UAL argues that it will need additional time to question these witnesses primarily because ANA withheld documents. UAL Motion, page 17. In accordance with the foregoing, ANA's witnesses produced all responsive documents in their possession at their depositions and ANA has appropriately responded to all of UAL's document requests. UAL chose not to question the witnesses at all with respect to many of the documents.

26. UAL argues that its deposition time was shortened by the use of a interpreter when "all three pilots fluently speak and understand English." UAL Motion, page 18. UAL questioned each witness with respect to his English language proficiency and each witness indicated the need for the interpreter. See deposition transcripts at Exhibit I, 11:22-25, 16:15-19; Exhibit J, 5:24-6:5; Exhibit K, 32:6-9.

27. UAL argues that ANA unilaterally and prematurely terminated Mr. Yamaguchi's deposition. UAL Motion, page 16. However, ANA offered to allow

-7-

1  UAL to continue, even though UAL's counsel had repeated numerous questions

2  many times over, and UAL refused the offer to continue. Exhibit I, 137:17-20.

3      28. UAL moves for additional time to depose ANA's flight crew, but UAL

4  failed to use the time allotted and available for the depositions of Mr. Nishiguchi

5  and Mr. Usui.    UAL's counsel elected to conclude the deposition of Mr.

6  Nishiguchi after five hours and twenty-five minutes of on-the-record time and

7  stated, "I don't have any other questions."  See Exhibit J, 114:23-24.  Attached

8  hereto as Exhibit Y is a true and correct copy of the record of running time for each

9  deposition.  UAL's counsel terminated Mr. Usui's deposition after five hours and

10  forty-one minutes of on-the-record time and stated, "I don't have any further

11  questions." Exhibit Y; and Exhibit K, 107:22-23.

12      29. UAL consumed considerable time during these depositions repeatedly

13  asking the same questions over and over again.  See Exhibit I, 78:24-81:17, 83:1-

14  90:5, 119:12-122:21; Exhibit J, 42:9-56:23; and Exhibit K, 35:1-52:6.

15      30. In accordance with the foregoing and ANA's Brief in Opposition to

16  Defendant's Renewed Motion to Compel, UAL's arguments are without merit and

17  should be denied in their entirety.

18      I declare under penalty of perjury under the laws of the United States of

19  America that the foregoing is true and correct.

20  Executed this 19th day of February, 2008, at New York, New York.

21

22                                                    Marshall S. Turner

23

24  Sworn to before me this
   19th day of February, 2008
25

26      Nina M. Zoccali
        Notary Public
27                TINA M. ZOCCALI
              Notary Public, State of New York
28                No. 01ZO6059025
              Qualified in Rockland County
              Commission Expires May 21, 20 11      -8-

1901 Avenue of the Stars, Suite 1625
Los Angeles, California 90067-6010
Telephone: (310) 557-2030