# EXHIBIT H

Scott D. Cunningham (State Bar No.: 200413)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299
Email: scunningham@condonlaw.com

-and-

Marshall S. Turner (*pro hac vice*)
CONDON & FORSYTH LLP
7 Times Square
New York, NY 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453
Email: mturner@condonlaw.com

Attorneys for Plaintiff and Counter-Defendant
ALL NIPPON AIRWAYS COMPANY, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIR LINES, INC.,<br><br>Defendant. | Case No. C07-03422 EDL<br><br>**ALL NIPPON AIRWAYS COMPANY, LTD.'S SUPPLEMENTAL RESPONSE TO UNITED AIR LINES, INC.'S FIRST REQUEST TO PRODUCE** |

AND RELATED COUNTER-CLAIM

Plaintiff and Counter-Defendant, ALL NIPPON AIRWAYS COMPANY, LTD. (hereinafter referred to as "ANA"), by and through its attorneys, Condon & Forsyth LLP, hereby responds to UNITED AIR LINES, INC.'S (hereinafter referred to as "UAL") First Request to Produce as follows:

## GENERAL OBJECTIONS

ANA hereby asserts the following General Objections, which are in addition to, and are incorporated within, each of the specific Responses set forth below:

//

1. ANA objects to each Request and each Definition, to the extent it seeks discovery that is inconsistent with or enlarges the scope of permissible discovery under the Federal Rules of Civil Procedure.

2. ANA objects to each Request to the extent it seeks discovery of matters protected by the attorney-client privilege, the attorney work-product doctrine, or other applicable privilege or protection. ANA objects to each and every Request to the extent that it calls for the disclosure of any information or document, which was prepared in anticipation of litigation or for trial, which otherwise constitutes work product or attorney-client privileged information, which is protected by the self-evaluative privilege, the joint defense privilege, applicable state or federal regulations, or other applicable privilege, or which otherwise is immune from discovery. Such privileged information will not be disclosed and any inadvertent disclosure thereof will not be deemed a waiver of any privilege or protection.

3. ANA objects to each Request to the extent it seeks the disclosure of trade secrets, confidential research and development, or other confidential proprietary and commercial information, except subject to an appropriate Confidentiality Order. Such privileged information will not be disclosed and any inadvertent disclosure thereof will not be deemed a waiver of any privilege or protection.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

With regard to your claim "damages for loss of use in excess of $1.5 Million as pled in the complaint in this litigation filed against United, produce all known documents which relate to and/or which you may or will rely upon in support of your intention as to the existence and the amount of such lost use damages.

-2-

ALL NIPPON AIRWAYS COMPANY, LTD.'S
SUPPLEMENTAL RESPONSE TO UNITED AIR LINES,
INC.'S FIRST REQUEST TO PRODUCE
CASE NO.: C07-03422 EDL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

See General Objections. Without waiving these objections, ANA states that it will produce all non-privileged documents currently in its possession, custody, or control, if any, that have not already been produced. See Bates Nos. ANA 001295 through 001335, and 001355 through 001623.

**REQUEST FOR PRODUCTION NO. 2:**

With regard to ANA Pilot Teruo Usui, produce documents reflecting disciplinary action(s) of any type relating to him, whether relating to the accident at issue in this litigation or any other matter for which he was disciplined.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

See General Objections. ANA is not aware of any document responsive to this request.

**REQUEST FOR PRODUCTION NO. 3:**

With regard to ANA Pilot Bishin Yamaguchi, produce documents reflecting disciplinary action(s) of any type relating to him, whether relating to the accident at issue in this litigation or any other matter for which he was disciplined.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

See General Objections. ANA is not aware of any document responsive to this request.

**REQUEST FOR PRODUCTION NO. 4:**

With regard to ANA Pilot Yusuke Nishiguchi, produce documents reflecting disciplinary action(s) of any type relating to him, whether relating to the accident at issue in this litigation or any other matter for which he was disciplined.

//

-3-

ALL NIPPON AIRWAYS COMPANY, LTD.'S
SUPPLEMENTAL RESPONSE TO UNITED AIR LINES,
INC.'S FIRST REQUEST TO PRODUCE
CASE NO.: C07-03422 EDL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

See General Objections. ANA is not aware of any document responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:**

With regard to the cockpit voice recorder in the ANA aircraft on the date of the incident involved in this litigation, produce an unedited copy of the CVR tape reflecting all conversation between the ANA crew and United ramp control, air traffic control, ground personnel and/or between the ANA pilots.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

See General Objections. ANA also objects on the grounds that the CVR is not discoverable pursuant to 49 U.S.C. § 1114, 1154.

