# EXHIBIT BB

1  Scott D. Cunningham (State Bar No.: 200413)
   CONDON & FORSYTH LLP
2  1901 Avenue of the Stars, Suite 850
   Los Angeles, California 90067-6010
3  Telephone: (310) 557-2030
   Facsimile:  (310) 557-1299
4  Email: scunningham@condonlaw.com

5     -and-

6  Marshall S. Turner (*pro hac vice*)
   CONDON & FORSYTH LLP
7  7 Times Square
   New York, NY 10036
8  Telephone: (212) 490-9100
   Facsimile: (212) 370-4453
9  Email: mturner@condonlaw.com

10 Attorneys for Plaintiff and Counter-Defendant
   ALL NIPPON AIRWAYS COMPANY, LTD.
11

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14 ALL NIPPON AIRWAYS COMPANY,)   Case No. C07-03422 EDL
   LTD.,                       )
15                             )   **DECLARATION OF**
              Plaintiff,       )   **MARSHALL S. TURNER**
16                             )   **IN SUPPORT OF ANA'S**
         vs.                   )   **PRODUCTION OF DOCUMENTS**
17                             )
   UNITED AIR LINES, INC.,     )
18                             )
              Defendant.       )
19 _____)
   AND RELATED COUNTER-CLAIM   )
20

21          **DECLARATION OF MARSHALL S. TURNER**

22     Marshall S. Turner, being duly sworn, deposes and says:

23     1.  I am an attorney and a member of the law firm of Condon & Forsyth LLP,

24 attorneys for plaintiff All Nippon Airways Co., Ltd. ("ANA") in the above-

25 captioned matter. I make this declaration pursuant to the Court's Order dated

26 January 22, 2008 denying United Air Lines, Inc.'s Motion to Compel and in

27 support of ANA's production of documents responsive to the document requests

28 made by defendant United Air Lines, Inc. ("UAL").

2. With respect to Request Nos. 1 and 8 of UAL's First Request to Produce concerning ANA's "lost use" damages and repair costs, ANA has produced all documents in its possession, custody, or control that support its claims for damages. See Bates Nos. ANA 001295-001335 and 001355-001623.

3. With respect to Request Nos. 2 through 4 of UAL's First Request to Produce concerning disciplinary actions against the members of ANA's flight crew, ANA has not produced any document because these individuals have not been the subject of any such action. Accordingly, ANA is not aware of any document responsive to these requests.

4. With respect to Request No. 5 of UAL's First Request to Produce concerning ANA's CVR recording, ANA has not produced the same because it is not discoverable pursuant to 49 U.S.C. §§ 1114, 1154.

5. With respect to Request No. 6 of UAL's First Request to Produce and Request No. 2 of the document requests listed in Exhibit A of UAL's Fourth Amended Notice of Taking Video Depositions concerning ANA's Pilot Files, the pilots' aviation certificates were all produced at or prior to their depositions. The pilots' training records were produced by each pilot at his deposition in redacted form. Upon entry of the revised Confidentiality Order, ANA will produce copies of all such documents, including unredacted copies of each pilot's training record, and has reserved Bates Nos. ANA 001624-001646 for documents responsive to these requests.

6. With respect to Request No. 7 of UAL's First Request to Produce and Request No. 3 of the document requests listed in Exhibit A of UAL's Fourth Amended Notice of Taking Video Depositions concerning documents related to the Standard Ground Handling Agreement ("SGHA"), ANA has produced copies of emails between the parties discussing the SGHA in effect on the date of the Accident which it believes to be all responsive documents in its possession,

-2-

DECLARATION OF MARSHALL S. TURNER IN SUPPORT OF
ANA'S PRODUCTION OF DOCUMENTS
CASE NO.: C07-03422 EDL

custody, or control. See Bates Nos. ANA 001336-001346.

7. With respect to Request No. 9 of UAL's First Request to Produce concerning photographs and video, ANA has produced photographs, the FAA Radio and Ramp Control communications, the FAA Tower video, the Security Camera video, and the Spot 10 Video which it believes to be all responsive documents in its possession, custody, or control. See Photographs, Bates Nos. ANA 001071, 001072, 001114 through 001129, 001154 through 001206, and 001347 through 001354. See Video, CD, and/or DVD, Bates Nos. ANA 001134-001136, 001138, and 001140.

8. With respect to Request No. 10 of UAL's First Request to Produce concerning ANA policy relative to ANA pilots clearing potential conflicts with other aircraft prior to or during taxi, ANA is not aware of any document responsive to this request.

9. With respect to Request No. 1 of the document requests listed in Exhibit A of UAL's Fourth Amended Notice of Taking Video Depositions concerning ANA's investigation file, ANA produced its investigation file in its Rule 26 initial disclosure which it believes to be all responsive documents in its possession, custody, or control. See Bates No. ANA 001001-001294.

10. With respect to Request Nos. 4 through 7 of the document requests listed in Exhibit A of UAL's Fourth Amended Notice of Taking Video Depositions concerning ANA's Operations Manual (which was served upon ANA fewer than four (4) business days before the commencement of the depositions), publications required to be onboard, and routing charts, ANA has produced (i) the English version of the relevant section of the ANA Operations Manual currently in effect; (ii) the Japanese version of the relevant section of the ANA Operations Manual in effect on October 7, 2003 concerning "In-Flight" operations; (iii) the entire Japanese version of the ANA Operations Manual that is currently in effect; and (iv)

-3-

the relevant Jeppesen charts. ANA believes it has produced all relevant documents that are responsive to UAL's requests and, at the "meet and confer" meeting on January 24, 2008, offered to reconstruct manuals in effect on October 7, 2003 that UAL identifies as relevant to this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of January, 2008, at New York, New York.

*Marshall S. Turner*

Sworn to before me this
29th day of January, 2008

*Tina M. Zoccali*
Notary Public

TINA M. ZOCCALI
Notary Public, State of New York
No. 01ZO6059025
Qualified in Rockland County
Commission Expires May 21, 2011

-4-

DECLARATION OF MARSHALL S. TURNER IN SUPPORT OF
ANA'S PRODUCTION OF DOCUMENTS
CASE NO.: C07-03422 EDL

# CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing **DECLARATION OF MARSHALL S. TURNER IN SUPPORT OF ALL NIPPON AIRWAYS COMPANY, LTD'S PRODUCTION OF DOCUMENTS** was mailed this 29TH day of January, 2008, to:

| | |
|---|---|
| Scott R. Torpey, Esq.<br>Jaffe, Raitt, Heuer & Weiss<br>2777 Franklin Road, Suite 2500<br>Southfield, MI 48034-8214<br>Phone: (248) 727-1461<br>Fax: (248) 351-3082 | Attorneys for defendant |
| Jeffrey A. Worthe, Esq.<br>Worthe, Hanson & Worthe<br>The Xerox Centre<br>1851 East First Street, Ninth Floor<br>Santa Ana, CA 92705 | Attorneys for defendant |

in a properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
HEATHER V. JACKSON

Sworn to before me this
29th day of January, 2008

_Tina M. Zoccali_
Notary Public

TINA M. ZOCCALI
Notary Public, State of New York
No. 01ZO6059025
Qualified in Rockland County
Commission Expires May 21, 20 11

-5-
DECLARATION OF MARSHALL S. TURNER IN SUPPORT OF
ANA'S PRODUCTION OF DOCUMENTS
CASE NO.: C07-03422 EDL