JAFFE, RAITT, HEUER & WEISS, P.C.
Scott R. Torpey Cal. SB#153763
storpey@jaffelaw.com
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone:    248.351.3000
Fax:          248.351.3082

And
WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:    (714) 285-9600
Fax:          714-285-9700
Attorneys for Defendant United Air Lines, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| All Nippon Airways Company, Ltd., | Case No. 07-03422 EDL |
| Plaintiff, | **DECLARATION OF SCOTT TORPEY PURSUANT TO ORDER DATED FEBRUARY 14, 2008** |
| vs. | |
| United Air Lines, Inc., | DATE:     ----------- |
| | TIME:     ----------- |
| Defendant. | CTRM:     ----------- |
| | JUDGE:    Elizabeth D. Laporte |

**DECLARATION OF SCOTT TORPEY**

**STATE OF MICHIGAN**        )
                             )  **SS.**
**COUNTY OF OAKLAND**        )

I, Scott Torpey, being duly sworn according to law, hereby state:

Case No. 07-03422 EDL

Declaration of Scott Torpey in Support of
Defendant United Air Lines, Inc.'s Motion to Compel
Discovery and For Additional Time to Depose Witnesses

1. I am a partner at the law firm of Jaffe Raitt Heuer & Weiss, P.C., in Southfield Michigan. I am duly licensed and qualified to practice law in California. I represent Defendant United Air Lines, Inc., ("United") in the above-captioned matter, which All Nippon Airways Company, Ltd., ("ANA") filed against United on June 28, 2007. I make this Declaration pursuant to the Court's Order Granting United's Motion for Administrative Relief, dated February 14, 2008.

2. United has diligently searched its records for documents responsive to ANA's First Set of Document Requests to United, ANA's Second Set of Document Requests and the document requests contained in the notices of deposition of Scott Russell, Brad Powell, John Rediger, Julio Hernandez, and Edward Loh ("Discovery Requests"), and has in good faith produced documents responsive to these requests. Further, as set forth in greater detail below, United has agreed to produce additional responsive documents.

3. I met and conferred with counsel for ANA on February 18, 2008 in an attempt to narrow the issues raised in ANA's Motion to Compel, which was stricken by the Court pursuant to United's Motion for Administrative Relief. This meet and confer resulted in the resolution of most of the issues raised in the Motion, as discussed below. Further, the parties have agreed to conduct another meet and confer on February 27, 2008 to permit United to search for additional responsive documents and to further narrow the issues.

4. The parties have an ongoing dispute regarding production of their internal investigation files. United requested this information from ANA, which objected on the basis of "self critical analysis" and for other reasons, and has refused to produce any internal investigation documents. Moreover, ANA disingenuously asserted in a prior filing that it had already produced these materials, pointing to the information it produced as part of its Fed. R. Civ. P. 26(f) disclosures. This information was submitted to the National Transportation Safety Board in connection with its investigation and is now public record. ANA's internal memoranda and other investigation documents objected to comprising its own investigation file were not part

of those materials. ANA knows precisely what United is looking for, but refuses to produce it. During the February 18, 2008 meet and confer, I stated that either both parties should produce their internal investigation files or neither party should produce its file since United's objections were copied <u>verbatim</u> from those of ANA who previously asserted them to the very same document request. ANA's counsel would not agree. This issue will likely be the subject of further discussion at the meet and confer scheduled for February 27, 2008 and if need be, the motion hearing on March 11, 2008.

     5.    Several of ANA's document requests would require the production of materials found in United's internal investigation file. As described above, this issue has not been resolved. Subject to this limitation, United states the following regarding ANA's First Set of Document Requests:

    (a)    United has produced all documents in its possession and control responsive to Request Nos. 1-5, 8, 16, 20, 26, 27-29, 30-33;

    (b)    United will produce documents responsive to Request No. 6 upon obtaining the consent of Julio Hernandez to release his personnel file;

    (c)    United will produce documents responsive to Request No. 7 upon obtaining the consent of Richard Kato to release his personnel file;

    (d)    United is searching for the records of the urine sample testing for Edward Loh and will produce those records when located. United has no other documents responsive to Request Nos. 9-11;

    (e)    United does not have any documents responsive to Request No. 12;

    (f)    In response to Request No. 13, United will search for and produce records related to ground collisions prior to the subject accident and similar to the incident involved in this litigation, if any;

    (g)    United does not have any documents responsive to Request No. 15;

    (h)    United has produced all documents responsive to Request No. 17, except

3

for the Turns Report, which will be produced subject to "Attorneys Eyes Only" confidentiality.

(i) United has produced materials responsive to Request No. 18 and will produce the following additional documents, Hand Signals-UA Approved, Variance Request/Approval Form MOP 03-001-00, Receiving and Dispatching - General, and MOP 03-001-10, Receiving and Dispatching - All Airplanes. United has no other documents responsive to this request.

(j) United has produced documents related to the parties Standard Ground Handling Agreement, and will search for and produce documents responsive to Request Nos. 19, 21 and 34-40, if any exist. It is likely that no additional documents exist. In any event, this matter will be addressed at the meet and confer scheduled for February 27, 2008.

(k) United has produced materials responsive to Request Nos. 22 and 23 and will produce the following additional documents, Hand Signals-UA Approved, Variance Request/Approval Form MOP 03-001-00, Receiving and Dispatching - General, and MOP 03-001-10, Receiving and Dispatching - All Airplanes. United has no other documents responsive to this request.

(l) With respect to Request No. 24, all documents responsive to Request 24 (UAL manuals and documents that refer to taxiing have been produced as part of the UAL Operations Manual.

(m) With respect to Request No. 25, United produced, in its entirety, the Operations Manual that was in effect on the date of the collision involved in this litigation. United has also agreed to produce, in its entirety, the current version;

(o) We agreed during the February 18, 2008 meet and confer that Request Nos. 41 and 42 were overbroad and asked for irrelevant information. United has produced all documents regarding the damage its aircraft suffered in this collision and all

4

documents reflecting the repairs that were made. Counsel for ANA agreed that this was sufficient

(6) With the exception of Request Nos. 28-30, ANA's Second Set of Document Requests is duplicative of its First Set of Document Requests. For United's responses to Request Nos. 1-27, see ¶ 5.

    (a) With respect to Request Nos. 28 and 29, United has no objection to producing this information and will do so when these documents, if any, are located.

    (b) Regarding Request Nos. 30 and 31, United has agreed to produce responsive documents.

(7) The documents requests contained in the deposition notices are duplicative of the information requested in United's First Set of Document Requests regarding the employees. For United's responses to these document requests, see ¶ 5.

**FURTHER AFFIANT SAYETH NOT.**

_____
Scott Torpey

Subscribed and sworn to before me
this 20th day of February, 2008

_____
Notary Public, Wayne County, MI
My Commission Expires: _____
Acting in Oakland County, MI

PHYLLIS L. NELSON
NOTARY PUBLIC, WAYNE COUNTY, MI
MY COMMISSION EXPIRES DECEMBER 22, 2013
ACTING IN OAKLAND COUNTY

5

Case No. 07-03422 EDL                                    Declaration of Scott Torpey Pursuant to Order Dated February 14, 2008

1504419.01