1    Jaffe, Raitt, Heuer & Weiss, P.C.
     Scott R. Torpey Cal. SB#153763
2    storpey@jaffelaw.com
     27777 Franklin Road, Suite 2500
3    Southfield, MI 48034
     Telephone:    (248) 351.3000
4    Fax:          (248) 351.3082

5    And

6    WORTHE, HANSON & WORTHE
     Jeffrey A. Worthe Cal. SB#080856
7    jworthe@whwlawcorp.com
     1851 E. First St., Ste. 900
8    Santa Ana, California 92705
     Telephone:    (714) 285-9600
9    Fax:          (714) 285-9700
     Attorneys for Defendant United Air Lines, Inc.

10

                UNITED STATES DISTRICT COURT
11            NORTHERN DISTRICT OF CALIFORNIA

12

13    ALL NIPPON AIRWAYS COMPANY,      Case No. 07-03422 EDL
     LTD.,
14                         **DEFENDANT UNITED AIR LINES, INC.'S**
          Plaintiff/Counter-Defendant,     **REPLY TO ALL NIPPON AIRWAYS**
15                         **COMPANY, LTD.'S OPPOSITION TO**
             vs.                      **UNITED'S MOTION TO COMPEL**
16                         **DISCOVERY AND FOR ADDITIONAL**
     UNITED AIR LINES, INC.,          **TIME TO DEPOSE WITNESSES**
17
          Defendant/Counter-Plaintiff.     DATE:      March 11, 2008
18                         TIME:      9:00 a.m.
                             CTRM:     San Francisco
19                         JUDGE:    Elizabeth D. Laporte

20

21
       Defendant/Counter-Plaintiff United Air Lines, Inc. ("United"), by its attorneys, Jaffe, Raitt,
22
Heuer & Weiss P.C., hereby submits the following reply to Plaintiff/Counter-Defendant All Nippon
23
Airways Company, Ltd.'s ("ANA") Opposition to United's Renewed Motion to Compel Discovery
24
and for Additional Time to Depose Witnesses:
25    **I.     INTRODUCTION**

26
       United has requested relevant and discoverable information which ANA has no basis to
27
continue to withhold. Most critically, United seeks production of ANA's cockpit voice recorder
28

1  ("CVR") recordings. United has met the statutory standard for discovery of these recordings, and

2  ANA has offered nothing in its opposition papers to justify its refusal to provide this critical

3  discovery. Further, ANA has waived its objections to production of its Operations Manuals and the

4  documents it was required to keep on board its aircraft by failing to object within the time limit

5  allowed under the Federal Rules of Civil Procedure. Notwithstanding this failure, ANA concedes

6  that the materials United seeks are relevant and discoverable as it has requested the exact same

7  information from United. ANA cannot have it both ways, and must be compelled to produce all of

8  the documents United has requested without delay. Finally, once additional documents have been

9  produced, United should be permitted to continue the depositions of ANA's flight crew, which were

10 impeded by the English-Japanese interpretation of all questions and answers, the pilots' evasiveness,

11 counsel's objections, and the fact that ANA did not produce many critical documents.

12 **II.     ARGUMENT**

13     **A.     CVR Recordings**

14     ANA's assertion in its opposition papers that 54 U.S.C. § 1154 bars production of its CVR

15 recordings should be disregarded. It is telling that in its efforts to resist producing this information,

16 ANA could not site a single case supportive of its arguments. That is because those arguments are

17 baseless. Production of the CVR recordings is not only warranted, it is essential if United is to have

18 a fair opportunity to defend against ANA's claim that the collision was caused by United's

19 negligence. As discussed at length in United's Memorandum of Points and Authorities in Support

20 of its Renewed Motion to Compel (Doc. No. 51), both § 1154 and the case law applying it fully

21 support United's request for this critical evidence. Accordingly, production of the CVR recordings

22 should be ordered.