**REQUEST FOR PRODUCTION NO. 6:**

With regard to Teruo Usui, Bishin Yamaguchi, and Yusuke Nishiguchi, produce unredacted copies of all file materials reflecting with regard to each of these ANA pilots, any accident/incidents which they were involved between 1995 to date, any disciplinary actions between 1995 to date, and records pertaining to their training and certification between 1995 to date. To the extent you claim work product/privilege, provide a log with regard to those documents being withheld.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

See General Objections. ANA also objects on the grounds that this Request is overly broad, unduly burdensome, not relevant to any claims or defenses, and not reasonably calculated to lead to the discovery of admissible evidence. Documents responsive to this request have already been produced by ANA. UAL agreed to retroactively apply the Confidentiality Order which UAL was directed to revise pursuant to the Court's November 19, 2007 Order to these documents. ANA has

-4-

not received such Confidentiality Order. ANA has reserved Bates Nos. ANA 001624 through 001646 for documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

With regard to the "Standard Ground Handling Agreement" including "Annex A – Ground Handling Services" and "Annex B - United Service IATA Standard Ground Handling Agreement" attached to the "Standard Ground Handling Agreement" between ANA and United in effect on October 7, 2003, produce all documents which reflect or pertain to the negotiating of the terms of this contract, the intent/interpretation of ANA with regard to the term contained in that contract, and the applicability or inapplicability of the agreement with regard to the events of October 7, 2003 at SFO which is the subject of this litigation. To the extent you claim any of these documents as work product/privileged, provide a log with regard to those documents being withheld.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

See General Objections. Without waiving these objections, ANA states that it will produce all non-privileged documents currently in its possession, custody, or control, if any, that have not already been produced. See Bates Nos. ANA 001336 through 001346.

**REQUEST FOR PRODUCTION NO. 8:**

With regard to damages referenced in your complaint filed against United in this litigation relating to "repair costs in the amount of $3,106,233.49," produce a copy of all known documentation which relates to and/or upon which you may or will rely in support of your calculations as to the nature and amount of the damages sustained.

//

-5-

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**
2  See General Objections. Without waiving these objections, ANA states that it will
3  produce all non-privileged documents currently in its possession, custody, or
4  control, if any, that have not already been produced. See Bates Nos. ANA 001295
5  through 001335, and 001355 through 001623.

7  **REQUEST FOR PRODUCTION NO. 9:**
8  With regard to any photographs, video and/or DVD relating to the damage to the
9  ANA and/or United aircraft, or relating to the circumstances leading up to the
10 collision which is at issue in this litigation, produce a complete, unedited color
11 copy of same.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**
13 See General Objections. Without waiving these objections, ANA states that it will
14 produce all documents in its possession, custody, or control, that have not already
15 been produced. See Photographs, Bates Nos. ANA 001071, 001072, 001128,
16 001129, 001114 through 001127, 001154 through 001206, and 001347 through
17 001354. See Video, CD, and/or DVD attached hereto, Bates Nos. ANA 001134-
18 001136, 001138, and 001140.

20 **REQUEST FOR PRODUCTION NO. 10:**
21 With regard to any ANA policy relative to ANA pilots clearing potential conflicts
22 with other aircraft prior to or during taxi which was in effect before and/or after the
23 incident involved in this litigation, produce a copy of same. To the extent the
24 policy was modified, produce a copy of all versions of the policy.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**
26 See General Objections. Without waiving these objections, ANA is currently
27 searching its records to locate documents responsive to this request and will

-6-

ALL NIPPON AIRWAYS COMPANY, LTD.'S
SUPPLEMENTAL RESPONSE TO UNITED AIR LINES,
INC.'S FIRST REQUEST TO PRODUCE
CASE NO.: C07-03422 EDL

Los Angeles, California 90067-6010
Telephone: (310) 557-2030

produce any non-privileged documents responsive to this request that may be located.

Dated: December 13, 2007

CONDON & FORSYTH LLP

By: /s/ Marshall S. Turner
MARSHALL S. TURNER (*pro hac vice*)
SCOTT D. CUNNINGHAM

Attorneys for Plaintiff and Counter-Defendant
ALL NIPPON AIRWAYS COMPANY, LTD.

-7-

ALL NIPPON AIRWAYS COMPANY, LTD.'S
SUPPLEMENTAL RESPONSE TO UNITED AIR LINES,
INC.'S FIRST REQUEST TO PRODUCE
CASE NO.: C07-03422 EDL

# CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing ALL NIPPON AIRWAYS COMPANY, LTD.'S SUPPLEMENTAL RESPONSE TO UNITED AIR LINES, INC.'S FIRST REQUEST TO PRODUCE was mailed this 13TH day of December, 2007, to:

| | |
|---|---|
| Scott R. Torpey, Esq.<br>Jaffe, Raitt, Heuer & Weiss<br>2777 Franklin Road, Suite 2500<br>Southfield, MI 48034-8214<br>Phone: (248) 727-1461<br>Fax: (248) 351-3082 | Attorneys for defendant |
| Jeffrey A. Worthe, Esq.<br>Worthe, Hanson & Worthe<br>The Xerox Centre<br>1851 East First Street, Ninth Floor<br>Santa Ana, CA 92705 | Attorneys for defendant |

in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
HEATHER L. JACKSON

Sworn to before me this
13th day of December, 2007

_____
Notary Public

BARTHOLOMEW J. BANINO
Notary Public, State of New York
No. 02BA6015873
Qualified in Westchester County
Commission Expires November 9, 2010

-8-

ALL NIPPON AIRWAYS COMPANY, LTD.'S
SUPPLEMENTAL RESPONSE TO UNITED AIR LINES,
INC.'S FIRST REQUEST TO PRODUCE