23     Under § 1154, a CVR recording must be produced following an *in camera* review if "(A) the

24 parts of the transcript made available to the public…and to the party through discovery…do not

25 provide the party with sufficient information for the party to receive a fair trial; and (B) discovery of

26 the cockpit or surface vehicle recorder recording is necessary to provide the party with sufficient

27 information for the party to receive a fair trial." 49 U.S.C. § 1154(a)(3). As the statute makes clear,

28 *in camera* review of the CVR recordings is required as a preliminary matter. Thus, at a minimum,

-2-

Case No. 07-03422 EDL
1506182.02

Defendant United Air Lines Inc.'s Reply to Plaintiff All Nippon Airways Company's Opposition
to United's Renewed Motion to Compel Discovery and For Additional Time to Depose Witnesses

1   ANA must be compelled to submit complete, unedited copies of the recordings to the Court for

2   review. Following this review, the recordings should be produced to United because both prongs of

3   § 1154(a)(3) have been met. Subsection A is undoubtedly satisfied because no complete transcript

4   of any of the CVR recordings has been made. Indeed, the only transcript that exists is a partial

5   transcript, created by ANA, of the Ramp Tower and Ground Control communications. (See Doc.

6   No. 52-17). The communications reflected in this incomplete transcript stop before the collision

7   even occurred, and the transcript contains no intra-cockpit communications. The transcript thus

8   sheds no light on the actions, or inactions, of ANA's pilots in the critical time frame immediately

9   before, during and after the accident. This partial transcript is plainly insufficient to afford United

10  an opportunity to fully examine what ANA's flight crew did or did not do to avoid the collision.

11  Further, as explained at length in its Memorandum of Points and Authorities, production of these

12  CVR recordings is essential if United is to receive a fair trial. Again, all United has from ANA's

13  CVR recordings is a partial and largely uninformative transcript. Without discovery of the

14  recordings, United will have no basis to challenge the ANA pilots' self-serving, after-the-fact stories

15  as to what occurred. *See, e.g., McCoy v. Southwest Airlines Company, Inc.*, 208 F.R.D. 617, 620

16  (C.D. Cal. 2002)("[T]he tape may be used to impeach the pilots...whose recollection of the events

17  may be self-serving."). The CVR recordings provide the only objective, contemporaneous account

18  of what the flight crew saw and did in the moments leading up to the event and as it was taking

19  place. This information is critical to United's reconstruction and understanding of how the accident

20  occurred and, likewise, would be essential to a jury's understanding of the case in the event this

21  matter goes to trial.

22        ANA suggests that the purpose behind the statute militates against disclosure. This

23  assertion, while demonstrably false, misses the mark entirely. Courts "must look to the plain

24  language of a statute before attempting to divine the Congressional 'intent' behind that statute."

25  *Encuentro Del Canto Popular v. Christopher*, 930 F.Supp. 1360, 1364 (N.D.Cal. 1996). Where, as

26  here, the language of the statute is clear, "the sole function of the courts is to enforce it according to

27  its terms." See *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026

28

-3-

Case No 07-03422 EDL
1506182 02
Defendant United Air Lines, Inc.'s Reply to Plaintiff All Nippon Airways Company's Opposition
to United's Renewed Motion to Compel Discovery and For Additional Time to Depose Witnesses

1  (1989)(citation omitted). Section § 1154(a)(3) provides a clear, unambiguous standard for discovery

2  of CVR recordings. Therefore, there is no basis for examining the statute's policy underpinnings in

3  determining whether the recordings should be produced. Rather, the Court need only look to the

4  plain language of § 1154(a)(3). Applying that language, United is entitled to production of the

5  recordings.

6        In any event, the statute's policy justification would not be undercut by disclosure of the

7  recordings. The primary purpose of the statute is to prevent litigants from interfering with an

8  ongoing NTSB investigation. *See Buschmann v. Little Rock National Airport*, 222 F.R.D. 114, 117

9  (N.D.Tex. 2004)("The primary motivation behind the enactment of section 1154 was to prevent

10 private litigants from interfering with an ongoing NTSB investigation. Because the NTSB has

11 concluded its investigation of the crash and issued a final report, that concern is no longer an

12 issue.").[1] The NTSB has completed its investigation of this incident. Therefore, the Congressional

13 intent of § 1154 would not be undermined by production of ANA's CVR recordings.

14       ANA also argues that United's request should be denied because there is no United CVR

15 recording and it would be unfair for United to have ANA's CVR recordings when it will not be able

16 to get this evidence from United. However, nothing in the Federal Rules of Civil Procedure allows a

17 party to withhold relevant and discoverable information based solely upon a perceived disparity in

18 what is available to it. Further, if ANA believes it has been aggrieved by the fact that United

19 inadvertently did not preserve its CVR recording(s), it can ask the Court for an evidentiary

20 instruction. Depriving United of critical evidence is not the proper remedy.

21       United has met the statutory standard for discovery of ANA's CVR recordings. These

22 recordings are undoubtedly relevant, and United's ability to obtain a fair trial will be compromised if

---

[1] In its opposition brief, ANA accuses United of misrepresenting the purpose of the statute in stating that its primary purpose is to prevent interference with NTSB investigations. ANA would then also accuse the Honorable Jeff Kaplan, Magistrate Judge, United States District Court for the Northern District of Texas, of misrepresenting the law when he stated in a published opinion that "[t]he primary motivation behind the enactment of section 1154 was to prevent private litigants from interfering with an ongoing NTSB investigation." *Buschmann*, 222 F.R.D at 117. ANA's desperation to keep its CVR recordings concealed from both United and the Court is evident in this untoward accusation.

-4-

Case No 07-03422 EDL
1506182 02

Defendant United Air Lines Inc.'s Reply to Plaintiff All Nippon Airways Company's Opposition to United's Renewed Motion to Compel Discovery and For Additional Time to Depose Witnesses

1   this information is withheld. Consistent with the procedure set forth in § 1154, ANA should be

2   ordered to produce copies of all of the CVR recordings for *in camera* review, after which, the

3   recordings should be produced to United.[2]

4       **B.    Operations Manual**

5       United seeks production of both the English and Japanese versions of the ANA Operations

6   Manual as it existed on the date of the accident.[3] Despite ANA's request for similar documents

7   from United, and United's agreement to produce these documents[4], ANA has produced only a few,

8   hand-picked pages of its Manuals. ANA claims that but for the pages it produced, these Manuals

9   are irrelevant. However, its own request for this information from United completely undermines its

10  relevance argument. In any event, ANA has waived its relevance objection and any other objections

11  to producing the Manuals by failing to assert them in a timely manner. Notwithstanding any

12  objections, the Manuals are both relevant and discoverable and should be produced in their entirety.

13      Under Fed. R. Civ. P. 34(b)(2), a party "must respond in writing within 30 days after being

14  served" with a request for production of documents. Where a party fails to timely respond, all

15  objections are waived. *See, e.g., Morin v. Nationwide Federal Credit Union*, 229 F.R.D. 364, 367-

16  68 (D.Conn. 2005)("[A] party 'is not free to raise in its brief - almost as an afterthought-entirely new

17  objections which it did not assert earlier.'…Instead, 'a party which fails to object to a discovery

18  request waives any objections it otherwise might have made.'")(citations omitted). Well more than

19  30 days have passed since United served ANA with its request for the Operations Manuals, and

20  ANA has not served United with a written response objecting to the request. Therefore, ANA has

21  waived its relevance objection and any other objections it might have had. Based upon this waiver,

22  ANA must be compelled to produce complete copies of the requested materials.

23      Further, even if the Court is willing to entertain ANA's relevance argument, there is no

24  question that the company's Operations Manuals fall within the broad scope of relevance under the

---

2   The CVR recording may require interpretation, as it is possible that the ANA pilots were speaking in Japanese. United's interpreter can be made available to the Court if necessary.
3   ANA has produced the current versions of its Operations Manuals.
4   United has already recreated and produced the version of its Operations Manual in existence on the date of the collision.

Defendant United Air Lines, Inc.'s Reply to Plaintiff All Nippon Airways Company's Opposition to United's Renewed Motion to Compel Discovery and For Additional Time to Depose Witnesses

1 | Federal Rules. Testimony elicited at the pilots' depositions shows the importance of this document.

2 | Mr. Yamaguchi gave the following testimony regarding the Manual:

3 |     Q.    Do you know what an operations manual is? Are you familiar with that term?

4 |     A.    Yes.

5 |     Q.    What is an operations manual?

6 |     A.    It is a manual that explains how to do our work.

7 |     Q.    Okay. It's an ANA document; correct?

8 |     A.    Yes.

9 |     Q.    It sort of is the outline, if you will, of how the company and its employees are
10 |             expected to perform their duties including with regard to the operation of ANA aircraft; correct?

11 |     A.    Yes.

12 |     Q.    And it's required that the manual be kept with the aircraft?

13 |     A.    Yes.

14 | (Doc. No. 52-10, pp. 34-35). Further, Teruo Usui testified that the flight crew "observed the

15 | operation[s] manual and operate [sic] the aircraft based on it" and that if he is faced with a potential

16 | conflict while taxiing, "I will act according to the operations manual." (Doc. No. 52-14, pp. 55, 58.

17 | Yusuke Nishiguchi provided similar testimony. (Doc. No. 52-13, p. 13).

18 |        As the testimony of ANA's flight crew indicates, the Operations Manual is a comprehensive

19 | document that governs all facets of the operation of the aircraft, and its importance is reflected by

20 | the fact that ANA requires the Manual to be kept on board the plane. This Manual would contain

21 | procedures for activating the CVRs, communicating with air traffic control, ground control and

22 | ramp control, pull-back operations, taxiing, conflict resolution and a host of other issues directly

23 | related to the case. Given its significance, it cannot seriously be disputed that ANA's Operations

24 | Manual is relevant under Fed. R. Civ. P. 26(b)(1), as ANA concedes by its own request for United's

25 | entire Manual. ANA disingenuously claims that it has offered to reconstruct any section of the prior

26 | Manuals that "UAL reasonably believes is relevant to this matter." (Doc. No. 65, p. 8). However,

27 | United obviously cannot determine which sections of the Manuals are relevant without knowing

28 |

1    their contents. Therefore, United "reasonably believes" that the Manuals are relevant in their

2    entirety and that production should be ordered so that United may be permitted to examine them for

3    itself and make its own determination as to what pertinent information is contained therein, just as

4    ANA has been permitted to do by United's production of these materials.

5        ANA did not timely object to producing its Manuals, and the relevance of those documents

6    cannot be disputed. ANA thus has no continuing basis to withhold this information. United is

7    entitled to complete copies of both the English and Japanese versions of the Operations Manual, not

8    just the handpicked pages produced by ANA.

9       **C.    Other Documents Required To Be Kept On Board**

10       United has also requested production of all other documents ANA was required to have on

11    board the aircraft. Once again, ANA has conceded the relevance and discoverability of these

12    documents by serving United with an identical document production request. As with the

13    Operations Manuals, ANA did not object in writing to production of these materials within 30 days,

14    as required under Fed. R. Civ. P. 34. Accordingly, ANA has waived any objections to the request.

15    Further, as is clear from ANA's opposition papers, ANA has not produced all documents responsive

16    to United's request and has no legitimate basis to continue to withhold this information.

17    Accordingly, ANA should be compelled to produce these materials.

18       **D.    Additional Time to Depose Pilots**

19       ANA's opposition papers do nothing to refute United's assertion that the depositions of the

20    ANA pilots were seriously impeded by the English-Japanese interpretation, the evasiveness of the

21    pilots, counsel's disruptive and leading objections, and ANA's failure to produce documents. The

22    necessity for full English-Japanese interpretation itself provides grounds for continuing the

23    depositions of the pilots. *See* 2000 Advisory Committee Notes to Fed. R. Civ. P. 30(d)("Parties

24    considering extending the time for a deposition — and courts asked to order an extension — might

25    consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the

26    examination...."). As the DVDs submitted by United show, the depositions moved very slowly due

27    to the full interpretation. This interpretation drastically reduced the time available to counsel, and,

28

Case No. 07-03422 EDL
1506182.02      Defendant United Air Lines, Inc.'s Reply to Plaintiff All Nippon Airways Company's Opposition
to United's Renewed Motion to Compel Discovery and For Additional Time to Depose Witnesses

1  again, these difficulties were compounded by the pilots' evasion, counsel's interruptions and the fact

2  that documents were not produced.

3          Further, there is no question that ANA's attorney unilaterally terminated the deposition of

4  Mr. Yamaguchi after only six and one-half hours of testimony, well short of the seven hours allowed

5  under Fed. R. Civ. P. 30(d)(1). United's attorney indicated that he had additional questions, but

6  ANA terminated the deposition anyway for no reason. (*See* Doc. No. 52-10, pp. 135-38). United is

7  entitled to finish deposing Mr. Yamaguchi. ANA also makes much of the fact that the depositions

8  of Mr. Usui and Mr. Nishiguchi did not last for the full seven hours allowed under the rule.

9  However, if the witnesses had provided responsive answers rather than evasive ones and if ANA had

10  produced documents United requested, United undoubtedly would have used all of the allotted time.

11  Considering the obstacles United faced, it was pointless to continue the depositions, each of which

12  took up one full day. The fact that there was less than seven hours of on-the-record time has no

13  bearing on United's request for leave to continue the depositions of Mr. Usui and Mr. Nishiguchi.

14          For these reasons, as more fully discussed in United's Memorandum of Points and

15  Authorities, United should be permitted to continue the depositions of ANA's flight crew.

16  **III.    CONCLUSION**

17          For the reasons stated above and in United's Memorandum of Points and Authorities, United

18  respectfully requests that the Court **GRANT** this motion and enter an order (1) compelling ANA to

19  produce documents responsive to United's First Request to Produce and Notice and Amended

20  Notices of Taking Video Depositions, (2) granting United leave to continue the depositions of ANA

21  pilots Yusuke Nishiguchi, Eishin Yamaguchi and Teruo Usui, and (3) awarding United the costs and

22  fees it incurred in bringing this motion.

23

24                                          s/Scott R. Torpey
                                            Jaffe, Raitt, Heuer & Weiss
25                                          27777 Franklin Road, Suite 2500
                                            Southfield, Michigan 48034-8214
26                                          Phone:     (248) 351-3000
                                            E-mail:    storpey@jaffelaw.com
27                                          SB#153763

28

-8-

Case No. 07-03422 EDL                Defendant United Air Lines, Inc.'s Reply to Plaintiff All Nippon Airways Company's Opposition
1506182.02                           to United's Renewed Motion to Compel Discovery and For Additional Time to Depose Witnesses

Jaffe, Raitt, Heuer & Weiss, P.C.
Scott R. Torpey Cal. SB#153763
storpey@jaffelaw.com
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone:    248.351.3000
Fax:               248.351.3082

And
WORTHE, HANSON & WORTHE
Jeffrey A. Worthe Cal. SB#080856
jworthe@whwlawcorp.com
1851 E. First St., Ste. 900
Santa Ana, California 92705
Telephone:    (714) 285-9600
Fax:               714-285-9700
Attorneys for Defendant United Air Lines, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL NIPPON AIRWAYS COMPANY, LTD., | **Case No. 07-03422 EDL** |
| Plaintiff/Counter Defendant, | **DEFENDANT UNITED AIR LINES, INC.'S (UAL) CERTIFICATE OF SERVICE** |
| vs. | |
| UNITED AIR LINES, INC., | |
| Defendant/Counter-Plaintiff. | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2008 I electronically filed the foregoing papers with the Clerk of

the Court using the ECF system which will send notification of such filing to the following:

Jeffrey A. Worthe
Worthe, Hanson & Worthe
1851 E. First St., Ste. 900
Santa Ana, CA 92705

Frank A. Silane
Roderick D. Margo
Scott d. Cunningham
Condon & Forsyth LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA 90067-6010

Case No. 07-03422 EDL

Defendant United Air Lines, Inc.'s Motion For Administrative Relief To Strike Plaintiff All
Nippon Airways Company, Ltd.'s Motion To Compel Discovery Or For An Order Extending
Response Date

1507664.01

Marshall S. Turner
Condon & Forsythe LLP
7 times Square
New York, NY 10036


Dated: February 26, 2008

s/Scott R. Torpey
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034-8214
Phone:  (248) 351-3000
E-mail: storpey@jaffelaw.com
Bar No:  (P36179)

Case No. 07-03422 EDL          Defendant United Air Lines, Inc.'s Motion For Administrative Relief To Strike Plaintiff All
Nippon Airways Company, Ltd.'s Motion To Compel Discovery Or For An Order Extending
Response Date

1507664.01